# EXHIBIT 2

Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiff*
Rearden LLC and Rearden Mova LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, WALT DISNEY MOTION PICTURES GROUP, INC., a California corporation, BUENA VISTA HOME ENTERTAINMENT, INC. a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MANDEVILLE FILMS, INC., a California corporation,<br><br>Defendants.<br><br>REARDEN LLC and REARDEN MOVA LLC,<br><br>Plaintiffs,<br><br>v. | Case No. 3:17-cv-04006-JST<br>3:17-cv-04191-JST<br>3:17-cv-04192-JST<br>3:17-cv-04187-JST<br><br>SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TESTIFY AT A DEPOSITION IN A CIVIL ACTION |

SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS

005073-12 994159 V1

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation and TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC, a Delaware limited liability company, | |
| | Defendants. |

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, | |
| | Plaintiffs, |
| v. | |
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and PARAMOUNT HOME ENTERTAINMENT DISTRIBUTION INC. a Delaware corporation, | |
| | Defendants. |

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA LLC, California limited liability companies, | |
| | Plaintiffs, |
| v. | |
| CRYSTAL DYNAMICS, INC., a California corporation, SQUARE ENIX INC., a Washington Corporation, | |
| | Defendants. |

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

005073-12 994159 V1

# SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**To:** Greg LaSalle

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents, electronically stored information, or objects identified in Exhibit A, hereto.

**Place:** Hagens Berman Sobol Shapiro LLP, 301 N. Lake Avenue, Suite 920, Pasadena, CA 91101

**Date and Time:** June 1, 2018 at 9:00 AM.

**YOU ARE FURTHER COMMANDED** to appear and testify at Hagens Berman Sobol Shapiro LLP, 301 N. Lake Avenue, Suite 920, Pasadena, CA 91101 on June 12, 2018 at 9:00 AM, or at such other date and time as shall be mutually agreed upon, about the following matters:

1. The existence and location of all documents, electronically stored information, or objects that are responsive to the document requests set forth in Exhibit A.

2. All measures taken by you to search, collect, and produce documents, electronically stored information, or objects that are responsive to the document requests set forth in Exhibit A.

3. The existence and location of all documents, electronically stored information, or objects that are responsive to the document requests set forth in Exhibit A that were not produced in response to this subpoena or were produced in redacted form, and the basis for non-production or redaction.

4. The authenticity and maintenance of any documents, electronically stored information, or objects produced in response to this subpoena, and whether they were made in the ordinary course of business.

5. All measures taken by you to identify and preserve documents.

6. Your ordinary document retention policies and procedures.

7. All facts and circumstances relating to deleting or wiping of electronically stored information previously stored on hard drives and other storage media placed into storage per the Court's June 19 Order (Dkt. 188) were returned to Plaintiffs after the Court's August 11, 2017 Statement of Decision (Dkt. 427) in the SHST Litigation.

8. All facts and circumstances relating to the destruction of any documents, electronically stored information, or objects that would have been responsive to this subpoena.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May ___, 2018

_____
Steve Berman

The name, address, e-mail address, and telephone number of the attorney representing Rearden LLC and Rearden Mova LLC, who issues this subpoena is:

> Steve Berman
> Hagens Berman Sobol Shapiro LLP
> 1918 Eighth Avenue, Suite 3300
> Seattle, WA 98101
> steve@hbsslaw.com
> (206) 623-7292

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*

    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

The following definitions are incorporated by reference into the corresponding defined terms in plaintiffs' document production requests.

**Accused Work:** the Accused Works are the *Beauty and the Beast, Guardians of the Galaxy, Avengers: Age of Ultron, Terminator: Genisys, Deadpool, Fantastic Four* and *Night at the Museum: Secret of the Tomb* motion pictures, and the *Rise of the Tomb Raider* videogame, and all promotional trailers or other promotional videos or stills related to the Accused Works.

**Contour:** Contour is Contour Reality Capture, the facial performance capture system that includes an apparatus, certain methods, and software. For purposes of these requests, Contour and "MOVA" are interchangeable and should be treated as synonymous.

