JEFFREY T. MAKOFF (Bar No. 120004)
jmakoff@vallemakoff.com
VALLE MAKOFF LLP
388 Market Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 986-8001
Facsimile: (415) 986-8003

Attorneys for Interested Non-Party
DIGITAL DOMAIN 3.0, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA, LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, WALT DISNEY MOTION PICTURES GROUP, INC., a California corporation, BUENA VISTA HOME ENTERTAINMENT, INC., a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MANDEVILLE FILMS, INC., a California corporation,<br><br>Defendants. | Civil Action No. 3:17-cv-04006-JST<br>3:17-cv-04191-JST<br>3:17-cv-04192-JST<br>3:17-cv-04187-JST<br><br>**DECLARATION OF JEFFREY T. MAKOFF IN SUPPORT OF NON-PARTY DIGITAL DOMAIN 3.0, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO ISSUE THIRD PARTY SUBPOENAS** |
| REARDEN LLC AND REARDEN MOVA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation and TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC, a Delaware limited liability company,<br><br>Defendants. | |

| | |
|---|---|
| 1 | |
| 2 | REARDEN LLC AND REARDEN MOVA LLC, |
| 3 | Plaintiffs, |
| 4 | v. |
| 5 | PARAMOUNT PICTURES CORPORATION, A Delaware corporation, and PARAMOUNT HOME ENTERTAINMENT DISTRIBUTION INC., a Delaware corporation. |
| 6 | |
| 7 | |
| 8 | Defendants. |
| 9 | REARDEN LLC AND REARDEN MOVA LLC, |
| 10 | |
| 11 | Plaintiffs, |
| 12 | v. |
| 13 | CRYSTAL DYNAMICS, INC. a California corporation, SQUARE ENIX INC., a Washington corporation, |
| 14 | |
| 15 | Defendants. |

I, Jeffrey T. Makoff, declare:

1. I am an attorney for non-party Digital Domain 3.0, Inc. ("DD3"). The statements contained in this declaration are based upon my personal knowledge and understanding. If called as a witness in this proceeding, I could and would testify under oath as set forth below.

2. DD3 is a corporate affiliate of Virtual Global Holdings Limited ("VGH"). VGH is the exclusive licensee of MOVA (what the parties to this case appear to be calling "Contour") from Shenzhenshi Haitiecheng Science & Technology Company ("SHST").

3. DD3 appeared, as a non-party, in the litigation between VGH and SHST, on the one hand, and various entities allegedly controlled by Mr. Perlman, on the other hand. That action, NDCA Case No. 3:15-cv-00797-JST ("the SHST Matter"), remains active, with the parties awaiting a final judgment and, to my understanding, considering appeals depending on the judgment that is entered.

4. I have read and am familiar with the May 18, 2018 joint letter brief filed in this matter. I have also read and am familiar with Mr. Perlman's April 2, 2018 declaration in this matter, which was submitted in support of Plaintiffs' position in that joint letter brief.

5. In September 2017, after the court in the SHST Matter issued a "statement of decision," counsel for VGH and counsel for the Perlman entities discussed a stipulated order regarding turning over the "MOVA Assets" to one or more of those Perlman entities. The "MOVA Assets" comprise certain intellectual property, certain domain names, and the MOVA-related material that was placed into storage by OnLive or OL2 around the time OnLive ceased operations and that was later transferred to DD3. The MOVA Assets do not include later-created material.

6. On September 21, 2017, Judge Tigar heard the parties on, inter alia, disputes regarding the scope of that order. Attached as Exhibit A is a true and correct copy of excerpts of the transcript of that hearing, including pages 5-7, 9-12, and 14-16.

7. On September 28, 2017, an order was jointly proposed to the SHST court. That court entered the "Order Regarding the Return of MOVA Assets" on October 2, 2017. It is docket number 449 in that case and a true and correct copy is attached as Exhibit B to this declaration.

8. Earlier, in June of 2016, the SHST court had issued a preliminary injunction

regarding the MOVA Assets.  Upon entry of the October 2, 2017 order, that material was released to the Perlman entities from escrow.

9. On October 31, 2017, I received a letter from counsel for the Perlman entities regarding material allegedly not present in what they had retrieved from escrow.  A true and correct copy of that letter is attached as Exhibit C.

10. After discussing with Mr. LaSalle the issues raised by that October 31 letter, outside counsel for VGH (not DD3) replied to the letter on November 10.  A true and correct copy of that reply is attached as Exhibit D.  It addressed, point by point, each of the alleged deficiencies, explaining that some material was never taken from OnLive, OL2, or the Perlman entities; that some potentially relevant source code was discovered on a former employee's hard drive and would be provided after it could be determine what code was MOVA Asset code and what code proprietary to DD3; and that some hardware had been updated in the normal course of business but that at no time had there ever been a one-to-one correspondence between hard drives and computers.

11. Some of the alleged deficiencies listed in the October 31 letter, for example those regarding the assignments of intellectual property and domain names, did not relate to the contents of the escrow.  They were promptly resolved and were largely administrative in nature.

12. Through November and December 2017, outside counsel for VGH and counsel for the Perlman entities continued to correspond regarding the allegedly missing source code.  I am informed that true and correct copies of all or substantially all of that correspondence is included in Exhibits E and Exhibit F.  The conversations were directed to the source code files found on the former employee's drive and then to source code found in a since-forgotten local repository dating back to the time Mr. LaSalle first joined DD3.  Per the correspondence, relevant contents of both sets of code were transferred to counsel for the Perlman entities and removed from DD3's systems.  Since then, DD3 has not been contacted by Mr. Perlman or any of the Perlman entities regarding the allegations first made in the October 31 letter.

1  I declare under penalty of perjury that the foregoing statements are true and
2  correct. Executed this 7th day of June 2018 at Danville, California.

4                                                 /s/ Jeffrey T. Makoff
                                               Jeffrey T. Makoff