KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ROHIT K. SINGLA (State Bar No. 213057)
rohit.singla@mto.com
ELIA HERRERA (State Bar No. 293278)
elia.herrera@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
JOHN L. SCHWAB (State Bar No. 301386)
john.schwab@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue. 50th Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, WALT DISNEY MOTION PICTURES GROUP, INC., BUENA VISTA HOME ENTERTAINMENT, INC., MARVEL STUDIOS LLC, and MANDEVILLE FILMS, INC.,<br><br>Defendants. | Case Nos. 3:17-cv-04006-JST<br><br>**AMENDED ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Judge:    Hon. Jon S. Tigar<br>Ctrm:    9 (19th Floor) |

## ANSWER

Defendants THE WALT DISNEY COMPANY; WALT DISNEY MOTION PICTURES GROUP, INC.; BUENA VISTA HOME ENTERTAINMENT, INC.; MARVEL STUDIOS, LLC; and MANDEVILLE FILMS, INC. (collectively, "Disney") hereby answer the First Amended Complaint ("FAC") of Plaintiffs REARDEN LLC and REARDEN MOVA LLC (collectively, "Rearden") as follows:

1.      Answering the allegations of Paragraph 1 of the FAC, Disney avers that *Beauty and the Beast* premiered in the United States on or around March 17, 2017, and that the website www.boxofficemojo.com is the best evidence of its contents.  Disney further avers that any article or online posting the FAC purports to quote is the best evidence of its contents.  Disney is without knowledge or information as to the accuracy of the contents of any such articles or online postings and on that basis denies any allegation incorporating the same.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 1.

2.      Answering the allegations of Paragraph 2 of the FAC, Disney avers that the actor Dan Stevens portrayed the Beast in *Beauty and the Beast*.  Disney further avers that any article or online posting the FAC purports to quote is the best evidence of its contents.  Disney is without knowledge or information as to the accuracy of the contents of any such articles or online postings and on that basis denies any allegation incorporating the same.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 2.

3.      The allegations of Paragraph 3 of the FAC are arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the allegations of Paragraph 3.

4.      Answering the allegations of Paragraph 4 of the FAC, Disney avers that DD3 was retained to provide visual effects services in connection with the production of *Guardians of the Galaxy* and *Avengers: Age of Ultron*.  Disney further avers that any article or online posting the FAC purports to quote is the best evidence of its contents.  Disney is without knowledge or information as to the accuracy of the contents of any such articles or online postings and on that

basis denies any allegation incorporating the same.  The remaining allegations of Paragraph 4 of the FAC are legal arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 4.

5.      The allegations of Paragraph 5 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 5.

6.      Disney is without knowledge or information as to the truth of the allegations of Paragraph 6 of the FAC and on that basis denies the allegations.

7.      Disney is without knowledge or information as to the truth of the allegations of Paragraph 7 of the FAC and on that basis denies the allegations.

8.      Admitted.

9.      Answering the allegations of Paragraph 9 of the FAC, Disney avers that Walt Disney Motion Pictures Group, Inc. is a California corporation, that its principal place of business is 500 S. Buena Vista Street, Burbank, California 91521, and that it is an indirect, wholly owned subsidiary of The Walt Disney Company.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 9.

10.     Answering the allegations of Paragraph 10 of the FAC, Disney avers that Buena Vista Home Entertainment, Inc. is a California corporation, that its principal place of business is 500 S. Buena Vista Street, Burbank, California 91521, and that it is an indirect, wholly owned subsidiary of The Walt Disney Company.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 10.

11.     Answering the allegations of Paragraph 11 of the FAC, Disney avers that Marvel Studios, LLC is a California corporation, that its principal place of business is 500 S. Buena Vista Street, Burbank, California 91521.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 11.

12.     Answering the allegations of Paragraph 12 of the FAC, Disney avers that Mandeville Films, Inc. is a California corporation, that its principal place of business is 100

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

Universal City Plaza, Building 5138, Universal City, CA 91608.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 12.

13.     Admitted.

14.     Answering the allegations of Paragraph 14 of the FAC, Disney avers that the Defendants herein are subject to the personal jurisdiction of this Court.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 14.

15.     Answering the allegations of Paragraph 15 of the FAC, Disney avers that venue is proper in this Court.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 15.

16.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 16 of the FAC.

17.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 17 of the FAC and on that basis denies the allegations.

18.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 18 of the FAC and on that basis denies the allegations.

19.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 19 of the FAC and on that basis denies the allegations.

20.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 20 of the FAC and on that basis denies the allegations.

21.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 21 of the FAC and on that basis denies the allegations.

22.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 22 of the FAC and on that basis denies the allegations.

23.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 23 of the FAC and on that basis denies the allegations.

24.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 24 of the FAC and on that basis denies the allegations.

25.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 25 of the FAC and on that basis denies the allegations.

26.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 26 of the FAC and on that basis denies the allegations.

27.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 27 of the FAC and on that basis denies the allegations.

28.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 28 of the FAC and on that basis denies the allegations.

29.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 29 of the FAC and on that basis denies the allegations.

30.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 30 of the FAC and on that basis denies the allegations.

31.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 31 of the FAC and on that basis denies the allegations.

32.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 32 of the FAC and on that basis denies the allegations.

33.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 33 of the FAC and on that basis denies the allegations.

34.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 34 of the FAC and on that basis denies the allegations.

35.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 35 of the FAC and on that basis denies the allegations.

