1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11  REARDEN LLC, REARDEN MOVA LLC,          Case Nos. 3:17-cv-04006-JST
    California limited liability companies,            3:17-cv-04191-JST
12                                                      3:17-cv-04192-JST
                            Plaintiff,                  3:17-cv-04187-JST
13
            v.
14                                           [~~PROPOSED~~]
    THE WALT DISNEY COMPANY, a Delaware      **STIPULATED PROTECTIVE**
15  corporation, WALT DISNEY MOTION          **ORDER FOR LITIGATION**
    PICTURES GROUP, INC., a California       **INVOLVING HIGHLY SENSITIVE**
16  corporation, BUENA VISTA HOME            **CONFIDENTIAL INFORMATION**
    ENTERTAINMENT, INC. a California         **AND/OR TRADE SECRETS**
17  corporation, MARVEL STUDIOS, LLC, a
    Delaware limited liability company,
18  MANDEVILLE FILMS, INC., a California
    corporation,
19
20                          Defendant.
21  REARDEN LLC and REARDEN MOVA LLC,

22                          Plaintiffs,

23          v.

24  TWENTIETH CENTURY FOX FILM
    CORPORATION, a Delaware corporation and
25  TWENTIETH CENTURY FOX HOME
    ENTERTAINMENT LLC, a Delaware limited
26  liability company,

27                          Defendants.

28

1 | REARDEN LLC and REARDEN MOVA LLC,

2 |                      Plaintiffs,

3 |      v.

4 | PARAMOUNT PICTURES CORPORATION, a
   Delaware corporation, and PARAMOUNT HOME
5 | ENTERTAINMENT DISTRIBUTION INC. a
   Delaware corporation,

6

7 |                      Defendants.

REARDEN LLC, REARDEN MOVA LLC,
8 | California limited liability companies,

9 |                      Plaintiffs,

10 |      v.

11 | CRYSTAL DYNAMICS, INC., a California
   corporation, SQUARE ENIX INC., a
12 | Washington Corporation,

13 |                      Defendants.

14

# TABLE OF CONTENTS

Page

1.   PURPOSES AND LIMITATIONS ....................................................................1

2.   DEFINITIONS ..............................................................................................1

3.   SCOPE .........................................................................................................3

4.   DURATION ..................................................................................................4

5.   DESIGNATING PROTECTED MATERIAL ...................................................4

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS ..............................7

7.   ACCESS TO AND USE OF PROTECTED MATERIAL...................................9

8.   PROSECUTION BAR ..................................................................................15

9.   SOURCE CODE ..........................................................................................15

10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED
     PRODUCED IN OTHER LITIGATION ........................................................23

11.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
     PRODUCED IN THIS LITIGATION.............................................................24

12.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL .................25

13.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
     PROTECTED MATERIAL ...........................................................................26

14.  MISCELLANEOUS......................................................................................26

15.  FINAL DISPOSITION.................................................................................27

# 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

# 2. DEFINITIONS

2.1  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

2.3  <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4  <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current officer, director or employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an officer, director or employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Source Code Material").

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, electronically stored information (ESI) consulting or document management, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium; jury consulting, mock trials) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up

1  to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as

2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3  Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

4  other proceeding to include Protected Material so that the other parties can ensure that only

5  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

6  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

7  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY."

9  Any Protected Material that is used in the taking of a deposition shall remain subject to the

10  provisions of this Protective Order, along with the transcript pages of the deposition testimony

11  dealing with such Protected Material. In such cases the court reporter shall be informed of this

12  Protective Order and shall be required to operate in a manner consistent with this Protective Order.

13  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked

14  by the video technician to indicate that the contents of the videotape are subject to this Protective

15  Order, substantially along the lines of "This videotape contains confidential testimony used in this

16  case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the

17  terms of the operative Protective Order in this matter or pursuant to written stipulation of the

18  parties." Counsel for any Designating Party shall have the right to exclude from oral depositions,

19  other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who

20  is not authorized by this Protective Order to receive or access Protected Material based on the

21  designation of such Protected Material. Such right of exclusion shall be applicable only during

22  periods of examination or testimony regarding such Protected Material.

