STEVE BERMAN (*pro hac vice*)
MARK CARLSON (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

PHILIP GRAVES (CBA No. 153441)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
philipg@hbsslaw.com

RIO PEARCE, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiffs*
Rearden LLC and Rearden Mova LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, WALT DISNEY MOTION PICTURES GROUP, INC., a California corporation, BUENA VISTA HOME ENTERTAINMENT, INC. a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MANDEVILLE FILMS, INC., a California corporation,<br>Defendants. | Case No. 3:17-cv-04006-JST<br><br>**NOTICE OF DEPOSITION OF THE WALT DISNEY COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure 30(b)(6), Plaintiffs Rearden LLC and Rearden Mova LLC ("Plaintiffs"), by and through their undersigned counsel, will take the deposition of Defendant The Walt Disney Company ("Disney") concerning the Matters for Examination noticed herein, commencing at the date, time, and place identified below, except as otherwise agreed in writing:

**Date**: May 28, 2019, commencing at 9:30 a.m.

**Place**: Hagens Berman Sobol Shapiro LLP, 301 North Lake Avenue, Suite 920, Pasadena, CA 91101.

The deposition shall be upon oral examination before one or more individuals authorized to administer an oath by the state in which the depositions are taken and will be recorded stenographically. The deposition may be recorded by videotape by a certified video reporter without further notice to any party; Plaintiffs reserve the right to use such videotape recording in opposition to any motion for summary judgment and at trial.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Disney is required to designate and produce for deposition one or more of its officers, directors, employees, or agents who consent to testify on its behalf as to the Matters for Examination, set forth below. Plaintiffs will examine each witness in his or her capacity as a representative designated by Disney regarding the matters described herein. Pursuant to Rule 30(b)(6), each witness should be knowledgeable on the matters for which they are designated by Disney and/or which are known or reasonably available to Disney on the subject matters identified below.

Disney is requested to promptly provide Plaintiffs' counsel with a written identification of the name(s) and position(s) of each designee, and identification of the specific matter(s) to which each designee will testify.

**DEFINITIONS**

The following definitions of terms and rules of construction shall apply to each document request in which a defined term appears:

1. "DISNEY" as used herein means The Walt Disney Company and all past or present divisions and direct or indirect parents, subsidiaries, or affiliates of The Walt Disney Company, and all past or present joint ventures, partnerships, and limited partnerships of which any of the foregoing entities is or was a joint venture or a limited or general partner.

2. "DOCUMENT" as used herein means all documents and electronically stored information encompassed by Federal Rule of Civil Procedure Rule 34(a)(1)(A).

3. "ACCUSED FILMS" as used herein means the motion pictures entitled *Beauty and the Beast* (2017), *Avengers: Age of Ultron* (2015), and *Guardians of the Galaxy* (2014).

4. "DD3" as used herein means Digital Domain 3.0, Inc., Digital Domain Productions 3.0 (BC), Ltd., and all of their predecessors (regardless of whether any such predecessor used "Digital Domain" in its name), and any of their past or present parents, members, subsidiaries, divisions, or affiliates, and all past or present joint ventures, partnerships, and limited partnerships of which any of the foregoing entities is or was a joint venture or a limited or general partner.

**MATTERS FOR EXAMINATION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

1. DISNEY's corporate organization and relationships to the extent related to the ACCUSED FILMS, including but not limited to:

    a. Explanation concerning the chart(s) showing its corporate relationships produced by DISNEY pursuant to the Court's May 7, 2019 Order;

    b. The names of all DISNEY-affiliated entities involved in the production, marketing and promotion, distribution, or commercial exploitation of either of the ACCUSED FILMS (including but not limited to organizing a production company or receiving or recognizing revenue from the commercial exploitation of the ACCUSED FILMS);

    c. The nature of the involvement of each such entity and the function or functions that each such entity performed with respect to the pertinent ACCUSED FILM; and

1        d. Each written contract or agreement to which such entity was a signatory that related to the pertinent ACCUSED FILM;

      e. The nature of the corporate relationship between each such entity (e.g., wholly owned subsidiary, partially owned subsidiary, etc.);

      f. The direct parent and any direct subsidiaries of each such entity;

      g. The percentage of ownership that each parent entity has in each subsidiary entity; and

      h. The identities of all (i) corporate officers and members of the Board of Directors, and (ii) manager(s) and members of each such entity that is not a corporation.

