**VIA CM/ECF**

June 27, 2019

The Honorable Sallie Kim
United States District Court
 for the Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Avenue
San Francisco, California  94102

Re:   *Rearden LLC et al. v. The Walt Disney Company et al.*, No. 17-CV-04006-JST
      *Rearden LLC et al. v. Twentieth Century Fox Film Corporation et al.*, No. 17-CV-04191-JST

Dear Judge Kim:

In advance of the monthly discovery status conference in these matters set for next Monday, July 1, Defendants respectfully submit this status report concerning the Rule 30(b)(6) depositions ordered by this Court prior to discovery relating to Defendants' pending motion for summary judgment. *See* Orders at Dkt. Nos. 150, 153 (Case No. 17-CV-04006-JST); and 117, 120 (Case No. 17-CV-04191-JST).

At the last conference, the parties agreed that (1) Plaintiffs would go forward with the targeted 30(b)(6) depositions intended to identify appropriate custodians for the search for documents concerning Plaintiffs' opposition to Defendants' pending motion for partial summary judgment; and (2) the parties would meet-and-confer and either agree or identify any disputes regarding 15 named custodians.  The depositions have taken place.[1]  Plaintiffs, however, will not identify, much less meet-and-confer regarding, any proposed custodians.  Plaintiffs instead assert they do not believe the 30(b)(6) designees were adequately prepared for depositions on the 30(b)(6) topics, as narrowed by the Court in its Order (Dkt. Nos. 153, 150), and seek a round of motion practice and more depositions before they will discuss a single potential custodian.  No basis exists for this request or further delay. Plaintiffs have informed Defendants that they will be requesting to take Monday's status conference off calendar, but declined to participate in a joint submission regarding that request.

Defendants submit that the monthly status conference set for July 1 should remain on calendar so the parties and Court can discuss in person the proper procedural course.  Plaintiffs' vague dissatisfaction with the information provided at the depositions is unfounded.  Defendants voluntarily created detailed charts laying out corporate structure and tables describing contractual relationships, entities' roles relating to the motion pictures at issue, individuals likely

---

[1] Last week, Plaintiffs took the depositions of The Walt Disney Company, Marvel Studios LLC, Buena Vista Home Entertainment, Inc., The Walt Disney Motion Pictures Group, Inc., Mandeville Films, Inc., Twentieth Century Fox Film Corp., and Twentieth Century Fox Home Entertainment, LLC.

to have documents responsive to Plaintiffs' discovery requests, and more. The witnesses were prepared to testify, and did testify, about those charts and the topics at issue. Plaintiffs have more than adequate information to engage in a meet-and-confer to identify custodians for MSJ-related discovery, which was the purpose of the depositions. Plaintiffs will have the opportunity to take depositions on the merits of the MSJ after documents are produced.

Plaintiffs have failed to identify a single question they contend was within the scope of the examination that any witness was not adequately prepared to answer. Instead, Plaintiffs' counsel has taken the untenable position that "all of" their questions were within the scope, and that any question a designee did not know the answer to shows a failure of preparation. This assertion ignores that the designees were prepared to answer, and did answer, all questions within the scope of the designated topics. Where the question was outside the scope, Defendants' counsel objected but permitted each witness to answer based on his own knowledge, if the witness had such knowledge.[2] While Defendants do not believe that there are any such instances, if Plaintiffs were to identify any such questions, the parties could potentially resolve any dispute through informal responses or expedited interrogatory responses to those specific questions.

Defendants discharged their obligation to produce knowledgeable 30(b)(6) designees who were prepared to answer questions within the scope of the notices. And Defendants voluntarily provided Plaintiffs with information to make the depositions as productive as possible for identifying appropriate document custodians. While not obligated to do so, Defendants prepared summary charts and tables listing in written form the information called for by Topic 1 (regarding corporate relationships, the roles the entities served relating to the relevant films, and written contracts) and Topic 3 (regarding the identities of people who worked or work for each Defendant likely to have documents responsive to Plaintiffs' requests). These charts and tables identified affiliated entities involved in the production, marketing, promotion, distribution, or profit-sharing of the motion pictures in issue, and reflected the nature of the relationship between these entities. The tables also specified for each entity what its role was on the films at issue, the written contracts between these entities relating to the films at issue, and listing the individuals (or third parties, to whom Plaintiffs could issue subpoenas) likely to have documents responsive to Plaintiffs' document requests.[3] The 30(b)(6) designees were fully prepared to respond to questions within the scope of the authorized topics, and they did so. The designees testified that, where the charts and tables did not reflect their personal knowledge, they had spoken to relevant individuals within Defendants' organizations to confirm their accuracy.

---

[2] Plaintiffs' counsel spent considerable time during the depositions exploring questions outside the scope of the authorized 30(b)(6) topics, including asking questions about entities that were not involved in the production, marketing, promotion, distribution, or profit-sharing of the motion pictures in issue, or asking about individuals who might have documents not responsive to Plaintiffs' summary judgment document requests.

[3] If the Court would like to review copies of these charts, Defendants can make an under seal filing, provide copies by email, or bring copies of these charts for the Court's review at Monday's conference.

Before embarking on another motion, the parties should discuss the issues with the Court at the July 1 conference so the Court can determine if there is an issue that justifies motion practice. The purpose of these depositions was to identify custodians for Plaintiffs' document requests to oppose the summary judgment motion. That motion is on a discrete issue: whether Plaintiffs can establish the causal-nexus required to seek indirect profits from the movies in issue. Defendants' motion has been pending for four months. Additional motions and depositions will only cause further delay in getting documents collected and produced and completing the briefing on the narrow summary judgment question of causal nexus. No additional depositions are warranted and no further delay is justified. Defendants look forward to discussing these issues with Your Honor next Monday.

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Erin J. Cox*
    Erin J. Cox

*Attorneys for Defendants*