<u>**VIA CM/ECF**</u>

June 28, 2019

The Honorable Sallie Kim
United States District Court
  for the Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Rearden LLC et al. v. The Walt Disney Company et al.*, No. 17-CV-04006-JST
      *Rearden LLC et al. v. Twentieth Century Fox Film Corporation et al.*, No. 17-CV-04191-JST

Dear Judge Kim:

  On June 19, Rearden took the two-hour depositions of The Walt Disney Company, Marvel Studios LLC, Buena Vista Home Entertainment, Inc. and The Walt Disney Motion Pictures Group, Inc.  On June 20, Rearden took the deposition of Mandeville, Inc.  And on June 21, Rearden took the depositions of Twentieth Century Fox Film Corp. and Twentieth Century Fox Home Entertainment, LLC.

  At the conclusion of the depositions, Mr. Carlson orally informed studio counsel that Rearden was concerned that the deponents were unprepared, and it may move to re-depose at least the Disney and Fox designees on at least some of the Rule 30(b)(6) topics for examination.  *Defendants' counsel* suggested that the parties jointly request that the July 1 status conference be rescheduled to permit the issues to be briefed, and Mr. Carlson replied that Rearden was open to a continuance.

  On Monday, June 24, Mr. Carlson confirmed by email to studio counsel that Rearden would move to re-depose at least Fox and Disney and that Rearden was open to continuing the July 1 status conference.  In a discovery conference on June 26, the parties agreed to submit a joint non-argumentative letter to this Court requesting a one-week continuance.  At 3:53 on June 26, Mr. Carlson sent a draft of the letter to studio counsel on less than one page with three paragraphs, and invited defendants to comment.

  At 4:51 PM on June 25, studio counsel submitted a redline without commenting on the June 24 draft, but tacking on *two single spaced pages* of argument, opposing their own original proposal to jointly request a continuance of the July 1 status conference to permit briefing the following week.  At 6:13 PM, Mr. Carlson informed studio counsel that their revisions were rejected, stated that nothing would be filed that night, and informed studio counsel that we would address the request orally in a conference call with the Court today.  Defendants' counsel agreed to the telephonic conference, saying nothing about any unilateral filing.

  At 11:34 PM last night—too late for Rearden to respond—defendants filed a surprise unilateral "status report," in which they submitted their now nearly three pages of argument in

opposition to the one-week continuance that they had previously suggested and that Rearden's counsel rejected. Their filing violates the Court's order requiring a *joint* status report before the discovery conference and violates the Court's rules requiring joint letter briefs on discovery issues.

Defendants' unilateral "status report" argues—without any support—that their witnesses answered all questions within the scope of Rearden's Rule 30(b)(6) notices. The record belies this representation. They argue that Rearden "spent considerable time" asking questions outside the scope of the notices. The record belies this representation. And they tout their having produced two documents for each of Fox and Disney—one after business hours the day before the deposition, and the other during the deposition—that served as Munger Tolles scripts for the deponents to read off of. The record confirms that if the answer could not be found on Munger Tolles's scripts, the witness professed a lack of knowledge and/or improperly tried to characterize their testimony as individual and not as that of a Rule 30(b)(6) designee.

Defendants' counsel falsely represent that Rearden refused to confer with them on the deposition issues. They demanded that Rearden identify each question that was not answered. The record confirms that pages and pages of questions in the transcripts were answered with "I don't know," and thus the real dispute is whether the questions were within the scope of the notices. Rearden contended they were, and defendants argued that they were not, and the parties were at an impasse. And defendants' demand ignores the fact that whole avenues of follow-up questions were not asked because of their designees' "I don't know" mantra. Rearden's counsel explained this to studio counsel in a discovery conference on June 26.

Defendants' conduct reveals that they are desperate to avoid a ruling based on an examination of the transcripts because they know the record confirms that Rearden's questions were within the scope of the notices and that their designees were not prepared to answer many of them. To avoid an unproductive "he said/she said" discovery status conference on July 1, Rearden requests a one-week continuance of the conference to permit the parties to submit joint letter briefs on the issues, and more importantly, to submit excerpts from the transcripts supporting their contentions.

Accordingly, Rearden requests that the Court reschedule the July 1 discovery status conference to July 8, or as soon thereafter as the Court's docket permits.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:     */s/ Mark Carlson*
          Mark S. Carlson

*Attorney for Plaintiffs*