<u>**VIA CM/ECF**</u>

August 4, 2019

The Honorable Sallie Kim
United States District Court
 for the Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re:   *Rearden LLC et al. v. The Walt Disney Company et al.*, No. 17-CV-04006-JST
      *Rearden LLC et al. v. Twentieth Century Fox Film Corporation et al.*, No. 17-CV-04191-JST

Dear Judge Kim:

In advance of the monthly discovery status conference in these matters set for next Monday, August 5, the parties respectfully submit this joint discovery status report. See Orders at Dkt. Nos. 150, 151 (Case No. 17-CV-04006-JST); and 117, 118 (Case No. 17-CV-04191-JST).

### **Defendants' Statement, Proposed Agenda**

*Process Issues*:  There are two process issues the Court and parties should discuss at the August 5 discovery conference.

First, the parties unfortunately need a clear set of deadlines for the preparation of these reports.  The process of preparing even this joint letter has turned into an unnecessary ordeal.  Plaintiffs severed their initial draft of this statement on July 31.  That draft was generic.  Defendants wished to apprise the Court, however, about a looming discovery dispute involving the interrogatories that the July 12, 2019 Order authorized Plaintiffs to serve.  Despite Defendants' requests that Plaintiffs serve the interrogatories expeditiously, Plaintiffs did not serve them until the evening of August 1—20 days after the Court's Order and the evening before this statement was due.  After finally receiving the interrogatories—and seeing there was indeed a dispute—Defendants wrote about the nature of the dispute (without their argument) in their section of the letter.  Plaintiffs responded by rewriting their section to accuse Defendants of bad faith in the preparation of this letter and the production of additional information.

Enough is enough.  Going forward, Defendants request that the Court order the parties to conduct a meet-and-confer a week before the discovery conference to identify the issues.  The parties exchange simultaneous sections of a joint letter by noon (pacific) the Thursday preceding the conference, and the parties alternate filing the joint letter—with no changes to the exchanged sections—by 5 pm Thursday preceding the conference.  The lawyers can save their "last words" for the Monday conference.

Second, Defendants request that the Court and parties discuss and establish a firm schedule to resolve any remaining obstacles to moving forward with MSJ-related discovery, so

Hon. Sallie Kim
August 4, 2019
Page 2

that discovery and briefing on Defendants' MSJ—which was filed more than 5 months ago—can be completed without further delay.

Everything that has been done for the last several months has been for the purpose of getting Plaintiffs to identify 15 proposed custodians for MSJ-related discovery. The parties still need to agree on—or present to the Court disputes regarding—who will be a custodian. Then documents have to be searched and produced, and depositions taken. At this rate, Plaintiffs will not file their opposition to the MSJ until 2020. In the meantime, Plaintiffs are running up Defendants' bills and forestalling Judge Tigar's resolution of an important motion.

Respectfully, Defendants submit that this process needs clear rules to bring this portion of discovery to a close. Defendants propose the following schedule: (a) within 3 business days of Defendants' service of their interrogatory responses, Plaintiffs must identify 15 proposed document custodians whose records Defendants would search for documents responsive to MSJ-related discovery requests, (b) the parties meet and confer regarding any disputes within 3 business days thereafter, and (c) within 3 business days after the meet-and-confer, if any disputes remain, the parties may each submit a position statement to this Court regarding the dispute. Defendants would also like to use this timetable to resolve any remaining disputes regarding the scope of Plaintiffs' MSJ-related discovery requests. Those disputes were previously briefed for this Court. The May 7, 2019 Order "defer[red] ruling on the specific issues raised in the letter briefs." (Dkt. No. 150 at 3.)

*Disputes Requiring Resolution*: There are two such disputes.

First, the aforementioned interrogatories—which Plaintiffs were supposed to base upon specific questions they actually asked at the 30(b)(6) depositions—are in most cases not so limited. This will require a meet-and-confer and almost certainly the Court's intervention. Defendants request that this be done an expedited basis. Defendants asked Plaintiffs to meet and confer on Monday, before or after the Court hearing. Plaintiffs' counsel says he cannot meet Monday, but will do so Tuesday. Assuming the parties cannot agree following the Tuesday meet-and-confer, Defendants request that the parties file simultaneous letter briefs by this coming Thursday, and that the Court conduct a telephonic or in–person hearing as soon as convenient for the Court to resolve the permissible scope of the interrogatories.

Second, in response to Defendants saying they have an issue with the interrogatories, Plaintiffs inserted a long section in this letter complaining about Defendants' provision of information on parent entities that were *not* involved in the production, marketing, promotion, distribution, or profit-sharing of the films at issue in these cases (the categories relevant to Topic 1(b) of the 30(b)(6) depositions (*see* Dkt. No. 153)). Plaintiffs complain that Defendants should have produced this in chart form. Defendants do not have this information in chart form. Plaintiffs have the names and ownership information and can add them to the charts that Defendants already went out of their way to create for Plaintiffs. Plaintiffs' demand that Defendants create still more charts is just another request for delay for the sake of irrelevant busywork.

Plaintiffs also claim that Defendants' list was "riddled" with typos. Plaintiffs point to one mis-spelling, which, when raised, Defendants immediately clarified. This is the sort of matter than could be handled with a simple phone call between counsel. Plaintiffs' attempt to turn this into a "federal motion" is not well-taken.

