# EXHIBIT 1

1  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
2  ROHIT K. SINGLA (State Bar No. 213057)
   rohit.singla@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street. 27th Floor
4  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
5  Facsimile:    (415) 512-4077

6  GLENN D. POMERANTZ (State Bar No. 112503)
   glenn.pomerantz@mto.com
7  ERIN J. COX (State Bar No. 267954)
   erin.cox@mto.com
8  JOHN L. SCHWAB (State Bar No. 301386)
   john.schwab@mto.com
9  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
10 Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
11 Facsimile:    (213) 687-3702

12 *Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> THE WALT DISNEY COMPANY, a Delaware corporation, WALT DISNEY MOTION PICTURES GROUP, INC., a California corporation, BUENA VISTA HOME ENTERTAINMENT, INC. a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MANDEVILLE FILMS, INC., a California corporation, <br><br> Defendants. | Case No. 3:17-cv-04006-JST <br><br> **DEFENDANT THE WALT DISNEY COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND INTERROGATORIES** |

Defendant The Walt Disney Company ("Defendant" or "TWDC") hereby responds and objects to the Second Interrogatories ("Interrogatories") propounded on August 1, 2019, by Plaintiffs Rearden LLC and Rearden MOVA LLC (jointly, "Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

Defendant has not yet completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. The following responses are based on Defendant's knowledge, information, and belief at this time, and were prepared based on its good faith interpretation and understanding of the individual Interrogatories and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revisions or supplementation based upon any information, evidence, and documentation that hereafter may be discovered, but Defendant assumes no obligation to supplement or amend voluntarily these responses to reflect information, evidence, documents, or things discovered following service of these responses. Defendant reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses.

**GENERAL OBJECTION**

Defendant objects to each of the Interrogatories to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection from disclosure. Nothing in these responses is intended to or should be construed as a waiver of the attorney-client privilege, the attorney-work product doctrine, or any other privilege or protection.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Defendant objects to Plaintiffs' "Instructions" and "Definitions" to the extent they purport to impose duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules or Individual Practices of this Court, or the Court's Orders in this case.

2. Defendant objects to the definition of "IDENTIFY," and to each Interrogatory containing this term, to the extent they purport to impose duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules or Individual Practices of this Court, or the Court's Orders in this case. Defendant construes this term to mean to provide an entity's full legal name, or to provide an individual's full name, employer, and job title.

3. Defendant objects to the definitions of "DISNEY," "YOU," and "YOUR," and to each Interrogatory containing these terms, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome. Defendant construes these terms to refer to TWDC.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Identify the ENTITY within the DISNEY organization that controls the "Disney data center" referred to at 102:1-103:18 of the DISNEY DEPOSITION, and identify the data center's custodian.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses in this case or to identifying potential custodians; is overbroad and unduly burdensome in that it is not reasonably limited in scope or requires Defendant to make an investigation that is not proportional to the needs of this case; assumes facts that are either incorrect or unknown to Defendant and is vague and ambiguous.

Based on the above objections, Defendant interprets this Interrogatory to ask Defendant to identify the entity among TWDC and its subsidiaries that has physical control over the data center containing electronically stored documents in the possession of TWDC or its subsidiaries relating to the motion picture *Beauty and the Beast*.

Subject to that interpretation, and without waiving its objections, Defendant responds as follows:

-3-   Case No. 3:17-cv-04600-JST
TWDC'S OBJECTIONS & RESPONSES TO SECOND INTERROGATORIES

Disney Worldwide Services, Inc.

**INTERROGATORY NO. 2:**

Identify all employees and/or independent contractors of DISNEY who worked on visual effects for the Beast character in *Beauty and the Beast*, including persons who approved the appearance of the Beast character including but not limited to Alan Horn and Sean Bailey.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses in this case or to identifying potential custodians, including because it seeks, on its face, the identities of individuals who are not employees of Defendant; is overbroad and unduly burdensome in that it is not reasonably limited in scope or requires Defendant to make an investigation that is not proportional to the needs of this case; assumes facts that are either incorrect or unknown to Defendants and is vague and ambiguous, including in its use of the undefined phrase "worked on."

Based on the above objections, and pursuant to the Magistrate Judge's instruction, Defendant interprets this Interrogatory to seek the identities of Defendant's and Defendant's subsidiaries' current or former employees who worked with Digital Domain on MOVA facial capture for the Beast character in *Beauty and the Beast*.

