# EXHIBIT 2

| | |
|---|---|
| 1 | KELLY M. KLAUS (State Bar No. 161091) |
|   | kelly.klaus@mto.com |
| 2 | ROHIT K. SINGLA (State Bar No. 213057) |
|   | rohit.singla@mto.com |
| 3 | MUNGER, TOLLES & OLSON LLP |
|   | 560 Mission Street. 27th Floor |
| 4 | San Francisco, California 94105-2907 |
|   | Telephone:     (415) 512-4000 |
| 5 | Facsimile:     (415) 512-4077 |
| 6 | GLENN D. POMERANTZ (State Bar No. 112503) |
|   | glenn.pomerantz@mto.com |
| 7 | ERIN J. COX (State Bar No. 267954) |
|   | erin.cox@mto.com |
| 8 | JOHN L. SCHWAB (State Bar No. 301386) |
|   | john.schwab@mto.com |
| 9 | MUNGER, TOLLES & OLSON LLP |
|   | 350 South Grand Avenue, 50th Floor |
| 10 | Los Angeles, California 90071-3426 |
|    | Telephone:     (213) 683-9100 |
| 11 | Facsimile:     (213) 687-3702 |
| 12 | *Attorneys for Defendants* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, | Case No. 3:17-cv-04006-JST |
| Plaintiffs, | **DEFENDANT MARVEL STUDIO, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND INTERROGATORIES** |
| vs. | |
| THE WALT DISNEY COMPANY, a Delaware corporation, WALT DISNEY MOTION PICTURES GROUP, INC., a California corporation, BUENA VISTA HOME ENTERTAINMENT, INC. a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MANDEVILLE FILMS, INC., a California corporation, | |
| Defendants. | |

Defendant Marvel Studios, LLC ("Defendant" or "Marvel") hereby responds and objects to the Second Interrogatories ("Interrogatories") propounded on August 1, 2019, by Plaintiffs Rearden LLC and Rearden MOVA LLC (jointly, "Plaintiffs") as follows:

## PRELIMINARY STATEMENT

Defendant has not yet completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. The following responses are based on Defendant's knowledge, information, and belief at this time, and were prepared based on its good faith interpretation and understanding of the individual Interrogatories and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revisions or supplementation based upon any information, evidence, and documentation that hereafter may be discovered, but Defendant assumes no obligation to supplement or amend voluntarily these responses to reflect information, evidence, documents, or things discovered following service of these responses. Defendant reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses.

## GENERAL OBJECTION

Defendant objects to each of the Interrogatories to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection from disclosure. Nothing in these responses is intended to or should be construed as a waiver of the attorney-client privilege, the attorney-work product doctrine, or any other privilege or protection.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Defendant objects to Plaintiffs' "Instructions" and "Definitions" to the extent they purport to impose duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules or Individual Practices of this Court, or the Court's Orders in this case.

2. Defendant objects to the definition of "IDENTIFY," and to each Interrogatory containing this term, to the extent they purport to impose duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules or Individual Practices of this Court, or the Court's Orders in this case. Defendant construes this term to mean to provide an entity's full legal name, or to provide an individual's full name and employer.

3. Defendant objects to the definitions of "MARVEL," "YOU," and "YOUR," and to each Interrogatory containing these terms, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome. Defendant construes these terms to refer to Marvel.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

IDENTIFY the ENTITY that controls physical document repositories of MARVEL documents relating to the ACCUSED FILMS, and for each identify the custodian.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

Defendant further objects on the ground that the request seeks information already in Plaintiffs' possession, including information provided during Defendant's 30(b)(6) deposition. Defendant further objects to this Interrogatory to the extent that it assumes facts that are either incorrect or unknown to Defendant and is vague and ambiguous.

Based on the above objections, and the meet and confer between counsel for the parties, Defendant interprets this Interrogatory to ask Defendant to identify which entity would search for physical documents in the control of Marvel Studios, LLC.

Subject to that interpretation, and without waiving its objections, Defendant responds as follows:

Marvel Studios, LLC

**INTERROGATORY NO. 2:**

Identify all employees and/or independent contractors who worked for MARVEL on visual effects for the Thanos character in *Guardians of the Galaxy*, including but not limited to persons who approved the appearance of the Thanos character.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses in this case or to identifying potential custodians, including because it seeks, on its face, the identities of individuals who are not employees of Defendant; is overbroad and unduly burdensome in that it is not reasonably limited in scope or requires Defendant to make an investigation that is not proportional to the needs of this case; assumes facts that are either incorrect or unknown to Defendant and is vague and ambiguous, including in its use of the undefined phrase "worked on."

Based on the above objections, and pursuant to the Magistrate Judge's instruction, Defendant interprets this Interrogatory to seek the identities of Defendant's and Defendant's subsidiaries' current or former employees who worked with Digital Domain on MOVA facial capture for the Thanos character in *Guardians of the Galaxy*.

Subject to that interpretation, and without waiving its objections, Defendant responds as follows:

Victoria Alonso, Marvel Studios, LLC; Jonathan Schwartz, Marvel Studios, LLC

**INTERROGATORY NO. 3:**

Identify all employees and/or independent contractors who worked for MARVEL on visual effects for the Thanos character in *Avengers: Age of Ultron*, including but not limited to persons who approved the appearance of the Thanos character.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

1   Defendant further objects to this Interrogatory to the extent that it seeks information that is
2   not relevant identifying potential custodians, including because it seeks, on its face, the identities
3   of individuals who are not employees of Defendant; is overbroad and unduly burdensome in that it
4   is not reasonably limited in scope or requires Defendant to make an investigation that is not
5   proportional to the needs of this case; assumes facts that are either incorrect or unknown to
6   Defendants and is vague and ambiguous, including in its use of the undefined phrase "worked on."

7   Based on the above objections, and pursuant to the Magistrate Judge's instruction,
8   Defendant interprets this Interrogatory to seek the identities of Defendant's and Defendant's
9   subsidiaries' current or former employees who worked with Digital Domain on MOVA facial
10  capture for the Thanos character in *Avengers: Age of Ultron*.

11  Subject to that interpretation, and without waiving its objections, Defendant responds as
12  follows:

13  Victoria Alonso, Marvel Studios, LLC

14  DATED: October 2, 2019                MUNGER, TOLLES & OLSON LLP

16                                        By:    */s/ Kelly M. Klaus*
17                                               KELLY M. KLAUS
                                                 Attorneys for Defendants