# EXHIBIT 3

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ROHIT K. SINGLA (State Bar No. 213057)
rohit.singla@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street. 27th Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
ERIN J. COX (State Bar No. 267954)
erin.cox@mto.com
JOHN L. SCHWAB (State Bar No. 301386)
john.schwab@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC,<br><br>            Plaintiffs,<br><br>    vs.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION and TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC,<br><br>            Defendants. | Case No. 3:17-cv-04191-JST<br><br>**DEFENDANT TWENTIETH CENTURY FOX FILM CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES** |

Defendant Twentieth Century Fox Film Corporation ("Defendant" or "TCFFC") hereby responds and objects to the Supplemental Interrogatories ("Interrogatories") propounded on August 1, 2019, by Plaintiffs Rearden LLC and Rearden MOVA LLC (jointly, "Plaintiffs") as follows:

## PRELIMINARY STATEMENT

Defendant has not yet completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. The following responses are based on Defendant's knowledge, information, and belief at this time, and were prepared based on its good faith interpretation and understanding of the individual Interrogatories and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revisions or supplementation based upon any information, evidence, and documentation that hereafter may be discovered, but Defendant assumes no obligation to supplement or amend voluntarily these responses to reflect information, evidence, documents, or things discovered following service of these responses. Defendant reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses.

## GENERAL OBJECTION

Defendant objects to each of the Interrogatories to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection from disclosure. Nothing in these responses is intended to or should be construed as a waiver of the attorney-client privilege, the attorney-work product doctrine, or any other privilege or protection.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Defendant objects to Plaintiffs' "Instructions" and "Definitions" to the extent they purport to impose duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules or Individual Practices of this Court, or the Court's Orders in this case.

2.     Defendant objects to the definition of "IDENTIFY," and to each Interrogatory containing this term, to the extent they purport to impose duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules or Individual Practices of this Court, or the Court's Orders in this case.  Defendant construes this term to mean to provide an entity's full legal name.

3.     Defendant objects to the definitions of "FOX," "YOU," and "YOUR," and to each Interrogatory containing these terms, on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  Defendant construes these terms to refer to TCFFC.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

IDENTIFY the following contracts and their custodians relating to the ACCUSED FILMS:

(a) Contract between FOX and Twentieth Century Fox Home Entertainment

(b) Contract between FOX and Twentieth Television

(c) Contract between FOX and Fox US Productions 40

(d) Contract between FOX and Fox US Productions 31

(e) Contract between FOX and Fox Louisiana Productions

(f) Contract between FOX and TCF Vancouver Productions

(g) Contract between FOX and Tim Miller

(h) Contract between FOX and Blur Studios

(i) Contract between FOX and Josh Trank

(j) Contract between FOX and Shawn Levy

(k) Contract between FOX and Luma Pictures

(l) Contract between FOX and The Moving Picture Company

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses in this case; is overbroad and unduly burdensome in that it is

1  not reasonably limited in scope or requires Defendant to make an investigation that is not
2  proportional to the needs of this case; and is vague and ambiguous, including in its request for
3  "contracts…relating" to the films at issue.
4        Based on the above objections, and pursuant to the Magistrate Judge's instruction and
5  Plaintiffs' counsel's email of August 22, 2019, Defendant interprets this Interrogatory to ask for
6  the identity of contracts for services related to the films at issue and the custodian(s) of any such
7  contract for subparts (c), (d), (e), (g), (h).
8        Subject to that interpretation, and without waiving the foregoing objections, Defendant
9  responds as follows:
10       (c)  Contract:  Production Services Agreement; Custodian: Twentieth Century Fox Legal
11 ("TCF Legal")
12       (d) Contract:  Production Services Agreement; Custodian: TCF Legal
13       (e) Contract:  Production Services Agreement; Custodian: TCF Legal
14       (g) Contract: Director Borrowing Agreement; Custodian: TCF Legal
15       (h)  Contract: Pre-Visualization Agreement; Custodian: TCF Legal

16 **INTERROGATORY NO. 2:**

17       IDENTIFY the persons including officers, employees, and independent contractors at FOX
18 who worked on visual effects for the Colossus character in *Deadpool*.

