**VIA CM/ECF**

May 1, 2020

The Honorable Sallie Kim
United States District Court
Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Rearden LLC et al. v. The Walt Disney Company et al.*, No. 17-CV-04006-JST
    *Rearden LLC et al. v. Twentieth Century Fox Film Corporation et al.*, No. 17-CV-04191-JST

Dear Judge Kim:

Attached hereto is Rearden's supplemental brief in support of its motion to overrule Disney's objection to the deposition of DD3 employee Darren Hendler.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____*/s/ Mark Carlson*_____
         Mark S. Carlson

*Attorneys for Plaintiffs*

Defendants previously sought an order requiring Rearden to take depositions before it could complete review of their late-produced documents and those of non-parties who filed declarations.  So when Rearden argued that it would be prejudiced, Mr. Klaus promised the Court that defendants would cooperate in the event of the unexpected.  But Rearden does not need their cooperation to get relief from a scheduling order upon a showing of good cause.  It is entitled to that relief under the federal and local rules.  Defendants' argument that Rearden must show good cause to depose Mr. Hendler is just Mr. Klaus walking back his promise to the Court.

Nor should Rearden have to request relief *again* from the Court's March 13 deadline.  Rearden was prevented from completing depositions by March 13 because of Hagens Berman's unexpected COVID-19 closure on March 5 and COVID-19 shelter-in-place orders.  And in the March 6 telephonic hearing with this Court on Rearden's request to continue summary judgment depositions to accommodate the closure of Hagens Berman—necessitated by defendants' refusal to grant accommodation—the Court admonished defendants' counsel that adjustments to summary judgment discovery would have to be made in view of the COVID-19 pandemic and that counsel should cooperate in view of the present circumstances.  And yet here we are again.

Furthermore, there is no apparent need for *further* relief from any scheduling order.  Now that the parties have agreed to depose witnesses virtually and to reschedule depositions beginning in May, defendants have not shown that the Mr. Hendler's deposition cannot be completed contemporaneously with the others.   Indeed, Mr. Hendler's counsel offered to produce him as early as *April* pending resolution of defendants' objection.  *See*, Exhibit A.

The cases defendants cite are not on point.  They rely heavily on *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) to argue that good cause must be shown here, and that Rearden has not shown it.  In *Zivkovic*, the plaintiff received the court's pre-trial scheduling

order, and then waited four months until "after most of the due dates had passed" to move for modification "to extend discovery by almost ten months, postpone the trial date for almost five months and increase the trial duration from one day to five days," without excuse. *Id.*, at 1087. But here, Rearden requested only a half day deposition of one witness just four days after Ms. Steele provided unexpected testimony. That short delay is not unreasonable in view of the need for Rearden's counsel to search for documents while unexpectedly working from home amidst a global pandemic. And here, the case discovery cutoff, trial date and duration are not affected.

Defendants' argument that Rearden must disclose Ms. Steele's unexpected testimony and the documents it will use with Mr. Hendler is also unreasonable. Rearden has not requested a full summary judgment deposition of Mr. Hendler. It has only three or fewer documents and one topic for him. If Rearden were to disclose the information defendants say they are entitled to, it might as well hand them the deposition outline too. It is not reasonable to require Rearden to disclose the entirety of Mr. Hendler's interrogation as a condition for allowing his deposition.

Defendants argue that "the fact that the March 13 deadline expired before Plaintiffs had time to depose other witnesses about [Ms. Steele's] information is a problem of plaintiffs own making." Dkt. 226 at 3. And they emphasize that the Court's minute entry for the March 6 hearing continued only previously-scheduled "depositions for the week of 3/9/2020 … due to COVID-19," and not any other depositions. *Id.,* 3-4. But the Court's minute entry included the deposition of Ms. Steele, noted for March 11. *At defendants' insistence*, Rearden took her deposition on the appointed date—when Rearden's counsel had to fly to attend and defendants would not even permit the deposition to be held in their own office for fear of contracting the virus (the deposition was held in a conference room on the ground floor of their office building). Rearden could not possibly have known on March 6 about Ms. Steele's unexpected testimony on

March 11 and the deposition and documents it would need as a consequence. And it is totally unreasonable for defendants to argue that Rearden should have noticed, subpoenaed, and taken the deposition of Mr. Hendler in San Francisco—also requiring Rearden's counsel to fly—within the next *two days* amidst a global pandemic. It seems likely that someone would have objected.

Defendants argue "it is not" true that the short deposition of Mr. Hendler "will not be burdensome or prejudicial to defendants." Dkt. 226 at 4. The only prejudice they cite is conjectural. They argue the deposition "will only compound the scheduling challenges of completing the remaining [four] depositions, which now must be done in an unfamiliar virtual format." *Id.*, at 5. But it is not plausible that a deposition of one witness for a few hours on three or fewer documents and one topic will "compound the scheduling challenges," and they offer no proof. And the "unfamiliar virtual format" affects all parties and depositions equally.

Defendants also try to fake prejudice by speculating that Rearden might seek other depositions "again and again." *Id.,* at 4. Their speculative fear that Rearden might make additional requests for depositions in the future is not prejudice *now*, and is no reason to sustain their objection to Mr. Hendler's deposition of a few hours, with a few documents and one topic. Indeed, they concede they "have no objection *per se* to an additional deposition." Dkt. 226 at 2.

Finally, defendants assert that in a meet-and-confer, "Plaintiffs told us they intend to use their brief to paint defendants as discourteous and obstructionist because they will not agree to a deposition that Plaintiffs promise to conclude in two hours." We did not say that. Rather, we told Mr. Klaus that we thought his position was unreasonable, and that we thought the Court would likely agree with us under the present circumstances. Fearing that he would be perceived by the Court as discourteous and obstructionist again, Mr. Klaus used Disney's brief to try to turn that perception around on Rearden by putting words in our mouths he knows we did not say.

3