# CARLSON DECLARATION

# EXHIBIT 25

1  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
2  BLANCA F. YOUNG (State Bar No. 217533)
   blanca.young@mto.com
3  TERESA A. REED DIPPO (State Bar No. 315960)
   teresa.reeddippo@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
5  San Francisco, California 94105-2907
   Telephone:  (415) 512-4000
6  Facsimile:  (415) 512-4077

7  GLENN D. POMERANTZ (State Bar No. 112503)
   glenn.pomerantz@mto.com
8  ERIN J. COX (State Bar No. 267954)
   erin.cox@mto.com
9  JOHN L. SCHWAB (State Bar No. 301386)
   john.schwab@mto.com
10 MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
11 Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
12 Facsimile:  (213) 687-3702

13 *Attorneys for Defendants*

14                    UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| 16  REARDEN LLC, et al.,<br><br>17           Plaintiffs,<br><br>18      vs.<br><br>19  THE WALT DISNEY COMPANY, et al.,<br><br>20           Defendants.<br>―――――――――――――――――――<br>21<br>    REARDEN LLC, et al..<br>22<br>             Plaintiffs,<br>23<br>        vs.<br>24<br>    TWENTIETH CENTURY FOX FILM<br>25  CORPORATION, et al.,<br><br>26           Defendants. | Case Nos. 4:17-cv-04006-JST<br>                4:17-cv-04191-JST<br><br>**DEFENDANT THE WALT DISNEY COMPANY'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION**<br><br>Judge:  Hon. Jon S. Tigar |

27

28

Defendant The Walt Disney Company ("TWDC" or "Defendant") hereby provides its amended responses and objections to the First Requests for Admission ("RFAs") propounded by Plaintiffs Rearden LLC and Rearden MOVA LLC (jointly, "Plaintiffs") as follows:

## PRELIMINARY STATEMENT

Plaintiffs have named as a defendant, and have propounded the RFAs, on an entity that is not relevant to Plaintiffs' asserted claims. Defendant reserves all objections based upon Plaintiffs' improperly naming it as a defendant and serving it with the RFAs. Defendant functions primarily as a holding company. Defendant is not a producer of motion pictures, including the motion pictures in issue in this case. Notwithstanding these objections, Defendant provides the responses and objections herein based on information known to Walt Disney Studios Motion Pictures ("WDSMP"), Defendant's subsidiary responsible for the dissemination of the theatrical trailer that is the subject of these RFAs.

Defendant has not yet completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. The following responses are based on Defendant's knowledge, information, and belief at this time, and were prepared based on its good faith interpretation and understanding of the individual RFAs and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revisions or supplementation based upon any information, evidence, and documentation that hereafter may be discovered, but Defendant assumes no obligation to supplement or amend voluntarily these responses to reflect information, evidence, documents, or things discovered following service of these responses. Defendant reserves the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses.

## GENERAL OBJECTIONS

1. Defendant objects to each and every RFA to the extent that it purports to impose duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil

Procedure, the Local Rules or Individual Practices of this Court, or the Court's Orders in this case.

2. Defendant objects to each and every RFA to the extent that it seeks information that is not relevant to the claims or defenses in this case.

3. Defendant objects to each and every RFA to the extent that it is vague, ambiguous, uncertain, or compound and thus would require Defendant to speculate as to its meaning, would not enable Defendant to adequately respond without acting at its peril, or could lead to a confusing, misleading, inaccurate, or incomplete response.

4. Defendant objects to each and every RFA to the extent that it is overbroad and unduly burdensome in that it is not reasonably limited in scope or requires Defendant to make an investigation that is not proportional to the needs of this case.

5. Defendant objects to each and every RFA to the extent that it is speculative, lacks foundation, or improperly assumes the existence of hypothetical facts that are incorrect or unknown to Defendant.

6. Defendant objects to each and every RFA to the extent that it seeks information subject to confidentiality agreements, privacy, or other obligations with respect to third parties.

