KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
TERESA A. REED DIPPO (SBN 315960)
teresa.reeddippo@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

GINGER D. ANDERS (*pro hac vice*)
ginger.anders@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500 East
Washington, DC 20001-5369
Telephone:     (202) 220-1100
Facsimile:      (202) 220-2300

GLENN D. POMERANTZ (SBN 112503)
glenn.pomerantz@mto.com
ERIN J. COX (SBN 267954)
erin.cox@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC et al.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>THE WALT DISNEY COMPANY et al.,<br><br>        Defendants,<br><br>REARDEN LLC et al.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION et al.,<br><br>        Defendants. | Case Nos.   4:17-cv-04006-JST<br>              4:17-cv-04191-JST<br><br>**DECLARATION OF KELLY M. KLAUS IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT ON CAUSAL NEXUS ISSUE**<br><br>Judge:    Hon. Jon S. Tigar<br>Date:     To be set<br>Time:    To be set<br>Ctrm.:   6 (2nd Floor) |

I, Kelly M. Klaus, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel for Defendants in the above-captioned matter. I submit this declaration in support of Defendants' Reply in support of their Motion for Summary Judgment on the Causal Nexus Issue. Except as to those matters stated on information and belief, the contents of this declaration are based on my personal knowledge. Where matters are stated on information and belief, I am reliably informed of such matters and believe them to be true. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the transcript of the deposition of William Condon, taken in this matter on July 30, 2020.

3. Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the transcript of the deposition of Darren Hendler, taken in this matter on June 12, 2020.

4. Defendants initially filed their summary judgment motion on the causal nexus issue on February 28, 2019. Dkt. No. 139. In discovery on this motion, Rearden requested (among many other categories of documents), and Defendants agreed to produce, studies or analyses regarding, among other topics, the effectiveness of the marketing for the motion pictures in suit (before and after the release of those motion pictures), including the effectiveness of the trailers for the motion pictures in suit. I am informed and believe that Defendants collected and produced more than 100 marketing analyses, comprised of more than 4,250 pages. These documents included a marketing analysis for trailers for *Beauty and the Beast*, including an analysis of the trailer that was ultimately released in November 2016 that is Exhibit 23 to the Carlson Declaration in Opposition to Defendants' Motion. Rearden specifically requested that Defendants stipulate to the authenticity of the *Beauty and the Beast* trailer analysis document, and six other analyses of the motion pictures in suit and/or their trailers, and Defendants did so in the document that is attached as Exhibit 28 to the Carlson Declaration. Rearden did not submit with its opposition papers the analysis of the *Beauty and the Beast* trailer, any of the marketing analyses included in

the authentication stipulation attached as Exhibit 28 to the Carlson declaration, or any other marketing analysis for any motion picture in suit or any trailer for any of those motion pictures.

5. Rearden's expert Philip Fier provided as exhibits to his written opinion lists of documents provided to him by Rearden's attorneys "for [his] consideration," and "other materials that [he] considered" in formulating his opinions. Fier Decl. ¶¶ 3-4, Exs. 2-3, Dkt. 264-10. Neither list includes any of the more than 100 marketing analyses for the motion pictures in suit or their trailers. *See id.* At Mr. Fier's deposition in this case, I asked Mr. Fier if he had asked Rearden's counsel whether they had any marketing analysis for the *Beauty and the Beast* trailer, and he testified he had made no such request. Attached as **Exhibit C** is a true and correct copy of excerpts from the transcript of the deposition of Philip Fier, taken in this matter on December 3, 2020.

6. Attached as **Exhibit D** is a true and correct copy of excerpts from the transcript of the deposition of David Hoberman, taken in this matter on March 4, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration this 22d day of December 2020 at San Francisco, California.

*/s/ Kelly M. Klaus*
Kelly M. Klaus