<u>**VIA CM/ECF**</u>

January 21, 2023

The Honorable Sallie Kim
United States District Court for the Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    *Rearden LLC et al. v. The Walt Disney Company et al.*, No. 17-CV-04006-JST

Dear Judge Kim:

      The Court's January 17, 2023 Order authorized the filing of briefs on January 19, not the filing of reply briefs.  Rearden nevertheless filed a reply on January 20 (Dkt. 329).  If the Court entertains Rearden's reply, Defendants respectfully request that the Court also consider Defendants' response, which is attached.

      We thank the Court for its attention to this matter and are available for a conference call should the Court wish to have one on Monday, January 23, or at any other time.

                    Respectfully submitted,

                    MUNGER, TOLLES & OLSON LLP

                    By:        */s/ Kelly M. Klaus*

                    *Attorneys for Defendants*

1

After giving itself leave to file a four-and-a-quarter page, single-spaced brief,[1] Rearden has filed an unauthorized reply, addressing arguments that Defendants made in the meet-and-confer but that Rearden opted not to address in its first brief.  Dkt. 329.  If the Court does not strike Rearden's reply, Defendants respectfully request that the Court consider this response.

In his summary judgment Order, Judge Tigar did not "change[] his mind" regarding Rearden's dubious claim that it is entitled to depose Emma Watson.  Dkt. 329 at 1.  Contrary to Rearden's claim, Judge Tigar did *not* cite Ms. Watson's statement about the "subtlety" of Mr. Stevens's performance or any other statement made by her.  The Order cited *only* Dan Stevens's and Bill Condon's references to "MOVA."  Dkt. 297 at 7.  The Order mentioned Ms. Watson only insofar as she had spoken at the Paris press conference.  *Id.*

Rearden admits it does not need to depose Ms. Watson to support an argument for playing Ms. Watson's statement to the jury.  Rearden instead claims it has to depose Ms. Watson to support an argument that the statement is not hearsay.  That is wrong.  Rearden claims the statement is not hearsay because, under Ms. Watson's contract, she was Disney's "authorized representative."  Dkt. 327 at 2.  But Rearden *has* that contract.  Rearden does not need the deposition to argue what the contract says or means.  Nor is a deposition needed so the jury can "judge [Ms. Watson's] credibility."  *Id.*  Her statement is on video.  If it is admitted, jurors can assess it for themselves.

---

[1] The Court's Standing Order calls for joint discovery briefs of eight double-spaced pages (i.e., four per side).  Defendants' request for briefing on the instant dispute asked for each side to file one four-page brief.  Rearden not only filed an overlong letter brief.  It used more than half the brief to explain the purported necessity for each of 14 depositions it has noticed without seeking leave.  During the meet-and-confer, Rearden insisted that Rule 30(a)(2)(A)(i) did not apply, and so it did not explain the basis for each deposition.  The discussion that appears for the first time in Rearden's January 17 brief is thus one more Rearden sandbag.

Rearden also fails to explain why the substance of the testimony it hopes to elicit would bear on any disputed issue. As Judge Tigar recognized in 2018, the fact that Ms. Watson said the Beast looked convincing can be established through the video of the press conference. Rearden still provides no grounds for believing she has a basis to opine about the extent to which DD3's copying of MOVA into the computer random access memory contributed to the Beast's on-screen appearance. Ms. Watson is an actress, not a MOVA or visual effects expert. The fact that she starred in *Harry Potter* films where MOVA was used does not make her an expert on "MOVA" or provide any basis for her to discuss how the technology operates or affects what the audience sees on screen. Rearden likewise provides no basis for believing Ms. Watson might be able to testify about how MOVA "compare[s] to any other visual effects one could mention." Dkt. 329 at 1. There is no reason to think Ms. Watson was behind the scenes in the visual effects studio observing all of the steps and artwork that happened after Mr. Stevens performed in the MOVA rig. If Rearden wants evidence of an actor's lay perspective on MOVA's apparent contribution, it already has Ms. Watson's statements in the video of the press conference. And it can ask Mr. Stevens for his perspective at his deposition. Unlike Ms. Watson, Mr. Stevens's performance was actually captured for *Beauty and the Beast*.

In short, nothing is different today than it was in 2018, when Judge Tigar correctly surmised that Rearden wanted to depose Ms. Watson to harass her and for spectacle value. Defendants respectfully request the Court quash this subpoena and preclude this deposition and those of Mr. Mayer and Ms. Steele.