Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DISNEY ENTERPRISES, INC., a Delaware corporation, DISNEY STUDIO PRODUCTION SERVICES CO., LLC f/k/a WALT DISNEY PICTURES PRODUCTION, LLC, a California limited liability company, WALT DISNEY PICTURES, a California corporation, MARVEL STUDIOS, LLC a Delaware limited liability company, MVL PRODUCTIONS LLC, a Delaware limited liability company, CHIP PICTURES, INC., a California corporation, INFINITY PRODUCTIONS LLC, a Delaware limited liability company, ASSEMBLED PRODUCTIONS II LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.   4:17-cv-04006-JST <br><br> **DECLARATION OF MARK CARLSON IN SUPPORT OF PLAINTIFFS' DISCOVERY LETTER BRIEF** |

I, MARK CARLSON, declare as follows:

1. I am an attorney with Hagens Berman Sobol Shapiro LLP, and I am one of the firm's lawyers representing the plaintiffs in this case. I have personal knowledge of the facts stated in this declaration except as expressly stated otherwise, and I could testify with respect to those facts under oath if called upon to do so.

2. I have been a practicing litigator with Northwest regional law firm Bogle & Gates, international law firm Dorsey & Whitney, and international law firm Hagens Berman Sobol Shapiro since 1987. For over 35 years, I have conducted scores of document productions directly and in a supervisory role representing individuals, small entities, mid-sized companies, and some of the world's largest corporations. I am fully informed on the civil rules, ethical rules, and cases that govern the duties imposed on attorneys and clients engaged in the production of documents for civil litigation, and I take full compliance with those obligations by me, lawyers working under my supervision, and clients, very seriously.

3. On June 13, 2017, I sent my client, Steve Perlman, a litigation hold letter, which stressed the obligation of Rearden to preserve documents, electronic data, and other matters related to this litigation. I also cautioned him that if there were documents for which he was unsure if they should be preserved, he should err on the side of preservation. The letter also directed Mr. Perlman to tell others at Rearden about their obligations to preserve records consistent with the litigation hold letter.

4. I also provided Mr. Perlman with a memorandum detailing the scope of the search required for each of the Defendants' document requests. And I conferred with him in telephone conferences and Zoom meetings to satisfy myself that he understood the scope of the search he was required to perform and his duties to the Court in performing that search, and that any uncertainties regarding relevancy should be resolved in favor of inclusion.

5. I engaged a discovery vendor called ESI Cloud that consulted with Mr. Perlman on software tools to employ and the proper configuration of those tools to run defendants' search queries as written. I personally participated in these consultations via Zoom.

6. Subject to advice and consultation with me during Zoom meetings and telephone conferences, I am informed and believe that Mr. Perlman identified all current and legacy document repositories on Rearden's network and backup media relating to Rearden's MOVA Contour technology and business. I conferred with him by telephone and Zoom meetings to satisfy myself that he had complied.

7. Subject to advice and consultation with me, I am informed and believe that Mr. Perlman ran defendants' search terms as given and collected all responsive documents for the four custodians defendants identified. And at my direction he supplemented those searches by running the same terms for other current and former employees who were instrumental in the invention and business of MOVA Contour such as Contour code authors Tim Cotter and Roger van der Laan, and SHST litigation witnesses, Greg LaSalle and Ken Pearce, among others for records that are in Rearden's possession. I conferred with him by telephone and Zoom meetings to satisfy myself that he had complied.

8. Mr. Perlman noted that defendants' search terms referring to the name of Rearden's motion and facial capture services and technology were limited by the terms "MOVA" and/or "Contour," which were names that Rearden adopted relatively late in the development of the MOVA Contour technology. Consequently, in consultation with me and at my direction, I am informed and believe that he performed supplemental searches using names that Rearden had previously used to refer to motion and facial capture service and technology that was later called "MOVA" and/or "Contour" during its development from 2000 to 2006, and he collected all responsive documents. I conferred with him by telephone and Zoom meetings to satisfy myself that he had complied.

9. Rearden's VP of Finance, Cindy Ievers, testified under oath that she gave her folders of all MOVA Contour-related files to Mr. Perlman in a deposition that I defended. And Mr. Perlman confirmed to me that he ran defendants' search terms and collected all responsive documents from her folders. I conferred with him by telephone to satisfy myself that he had complied.

DECLARATION IN SUPPORT OF
PLAINTIFFS' DISCOVERY LETTER BRIEF - 2
CASE NO. 17-CV-04006

10. Defendants asked Mr. Perlman whether he had improperly withheld any responsive documents, and he testified under oath that he had not withheld any documents in a deposition that I defended.

11. I am informed and believe that Mr. Perlman uploaded all collected documents to Hagens Berman at my request. I conferred with him by telephone to satisfy myself that he had complied.

12. Hagens Berman attorneys, including me personally, reviewed the Rearden document collection for responsiveness and privilege using the firm's discovery vendor platform under my supervision.

13. Hagens Berman produced over 78,000 responsive non-privileged Rearden documents. We logged all privileged documents and produced those logs to defendants.

14. Since completing Rearden's document production, I have seen no evidence that Rearden's collection of documents and Hagens Berman's production was less than complete. Should we discover any errors or omissions in the future, however, we will correct them promptly.

I declare that the foregoing is true and correct under penalty of perjury.

DATED: March 9, 2023                     Signed in Seattle, Washington, by:

                                          */s/ Mark Carlson*
                                          Mark Carlson