KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
SHANNON AMINIRAD (SBN 324780)
shannon.aminirad@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
ROWLEY J. RICE (SBN 313737)
rowley.rice@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY PICTURES, a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MVL PRODUCTIONS LLC, a Delaware limited liability company, INFINITY PRODUCTIONS LLC, a Delaware limited liability Company, ASSEMBLED PRODUCTIONS II LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 4:17-cv-04006-JST-SK<br><br>**DECLARATION OF KELLY M. KLAUS IN SUPPORT OF MOTION TO PRECLUDE REARDEN'S RELIANCE ON UNTIMELY "MAYA SCRIPTS INFRINGEMENT" THEORY**<br><br>Date:   August 31, 2023*<br>Time:   2:00 p.m.<br>Judge:  Hon. Jon S. Tigar<br>Ctrm.:  6 (2nd Floor)<br><br>[Filed concurrently: Notice of Motion and Motion to Preclude Rearden's Reliance on Untimely "Maya Scripts Infringement" Theory, Declaration of Stephen H. Lane, [Proposed] Order, *Stipulation and Proposed Order to Shorten Time on Briefing and Hearing] |

I, Kelly M. Klaus, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel for Defendants in the above-captioned matter. I submit this declaration in support of Defendants' Motion in Limine to Preclude Rearden's Reliance on Untimely "Maya Scripts Infringement" Theory. Except as stated on information and belief, the contents of this declaration are based on my personal knowledge. Where matters are stated on information or belief, they are based on information provided to me by other lawyers at the firm working on this case who have knowledge of those matters, and I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

### *2019 Production of MOVA Contour Source Code*

2. On August 27, 2018, Defendants served their First Set of Requests for Production (Nos. 1-54) and Demands for Inspection (Nos. 1-2) to Rearden. Attached as Exhibit 1 is a true and correct copy of those requests.

3. On October 3, 2018, Rearden served its responses to Defendants' First Set of Requests for Production. Attached as Exhibit 2 is a true and correct copy of those responses.

4. Between January 15 and 17, 2019, Rearden made the source code for the "MOVA Contour program" available for review by Defendants' consulting source code expert, Dr. David Cummings. In connection with Dr. Cummings's review and in accordance with the Protective Order, Rearden produced a directory of all the files in the source code Rearden produced. Attached as Exhibit 3 is a true and correct copy of the source code directory that Rearden provided in 2019.

5. When Rearden made the source code available for Dr. Cummings to review in 2019, and after that review, Rearden did not indicate that it was missing any files from the MOVA Contour program.

### *2023 Source Code Review*

6. In March of this year, Defendants notified Rearden they had retained a new technical expert to opine on source code matters, Dr. Stephen Lane. On April 26, 2023,

1  Defendants requested that Rearden produce the source code for the MOVA Contour program for Dr. Lane to review. Attached as Exhibit 4 is a true and correct copy of the correspondence making this request.

7. Rearden subsequently agreed to make the source code for the MOVA Contour program available for Dr. Lane to review, but required that the review proceed in accordance with the Protective Order's restrictive provisions for the duration and other particulars of that review. Rearden thus made the source code available for Dr. Lane to review only on a "source code computer," only in the Boston office of Rearden's outside counsel, and only during business hours between May 15 and 17, 2023.

8. In connection with Dr. Lane's review, Defendants asked that Rearden provide a complete list of the files on the source code computer. On May 11, 2023, Rearden told Defendants that the source code computer for Dr. Lane's review would be the same computer Rearden made available to Dr. Cummings in 2019. Rearden also indicated that the source code files loaded onto the source code computer would be the same files that had been loaded onto it in 2019 in connection with Dr. Cumming's review. Attached as Exhibit 5 is a true and correct copy of the correspondence with Rearden's counsel regarding these matters.

9. Also on May 11, 2023, Rearden stated that it was loading onto the source code computer *new* files that had not been part of the 2019 production and review. Rearden stated that these new files were "Maya files containing MOVA Contour source code," and that Rearden had "recovered" these files from DD3. On May 14, 2023, Rearden again confirmed that it was loading these new files onto the source code computer. Attached as Exhibit 6 is a true and correct copy of the correspondence with Rearden's counsel regarding these matters.

10. Defendants repeatedly requested that Rearden produce a directory of any and all new files. On May 15, 2023, Rearden produced a directory of the additional Maya files that it would be producing for Dr. Lane's review. Attached as Exhibit 7 is a true and correct copy of the directory of Maya files that Rearden provided. Rearden has not produced any listing of the Maya scripts it claims to be part of the MOVA Contour software program.

11. I am informed and believe that on March 23, 2023 and April 7, 2023, DD3 produced Maya files to Rearden, with a copy to Defendants' counsel, as part of the *SHST* asset-return process, as amended through this Court's March 15, 2023 Order (Dkt. 365). Attached as Exhibit 8 and Exhibit 9 are true and correct copies of DD3's correspondence regarding these productions.

### *Initial Disclosures*

12. On August 28, 2018, Plaintiffs Rearden LLC and Rearden MOVA LLC ("Rearden") served initial disclosures. Attached as Exhibit 10 is a true and correct copy of Rearden's Rule 26(a)(1) Initial Disclosures.

13. On January 17, 2023, Rearden served amended initial disclosures. Attached as Exhibit 11 is a true and correct copy of Rearden's Amended Rule 26(a)(1) Initial Disclosures.

14. On March 28, 2023, Rearden served second amended initial disclosures. Attached as Exhibit 12 is a true and correct copy of Rearden's Second Amended Rule 26(a)(1) Initial Disclosures.

### *Discovery Generally*

15. To date, discovery in this case has been extensive and substantial. The parties have exchanged a total of 252,306 pages of documents. The parties have also taken a total of 42 depositions.

16. Darren Hendler, formerly DD3's digital effects supervisor, was deposed on June 12, 2020 and February 16, 2023. Attached as Exhibit 13 is a true and correct copy of excerpts from Mr. Hendler's February 16, 2023 deposition.

17. By agreement of the parties, a small number of depositions took place after the March 2, 2023 fact discovery cut-off. The last deposition concluded on April 18, 2023. One of the depositions that occurred after the discovery cut-off was the deposition of Steve Perlman, which took place on March 6, 2023. Attached as Exhibit 14 is a true and correct copy of excerpts from that deposition.

18. Rearden served the opening expert report of Alberto Menache on April 20, 2023. Attached as Exhibit 15 is a true and correct copy of that report.

19. Rearden served the rebuttal expert report of Alberto Menache on June 1, 2023. Attached as Exhibit 16 is a true and correct copy of that report.

### Meet and Confer

20. Since early May 2023 and prior to filing this motion, Defendants have engaged in significant meet-and-confer discussions regarding the dispute. Counsel conferred pursuant to Civil Local Rule 37-1 on June 8, 2023 to attempt to resolve the dispute, but were unable to reach a resolution. Attached as Exhibit 17 is a true and correct copy of the parties' June 7-8, 2023 correspondence regarding meet-and-confer efforts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration this 9th day of June 2023 at San Francisco, California.

*/s/ Kelly M. Klaus*
Kelly M. Klaus