Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
Jerrod C. Patterson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com
jerrodp@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DISNEY ENTERPRISES, INC., a Delaware corporation, DISNEY STUDIO PRODUCTION SERVICES CO., LLC f/k/a WALT DISNEY PICTURES PRODUCTION, LLC, a California limited liability company, WALT DISNEY PICTURES, a California corporation, MARVEL STUDIOS, LLC a Delaware limited liability company, MVL PRODUCTIONS LLC, a Delaware limited liability company, CHIP PICTURES, INC., a California corporation, INFINITY PRODUCTIONS LLC, a Delaware limited liability company, ASSEMBLED PRODUCTIONS II LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   4:17-cv-04006-JST<br><br>**DECLARATION OF MARK S. CARLSON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE REARDEN'S RELIANCE ON UNTIMELY "MAYA SCRIPTS" INFRINGEMENT THEORY**<br><br>Date: June 29, 2023<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Ctrm.: 6 (2nd Floor) |

I, MARK CARLSON, declare as follows:

1. I am an attorney with Hagens Berman Sobol Shapiro LLP, and I am one of the firm's lawyers representing the plaintiffs in this case. I have personal knowledge of the facts stated in this declaration except as expressly stated otherwise, and I could testify with respect to those facts under oath if called upon to do so.

2. On February 1, 2023, I participated in a hearing with the SHST MOVA asset return Special Master, representing Rearden as counsel in the Rearden et al. v. Walt Disney Pictures, et al. case. Frank Busch participated as counsel for Rearden in the SHST MOVA asset return process. Kelly Klaus and John Schwab participated as counsel for Disney. DD3 was represented by Ben Kleinman. The subject of the hearing was whether and when Rearden would receive the Maya animation files for Beauty and the Beast, among other films. I stated that the fact discovery cutoff in the Rearden v. Disney case was on March 2, and that Rearden needed the Maya animation files to be produced before that deadline. Messrs. Busch, Klaus, and Schwab argued their positions, but the Special Master directed the parties to continue to confer.

3. After the 2019 source code production, Disney did not ask to review source code again until May 8, 2023, two months after the fact discovery cutoff, when it requested a four-day review on May 15-18. A true and correct copy of an email from Kelly Klaus requesting the source code review is attached as Exhibit A. The email confirms that Dr. Lane chose the dates for source code review. Hagens Berman could not accommodate the review at its New York office, so the code was produced in Hagens Berman's Boston office at Dr. Lane's request.

4. Attached hereto as Exhibit B are true and correct copies of excerpts from the March 6, 2020 Ken Pearce deposition transcript.

5. Attached hereto as Exhibit C are true and correct copies of excerpts from the February 16, 2023 Darren Hendler deposition transcript.

6. Stephen Perlman was deposed after the discovery cutoff by mutual agreement on March 6, 2023. Attached hereto as Exhibit D are true and correct copies of excerpts from the March 6, 2023 Stephen Perlman deposition transcript.

7. Attached hereto as Exhibit E is a true and correct copy of an example of one of the DisputeSoft Excel spreadsheets that Rearden produced to Disney as REARDEN_MOVA230607 on April 4, 2023 at the request of Disney's counsel.

8. Disney did not serve its first set of interrogatories until January 17, 2023, and they included no questions about the Maya animation files. It served a second set of interrogatories on January 31, but still had no questions about the Maya animation files.

9. Rearden produced all of the misappropriated source code that was in Rearden's possession at that time—in other words, all of the code that DD3 had returned as of that date—for review and inspection between January 15 and 17, 2019. That code consisted of the Contour capture and processing programs written in the C++ and Python programming languages.

10. Attached hereto as Exhibit F is a true and correct copy of excerpts from the opening expert report of Alberto Menache.

11. After his source code review in May, 2023, Rearden produced copies of all source code that Dr. Lane requested on May 25, 2023.

12. Attached hereto as Exhibit G is a true and correct copy of Circular 61 from the United States Copyright Office governing copyright registration of computer programs.

13. Hagens Berman provided the laptop, loaded files containing source code provided by Rearden, and disabled the ports and wireless.

14. When Rearden produced its source code to Disney in 2019 for inspection and copying, it also produced a "a directory listing of files available for inspection" in its 2019 source code production as required by §9(f) of the Stipulated Protective Order. ECF No. 114. Disney was never told that this was "a complete listing of all MOVA Contour files that comprised the program" as Disney represents in its brief.

I declare that the foregoing is true and correct under penalty of perjury.

CARLSON DECLARATION IN SUPPORT OF
OPPOSITION TO MOTION TO PRECLUDE - 2
CASE NO. 17-CV-04006

| | | |
|---|---|---|
| 1 | DATED: June 20 2023 | Signed in Seattle, Washington, by: |
| 2 | | */s/ Mark Carlson* |
| 3 | | Mark Carlson |

CARLSON DECLARATION IN SUPPORT OF
OPPOSITION TO MOTION TO PRECLUDE - 3
CASE NO. 17-CV-04006