KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
SHANNON AMINIRAD (SBN 324780)
shannon.aminirad@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
ROWLEY J. RICE (SBN 313737)
Rowley.rice@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY PICTURES, a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MVL PRODUCTIONS LLC, a Delaware limited liability company, INFINITY PRODUCTIONS LLC, a Delaware limited liability Company, ASSEMBLED PRODUCTIONS II LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 4:17-cv-04006-JST-SK<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND *DAUBERT* MOTIONS**<br><br>Judge:     Hon. Jon S. Tigar<br><br>Magistrate Judge:  Hon. Sallie Kim<br><br>Ctrm:     6 (2nd Floor) |

**ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Pursuant to Civil Local Rule 79-5(d) and (e) and this Court's Standing Order Governing Motions to Seal (the "Standing Order"), Defendants file this Administrative Motion to File Under Seal in connection with Defendants' Motion for Summary Judgment and *Daubert* Motions. Defendants seek to file under seal the following documents:

These documents include sensitive business information that is not publicly disclosed, such as Defendants' confidential financial information, strategic business plans, proprietary market research, and inner workings of motion picture production. If disclosed in these proceedings, this information could compromise Defendants' business and future negotiations relating to similar work in connection with future motion picture production.

Pursuant to this Court's Standing Order and Civil L.R. 79-5, Defendants present the following:

1. Defendants have reviewed and complied with this Court's Standing Order.
2. Defendants have reviewed and complied with Civil L.R. 79-5.
3. Defendants identify each document proposed to be sealed in the table below.

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| *Motion for Summary Judgment* | | |
| Memorandum of Points & Authorities | Page 5, specific dollar amount paid to DD3 in connection with *Beauty and the Beast*. | The proposed redaction reflects confidential information regarding amounts paid for visual effects services. Public disclosure could impact Defendants' future negotiations with its visual effects vendors. Defendants have designated this information Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order, Dkt. 114. The Court previously granted Defendants' motion to seal this information. Dkt. 251 at 3 (granting motion to seal Declaration of Mimi Steele). |
| Exhibit 7 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for | Entirety | This document is the Production Cost Report for *Beauty and the Beast*. Defendants produced this document with the Bates stamp DIS-REARDEN-0033162 to -64 and designated it Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document contains highly confidential and sensitive |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Summary Judgment | | information regarding specific costs that Defendants incurred in connection with *Beauty and the Beast*. This document has not been subject to a previous motion to seal. |
| Exhibit 12 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document contains excerpts from the deposition of Steve Gaub that discuss confidential discussions regarding creative decisions in the production of the motion picture *Beauty and the Beast*. Defendants designated the transcript as Confidential and the documents discussed in this portion of the transcript as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit 22 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document contains excerpts from the deposition of David Taritero that discuss confidential discussions regarding Defendants' business strategy and creative decisions in the production of the motion picture *Beauty and the Beast*. Defendants designated the transcript as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit 23 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document contains excerpts from the deposition of Mimi Steele that discuss confidential information regarding Defendants' business relationships with third-party vendors. Defendants designated the transcript as Confidential pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit 26 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the June 1, 2023 rebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 3 to the Declaration of Kelly M. Klaus in support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Exhibit 27 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the June 14, 2023 surrebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's surrebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films. Defendants designated all such information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 5 to the Declaration of Kelly M. Klaus in support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |
| Exhibit 28 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the April 20, 2023 opening expert report of Defendants' expert, Kristie Kershaw. Ms. Kershaw's report contains confidential and competitively sensitive information about Defendants' business strategy and market positioning of films. Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal excerpts of this document as Exhibit 11 to the Declaration of Kelly M. Klaus in connection with Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |
| Exhibit 30 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the April 20, 2023 opening expert report of Defendants' expert, Robin Russell. Ms. Russell's report confidential and competitively sensitive information about Defendants' internal business practices, including Defendants' negotiations and contractual terms with vendors. This document has not been subject to a previous motion to seal. |
| *Motion to Exclude Testimony of Cindy Ievers* | | |
| Exhibit I to the Declaration of John Schwab in Support of Defendants' | Entirety | This document is a May 29, 2015 callsheet from the production of *Beauty and the Beast*. Defendants produced this document with the Bates stamp DIS-REARDEN-0032022 to -25 and marked it as Ievers Exhibit No. 1313. This document reflects confidential |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Motion to Exclude Testimony of Cindy Ievers | | and sensitive information about motion picture production that is not publicly disclosed, including travel details and phone numbers.  Defendants designated this document as Confidential pursuant to the stipulated protective order.  This document has not been subject to a previous motion to seal. |
| Exhibit O to the Declaration of John Schwab in Support of Defendants' Motion to Exclude Testimony of Cindy Ievers | Entirety | This document is a calendar of the production schedule for *Beauty and the Beast*.  This document was marked as Ievers Exhibit No. 1316.  This document reflects confidential and sensitive information about motion picture production that is not publicly disclosed.  Defendants designated this document as Confidential pursuant to the stipulated protective order.  This document has not been subject to a previous motion to seal. |
| *Motion to Exclude Portions of Philip Fier's Testimony* | | |
| Memorandum of Points & Authorities | Pages 2, 4, 6, and 14, specific dollar amounts of *Beauty and the Beast* profits.  Page 4, table reflecting Defendants' proprietary market research. | These portions of Defendants' brief discuss or reflect (1) sensitive, highly confidential information regarding Defendants' revenues and costs relating to *Beauty and the Beast*, and (2) proprietary market research conducted by Defendants in connection with *Beauty and the Beast*.  Defendants' designated the underlying information under the stipulated protective order.  Public disclosure of this information could undermine Defendants' competitive advantage in the marketplace.  This document has not been subject to a previous motion to seal. |
| Exhibit 1 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document is the April 21, 2023 opening expert report of Plaintiffs' expert, Philip Fier.  Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*.  This document has not been subject to a previous motion to seal. |
| Exhibit 3 to the Declaration of Kelly M. Klaus in Support of | Entirety | This document is the June 1, 2023 rebuttal expert report of Plaintiffs' expert, Philip Fier.  Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Defendants' Motion to Exclude Portions of Philip Fier's Testimony | | Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films.  Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order.  This document has not been subject to a previous motion to seal.  Defendants are also seeking to seal this document as Exhibit 26 to the Declaration of Kelly M. Klaus in support of Defendants' Motion for Summary Judgment. |
| Exhibit 5 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document is the June 14, 2023 surrebuttal expert report of Plaintiffs' expert, Philip Fier.  Mr. Fier's surrebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films.  Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order.  This document has not been subject to a previous motion to seal.  Defendants are also seeking to seal this document as Exhibit 27 to the Declaration of Kelly M. Klaus in support of Defendants' Motion for Summary Judgment. |
| Exhibit 7 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | Mr. Fier prepared this table based on Defendants' proprietary market research, which is kept confidential.  Defendants seek to seal this document because public disclosure of Defendants' proprietary research could undermine Defendants' competitive advantage in the marketplace.  This document has not been subject to a previous motion to seal. |
| Exhibit 10 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document was marked as Condon Exhibit No. 145. Defendants designated this document Confidential under the stipulated protective order.  The document contains confidential discussions regarding creative decisions in the production of *Beauty and the Beast*.  Defendants are in the business of creating and producing motion pictures and other entertainment content, and the details of the creative development processes reflected in these documents constitute trade secrets.  Defendants derive independent economic value from the information contained in these documents not being generally known, and Defendants maintain this information in |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| | | confidence.  The Court previously granted a motion to seal this document.  Dkts. 264, 276. |
| Exhibit 11 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document contains excerpts from the April 20, 2023 opening expert report of Defendants' expert, Kristie Kershaw.  Ms. Kershaw's report contains confidential and competitively sensitive information about Defendants' business strategy and market positioning of films, which Defendants had designated as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order.  This document has not been subject to a previous motion to seal.  Defendants are also seeking to seal this document as Exhibit 28 to the Declaration of Kelly M. Klaus in connection with Defendants' Motion for Summary Judgment. |