**Contour Intellectual Property:** the Contour Intellectual Property means the patents, copyright, and trademarks related to the Contour intellectual property, whether referred to as "Contour," or "MOVA." The Contour Intellectual Property may be referred to generically ("patent(s)", "patented", "copyright(s)", "copyrighted", "trademark(s)", "trademarked"), or specifically. The specific Contour Intellectual Property includes Copyright Registration No. TXu001977151, US. Patent Nos. 7,605,861 (the "'861 Patent"), 8,659,668 (the "'668 Patent"), 7,548,272 (the "'272 Patent"), 7,567,293 (the "'293 Patent"), and 8,207,963 (the "'963 Patent"), and US Trademark Registration Nos. 3,843,152 and 3,628,974.

**Contour Program:** the Contour Program is the Contour software used in (a) preparation, configuration, calibration, control, synchronization or operation of the Contour apparatus, (b) generating image or video data captured by the Contour apparatus, (c) monitoring, viewing or processing image or video data captured by the Contour apparatus, (d) processing any output works either captured by the Contour apparatus or otherwise, (e) subsequent processing of output works of parts the Contour software by other parts of the Contour software, and (f) all forms of the Contour software, inclusive or source code, scripts and executables.

**Contour Program Output Works:** the Contour Program Output Works are any output generated by the Contour Program in DD3's performance of its contracts to provide Facial Performance Capture, Processing, and/or Related Products and Services related to the Accused Works, or any of them. Contour Program Output Works are sometimes, but not always, referred to as Skin Texture, Makeup Pattern, Captured Surface, Tracking Mesh, capture output files, processing output files, RAW/.raw files, and/or OBJ/.obj files and otherwise. Contour Program Output Works are inclusive of all Contour captures related to the Accused Works, including (a) Contour Program Output Works used for solicitation of the Accused Works or demonstrations, (b) selects and non-selects, (c) captures used and not used in the final Accused Works, (d) performers used and not used in the final Accused Works (e) outtakes and errors, (f) calibrations, tests and preparations, and (g) all intermediate and final files generated by the Contour apparatus or any part of the Contour Program.

**Contour Technology:** the Contour Technology is the system, methods, know-how, and software referred to as "Contour" or "MOVA."

1

**Contour Witnesses:** Contour Witnesses are any natural persons who, in relation to the Accused Works, are witnesses to (a) use of any aspect of the Contour Technology; (b) any contract, transaction, bid, billing, accounting, expense, profit, loss, presentation, sales, or marketing; (c) any scheduling, bookings of Contour capture sessions or Contour-related meetings;(d) reviewing, editing, modeling, recording, retargeting, rendering, computing of any Contour Program or Contour Program Output Work; (e) planning, managing, organizing, directing of Contour sessions, takes, selects, logistics, travel, shipping, transportation, export/import/customs, inventory; (f) maintenance, repair, supplies, modifications of any Contour apparatus; (g) Contour makeup ordering, preparation, application; (i) recordation of takes, selects, calibration results, Contour Program and Contour Program Output Works file storage locations, Contour Program or Contour Program Output Works transferred to other parties for any purpose; (h) cleaning of Contour Program Output Works, and (i) preparation of presentations, trade shows and awards; (k) setup, operation or dismantling of the Contour apparatus or computers running any part of the Contour Program; (l) the operation of any stage of the Contour Program; and (m) the storage or transmission through any means of any part of the Contour Program or Contour Program Output Works.

**Contour Witness Documents:** Contour Witness Documents are documents in the possession of Contour Witnesses of others evidencing the use of Contour apparatus or Contour Software in relation to the Accused Works, including all videos, photographs and audio recorded of (a) operation of the Contour apparatus or any stage of the Contour Program; (b) transportation, setup, operation or dismantling of any Contour apparatus, capture sessions and Contour processing. Contour Witness Documents includes (a) "witness camera" video recording Contour captures in addition to the Contour apparatus; (b) video, photographs and audio recorded by crew, performers, directors, staff; and (c) security cameras. Contour Witness Documents includes all documentation of (a) planned and actual takes, outtakes, retakes, selects, errors; (b) lists of crew involved in any Contour capture session, including any director, Contour performer or cast member present during any Contour capture, camera operator, director of photography, videographer, clapper loader, photographer, makeup artist, script supervisor, sound recordist, production coordinator, line producer, assistants, technicians, and transportation staff.

**DD3:** DD3 is Digital Domain 3.0, Inc.

**Defendants:** the defendants are The Walt Disney Company, Walt Disney Motion Pictures Group, Inc., Buena Vista Home Entertainment, Inc., Marvel Studios, LLC, Mandeville Films, Inc., Twentieth Century Fox Film Corporation, Twentieth Century Fox Home Entertainment LLC, Paramount Pictures Corporation, Paramount Home Entertainment Distribution Inc., Crystal Dynamics, Inc. and Square Enix, Inc., and their officers, employees, agents, contractors, attorneys, and representatives.