36.     Disney denies that the output files that resulted from the use of the MOVA Contour software program "retargeted" the facial motions of Jeff Bridges in *Tron: Legacy* (2010).  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 36 of the FAC and on that basis denies the allegations.

37.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 37 of the FAC and on that basis denies the allegations.

38.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 38 of the FAC and on that basis denies the allegations.

39.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 39 of the FAC and on that basis denies the allegations.

40.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 40 of the FAC and on that basis denies the allegations.

41.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 41 of the FAC and on that basis denies the allegations.

42.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 42 of the FAC and on that basis denies the allegations.

43.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 43 of the FAC and on that basis denies the allegations.

44.     The allegations of Paragraph 44 regarding the significance of an alleged "security mechanism" in MOVA Contour output files are legal arguments or conclusions that do not require a response.  To the extent a response is required to such allegations, Disney denies those allegations.  Disney is without knowledge or information as to the remaining allegations of Paragraph 44 of the FAC and on that basis denies those allegations.

45.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 45 of the FAC and on that basis denies the allegations.

46.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 46 of the FAC and on that basis denies the allegations.

47.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 47 of the FAC and on that basis denies the allegations.

48.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 48 of the FAC and on that basis denies the allegations.

49.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 49 of the FAC and on that basis denies the allegations.

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

1   50.   Disney is without knowledge or information as to the truth of the allegations of

2   Paragraph 50 of the FAC and on that basis denies the allegations.

3   51.   Disney is without knowledge or information as to the truth of the allegations of

4   Paragraph 51 of the FAC and on that basis denies the allegations.

5   52.   Disney is without knowledge or information as to the truth of the allegations of

6   Paragraph 52 of the FAC and on that basis denies the allegations.

7   53.   Disney is without knowledge or information as to the truth of the allegations of

8   Paragraph 53 of the FAC and on that basis denies the allegations.

9   54.   Disney is without knowledge or information as to the truth of the allegations of

10   Paragraph 54 of the FAC and on that basis denies the allegations.

11   55.   Disney is without knowledge or information as to the truth of the allegations of

12   Paragraph 55 of the FAC and on that basis denies the allegations.

13   56.   Disney denies that it hired Mova LLC to provide facial motion capture services in

14   connection with the production of *Tron: Legacy* (2010).  Disney is without knowledge or

15   information as to the truth of the remaining allegations of Paragraph 56 of the FAC and on that

16   basis denies the allegations.

17   57.   Disney denies that the output files that resulted from the use of the MOVA Contour

18   software program "transformed" an actor's face onto the character the Hulk in *The Avengers*.

19   Disney is without knowledge or information as to the truth of the remaining allegations of

20   Paragraph 57 of the FAC and on that basis denies the allegations.

21   58.   Disney is without knowledge or information as to the truth of the allegations of

22   Paragraph 58 of the FAC and on that basis denies the allegations.

23   59.   Disney is without knowledge or information as to the truth of the allegations of

24   Paragraph 59 of the FAC and on that basis denies the allegations.

25   60.   Answering the allegations of Paragraph 60, Disney denies the allegation that it

26   "used" the MOVA Contour system.  Disney is without knowledge or information as to the truth of

27   the allegations of Paragraph 60 of the FAC and on that basis denies the allegations.

28

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

61.     Answering the allegations of Paragraph 61, Disney avers that Exhibit 1 to the FAC appears to be a copy of a Certificate of Copyright Registration.  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 61 of the FAC and on that basis denies the allegations.

62.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 62 of the FAC.

63.     Answering the allegations of Paragraph 63, Disney avers that Exhibits 7 and 8 to the FAC appear to be copies of Certificates of Trademark Registration.  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 63 of the FAC and on that basis denies the allegations.

64.     The allegations of Paragraph 64 regarding the "value" of MOVA Contour and its significance for purposes of trade secret law are legal arguments or conclusions that do not require a response.  To the extent a response is required to such allegations, Disney denies such allegations.  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 64 of the FAC and on that basis denies the allegations.

65.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 65 of the FAC and on that basis denies the allegations.

66.     The allegations of Paragraph 66 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 66.

67.     The allegations of Paragraph 67 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 67.

68.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 68 of the FAC and on that basis denies the allegations.

69.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 69 of the FAC and on that basis denies the allegations.

1    70.     Disney is without knowledge or information as to the truth of the allegations of

2  Paragraph 70 of the FAC and on that basis denies the allegations.

3    71.     Disney is without knowledge or information as to the truth of the allegations of

4  Paragraph 71 of the FAC and on that basis denies the allegations.

5    72.     Disney is without knowledge or information as to the truth of the allegations of

6  Paragraph 72 of the FAC and on that basis denies the allegations.

7    73.     Disney denies the allegations of Paragraph 73.

8    74.     Disney is without knowledge or information as to the truth of the allegations

9  concerning other motion picture studios, and on that basis denies those allegations.  Because the

10  terms "routine intellectual property due diligence" and "Rearden-controlled affiliates" are

11  undefined, Disney is without knowledge or information as to the truth of such allegation, which

12  Disney therefore denies.  Disney denies the remaining allegations of Paragraph 74 of the FAC.

13    75.     Disney is without knowledge or information as to the truth of the allegations of

14  Paragraph 75 of the FAC and on that basis denies the allegations.

15    76.     Disney is without knowledge or information as to the truth of the allegations of

16  Paragraph 76 of the FAC and on that basis denies the allegations.

17    77.     Disney is without knowledge or information as to the truth of the allegations of

18  Paragraph 77 of the FAC and on that basis denies the allegations.

19    78.     Disney is without knowledge or information as to the truth of the allegations of

20  Paragraph 78 of the FAC and on that basis denies the allegations.

21    79.     Disney is without knowledge or information as to the truth of the allegations of

22  Paragraph 79 of the FAC and on that basis denies the allegations.

23    80.     Disney is without knowledge or information as to the truth of the allegations of

24  Paragraph 80 of the FAC and on that basis denies the allegations.

25    81.     Disney is without knowledge or information as to the truth of the allegations of

26  Paragraph 81 of the FAC and on that basis denies the allegations.

27    82.     Disney is without knowledge or information as to the truth of the allegations of

28  Paragraph 82 of the FAC and on that basis denies the allegations.

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

83.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 83 of the FAC and on that basis denies the allegations.