23  Transcripts containing Protected Material shall have an obvious legend on the title page that

24  the transcript contains Protected Material, and the title page shall be followed by a list of all pages

25  (including line numbers as appropriate) that have been designated as Protected Material and the level

26  of protection being asserted by the Designating Party. The Designating Party shall inform the court

27  reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day

28

period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.  The Designating Party shall provide substitute copies of documents bearing the confidentiality designation. Upon receiving substitute copies, the Receiving Parties shall return or securely destroy, at the Designating Party's option, all material that was not designated properly.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 24 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's House Counsel and Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order and will appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

      (b) The employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and for whom no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.6(a) below;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A); and

(g) while testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (iii) expert witnesses testifying on behalf of the Producing Party; and/or (iv) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence.

(h) Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

this litigation (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order and will appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

(b) Subject to the provisions set forth in paragraph 7.5, below, Designated House Counsel of a Defendant Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.6(a), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) while testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (iii) expert witnesses testifying on behalf of the Producing Party; and/or (iv) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the source code, as evident from its face or reasonably certain in view of other testimony or evidence; and

(g) any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

1   Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

2   SOURCE CODE" only to:

3       (a)  Subject to the provisions set forth in paragraph 7.5, below, the Receiving Party's Outside

4   Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it

5   is reasonably necessary to disclose the information for this litigation (by executing this Order,

6   Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide

7   by the terms and conditions of the Order and will appropriately disclose these terms and conditions

8   to all employees who will have access to information pursuant to the Order);

9       (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

10  litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

11  (3) as to whom the procedures set forth in paragraph 7.6(a), below, have been followed;

12      (c) the court and its personnel;

13      (d) court reporters and their staff, professional jury or trial consultants, and mock jurors, and

14  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

15  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16      (e) while testifying at deposition or trial in this action only: (i) any current or former officer,

17  director or employee of the producing party or original source of the information; (ii) any person

18  designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal

19  Rules of Civil Procedure; (iii) expert witnesses testifying on behalf of the Producing Party; and/or

20  (iv) any person who authored, previously received (other than in connection with this litigation), or

21  was directly involved in creating, modifying, or editing the Protected Material, as evident from its

22  face or reasonably certain in view of other testimony or evidence; and

23      (f) any designated arbitrator or mediator who is assigned to hear this matter, or who has been

24  selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement

25  to Be Bound by Stipulated Protective Order" (Exhibit A).

7.5     Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by a Defendant Producing Party shall not be disclosed to the Outside Counsel, House Counsel, or business representatives of any other Defendant (including in-house counsel for any affiliates of that Defendant Receiving Party) without written consent of the Defendant Producing Party.

7.6     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must notify, in writing (including via email), the Designating Party of its intent to make such a disclosure.  The notification shall (1) identify the full name of the Expert and the city and state of his or her primary residence, (2) include a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identify each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identify (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) disclose any previous or current contractual relationship with any of the Parties.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless,

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) The Party that seeks to make such disclosure to an expert of any information or item that has been designated Protected Material need not identify to the Designating Party said information or item to be disclosed.

(d) If during the pendency of this matter, the Expert becomes employed or engaged by a competitor to the Parties to this action, the Party retaining such Expert will promptly notify Counsel for the Producing Party of such employment or engagement. The Expert will cease reviewing any Protected Material until all Parties in the action have been advised and either all Parties consent to the Expert continuing to have access to any Protected Material in this matter or as otherwise ordered by the Court.

(e) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  If relief from the Court is not sought within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Material shall not be disclosed to the Expert in question until the Court resolves the objection.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8. PROSECUTION BAR

Absent written consent from all Defendants, any individual who on behalf of the Plaintiff personally reviews a Defendant's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (excluding licenses and other non-technical information) or "HIGHLY CONFIDENTIAL-SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to motion capture technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action, including all appeals.

## 9. SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE." Plaintiff has represented that it does not currently intend to seek source code from Defendants. To the extent Plaintiff seeks source code from Defendants at a later date, Defendants reserve their rights to seek modifications of this Protective Order or challenge the production of said source code.