2. DISNEY's storage for electronic mail, documents, and other media, including backup and archiving systems, including but not limited to:

      a. Any document retention and/or destruction policies or practices of DISNEY during the period 2008 to the present;

      b. Whether DISNEY maintains or contracts for the maintenance of one or more centralized repositories of its electronic media (including but not limited to email and other DOCUMENTS) on an organization-wide, departmental, divisional, or other basis, and if so a description of such repositories;

      c. DISNEY's policies or practices regarding maintenance or organization of electronic media (including but not limited to email and other DOCUMENTS) on an organization-wide basis or with respect to particular projects, films, divisions or departments;

      d. DISNEY's policies or practices regarding use of computers, tablets, and other devices capable of storing documents, including but not limited to email, media, and computer files, for business purposes and any document retention and/or destruction policies applicable to such devices;

      e. DISNEY's policies or practices regarding use for business purposes of Internet-based services, including but not limited to gmail; Yahoo mail; Dropbox; Box; Google, Amazon, Microsoft cloud services; Microsoft Exchange; FTP sites; private and public social media sites, including but not limited to Facebook, Instagram, WhatsApp,

                SnapChat, YouTube and Vimeo that can store documents, including but not limited to email, media, and computer files, and any document retention and/or destruction policies related thereto;

    f.    DISNEY's policies or practices regarding storage of documents, including but not limited to email, media, and computer files, by any third-party entity involved in the production of the ACCUSED FILMS, including but not limited to DD3, and any document retention and/or destruction policies related thereto; and

    g.    Any policies or practices of DISNEY with respect to the electronic media generated or received by film-specific production companies such as Chip Pictures, Inc., Extinction Productions Ltd., Infinity Productions LLC, and Assembled Productions II LLC (collectively, the SPECIFIED PRODUCTION COMPANIES), including but not limited to the current custodians of electronic media generated or received by the SPECIFIED PRODUCTION COMPANIES.

3.    Identities of people who worked or work for DISNEY, including but not limited to any of the entities within the scope of Category No. 1, who are likely to have DOCUMENTS responsive to Plaintiffs' requests for production of documents.

4.    Pursuant to ECF No. 113, the subject matter of the documents previously produced by DISNEY in this action and identified as DIS-REARDEN-1 through DIS-REARDEN-51 (collectively, the PRODUCED DOCUMENTS), including but not limited to:

    a.    The services performed by DD3 pursuant to the agreements included in the PRODUCED DOCUMENTS;

    b.    All interactions between DISNEY (including but not limited to those acting on its behalf) and DD3 related to the services DD3 performed or was to perform pursuant to the agreements included in the PRODUCED DOCUMENTS (DISNEY is reminded here that "DISNEY" is not limited to The Walt Disney Company);

    c.    The duties of the Studio Representatives and Picture Representatives identified in the agreements included in the PRODUCED DOCUMENTS, including but not limited to

         all interactions between those people and DD3 related to the services DD3 performed or was to perform pursuant to the agreements;

d. Any other contracts or agreements between DISNEY and DD3 related to the subject matter of the agreements included in the PRODUCED DOCUMENTS;

e. All invoices received from DD3, and all payments made to DD3, related to the services DD3 performed pursuant to the agreements included in the PRODUCED DOCUMENTS;

f. The locations where DD3 performed services, including any MOVA Contour capture sessions and processing of MOVA Contour capture output, pursuant to the agreements included in the PRODUCED DOCUMENTS;

g. The extent to which the processed output of MOVA Contour capture sessions provided by DD3 pursuant to the agreements included in the PRODUCED DOCUMENTS was incorporated directly or indirectly into *Avengers: Age of Ultron* (2015) or *Guardians of the Galaxy* (2014);

h. Whether any MOVA Contour capture sessions were performed by DD3 in connection with the distribution, marketing or promotion of *Avengers: Age of Ultron* (2015) or *Guardians of the Galaxy* (2014) separate from any such sessions performed in producing the films, and if so the identities of the entities that commissioned or requested that such capture sessions be performed and all facts concerning such capture sessions;

i. The components of revenues, expenses and overhead provided in DIS-REARDEN-51; and

j. Whether DISNEY paid taxes as reflected in DIS-REARDEN-51, and if so (i) the amount of taxes paid, and (ii) the methodology used by DISNEY to allocate taxes against revenues generated by *Avengers: Age of Ultron* (2015) and *Guardians of the Galaxy* (2014).

| | | |
|---|---|---|
| 1 | DATED: May 14, 2019 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | | By */s/ Philip Graves* |
| 3 | | Philip Graves |

Philip Graves Philip Graves (CBA No. 153441)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
philipg@hbsslaw.com

Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Ste. 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

Rio S. Pierce (CBA No. 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiffs*
*Rearden LLC and Rearden Mova LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2019, I served a true and correct copy of Plaintiffs' NOTICE OF DEPOSITION OF THE WALT DISNEY COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6) via first class mail and a courtesy copy via electronic mail on the following:

| | |
|---|---|
| **Kelly M. Klaus** | **Erin Cox** |
| **Rohit K. Singla** | **John Schwab** |
| **Elia Herrera** | **Glenn Pomerantz** |
| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
| 560 Mission Street, 27th Floor | 350 South Grand Ave., 50th Floor |
| San Francisco, California 94105 | Los Angeles, CA 90071 |
| Telephone: 415-512-4000 | Telephone: 213-683-9100 |
| Facsimile: 415-512-4077 | Facsimile: 213-683-5175 |
| Kelly.klaus@mto.com | Erin.cox@mto.com |
| Rohit.singla@mto.com | John.schwab@mto.com |
| Elia.herrera@mto.com | Glenn.Pomerantz@mto.com |

DATED: May 14, 2019                      */s/ Philip Graves*
                                          Philip Graves