**Plaintiffs' Statement**

*Joint Status Report:* This process is broken and needs to be fixed. This filing was not prepared with any joint communication that may have resolved the issues presented herein. Defendants have known for a week that Rearden's counsel will be unavailable on August 2 because they will all be travelling all day. Rearden's counsel served a draft joint status report on July 31 at 1:29 PM. Defendants sent their portion of the joint status report at 10:30 PM Pacific time (Reardon's counsel were on Mountain time and had requested any response to be submitted by 9 PM) on August 1, consequently Rearden's counsel did not see it until 8:00 AM on August 2.

Defendants attempt to excuse their failure to participate in the joint status report process by complaining that they did not receive interrogatories until August 1. This is nonsense. The Court did not make its order to timely serve a joint status report contingent on serving any discovery requests. Defendants are attempting to convert the joint status report—*status*, a circumstance on which any two rational persons should be able to agree—into an adversarial substitute for this Court's rules governing how discovery disputes must be submitted to this Court.

Going forward, (a) Plaintiffs should be ordered to provide a draft joint status report by close of business on the Tuesday the week before the hearing, (b) Defendants should be ordered to submit their portion by close of business on Thursday before the hearing, and (c) differences should be worked out on Friday. If any counsel will be unavailable on one of those days, the parties should be ordered to confer *in advance* and adjust the schedule accordingly.

*"Agenda" and Proposed Schedule:*

(1) If Defendants wish to challenge Plaintiffs' interrogatories, they may do so at any time subject to the Court's rules for submitting joint letter briefs on discovery issues.

(2) Three days after Defendants' interrogatory answers is not sufficient time for Plaintiffs to identify custodians. Plaintiffs propose one week of seven days.

(3) Plaintiffs agree to meet and confer on Defendants' issues with the custodian identification within three days after identifying custodians.

(4) If Defendants' issues cannot be resolved by agreement, Defendants may challenge Rearden's identification of custodians at any time subject to the Court's rules for submitting joint letter briefs on discovery issues.

    (5) If Defendants have other issues regarding "the scope of Plaintiffs' discovery requests," they may meet and confer at any time, and if the issues cannot be resolved by agreement, they may raise them with the Court at any time subject to the Court's rules for submitting joint letter briefs on discovery issues.

*Court-Ordered Organization Charts:*

The Court further ordered that Defendants must submit amended organization charts showing entities that were omitted from the organization charts that Defendants produced before or during their respective Rule 30(b)(6) depositions by July 31. The order expressly required organization charts. Instead, Defendants produced a narrative purporting to identify at least some of the omitted entities. But the narrative is riddled with typographical and other errors such that it is not comprehensible. As just one example, a new entity Absolem Productions is introduced, where the deposition exhibit refers to Absolum Productions. There are numerous other inconsistencies like this. Rearden is left to speculate whether these are typographical errors or different companies, and cannot learn the truth because we cannot examine a witness. Defendants' characterization to this and others as "purported typographical errors" implies that in fact Absolem and Absolum are distinct entities, as are the other apparent discrepancies in naming companies, leaving many new questions unanswered.

Defendants represent that "Plaintiffs point to one mis-spelling, which, when raised, Defendants immediately clarified." This is disingenuous. They know, but do not say, that Rearden sent them a full page of errors by email, none of which have been corrected or clarified.

Plaintiffs further request that Defendants be ordered to comply with the Court's order to identify the omitted entities in *organization charts* rather than in narrative form. We are not insisting that Defendants rearrange information to suit us, but rather, that Defendants comply with this Court's order. Rearden has attempted to map the narrative to the organization charts, but is unable to do so. Defendants have the knowledge to prepare proper organization charts, and the Court previously ordered them to do so. Their failure to comply is not excused. Their objection to doing so, in violation of the Court's order, leaves Rearden asking what information would be disclosed by a chart that is obscured by their narrative? Defendants should be ordered to comply with the Court's order to produce organization charts with the missing information corrected to address the numerous errors that Rearden identified to them by email.

*Alleged Delay:*

Defendants report that their brief was served 5 months ago. They know, but fail to disclose, that Rearden served its summary judgment document requests in September *2018*, nearly a year ago. In the intervening year, Defendants strung out negotiation of an ESI order (a draft of which was served by Rearden in *2017* for the very first case management conference), and further strung out identification of custodians. In that interval, they have produced little other than approximately 150 Disney trailers, some marketing documents for Fox films, and some contracts and partial financial summaries that Judge Tigar ordered them to produce for some of the films at issue in 2018. This Court ordered that Fox must produce its trailers for the films at issue, but none have been produced. At the first conference with this Court Mr. Klaus

represented that there were substantial collections of responsive documents, such as film marketing documents, that could be produced without the need to identify custodians, yet Defendants have produced none of these. Rearden has worked diligently to move the process of resolving Defendants' summary judgment motion forward in the face of nearly a year of foot-dragging over discovery by Defendants.

*Interrogatory Discovery Conference:*

As Defendants know, Plaintiffs' counsel will be travelling to and from the status conference on Monday August 5, and therefore are not available for a discovery conference on that date. Plaintiffs' counsel are available on Tuesday August 6 before 11:30 AM and after 1:30 PM, and at such other dates as may be mutually agreeable to the parties.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:     */s/ Mark Carlson*
          Mark S. Carlson

*Attorneys for Plaintiffs*


MUNGER, TOLLES & OLSON LLP

By:     */s/ Erin J. Cox*
          Erin J. Cox

*Attorneys for Defendants*