Subject to that interpretation, and without waiving its objections, Defendant responds as follows:

Mimi Steele, Walt Disney Pictures Production.

**INTERROGATORY NO. 3:**

Identify all employees and/or independent contractors who worked for DISNEY on visual effects for the Thanos character in *Guardians of the Galaxy*, including but not limited to persons who approved the appearance of the Thanos character.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses in this case or to identifying potential custodians, including because it seeks, on its face, the identities of individuals who are not employees of Defendant; is overbroad and unduly burdensome in that it is not reasonably limited in scope or requires Defendant to make an investigation that is not proportional to the needs of this case; assumes facts that are either incorrect or unknown to Defendant and is vague and ambiguous, including in its use of the undefined phrase "worked on."

Based on the above objections, and pursuant to the Magistrate Judge's instruction, Defendant interprets this Interrogatory to seek the identities of Defendant's and Defendant's subsidiaries' current or former employees who worked with Digital Domain on MOVA facial capture for the Thanos character in *Guardians of the Galaxy*.

Subject to that interpretation, and without waiving its objections, Defendant responds as follows:

Victoria Alonso, Marvel Studios, LLC; Jonathan Schwartz, Marvel Studios, LLC

**INTERROGATORY NO. 4:**

Identify all employees and/or independent contractors who worked for DISNEY on visual effects for the Thanos character in *Avengers: Age of Ultron*, including but not limited to persons who approved the appearance of the Thanos character.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant identifying potential custodians, including because it seeks, on its face, the identities of individuals who are not employees of Defendant; is overbroad and unduly burdensome in that it is not reasonably limited in scope or requires Defendant to make an investigation that is not

1  proportional to the needs of this case; assumes facts that are either incorrect or unknown to
2  Defendants and is vague and ambiguous, including in its use of the undefined phrase "worked on."
3      Based on the above objections, and pursuant to the Magistrate Judge's instruction,
4  Defendant interprets this Interrogatory to seek the identities of Defendant's and Defendant's
5  subsidiaries' current or former employees who worked with Digital Domain on MOVA facial
6  capture for the Thanos character in *Avengers: Age of Ultron*.
7      Subject to that interpretation, and without waiving its objections, Defendant responds as
8  follows:
9      Victoria Alonso, Marvel Studios, LLC

**INTERROGATORY NO. 5:**

Identify separately the custodian(s) of the contracts identified at each of the following citations to the Deposition of The Walt Disney Company pursuant to Fed. R. Civ. P. 30(b)(6):

(a) the contracts stated in 22:19-23:10

(b) the contract stated in 28:20-30:8

(c) the contract stated in 33:6-34:13

(d) the contract stated in 34:15-35:11

(e) the contract stated in 35:13-36:15

(f) the license agreement stated in 47:11-47:23

(g) the contract stated in 62:2-12

(h) the contract stated in 64:2-64:13

(i) the contracts identified in Exhibit 6 to the DISNEY DEPOSITION

(j) the contract with Bill Condon for directing *Beauty and the Beast*

(k) the contract with Mandeville Films and/or DHTL Productions

(l) each license granted to or by Cogsworth Productions and/or Chip Pictures related to the production, promotion, or distribution of *Beauty and the Beast*.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

1  Defendant further objects to this Interrogatory to the extent that it seeks information that is
2  not relevant to the claims or defenses in this case; is overbroad and unduly burdensome in that it is
3  not reasonably limited in scope or requires Defendant to make an investigation that is not
4  proportional to the needs of this case; and is vague and ambiguous, including in its requests
5  relating to contracts in which only one party to the contract is identified.

6  Defendant further objects on the ground that many of the request's subparts seek
7  information that was not sought at Defendant's 30(b)(6) deposition and are thus outside the scope
8  of the interrogatories ordered by the Magistrate Judge.

9  Based on the above objections, and pursuant to the Magistrate Judge's instruction and
10 Plaintiffs' counsel's email of August 22, 2019, Defendant interprets this Interrogatory to ask for
11 the custodian of written contracts for subparts (a), (c), (f), and (l).

12 Subject to that interpretation, and without waiving the foregoing objections, Defendant
13 responds as follows:

14 Contract Administration, Business and Legal Affairs Files, WDP.

16 DATED:  October 2, 2019                    MUNGER, TOLLES & OLSON LLP

18                                             By:    */s/ Kelly M. Klaus*
19                                                    KELLY M. KLAUS
                                                      Attorneys for Defendants