19 **RESPONSE:**

20       Defendant incorporates in full its General Objection and its Objections to Instructions and
21 Definitions.
22       Defendant further objects to this Interrogatory to the extent that it seeks information that is
23 not relevant to the claims or defenses in this case or to identifying potential custodians, including
24 because it seeks, on its face, the identities of individuals who are not employees of Defendant; is
25 overbroad and unduly burdensome in that it is not reasonably limited in scope or requires
26 Defendant to make an investigation that is not proportional to the needs of this case; assumes facts
27 that are either incorrect or unknown to Defendants and is vague and ambiguous, including in its
28 use of the undefined phrase "worked on."

1   Based on the above objections, and pursuant to the Magistrate Judge's instruction,
2   Defendant interprets this Interrogatory to seek the identities of Defendant's current or former
3   employees who worked with Digital Domain on MOVA facial capture for the Colossus character
4   in *Deadpool*.
5   Subject to that interpretation, and without waiving its objections, Defendant responds as
6   follows:
7   Joan Bierman, Post Production Supervisor, worked with Digital Domain on post-
8   production MOVA facial capture for the Colossus character in *Deadpool*. To the best of TCFFC's
9   knowledge, no other employee of Defendant worked with Digital Domain on MOVA facial
10  capture during principal photography or post-production. However, Joe Conmy, Senior Vice
11  President, Visual Effects, approved Digital Domain's work on MOVA facial capture for the
12  Colossus character in *Deadpool*.

13  **INTERROGATORY NO. 3:**
14  IDENTIFY the persons including officers, employees, and independent contractors at FOX
15  who worked on visual effects for the Ben Grimm/the Thing character in *Fantastic Four*.

16  **RESPONSE:**
17  Defendant incorporates in full its General Objection and its Objections to Instructions and
18  Definitions.
19  Defendant further objects to this Interrogatory to the extent that it seeks information that is
20  not relevant to the claims or defenses in this case or to identifying potential custodians, including
21  because it seeks, on its face, the identities of individuals who are not employees of Defendant; is
22  overbroad and unduly burdensome in that it is not reasonably limited in scope or requires
23  Defendant to make an investigation that is not proportional to the needs of this case; assumes facts
24  that are either incorrect or unknown to Defendants and is vague and ambiguous, including in its
25  use of the undefined phrase "worked on."
26  Based on the above objections, and pursuant to the Magistrate Judge's instruction,
27  Defendant interprets this Interrogatory to seek the identities of Defendant's current or former
28

employees who worked with Digital Domain on MOVA facial capture for the Thing character in *Fantastic Four*.

Subject to that interpretation, and without waiving its objections, Defendant responds as follows:

To the best of TCFFC's knowledge, no employee of Defendant worked with Digital Domain on MOVA facial capture for the Thing character in *Fanastic Four*. However, Joe Conmy, Senior Vice President, Visual Effects and Jennifer Meislohn, Vice President, Visual Effects (former employee) approved Digital Domain's work on MOVA facial capture for the Thing character in *Fantastic Four*.

**INTERROGATORY NO. 4:**

IDENTIFY the persons including officers, employees, and independent contractors at FOX who worked on visual effects for the Bust of Caesar, Lord Nelson, and Charles Darwin characters in *Night at the Museum: Secret of the Tomb*.

**RESPONSE:**

Defendant incorporates in full its General Objection and its Objections to Instructions and Definitions.

Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant identifying potential custodians, including because it seeks, on its face, the identities of individuals who are not employees of Defendant; is overbroad and unduly burdensome in that it is not reasonably limited in scope or requires Defendant to make an investigation that is not proportional to the needs of this case; assumes facts that are either incorrect or unknown to Defendants and is vague and ambiguous, including in its use of the undefined phrase "worked on."

Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses in this case, including in its reference to "Lord Nelson" and "Charles Darwin" because characters of those names do not appear in the operative complaint and do not appear in *Night at the Museum 3: Secret of the Tomb*.

Based on the above objections, and pursuant to the Magistrate Judge's instruction, Defendant interprets this Interrogatory to seek the identities of Defendant's current or former