7. Defendant objects to each and every RFA on the grounds and to the extent that it seeks private, privileged, or confidential commercial, financial, or proprietary business information.

8. Defendant objects to each and every RFA to the extent that it seeks information not within Defendant's possession, custody, or control.

9. Defendant objects to each and every RFA to the extent that it calls for information that is public, already in Plaintiffs' possession, already identified or produced by any party to this action, or otherwise equally or more readily available from public or other sources to which Plaintiffs have equal or equivalent access.

10. Defendant objects to each and every RFA to the extent that it purports to require information from sources that are not reasonably accessible because of undue burden or cost.

11. Defendant objects to each and every RFA to the extent that it seeks privileged information, including but not limited to information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and common interest privilege. The fact that Defendant does not specifically object to a request on the grounds that it seeks such privileged or protected information or documents shall not be deemed a waiver of the protection afforded by any applicable privilege or protection.

12. Defendant objects to the use of the term "Disney," and to any RFA containing that term, as vague, ambiguous, overbroad, not relevant to the parties' claims or defenses, and not proportional to the needs of the case.  Defendant interprets the term "Disney" to call for Defendant to provide responses within the knowledge of WDSMP, Defendant's subsidiary responsible for the dissemination of the theatrical trailer that is the subject of these RFAs.

13. Defendant incorporates its Preliminary Statement into these General Objections and into each specific objection set forth in Defendant's responses to all of the RFAs below.

14. Each and every General Objection shall be deemed to be incorporated in full into each of the individual responses below, and all responses are provided subject to and without waiving any of the General Objections or any objection contained in any specific response. The omission of any General Objection in any specific response to any RFA is not intended to be and should not be construed as a waiver or limitation of any General Objection to any RFA.  Likewise, the inclusion of any specific objection in any specific response to any RFA is not intended to be and should not be construed as a waiver or limitation of any other General Objection or specific objection made herein or that may be asserted at another date.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that on or about November 14, 2016 Disney released a trailer for *Beauty and the Beast*, a true and correct copy of which was produced by defendants as DIS-REARDEN-326 and marked as Exhibit 139 in the Deposition of Bill Condon (the "Trailer").

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant incorporates its general objections as though fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant to the parties' claims or defenses, and not proportional to the needs of the case, including to the extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is not relevant to Defendant's causal nexus summary judgment motion. Defendant further objects to this request on the grounds that it is compound. Defendant further objects to this request to the extent it seeks information which is already in Plaintiffs' possession, readily available from public or other sources to which Plaintiffs have equal or equivalent access, or not within Defendant's possession, custody, or control, on the grounds that it is unduly burdensome and oppressive.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that WDSMP released the theatrical trailer for *Beauty and the Beast*, a copy of which Defendants produced as DIS-REARDEN-326. Except as specifically admitted herein, Defendant denies this request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that in November 2016 Disney announced that the Trailer set a new record with over 127 million on-line views in its first 24 hours.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant incorporates its general objections as though fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant to the parties' claims or defenses, and not proportional to the needs of the case, including to the extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is not relevant to Defendant's causal nexus summary judgment motion. Defendant further objects to this request on the grounds that it is compound. Defendant further objects to this request on the grounds that is vague and ambiguous, including in the use of the phrase "set a new record." Defendant further objects to this request to the extent it seeks information which is already in Plaintiffs' possession, readily available from public or other sources to which Plaintiffs have equal or equivalent access, or not within Defendant's possession, custody, or control, on the grounds