Parties "seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut 'a strong presumption in favor of access' that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160-JST, 2016 WL 3879193, at *6 (N.D. Cal. July 18, 2016) (Tigar, J.) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). A party seeking to file a document under seal may rebut the strong presumption in favor of access by "'articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Id*. at *7 (quoting *Kamakana*, 447 F.3d at 1178-79).

Potential injury may result from the disclosure of confidential and proprietary business information, in that competitors could use such information "to duplicate [plaintiffs'] products, compete for [their] customers, or interfere with [their] business plan and thereby gain a competitive advantage in the marketplace." *Intel Corp. v. Via Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000).  The Court may therefore order the sealing of court records when they contain confidential or otherwise sensitive business information.  Civil L.R. 79-5; *see, e.g.*, *IMAX Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1168 & n.9 (9th Cir. 1998) (noting confidential and proprietary business information was "filed under seal").

The contemporaneously filed declaration of Kelly M. Klaus in support of this administrative motion sets forth Defendants' justifications for sealing these documents. As detailed in the above table, these documents include confidential and proprietary business information, such as dollar-amount figures reflecting revenue and costs relating to *Beauty and the Beast*, Defendants' competitive market positioning of its films, and specific details and creative decisions regarding motion picture production. Defendants have also designated these documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order, Dkt. 114.

In view of the foregoing, Defendants respectfully request that the Court grant their Administrative Motion to Seal.

Defendants this day are serving on counsel for Plaintiffs unsealed copies of the specified exhibits, and are filing a certificate of service of the same.

DATED: July 13, 2023         MUNGER, TOLLES & OLSON LLP


By:   */s/ Kelly M. Klaus*
        KELLY M. KLAUS

*Attorneys for Defendants*