**Documents:** Documents include all tangible documents and electronically stored information, including but not limited to digital files, images and videos, email, and text messages, in the possession, custody or control of DD3, its parent and/or affiliated entities including but not limited to Shenzhenshi Haitiecheng Science and Technology Co., Ltd., Virtue Global Holdings, Ltd., Mova Technologies, LLC, Digital Domain Holdings Limited, Reliance

2

Mediaworks (USA), Inc., Galloping Horse America LLC, and Beijing Galloping Horse Film Co., Ltd and/or their officers, employees, agents, contractors, attorneys, and representatives. Documents include final versions of a document and all drafts thereof. Documents include notes and calendar entries.

**Facial Performance Capture, Processing, and/or Related Services:** Facial Performance Capture, Processing, and/or Related Products and Services include any such Products and Services performed or made using the Contour Technology, whether referred-to as "Contour" or "MOVA."

**Plaintiffs:** the Plaintiffs are Rearden LLC and Rearden Mova LLC.

**SHST Litigation:** the SHST Litigation is *Shenzhenshi, et al. v. Rearden, et al.,* NDCA Case No. 15-797-JST.

## REQUESTS FOR PRODUCTION

1. All Documents that were stored on any digital media owned by Rearden at the time such media was in possession of DD3, LaSalle, and/or Pearce, including but not limited to any hard drives and other digital storage media included in the MOVA Assets as defined in ECF Nos. 100 and 188 in the SHST Litigation.

2. Documents related to deleting, wiping any Documents from hard drives and other digital storage media, or Documents from hard drives that were removed from Contour computers that were subject to the Court's Order Granting Motion for Preliminary Injunction in ECF No. 188 in the SHST Litigation.

3. Documents related to contracts for Facial Performance Capture, Processing, and/or Related Products and Services for each Accused Work, including DD3's solicitations of or bid sheets for such contracts.

4. Documents related to any consideration sought or received by DD3 from Defendants pursuant to contracts for Facial Performance Capture, Processing, and/or Related

Products and Services for each Accused Work.

5. Documents related to any communication between DD3 and Defendants or any of them regarding DD3's ownership, license, and/or right to offer Facial Performance Capture, Processing, and/or Related Products and Services for each Accused Work.

6. Documents related to the any communication regarding acquisition and/or licensing of the Contour Technology and/or the Contour Intellectual property by The Walt Disney Company, Walt Disney Motion Pictures Group, Inc., Marvel Studios, LLC, and/or Industrial Light and Magic.

7. Documents related to any communication between DD3 and Defendants or any of them regarding Rearden and/or the Contour Intellectual Property.

8. Documents related to any communication between DD3 and Defendants or any of them regarding the SHST Litigation, including but not limited to communications between Defendants and DD3 regarding Rearden's subpoenas and the Court's injunction that were served on Defendants in the SHST Litigation.

9. Documents related to DD3's use of the Contour Technology for any Accused Work, including all Contour Program Output Works, Contour Witness, or Contour Witness documents related to any Accused Work, including but not limited to requests to schedule performance captures, requests for additional captures, amendment or modification of any such contracts, Defendants' communication of selects of Contour Program Output Works, Defendants communication of requests for any processing of Contour Program Output Works, and all Contour Program Output Works for the Accused Works.

10. Documents related to the value of the Contour Technology, including but not limited to any such documents related to the purported acquisition and/or licensing of the Contour Technology or the Contour Intellectual Property by DD3, and any budgets, profit and loss statements, financial statements, and/or revenue forecasts referring or relating to the Contour Technology.

11. Documents related to the source and/or object code for the Contour Program, whether such code is stored in isolation or incorporated in whole or part in the source or object code of any other software.

12. Documents that reflect, refer, or relate to the Rearden copyright notice on any Contour Program Output Work, including but not limited to all such documents in communications to or from Defendants.

13. Documents related to any use of the Contour technology by DD3 in the United States in performance of the *Beauty and the Beast* contract.

14. Documents related to the destruction of any Documents that would otherwise have been responsive to this subpoena, including but not limited to documents related to DD3's document retention policies.