84.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 84 of the FAC and on that basis denies the allegations.

85.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 85 of the FAC and on that basis denies the allegations.

86.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 86 of the FAC and on that basis denies the allegations.

87.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 87 of the FAC and on that basis denies the allegations.

88.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 88 of the FAC and on that basis denies the allegations.

89.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 89 of the FAC and on that basis denies the allegations.

90.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 90 of the FAC and on that basis denies the allegations.

91.     The allegations of Paragraph 91 of the FAC are legal arguments or conclusions to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 91.

92.     Answering the allegations of Paragraph 92 of the FAC, Disney avers that the entire email exchange and the trial testimony that Paragraph 92 purports to quote are the best evidence of their contents.  Disney denies the remaining allegations of Paragraph 92 of the FAC.

93.     Answering the allegations of Paragraph 93 of the FAC, Disney denies that it was ever in negotiation with Greg LaSalle or DD3 to acquire MOVA Contour assets.  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 93 of the FAC and on that basis denies the allegations.

94.     Disney denies that it was ever in negotiation with Greg LaSalle or DD3 to acquire MOVA Contour assets.  Disney denies that it received the document the FAC describes as the

"Rearden Demand Letter."  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 94 of the FAC and on that basis denies the allegations.

95.     Disney denies the allegations of Paragraph 95.

96.     Answering the allegations of Paragraph 96 of the FAC, Disney avers that Marvel produced the motion picture *Guardians of the Galaxy*.  The remaining allegations of Paragraph 96 of the FAC are legal arguments or conclusions to which no response is required.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 96.

97.     Disney denies the allegations of Paragraph 97.

98.     Disney is without knowledge or information as to truth of the allegations of Paragraph 98 of the FAC regarding what the images reproduced in that paragraph are and on that basis denies the allegations.  The remaining allegations are legal arguments or conclusions to which no response is required.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 98.

99.     The allegations of Paragraph 99 of the FAC regarding Disney's alleged "supervision and control" of DD3 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Disney denies such allegations.  Disney is without knowledge or information as to the truth of the remaining allegations in Paragraph 99 of the FAC and on that basis denies those allegations.

100.    Disney denies the allegations of Paragraph 100.

101.    Disney is without knowledge or information as to the truth of the allegations of Paragraph 101 of the FAC and on that basis denies the allegations.

102.    Answering the allegations of Paragraph 102 of the FAC, Disney avers that *Guardians of the Galaxy* premiered in the United States on or about July 21, 2014.  Disney further avers that the website www.boxofficemojo.com is the best evidence of its contents.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 102.

103.    Answering the allegations of Paragraph 103 of the FAC, Disney avers that Buena Vista released *Guardians of the Galaxy* on DVD and Blu-ray and to authorized third-party

services in the United States in or around December 9, 2014.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 103.

104.    Answering the allegations of Paragraph 104 of the FAC, Disney avers that Marvel produced the motion picture *Avengers: Age of Ultron*.  The remaining allegations of Paragraph 104 of the FAC are legal arguments or conclusions to which no response is required.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 104.

105.    Disney denies the allegations of Paragraph 105.

106.    To the extent Paragraph 106 alleges that Disney reviewed on-screen output of facial capture sessions using the "rawplayer.exe" player, Disney denies such allegations.  Disney denies the remaining allegations of Paragraph 106.

107.    The allegations of Paragraph 107 of the FAC regarding Disney's alleged "supervision and control" of DD3 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Disney denies such allegations.  Disney is without knowledge or information as to the truth of the remaining allegations in Paragraph 107 of the FAC and on that basis denies those allegations.

108.    Disney denies the allegations of Paragraph 108.

109.    Disney is without knowledge or information as to the truth of the allegations of Paragraph 109 of the FAC and on that basis denies the allegations.

110.    Answering the allegations of Paragraph 110 of the FAC, Disney avers that *Avengers: Age of Ultron* premiered in the United States on or around April 13, 2015.  Disney further avers that the website www.boxofficemojo.com is the best evidence of its contents.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 110.

111.    Answering the allegations of Paragraph 111 of the FAC, Disney avers that Buena Vista released *Avengers: Age of Ultron* on DVD and Blu-ray and to authorized third-party services in the United States in or around October 2, 2015, and that DVD and Blu-ray sales of that movie in the United States have exceeded $79 million.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 111 of the FAC.

112.    Answering the allegations of Paragraph 112 of the FAC, Disney avers that Walt Disney Pictures and Mandeville Films produced *Beauty and the Beast*.  The remaining allegations of Paragraph 112 of the FAC are legal arguments or conclusions to which no response is required.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 112.

113.    Disney denies the allegations of Paragraph 113.

114.    To the extent Paragraph 114 alleges that Disney reviewed on-screen output of facial capture sessions using the "rawplayer.exe" player, Disney denies such allegations.  Disney denies the remaining allegations of Paragraph 114 of the FAC.