---

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

(b)     Access to Source Code Material shall be limited to Outside Counsel and up to two (2) Experts of the Receiving Party (i.e., not existing employees, principals, managers, members, inventors of the patent in suit, or affiliates of a Party or of an affiliate of a Party) retained for the purpose of this Action and approved to access such HIGHLY CONFIDENTIAL - SOURCE CODE pursuant to the requirements in Paragraph 7.4 above;

(c)     Access to a Party's Source Code Material shall be provided only on "standalone," secured computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("Source Code Computer"). The Source Code Computer will be made available by the Party producing the source code. The Source Code Computer(s) shall not be connected to a printer; the Receiving Party may make requests to the Producing Party to print Source Code Material subject to the limits and solely for the limited purposes permitted pursuant to paragraph 9(j) below. The Source Code Computer(s) shall be loaded with software search tools that the Receiving Party requests be loaded on the Source Code Computer(s) to assist in review of the source code, subject to the provisions of paragraph 9(d) below. Prior to the Receiving Party's first inspection, the Producing Party in good faith shall advise the Receiving Party of the Source Code Computer's make and model, operating system, and any pre-installed review tools, so that the Receiving Party can supply additional tools as needed.

(d)     The Receiving Party must provide the Producing Party with the licensed software tool(s) at least ten (10) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. For emphasis, it should be noted that the tools for reviewing Source Code Material may not be used to circumvent the protections of this Protective Order in any way. Moreover, the Receiving Party shall not at any time use any compilers, interpreters or simulators in connection with the Producing Party's Source Code Material and in no event shall tools be installed on the stand-alone computer that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of such Source Code Material. If the Parties are unable to agree on requested software tools to be loaded on the Source Code Computer(s), they may utilize the Court's procedures for resolving

discovery disputes after making a good faith effort to resolve their dispute.

       (e)     The Source Code Computer(s) may only be located in a secured room ("Source Code Room") at the offices of the Producing Party's lead outside counsel or at some other mutually agreeable location.  During its review, the Receiving Party may take notes but shall not copy or transcribe any portion of source code files into the notes except for keywords (not more than five consecutive words) necessary to identify and locate portions of the source code for future reference after a printout is provided. The Receiving Party also shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device. The Receiving Party is prohibited from bringing outside electronic devices, including but not limited to laptops, thumb drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, smartphones, personal digital assistants (PDAs), Blackberries, iPhones, cameras, voice recorders, dictaphones, telephone jacks or other devices be permitted inside the Source Code Room.  The Producing Party may visually monitor through a window and/or periodically observe (upon knocking) the activities of the Receiving Party's authorized attendees during the source code review, both to ensure compliance with the Protective Order and to communicate with attendees as reasonably warranted;

       (f)     Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide ten (10) business days' notice of the Source Code Material that it wishes to inspect. Prior to the Receiving Party's first inspection of the Source Code Material, the Producing Party shall print a directory listing of files available for inspection and shall provide that directory to the Receiving Party, with the listing itself protected as Highly Confidential – Source Code unless the Producing Party designates it otherwise. The Receiving Party shall have five (5) days to inspect any Source Code Material provided, and will be required by the Producing Party to sign in and sign out upon entering and exiting the Source Code Room. The Parties agree to meet and confer regarding the need for further days as necessary. The Receiving Party shall provide five (5) business days' notice prior to any additional inspection. When requesting inspection of a Party's Source Code Material, the Receiving Party shall identify all persons who will inspect the Producing Party's Source Code

Material on behalf of a Receiving Party, including members of a Receiving Party's Outside Counsel. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 5:00 p.m. on normal business days (i.e., weekdays that are not Federal or state holidays). The Parties shall cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its Outside Counsel (or at some other mutually agreeable location) shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(g)     A Receiving Party may only to the extent necessary, include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, or other Court document ("Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with Civil Local Rule 79-5.

(h)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE;

(i)     No electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except for limited portions of the Source Code Material necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. Should printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE," password protected, and shall continue to be treated as such;

(j)     The Producing Party shall make available in the source code room a software virtual printer such as Adobe Acrobat or Microsoft XPS Document Writer that renders the equivalent of a printed page, in color, in an electronic portable document format installed on the stand-alone computer. For the purpose of requesting paper copies of portions of the Source Code Material, the