1  employees who worked with Digital Domain on MOVA facial capture for the Bust of Caesar in
2  *Night at the Museum 3: Secret of the Tomb*.
3  　　　Subject to that interpretation, and without waiving its objections, Defendant responds as
4  follows:
5  　　　To the best of TCFFC's knowledge, no employee of Defendant worked with Digital
6  Domain on MOVA facial capture for the Bust of Caesar in *Night at the Museum 3: Secret of the*
7  *Tomb*. However, Christina Garberson, Senior Vice President, Visual Effects and Jennifer
8  Meislohn, Vice President, Visual Effects (former employee) approved Digital Domain's work on
9  MOVA facial capture for the Bust of Caesar in *Night at the Museum 3: Secret of the Tomb*.
10 **INTERROGATORY NO. 5:**
11 　　　For each of the following entities, state whether it maintains a physical document
12 repository, whether it maintains a digital document repository, and whether each of its officers,
13 employees, and independent contractors who were primarily responsible for visual effects in the
14 ACCUSED FILMS used @fox.com email addresses and, if an individual did not use an @fox.com
15 email address, state the email address used and identify the host entity:
16 　　　(a) Fox US Productions 40
17 　　　(b) Fox US Productions 31
18 　　　(c) Fox Louisiana Productions
19 **RESPONSE:**
20 　　　Defendant incorporates in full its General Objection and its Objections to Instructions and
21 Definitions.
22 　　　Defendant further objects to this Interrogatory to the extent that it seeks information that is
23 not relevant to the claims or defenses in this case or to identifying potential custodians; is
24 overbroad and unduly burdensome in that it is not reasonably limited in scope or requires
25 Defendant to make an investigation that is not proportional to the needs of this case; assumes facts
26 that are either incorrect or unknown to Defendants and is vague and ambiguous, including in its
27 use of the undefined term "primarily responsible."
28

1    Defendant further objects on the ground that the request seeks information already in
2    Plaintiffs' possession, including information provided during Defendant's 30(b)(6) deposition.
3    Defendant further objects on the ground that many of the request's subparts seek
4    information that was not sought at Defendant's 30(b)(6) deposition and are thus outside the scope
5    of the interrogatories ordered by the Magistrate Judge.
6    Based on the above objections, and pursuant to the Magistrate Judge's instruction,
7    Defendant interprets this Interrogatory to ask for any email addresses, other than fox.com email
8    addresses, which were provided to either employees or independent contractors of Fox US
9    Productions 40, Fox US Productions 31 or Fox Louisiana Productions.
10   Subject to that interpretation, and without waiving its objections, Defendant responds as
11   follows:
12   Defendant and its subsidiaries Fox US Productions 40, Fox US Productions 31 and Fox
13   Louisiana Productions did not issue any fox.com email addresses to any independent contractors
14   in connection with the films at issue.  With respect to each such film, Defendant issued one (1)
15   email address, and specifically to the production accountant for each film, with a domain name
16   other than fox.com.  These email addresses are:
17       (a) *Deadpool*:  cr.dead@foxfp.com
18       (b) *Night At the Museum 3: Secret of the Tomb*: cr.natm3@foxfp.com
19       (c) *Fantastic Four*: cr.ff@foxfp.com

20   **INTERROGATORY NO. 6:**
21   For each document repository identified in your answer to Interrogatory No. 5, IDENTIFY
22   the custodian.
23   **RESPONSE:**
24   Defendant incorporates in full its General Objection and its Objections to Instructions and
25   Definitions.
26   Defendant further objects to this Interrogatory to the extent that it seeks information that is
27   not relevant to the claims or defenses in this case or to identifying potential custodians; is
28   overbroad and unduly burdensome in that it is not reasonably limited in scope or requires

1  Defendant to make an investigation that is not proportional to the needs of this case; assumes facts
2  that are either incorrect or unknown to Defendants and is vague and ambiguous.
3     Defendant further objects on the ground that the request seeks information already in
4  Plaintiffs' possession, including information provided during Defendant's 30(b)(6) deposition.
5     Defendant further objects on the ground that the request seeks information that is not
6  relevant to the identification of custodians, including because Defendant already testified at its
7  30(b)(6) deposition that it could search for any information, whether electronic or otherwise, in the
8  possession of its subsidiaries, Fox US Productions 40, Fox US Productions 31 and Fox Louisiana
9  Productions.
10    Based on the above objections, and pursuant to the Magistrate Judge's instruction,
11 Defendant interprets this Interrogatory to ask Defendant to identify the department within TCFFC
12 or its subsidiaries that would search for documents in the possession of Fox US Productions 40,
13 Fox US Productions 31 and Fox Louisiana Productions.
14    Subject to that interpretation, and without waiving its objections, Defendant responds as
15 follows:
16    TCFFC E-Discovery

18 DATED:  October 2, 2019                    MUNGER, TOLLES & OLSON LLP

20                                            By:    */s/ Kelly M. Klaus*
21                                                   KELLY M. KLAUS
                                                     Attorneys for Defendants