1  that it is unduly burdensome and oppressive.  Defendant further objects to this request on the
2  grounds that and to the extent that it is speculative, lacks foundation, and improperly assumes the
3  existence of hypothetical facts that are incorrect or unknown to Defendant.
4  	Subject to and without waiving the foregoing objections, and without waiving any
5  objections to the admissibility of any statement referenced in this request or response, Defendant
6  responds as follows:  Defendant admits on or around November 15, 2016, WDSMP made a
7  statement to the press that the Trailer received over 127 million online views in its first 24 hours.
8  Except as specifically admitted herein, Defendant denies this request.
9  **REQUEST FOR ADMISSION NO. 3:**
10  	Admit that Disney announced in November 2016 that the Trailer was among the top-
11  trending videos on You Tube.
12  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**
13  	Defendant incorporates its general objections as though fully set forth herein.  Defendant
14  further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant
15  to the parties' claims or defenses, and not proportional to the needs of the case, including to the
16  extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is
17  not relevant to Defendant's causal nexus summary judgment motion.  Defendant further objects to
18  this request on the grounds that it is compound.  Defendant further objects to this request on the
19  grounds that is vague and ambiguous, including in the use of the phrase "among the top-trending
20  videos."  Defendant further objects to this request to the extent it seeks information which is
21  already in Plaintiffs' possession, readily available from public or other sources to which Plaintiffs
22  have equal or equivalent access, or not within Defendant's possession, custody, or control, on the
23  grounds that it is unduly burdensome and oppressive.  Defendant further objects to this request on
24  the grounds that and to the extent that it is speculative, lacks foundation, and improperly assumes
25  the existence of hypothetical facts that are incorrect or unknown to Defendant.
26  	Subject to and without waiving the foregoing objections, and without waiving any
27  objections to the admissibility of any statement referenced in this request or response, Defendant
28  responds as follows:  Defendant admits that on or around November 15, 2016, WDSMP made a

45652393.1
-5-
AMENDED OBJECTIONS & RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION
Case No. 17-cv-4006-JST

1  statement to the press that the Trailer was among the top-trending videos on YouTube.  Except as
2  specifically admitted herein, Defendant denies this request.

3  **REQUEST FOR ADMISSION NO. 4:**

4  Admit that Disney announced in November 2016 that within the first half hour of the
5  Trailer's launch, #BeautyAndTheBeast was the leading trend worldwide on Twitter.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

7  Defendant incorporates its general objections as though fully set forth herein.  Defendant
8  further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant
9  to the parties' claims or defenses, and not proportional to the needs of the case, including to the
10 extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is
11 not relevant to Defendant's causal nexus summary judgment motion.  Defendant further objects to
12 this request on the grounds that it is compound.  Defendant further objects to this request on the
13 grounds that is vague and ambiguous, including in the use of the phrase "leading trend
14 worldwide."  Defendant further objects to this request to the extent it seeks information which is
15 already in Plaintiffs' possession, readily available from public or other sources to which Plaintiffs
16 have equal or equivalent access, or not within Defendant's possession, custody, or control, on the
17 grounds that it is unduly burdensome and oppressive.  Defendant further objects to this request on
18 the grounds that and to the extent that it is speculative, lacks foundation, and improperly assumes
19 the existence of hypothetical facts that are incorrect or unknown to Defendant.

20 Subject to and without waiving the foregoing objections, and without waiving any
21 objections to the admissibility of any statement referenced in this request or response, Defendant
22 responds as follows:  Defendant admits on or around November 15, 2016, WDSMP made a
23 statement to the press that in the first half hour of the Trailer's launch, #BeautyAndTheBeast was
24 the leading trend worldwide on Twitter.  Except as specifically admitted herein, Defendant denies
25 this request.