115.    The allegations of Paragraph 115 of the FAC regarding Disney's alleged "supervision and control" of DD3 are legal arguments or conclusions to which no response is required.  To the extent a response is required, Disney denies such allegations.  Disney is without knowledge or information as to the truth of the remaining allegations in Paragraph 115 of the FAC and on that basis denies those allegations.

116.    Disney denies the allegations of Paragraph 116.

117.    Disney is without knowledge or information as to the truth of the allegations of Paragraph 117 of the FAC and on that basis denies the allegations.

118.    Answering the allegations of Paragraph 118 of the FAC, Disney avers that the images reproduced in that paragraph appear to be still images from the "*Beauty of a Tale*" featurette distributed with the Blu-ray version of *Beauty and the Beast*.  The full content of that featurette is the best evidence of its contents.  Disney denies that it removed any Rearden LLC copyright notices from any work containing such notices.  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 118 of the FAC and on that basis denies the allegations.

119.    Answering the allegations of Paragraph 119 of the FAC, Disney avers that the images reproduced in that paragraph appear to be still images from the "*Beauty of a Tale*" featurette distributed with the Blu-ray version of *Beauty and the Beast*.  The full content of that featurette is the best evidence of its contents.  Disney denies that it removed any Rearden LLC copyright notices from any work containing such notices.  Disney is without knowledge or

information as to the truth of the remaining allegations of Paragraph 119 of the FAC and on that basis denies the allegations.

120.     Answering the allegations of Paragraph 120 of the FAC, Disney avers that the images referenced in that paragraph appear to be still images from the "*Beauty of a Tale*" featurette distributed with the Blu-ray version of *Beauty and the Beast*.  The full content of that featurette is the best evidence of its contents.  Disney denies that it removed any Rearden LLC copyright notices from any work containing such notices.  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 120 of the FAC and on that basis denies the allegations.

121.     Answering the allegations of Paragraph 121 of the FAC, Disney avers that the images reproduced in that paragraph appear to be still images from the "*Beauty of a Tale*" featurette distributed with the Blu-ray version of *Beauty and the Beast*.  The full content of that featurette is the best evidence of its contents.  Disney denies that it removed any Rearden LLC copyright notices from any work containing such notices.  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 121 of the FAC and on that basis denies the allegations.

122.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 122 of the FAC and on that basis denies the allegations.

123.     Answering the allegations of Paragraph 123 of the FAC, Disney avers that *Beauty and the Beast* premiered in the United States on March 17, 2017.  Disney further avers that the website www.boxofficemojo.com is the best evidence of its contents.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 123.

124.     Answering the allegations of Paragraph 124 of the FAC, Disney avers that Buena Vista released *Beauty and the Beast* on DVD and Blu-ray and to authorized third-party services in the United States in or around June 6, 2017, and that DVD, Blu-ray, and digital sales of that movie in the United States amount to multiple millions of dollars.  Buena Vista distributed the "*Beauty of a Tale*" featurette with the DVD and Blu-ray versions of *Beauty and the Beast*, and the full content

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

of that featurette is the best evidence of its contents.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 124 of the FAC.

**FIRST CAUSE OF ACTION:**
**VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(DEFENDANTS DISNEY COMPANY, DISNEY MPG, AND MARVEL)**

125.    Paragraph 125 incorporates earlier allegations, so no responsive pleading is required.  To the extent any response is required, Disney repeats and incorporates by reference each and every answer contained in Paragraphs 1 through 124 above as if fully set forth herein.

126.    The allegations of Paragraph 126 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 126.

127.    The allegations of Paragraph 127 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 127.

128.    Disney is without knowledge or information as to the truth of the allegations of Paragraph 128 of the FAC and on that basis denies the allegations.

129.    The allegations of Paragraph 129 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 129.

130.    Answering the allegations of Paragraph 130 of the FAC, Disney avers that DD3 was retained to provide visual effects services, including facial motion capture services, in connection with the production of *Guardians of the Galaxy* and *Avengers: Age of Ultron*.  The remaining allegations of Paragraph 130 of the FAC are legal arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 130.

131.    Answering the allegations of Paragraph 131 of the FAC, Disney avers that facial motion performance capture sessions were scheduled with DD3 in connection with the production of *Guardians of the Galaxy* and *Avengers: Age of Ultron*.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 131.

132.     Answering the allegations of Paragraph 132 of the FAC, Disney avers that DD3 captured the facial motion performances of actors in connection with the production of *Guardians of the Galaxy* and *Avengers: Age of Ultron*.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 132.

133.     Answering the allegations of Paragraph 133 of the FAC, Disney avers that a director or member or members of the crew on *Guardians of the Galaxy* and *Avengers: Age of Ultron* worked with the actor to direct his facial motions that DD3 captured.  Disney's motion to dismiss Plaintiffs' complaint in this action is the best evidence of its contents.  Disney further avers that the allegations that Disney supplied a director that "controlled and directed" DD3's use of the MOVA Contour program are legal arguments or conclusions that do not require a response.  To the extent that these allegations require a response, Disney denies them.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 133.

134.     Answering the allegations of Paragraph 134 of the FAC, Disney avers that a director or member or members of the crew on *Guardians of the Galaxy* and *Avengers: Age of Ultron* worked with the actor to direct his facial motions that DD3 captured.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 134.

135.     Disney denies the allegations of Paragraph 135.

136.     Disney denies the allegations of Paragraph 136.

137.     Answering the allegations of Paragraph 137 of the FAC, Disney avers that the contracts with DD3 to provide visual effects services are the best evidence of their contents.  The remaining allegations of Paragraph 137 of the FAC are legal arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 137.