Receiving Party may identify such portions by saving them in an electronic portable document format using the virtual printer that is provided in the source code room. In no event may the Receiving Party request the printing of more than 20 consecutive pages, 20 lines of code per page, or more than 300 pages total, of source code for any software release without prior written approval of the Producing Party. If the Producing Party refuses the Receiving Party's request to print additional pages, the Producing Party will bear the burden of showing why it should not comply with Receiving Party's request for additional pages. These page limitations will not preclude any Party from seeking additional printed pages for good cause. Upon the Receiving Party's request to produce printed copies of Source Code Material using the virtual printer, the Producing Party shall Bates number, copy and label the printed, color copies as HIGHLY CONFIDENTIAL - SOURCE CODE and return them to the Receiving Party within four (4) business days of a request to print unless objected to, any such objection to be addressed in the manner set forth (for objections other than to the number of consecutive pages, lines, or total pages) in subsection (k) below.  The Producing Party will timely deliver one printed color copy to the Receiving Party.  The Receiving Party shall only request printing of portions of the Source Code in good faith.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified persons who receive any printed Source Code material.  No further hard copies of such Source Code Material shall be made and the Source Code Material shall not be transferred into any electronic format or onto any electronic media except that:

> (A) The Receiving Party is permitted to make up to five (5) additional hard copies for use at a deposition. One hard copy of the Source Code Material may be marked as an exhibit for the deposition, and then maintained by counsel for the party presenting the exhibit during the deposition in a secured locked area. All other copies shall be destroyed immediately after the deposition is concluded.
>
> (B) The Receiving Party is permitted to make up to five (5)

additional hard copies for the Court in connection with a court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code Material are being filed or offered.

(C) Electronic copies of Source Code Material may be made to be included in documents which, pursuant to the Court's rules, procedures and order(s), may be filed or served electronically. Only the necessary amount of electronic copies to effectuate such filing or service may be stored on any Receiving Party server, hard drive, thumb drive, or other electronic storage device at any given time. After any such electronic filing or service, the Receiving Party may maintain reasonable copies of such filings, but shall delete all other electronic copies of Source Code from all Receiving Party electronic storage devices.

(D) The Receiving Party is permitted to possess up to six (6) copies of all or any portion of the hard copy print-outs of Source Code Material provided by the Producing Party, either in hard copy form or on CD-ROMs or DVDs. The Receiving Party is also permitted to make temporary copies necessarily made in the production of CD-ROMs or DVDs, provided any such copies are immediately deleted once the temporary copies are no longer required for the production of the CD-ROMs or DVDs. A Receiving Party may destroy one or more of the six (6) previously created copies and create one or more new copies provided that the total number in possession of the Receiving Party does not exceed six (6). The viewing of any such CD-ROMs or DVDs shall be done when all network communication functions of the viewer's device are disabled.

(E) The Producing Party shall, on request, make a searchable electronic copy of Source Code Material available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code Material. The Receiving Party shall make such request at the time of the notice for deposition.

(k)     If the Producing Party has any objection to the printing of Source Code for any reason, the parties agree to meet and confer promptly in good faith. The Producing Party shall bear the burden to show good cause why it should not produce the requested pages or printouts, and shall move the Court for a protective order within five (5) business days of its objection showing why it should not print the requested pages or printouts. If the Receiving Party seeks to print more than twenty (20) pages of a continuous block of source code, the foregoing procedures for objection and resolution apply except that the Producing Party shall have ten (10) business days after its objection to move for a protective order;

(l)     The Receiving Party shall maintain a log of all copies of the Source Code Material. The log shall include the names of the recipients of all paper copies and locations where the paper copies are stored. The Receiving Party shall provide a copy of this log to the Producing Party within five (5) business days of a Producing Party's request for a copy of the log, such request to include a reasonable basis for production (e.g., good cause);

(m)     If the Receiving Party's authorized Outside Counsel or Experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such Outside Counsel or Experts keep the printouts or photocopies in a secured locked area in the offices of such Outside Counsel or Expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or

deposition). Source Code Material, in whatever form, including as an excerpt or in a Source Code Document, shall not be transmitted (e.g., by email) or taken outside the territorial United States without the express written consent of the Producing Party;

(n)     A Producing Party's Source Code Material (including to the extent included in a Source Code Document) may only be transported by the Receiving Party at the direction of a person authorized to have access under this Order to another person so authorized, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except that an encrypted copy of Source Code Material may be transmitted to a person authorized to have access via FTP with the password to unencrypt the media provided orally, via telephone, or in-person, upon confirmation of receipt.  Otherwise, Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 7.5(m) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer. The Source Code Material may not be reviewed in public, including on airplanes, trains or other public transportation that would create a risk of unauthorized viewing of the material.