26
27
28

**REQUEST FOR ADMISSION NO. 5:**

Admit that Disney continued to make the Trailer available to potential film-goers in theaters, on the Internet, and through other media outlets from the release of the Trailer through the release of *Beauty and the Beast.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant incorporates its general objections as though fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant to the parties' claims or defenses, and not proportional to the needs of the case, including to the extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is not relevant to Defendant's causal nexus summary judgment motion. Defendant further objects to this request on the grounds that it is compound. Defendant further objects to this request on the grounds that is vague and ambiguous, including in the use of the phrases "continued to make," "make the Trailer available," "potential film-goers," "in theaters," "on the Internet," "other media outlets," and "through the release of *Beauty and the Beast*." Defendant further objects to this request to the extent it seeks information which is already in Plaintiffs' possession, readily available from public or other sources to which Plaintiffs have equal or equivalent access, or not within Defendant's possession, custody, or control, on the grounds that it is unduly burdensome and oppressive. Defendant further objects to this request on the grounds that and to the extent that it is speculative, lacks foundation, and improperly assumes the existence of hypothetical facts that are incorrect or unknown to Defendant, including to the extent it assumes that Disney "ma[d]e the Trailer available to potential film-goers."

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that WDSMP continued to make the Trailer available to theaters and for viewing online up to and including the theatrical release date of *Beauty and the Beast*, March 17, 2017. Except as specifically admitted herein, Defendant denies this request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Disney releases film trailers to advertise and promote the films that are the subject of the trailers to potential film-goers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant incorporates its general objections as though fully set forth herein.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant to the parties' claims or defenses, and not proportional to the needs of the case, including to the extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is not relevant to Defendant's causal nexus summary judgment motion.  Defendant further objects to this request on the grounds that it is compound.  Defendant further objects to this request on the grounds that is vague, ambiguous, and overbroad, including in the use of the phrases "film trailers," "the films that are the subject of the trailers," and "potential film-goers."  Defendant further objects to this request to the extent it seeks information which is already in Plaintiffs' possession, readily available from public or other sources to which Plaintiffs have equal or equivalent access, or not within Defendant's possession, custody, or control, on the grounds that it is unduly burdensome and oppressive.  Defendant further objects to this request on the grounds that and to the extent that it is speculative, lacks foundation, and improperly assumes the existence of hypothetical facts that are incorrect or unknown to Defendant.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that WDSMP releases trailers to advertise and promote to potential theater-goers the motion pictures that are the subject of trailers.   Except as specifically admitted herein, Defendant denies this request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Disney releases film trailers because it believes that film trailers are likely to influence, at least partially, the decisions of at least some film-goers to purchase theater tickets, DVDs, and/or to stream the films that are the subject of the trailers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant incorporates its general objections as though fully set forth herein.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant to the parties' claims or defenses, and not proportional to the needs of the case, including to the extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is

1  not relevant to Defendant's causal nexus summary judgment motion.  Defendant further objects to
2  this request on the grounds that it is compound.  Defendant further objects to this request on the
3  grounds that is vague, ambiguous, and overbroad, including in the use of the phrases "influence, at
4  least partially," "the decisions of at least some film-goers," "the films that are the subject of the
5  trailers," and "to stream."  Defendant further objects to this request to the extent it seeks
6  information which is already in Plaintiffs' possession, readily available from public or other
7  sources to which Plaintiffs have equal or equivalent access, or not within Defendant's possession,
8  custody, or control, on the grounds that it is unduly burdensome and oppressive.  Defendant
9  further objects to this request on the grounds that and to the extent that it is speculative, lacks
10 foundation, and improperly assumes the existence of hypothetical facts that are incorrect or
11 unknown to Defendant.
12       Subject to and without waiving the foregoing objections, Defendant responds as follows:
13 Defendant admits that WDSMP releases trailers because viewing trailers may be one of the
14 innumerable and unknowable factors that influence the decision of people to see movies in
15 theaters, buy copies of them on DVD or Blu-ray discs, or stream them online.  Except as
16 specifically admitted herein, Defendant denies this request.
17 **REQUEST FOR ADMISSION NO. 8:**
18       Admit that Disney released the Trailer to advertise and promote *Beauty and the Beast* to
19 potential film-goers.
20 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**
21       Defendant incorporates its general objections as though fully set forth herein.  Defendant
22 further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant
23 to the parties' claims or defenses, and not proportional to the needs of the case, including to the
24 extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is
25 not relevant to Defendant's causal nexus summary judgment motion.  Defendant further objects to
26 this request on the grounds that it is compound.  Defendant further objects to this request on the
27 grounds that is vague, ambiguous, and overbroad, including in the use of the phrase "potential
28 film-goers."  Defendant further objects to this request to the extent it seeks information which is