138.     The allegations of Paragraph 138 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 138.

139.     The allegations of Paragraph 139 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 139.

140.     The allegations of Paragraph 140 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 140.

141.     The allegations of Paragraph 141 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 141.

142.     Answering the allegations of Paragraph 142 of the FAC, Disney avers that DD3 was retained to provide visual effects services, including facial motion capture services, in connection with the production of *Guardians of the Galaxy* and *Avengers: Age of Ultron*.  The remaining allegations of Paragraph 142 of the FAC are legal arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 142.

143.     Answering the allegations of Paragraph 143 of the FAC, Disney avers that  facial motion performance capture sessions were scheduled with DD3 in connection with the production of *Guardians of the Galaxy* and *Avengers: Age of Ultron*.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 143.

144.     The allegations of Paragraph 144 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 144.

145.     Answering the allegations of Paragraph 145 of the FAC, Disney avers that DD3 captured the facial motion performances of actors in connection with the production of *Guardians of the Galaxy* and *Avengers: Age of Ultron*.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 145.

146.     Answering the allegations of Paragraph 146 of the FAC, Disney avers that a director or member or members of the crew on *Guardians of the Galaxy* and *Avengers: Age of*

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

*Ultron* worked with the actor to direct his facial motions that DD3 captured.  Disney's motion to dismiss Plaintiffs' complaint in this action is the best evidence of its contents.  Disney further avers that the allegations that Disney supplied a director that "controlled and directed" DD3's use of the MOVA Contour program are legal arguments or conclusions that do not require a response.  To the extent that these allegations require a response, Disney denies them.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 146.

147.   Answering the allegations of Paragraph 147 of the FAC, Disney avers that a director or member or members of the crew on *Guardians of the Galaxy* and *Avengers: Age of Ultron* worked with the actor to direct his facial motions that DD3 captured.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 147.

148.   Disney denies the allegations of Paragraph 148.

149.   Disney denies the allegations of Paragraph 149.

150.   The allegations of Paragraph 150 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 150.

151.   Answering the allegations of Paragraph 151 of the FAC, Disney avers that the contracts with DD3 to provide visual effects services are the best evidence of the contents of those contracts.  The remaining allegations of Paragraph 151 of the FAC are legal arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 151.

152.   The allegations of Paragraph 152 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 152.

153.   Disney denies the allegations of Paragraph 153.

154.   Disney denies the allegations of Paragraph 154.

155.   Disney denies the allegations of Paragraph 155.

**SECOND CAUSE OF ACTION:**
**VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(DEFENDANTS DISNEY COMPANY, DISNEY MPG, AND MANDEVILLE)**

156.    Paragraph 156 incorporates earlier allegations, so no responsive pleading is required.  To the extent any response is required, Disney repeats and incorporates by reference each and every answer contained in Paragraphs 1 through 155 above as if fully set forth herein.

157.    The allegations of Paragraph 157 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 157.

158.    The allegations of Paragraph 158 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 158.

159.    Disney is without knowledge or information as to the truth of the allegations of Paragraph 159 of the FAC and on that basis denies the allegations.

160.    The allegations of Paragraph 160 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 160.

161.    Answering the allegations of Paragraph 161 of the FAC, Disney avers that DD3 was retained to provide visual effects services, including facial motion capture services, in connection with the production of *Beauty and the Beast*.  The remaining allegations of Paragraph 161 of the FAC are legal arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 161.

162.    Answering the allegations of Paragraph 162 of the FAC, Disney avers that  facial motion performance capture sessions were scheduled with DD3 in connection with the production of *Beauty and the Beast*.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 162.

163.    Answering the allegations of Paragraph 163 of the FAC, Disney avers that DD3 captured the facial motion performances of an actor in connection with the production of *Beauty*

*and the Beast*.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 163.

164.    Answering the allegations of Paragraph 164 of the FAC, Disney avers that a director or member or members of the crew on *Beauty and the Beast* worked with the actor to direct his facial motions that DD3 captured.  Disney's motion to dismiss Plaintiffs' complaint in this action is the best evidence of its contents.  Disney further avers that the allegations that Disney supplied a director that "controlled and directed" DD3's use of the MOVA Contour program are legal arguments or conclusions that do not require a response.  To the extent that these allegations require a response, Disney denies them.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 164.

165.    Answering the allegations of Paragraph 165 of the FAC, Disney avers that a director or member or members of the crew on *Beauty and the Beast* worked with the actor to direct his facial motions that DD3 captured.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 165.

166.    Disney denies the allegations of Paragraph 166.

167.    Disney denies the allegations of Paragraph 167.

168.    Answering the allegations of Paragraph 168 of the FAC, Disney avers that the contracts with DD3 to provide visual effects services are the best evidence of their contents.  The remaining allegations of Paragraph 168 of the FAC are legal arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 168.

169.    The allegations of Paragraph 169 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 169.

170.    The allegations of Paragraph 170 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 170.

171.    Disney denies the allegations of Paragraph 171.

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

172.     Disney denies the allegations of Paragraph 172.

173.     Answering the allegations of Paragraph 173 of the FAC, Disney avers that DD3 was retained to provide visual effects services, including facial motion capture services, in connection with the production of *Guardians of the Galaxy* and *Avengers: Age of Ultron*.  The remaining allegations of Paragraph 173 of the FAC are legal arguments or conclusions that do not require a response.  To the extent a response is required, Disney denies the remaining allegations of Paragraph 173.