(o)     In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of HIGHLY CONFIDENTIAL - SOURCE CODE, the question shall be answered to the extent that the witness is authorized under this Order to view such material and/or, with the consent of the Designating Party, has executed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (attached hereto as Exhibit A). Prior to answering, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as HIGHLY CONFIDENTIAL - SOURCE CODE at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(p)     Court reporters and/or videographers shall not retain or be given copies of any portions of Source Code Material, all of which shall be maintained by deposing counsel under the secure conditions required herein. If any portion of Source Code Material or Source Code Document is used during a deposition, the deposition record will identify the exhibit containing any Source Code Material by its production numbers only (*i.e.*, any document containing Source Code Material shall not be made into a deposition exhibit), and the entire deposition transcript shall be deemed designated HIGHLY CONFIDENTIAL - SOURCE CODE until further specifically designated in accordance with this Order. To the extent any portion of Source Code Material is quoted in any document or transcript such as a Source Code Document, either the entire document or transcript will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or at least those pages containing any HIGHLY CONFIDENTIAL - SOURCE CODE will be separately bound, designated, and treated as HIGHLY CONFIDENTIAL - SOURCE CODE;

(q)     Any Expert retained on behalf of a Receiving Party who is to be given access to a Producing Party's HIGHLY CONFIDENTIAL - SOURCE CODE Material (whether in electronic form or otherwise) shall not use any portion of the disclosed Source Code Material to perform software development work, directly or indirectly, intended for commercial purposes with respect to motion capture technology, including without limitation of the type described in the patents asserted in this action unless the disclosed software that was accessed by the Expert was already known to the Expert or in the public domain. This shall not preclude such Experts from consulting in future litigation, so long as such consulting does not involve software development work as described in the preceding sentence that is directly or indirectly intended for commercial purposes;

(r)     A Party's agreement to the entry of this Order shall not be deemed an admission that the Party must produce Source Code Material in this lawsuit.

## 10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is produced, whether inadvertently or otherwise, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to a party's right to assert such privilege, doctrine, right, or immunity. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), except that counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

Within 15 days of providing notice to the Receiving Party that certain produced material is subject to a claim of privilege or other protection, the Producing Party will provide a privilege log setting forth a description of the privileged material and identify the privilege asserted. With respect to any disputes that may arise as to previously produced documents, the parties' rights and obligations shall be subject to and determined by applicable law.

## 14. MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material,

including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.  At least the following restrictions shall apply:

1.      Anyone viewing source code that the Producing Party has identified as being subject to expert controls must be a US citizen or lawful permanent resident.

2.      All companies handling source code that the Producing Party has identified as being subject to expert controls must be US companies.

3.      All copies of source code that the Producing Party has identified as being subject to expert controls must be kept within US borders.

14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.  The Receiving Party shall not file said materials in the public record without first affording the Producing Party an opportunity to file a motion for reconsideration and/or an interlocutory appeal and having each challenge to the Court's order decided, provided that in such case, the Producing Party shall meet and confer with the other Party in a good faith attempt to reasonably minimize the impact of the interlocutory appeal on the pending litigation.

## 15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party (including Experts) must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party and its Expert(s) have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, hearing transcripts, legal memoranda, correspondence, trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material except document productions and source code must be destroyed regardless. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). Counsel is not under an obligation to search email for Protected Material.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: August 28, 2018      HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve Berman*
                Steve Berman
*Attorneys for Plaintiffs*

DATED: August 28, 2018      MUNGER, TOLLES & OLSON LLP

By: /s/ Kelly Klaus
                Kelly Klaus
*Attorneys for Studio Defendants*

DATED: August 28, 2018      DUANE MORRIS LLP

By: /s/ Karineh Khachatourian
                Karineh Khachatourian
*Attorneys for Square Enix/Crystal Dynamics*

# CIVIL LOCAL RULE 5-1 ATTESTATION

I, Steve Berman, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(*i*)(3), I hereby attest that Kelly Klaus and Karineh Khachatourian concurred in the filing of this document.

*/s/ Steve Berman*
Steve Berman

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _August 30, 2018_ _____

_____
The Honorable Jon S. Tigar
United States District

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____