1  already in Plaintiffs' possession, readily available from public or other sources to which Plaintiffs
2  have equal or equivalent access, or not within Defendant's possession, custody, or control, on the
3  grounds that it is unduly burdensome and oppressive.  Defendant further objects to this request on
4  the grounds that and to the extent that it is speculative, lacks foundation, and improperly assumes
5  the existence of hypothetical facts that are incorrect or unknown to Defendant.
6       Subject to and without waiving the foregoing objections, Defendant responds as follows:
7  Defendant admits that WDSMP released the Trailer to advertise and promote *Beauty and the Beast*
8  to potential theater-goers .  Except as specifically admitted herein, Defendant denies this request.
9  **REQUEST FOR ADMISSION NO. 9:**
10      Admit that the Trailer may have influenced, at least partially, the decision of at least some
11 film-goers to purchase *Beauty and the Beast* theater tickets, DVDs, and/or Blu-rays, and/or to
12 stream *Beauty and the Beast.*
13 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**
14      Defendant incorporates its general objections as though fully set forth herein.  Defendant
15 further objects to this request on the grounds that it is overbroad, unduly burdensome, not relevant
16 to the parties' claims or defenses, and not proportional to the needs of the case, including to the
17 extent the request is duplicative of Plaintiffs' prior discovery requests or seeks discovery that is
18 not relevant to Defendant's causal nexus summary judgment motion.  Defendant further objects to
19 this request on the grounds that it is compound.  Defendant further objects to this request on the
20 grounds that is vague, ambiguous, and overbroad, including in the use of the phrase "may have
21 influenced," "at least partially," "the decision," "at least some film-goers," and "to stream."
22 Defendant further objects to this request on the ground that it calls for speculation.  Defendant
23 further objects to this request to the extent it seeks information which is already in Plaintiffs'
24 possession, readily available from public or other sources to which Plaintiffs have equal or
25 equivalent access, or not within Defendant's possession, custody, or control, on the grounds that it
26 is unduly burdensome and oppressive.  Defendant further objects to this request on the grounds
27 that and to the extent that it is speculative, lacks foundation, and improperly assumes the existence
28 of hypothetical facts that are incorrect or unknown to Defendant.  Defendant further objects to this

1  request on the grounds and to the extent that it seeks privileged information, including but not
2  limited to information protected by the attorney-client and work product privileges.
3     Subject to and without waiving the foregoing objections, Defendant responds as follows:
4  Defendant admits that WDSMP believes that some individuals who purchased tickets to see
5  *Beauty and the Beast* in movie theaters or copies of the motion picture on DVDs or Blu-ray discs,
6  or who viewed the motion picture on a licensed streaming service, may have viewed the Trailer,
7  and that viewing may have been one of the innumerable and unknowable factors that was involved
8  in the decision of some of those individuals to do so.  Except as specifically admitted herein,
9  Defendant denies this request.

10 DATED:  September 30, 2020            MUNGER, TOLLES & OLSON LLP

                                        By:   */s/ Kelly M. Klaus*
                                              KELLY M. KLAUS

                                        Attorneys for Defendants

PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the City and County of San Francisco, State of California. My business address is 560 Mission Street, 27th Floor, San Francisco, CA 94105.

On September 30, 2020, I served true copies of the following document(s) described as the following**:**

**DEFENDANT THE WALT DISNEY COMPANY'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION**

on the interested parties in this action as follows:

Mark S. Carlson
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Email: *markc@hbsslaw.com*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kelly.klaus@mto.com to the person(s) at the e-mail addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 30, 2020, at San Francisco, California.

   */s/ Kelly M. Klaus*
   Kelly M. Klaus
   *kelly.klaus@mto.com*