174.     Answering the allegations of Paragraph 174 of the FAC, Disney avers that facial motion performance capture sessions were scheduled with DD3 in connection with the production of *Beauty and the Beast*.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 174.

175.     The allegations of Paragraph 175 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 175.

176.     Answering the allegations of Paragraph 176 of the FAC, Disney avers that DD3 captured the facial motion performances of an actor in connection with the production of *Beauty and the Beast*.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 176.

177.     Answering the allegations of Paragraph 177 of the FAC, Disney avers that a director or member or members of the crew on *Beauty and the Beast* worked with the actor to direct his facial motions that DD3 captured.  Disney's motion to dismiss Plaintiffs' complaint in this action is the best evidence of its contents.  Disney further avers that the allegations that Disney supplied a director that "controlled and directed" DD3's use of the MOVA Contour program are legal arguments or conclusions that do not require a response.  To the extent that these allegations require a response, Disney denies them.  Except as specifically admitted herein, Disney denies the allegations of Paragraph 177.

178.     Answering the allegations of Paragraph 178 of the FAC, Disney avers that a director or member or members of the crew on *Beauty and the Beast* worked with the actor to

1  direct his facial motions that DD3 captured.  Except as specifically admitted herein, Disney denies

2  the allegations of Paragraph 178.

3          179.    Disney denies the allegations of Paragraph 179.

4          180.    Disney denies the allegations of Paragraph 180.

5          181.    Answering the allegations of Paragraphs 181 of the FAC, Disney avers that the

6  contracts with DD3 to provide visual effects services are the best evidence of their contents.  The

7  remaining allegations of Paragraphs 181 of the FAC are legal arguments or conclusions that do not

8  require a response.  To the extent a response is required, Disney denies the remaining allegations

9  of Paragraphs 181.

10          182.    The allegations of Paragraph 182 of the FAC are legal arguments or conclusions as

11  to which no response is required.  To the extent a response is required, Disney denies the

12  allegations of Paragraph 182.

13          183.    The allegations of Paragraph 183 of the FAC are legal arguments or conclusions as

14  to which no response is required.  To the extent a response is required, Disney denies the

15  allegations of Paragraph 183.

16          184.    The allegations of Paragraph 184 of the FAC are legal arguments or conclusions as

17  to which no response is required.  To the extent a response is required, Disney denies the

18  allegations of Paragraph 184.

19          185.    The allegations of Paragraph 185 of the FAC are legal arguments or conclusions as

20  to which no response is required.  To the extent a response is required, Disney denies the

21  allegations of Paragraph 185.

**THIRD CAUSE OF ACTION:**
**DIRECT AND ACTIVELY-INDUCED INFRINGEMENT OF**
**U.S. PATENT NO. 7,605,861**
**(DEFENDANT DISNEY MPG)**

25          186.    Paragraph 186 incorporates earlier allegations, so no responsive pleading is

26  required.  To the extent any response is required, Disney repeats and incorporates by reference

27  each and every answer contained in Paragraphs 1 through 185 above as if fully set forth herein.

28

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

187.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 187 of the FAC.

188.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 188 of the FAC.

189.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 189 of the FAC.

190.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 190 of the FAC.

191.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 191 of the FAC.

192.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 192 of the FAC.

193.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 193 of the FAC.

194.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 194 of the FAC.

195.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 195 of the FAC.

196.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 196 of the FAC.

197.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 197 of the FAC.

198.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 198 of the FAC.

199.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 199 of the FAC.

200.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 200 of the FAC.

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

201.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 201 of the FAC.

202.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 202 of the FAC.

203.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 203 of the FAC.

204.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 204 of the FAC.

205.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 205 of the FAC.

206.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 206 of the FAC.

207.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 207 of the FAC.

208.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 208 of the FAC.

209.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 209 of the FAC.

210.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 210 of the FAC.

165.     Plaintiffs have dismissed their patent claims, and therefore no response is required to the misnumbered Paragraph 165 of the FAC.

211.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 211 of the FAC.

212.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 212 of the FAC.

213.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 213 of the FAC.

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

214.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 214 of the FAC.

215.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 215 of the FAC.

216.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 216 of the FAC.

217.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 217 of the FAC.

**FOURTH CAUSE OF ACTION:**
**DIRECT AND ACTIVELY-INDUCED INFRINGEMENT OF U.S. PATENT 7,567,293**
**(DEFENDANT DISNEY MPG)**

218.     Paragraph 218 incorporates earlier allegations, so no responsive pleading is required.  To the extent any response is required, Disney repeats and incorporates by reference each and every answer contained in Paragraphs 1 through 217 above as if fully set forth herein.

219.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 219 of the FAC.

220.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 220 of the FAC.

221.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 221 of the FAC.

222.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 222 of the FAC.

223.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 223 of the FAC.

224.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 224 of the FAC.

225.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 225 of the FAC.

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

226.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 226 of the FAC.

227.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 227 of the FAC.

228.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 228 of the FAC.

229.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 229 of the FAC.

230.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 230 of the FAC.

231.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 231 of the FAC.

232.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 232 of the FAC.

233.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 233 of the FAC.

234.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 234 of the FAC.

235.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 235 of the FAC.

236.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 236 of the FAC.

237.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 237 of the FAC.

238.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 238 of the FAC.

239.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 239 of the FAC.

240.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 240 of the FAC.

241.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 241 of the FAC.

242.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 242 of the FAC.

243.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 243 of the FAC.

244.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 244 of the FAC.

245.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 245 of the FAC.

246.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 246 of the FAC.

247.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 247 of the FAC.

186.    Plaintiffs have dismissed their patent claims, and therefore no response is required to the second Paragraph 186 of the FAC.

248.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 248 of the FAC.

249.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 249 of the FAC.

250.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 250 of the FAC.

251.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 251 of the FAC.

252.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 252 of the FAC.

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

253.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 253 of the FAC.

254.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 254 of the FAC.

**FIFTH CAUSE OF ACTION**
**DIRECT AND ACTIVELY-INDUCED INFRINGEMENT OF**
**U.S. PATENT NO. 7,548,272**
**(DEFENDANT DISNEY MPG)**

255.    Paragraph 255 incorporates earlier allegations, so no responsive pleading is required.  To the extent any response is required, Disney repeats and incorporates by reference each and every answer contained in Paragraphs 1 through 254 above as if fully set forth herein.

256.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 256 of the FAC.

257.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 257 of the FAC.

258.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 258 of the FAC.

259.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 259 of the FAC.

260.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 260 of the FAC.

261.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 261 of the FAC.

262.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 262 of the FAC.

263.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 263 of the FAC.

264.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 264 of the FAC.

265.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 265 of the FAC.

266.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 266 of the FAC.

267.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 267 of the FAC.

268.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 268 of the FAC.

269.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 269 of the FAC.

270.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 270 of the FAC.

271.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 271 of the FAC.

272.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 272 of the FAC.

273.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 273 of the FAC.

274.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 274 of the FAC.

275.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 275 of the FAC.

276.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 276 of the FAC.

277.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 277 of the FAC.

278.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 278 of the FAC.

279.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 279 of the FAC.

280.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 280 of the FAC.

281.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 281 of the FAC.

282.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 282 of the FAC.

283.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 283 of the FAC.

284.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 284 of the FAC.

285.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 285 of the FAC.

286.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 286 of the FAC.

287.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 287 of the FAC.

288.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 288 of the FAC.

289.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 289 of the FAC.

290.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 290 of the FAC.

**SIXTH CAUSE OF ACTION:**
**DIRECT AND ACTIVELY-INDUCED INFRINGEMENT OF**
**U.S. PATENT NO. 8,659,668**
**(DEFENDANT DISNEY MPG)**

291.    Paragraph 291 incorporates earlier allegations, so no responsive pleading is required.  To the extent any response is required, Disney repeats and incorporates by reference each and every answer contained in Paragraphs 1 through 290 above as if fully set forth herein.

292.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 292 of the FAC.

293.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 293 of the FAC.

294.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 294 of the FAC.

295.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 295 of the FAC.

296.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 296 of the FAC.

297.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 297 of the FAC.

298.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 298 of the FAC.

299.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 299 of the FAC.

300.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 300 of the FAC.

301.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 301 of the FAC.

302.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 302 of the FAC.

1       303.    Plaintiffs have dismissed their patent claims, and therefore no response is required

2  to Paragraph 303 of the FAC.

3       304.    Plaintiffs have dismissed their patent claims, and therefore no response is required

4  to Paragraph 304 of the FAC.

5       305.    Plaintiffs have dismissed their patent claims, and therefore no response is required

6  to Paragraph 305 of the FAC.

7       306.    Plaintiffs have dismissed their patent claims, and therefore no response is required

8  to Paragraph 306 of the FAC.

9       307.    Plaintiffs have dismissed their patent claims, and therefore no response is required

10  to Paragraph 307 of the FAC.

11       308.    Plaintiffs have dismissed their patent claims, and therefore no response is required

12  to Paragraph 308 of the FAC.

13       309.    Plaintiffs have dismissed their patent claims, and therefore no response is required

14  to Paragraph 309 of the FAC.

15       310.    Plaintiffs have dismissed their patent claims, and therefore no response is required

16  to Paragraph 310 of the FAC.

17       311.    Plaintiffs have dismissed their patent claims, and therefore no response is required

18  to Paragraph 311 of the FAC.

19       312.    Plaintiffs have dismissed their patent claims, and therefore no response is required

20  to Paragraph 312 of the FAC.

21       313.    Plaintiffs have dismissed their patent claims, and therefore no response is required

22  to Paragraph 313 of the FAC.

23       314.    Plaintiffs have dismissed their patent claims, and therefore no response is required

24  to Paragraph 314 of the FAC.

25       315.    Plaintiffs have dismissed their patent claims, and therefore no response is required

26  to Paragraph 315 of the FAC.

27       316.    Plaintiffs have dismissed their patent claims, and therefore no response is required

28  to Paragraph 316 of the FAC.

317.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 317 of the FAC.

318.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 318 of the FAC.

319.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 319 of the FAC.

320.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 320 of the FAC.

321.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 321 of the FAC.

322.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 322 of the FAC.

323.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 323 of the FAC.

324.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 324 of the FAC.

325.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 325 of the FAC.

326.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 326 of the FAC.

327.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 327 of the FAC.

328.     Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 328 of the FAC.

## SEVENTH CAUSE OF ACTION:
## DIRECT AND ACTIVELY-INDUCED INFRINGEMENT OF
## U.S. PATENT NO. 8,207,963
## (DEFENDANT DISNEY MPG)

329.   Paragraph 329 incorporates earlier allegations, so no responsive pleading is required.  To the extent any response is required, Disney repeats and incorporates by reference each and every answer contained in Paragraphs 1 through 328 above as if fully set forth herein.

330.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 330 of the FAC.

331.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 331 of the FAC.

332.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 332 of the FAC.

333.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 333 of the FAC.

334.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 334 of the FAC.

335.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 335 of the FAC.

336.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 336 of the FAC.

337.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 337 of the FAC.

338.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 338 of the FAC.

339.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 339 of the FAC.

340.   Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 340 of the FAC.

341.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 341 of the FAC.

342.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 342 of the FAC.

343.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 343 of the FAC.

344.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 344 of the FAC.

345.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 345 of the FAC.

346.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 346 of the FAC.

347.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 347 of the FAC.

348.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 348 of the FAC.

349.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 349 of the FAC.

350.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 350 of the FAC.

351.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 351 of the FAC.

352.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 352 of the FAC.

353.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 353 of the FAC.

354.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 354 of the FAC.

355.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 355 of the FAC.

356.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 356 of the FAC.

249.    Plaintiffs have dismissed their patent claims, and therefore no response is required to the misnumbered Paragraph 249 of the FAC.

357.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 357 of the FAC.

358.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 358 of the FAC.

359.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 359 of the FAC.

360.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 360 of the FAC.

361.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 361 of the FAC.

362.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 362 of the FAC.

363.    Plaintiffs have dismissed their patent claims, and therefore no response is required to Paragraph 363 of the FAC.

**EIGHTH CAUSE OF ACTION:**
**TRADEMARK INFRINGEMENT**
**(DEFENDANTS DISNEY COMPANY, DISNEY MPG, AND BUENA VISTA)**

364.    Paragraph 364 incorporates earlier allegations, so no responsive pleading is required.  To the extent any response is required, Disney repeats and incorporates by reference each and every answer contained in Paragraphs 1 through 363 above as if fully set forth herein.

365.    Disney is without knowledge or information as to the truth of the allegations of Paragraph 365 of the FAC and on that basis denies the allegations.

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST

366.     The allegations of Paragraph 366 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 366.

367.     Disney is without knowledge or information as to the truth of the allegations of Paragraph 367 of the FAC and on that basis denies the allegations.

368.     The allegations of Paragraph 368 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 368.

369.     The allegations of Paragraph 369 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 369.

370.     Answering the allegations of Paragraph 370 of the FAC, Disney avers that the motion picture *Guardians of the Galaxy* is the best evidence of its content.  The remaining allegations of Paragraph 370 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 370.

371.     The allegation of Paragraph 371 of the FAC that a statement by Mr. Stevens to the effect that "facial capture 'was done separately using a technology called MOVA'" was a "use" of any trademark or service mark within the meaning of the trademark laws is a legal argument or conclusion as to which no response is required.  To the extent a response is required, Disney denies that any such statement by Mr. Stevens was a "use" of any trademark or service mark within the meaning of the trademark laws.  Disney is without knowledge or information as to the truth of the remaining allegations of Paragraph 371 and on that basis denies those allegations.

372.     The allegations of Paragraph 372 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 372.

373.     The allegations of Paragraph 373 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of Paragraph 373.

374.     Disney denies the allegations of Paragraph 374.

375.     Disney denies the allegations of Paragraph 375.

376.     Disney denies the allegations of Paragraph 376.

269.     The allegations of misnumbered Paragraph 269 of the FAC are legal arguments or conclusions as to which no response is required.  To the extent a response is required, Disney denies the allegations of misnumbered Paragraph 269.

377.     Disney denies the allegations of Paragraph 377.

378.     Disney denies the allegations of Paragraph 378.

379.     Disney denies the allegations of Paragraph 379.

## AFFIRMATIVE DEFENSES

Disney sets forth its affirmative defenses.  By enumerating the subjects below as affirmative defenses, Disney does not concede that any such matter is an affirmative defense, as opposed to an element of Rearden's claim as to which it bears the burden of proof.  Disney does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Rearden.  Moreover, nothing stated herein is intended to or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Rearden's allegations.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.     Rearden's FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.     Rearden's claims are barred, in whole or in part, by the applicable statutes of limitations, including without limitation 17 U.S.C. § 507(b).

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

3.      Rearden's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

(Equitable Estoppel)

4.      Rearden's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

5.      Rearden's claims are barred, in whole or in part, by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

(Nominative Fair Use)

6.      Rearden's trademark infringement claims are barred, in whole or in part, by the doctrine of nominative fair use.

**SEVENTH AFFIRMATIVE DEFENSE**

(Innocent Infringement)

7.      Rearden's claims are barred, in whole or in part, because, to the extent there was any infringement, the conduct of the Defendants that is the subject of the FAC was innocent and not willful.

**EIGHTH AFFIRMATIVE DEFENSE**

(Implied License)

8.      Rearden's claims are barred, in whole or in part, by the doctrine of implied license.

**NINTH AFFIRMATIVE DEFENSE**

(De Minimis Infringement)

9.      Rearden's claims are barred, in whole or in part, because if there was any infringement, it was de minimis.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants reserve the right to assert additional affirmative defenses as they become known through investigation or discovery.

## **DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1.    That Rearden take nothing by reason of its FAC;

2.    That the FAC be dismissed with prejudice and judgment entered in favor of Defendants;

3.    That Defendants be awarded their costs and expenses of suit, including reasonable attorneys' fees; and

4.    For such other and further relief as the Court deems just and proper.

DATED:  August 8, 2018        MUNGER, TOLLES & OLSON LLP

By:      */s/ Kelly M. Klaus*
        KELLY M. KLAUS

*Attorneys for Defendants*

AMENDED ANSWER TO FIRST AMENDED
COMPLAINT 3:17-cv-04006-JST