```
KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
SHANNON AMINIRAD (SBN 324780)
shannon.aminirad@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
ROWLEY J. RICE (SBN 313737)
Rowley.rice@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702
```

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WALT DISNEY PICTURES, a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MVL PRODUCTIONS LLC, a Delaware limited liability company, INFINITY PRODUCTIONS LLC, a Delaware limited liability Company, ASSEMBLED PRODUCTIONS II LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 4:17-cv-04006-JST-SK <br><br> **DECLARATION OF KELLY M. KLAUS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND *DAUBERT* MOTIONS** <br><br> Judge:    Hon. Jon S. Tigar <br><br> Magistrate Judge:  Hon. Sallie Kim <br><br> Ctrm:    6 (2nd Floor) |

I, Kelly M. Klaus, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am an attorney in the law firm of Munger, Tolles & Olson LLP, counsel for Defendants in the above-captioned matter. I submit this declaration in support of Defendants' Administrative Motion to File Under Seal in connection with Defendants' Motion for Summary Judgment and *Daubert* Motions ("Administrative Motion"). Except as to those matters stated on information and belief, the contents of this declaration are based on my personal knowledge. Where matters are stated on information and belief, I am reliably informed of such matters and believe them to be true. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. Dispositive motions and supporting materials may be sealed or redacted where the requesting party provides "compelling reasons" for such sealing or redaction. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The sealing request must be "narrowly tailored to seal only the sealable material." *See* Civil L.R. 79-5(c)(3). For a select number of the documents filed as exhibits in support of Defendants' Motion for Summary Judgment and *Daubert* Motions, Defendants seek to seal the documents in their entirety, as they contain confidential and sensitive business and personal information that is not publicly disclosed. Specifically, these documents contain or reflect Defendants' financial information, proprietary market research, and creative strategic decisionmaking that competitors could use "to duplicate [plaintiffs'] products, compete for [their] customers, or interfere with [their] business plan and thereby gain a competitive advantage in the marketplace." *Intel Corp. v. Via Techs. Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000).

3. The Administrative Motion asks the Court to seal the documents identified in the table below.

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| *Motion for Summary Judgment* | | |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Memorandum of Points & Authorities | Page 5, specific dollar amount paid to DD3 in connection with *Beauty and the Beast*. | The proposed redaction reflects confidential information regarding amounts paid for visual effects services. Public disclosure could impact Defendants' future negotiations with its visual effects vendors. Defendants have designated this information Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order, Dkt. 114. The Court previously granted Defendants' motion to seal this information. Dkt. 251 at 3 (granting motion to seal Declaration of Mimi Steele). |
| Exhibit 7 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the Production Cost Report for *Beauty and the Beast*. Defendants produced this document with the Bates stamp DIS-REARDEN-0033162 to -64 and designated it Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document contains highly confidential and sensitive information regarding specific costs that Defendants incurred in connection with *Beauty and the Beast*. This document has not been subject to a previous motion to seal. |
| Exhibit 12 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document contains excerpts from the deposition of Steve Gaub that discuss confidential discussions regarding creative decisions in the production of the motion picture *Beauty and the Beast*. Defendants designated the transcript as Confidential and the documents discussed in this portion of the transcript as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit 22 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document contains excerpts from the deposition of David Taritero that discuss confidential discussions regarding Defendants' business strategy and creative decisions in the production of the motion picture *Beauty and the Beast*. Defendants designated the transcript as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit 23 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for | Entirety | This document contains excerpts from the deposition of Mimi Steele that discuss confidential information regarding Defendants' business relationships with third-party vendors. Defendants designated the transcript as Confidential pursuant to the stipulated protective order. |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Summary Judgment | | This document has not been subject to a previous motion to seal. |
| Exhibit 26 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the June 1, 2023 rebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 3 to the Declaration of Kelly M. Klaus in support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |
| Exhibit 27 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the June 14, 2023 surrebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's surrebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films. Defendants designated all such information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 5 to the Declaration of Kelly M. Klaus in support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |
| Exhibit 28 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the April 20, 2023 opening expert report of Defendants' expert, Kristie Kershaw. Ms. Kershaw's report contains confidential and competitively sensitive information about Defendants' business strategy and market positioning of films. Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal excerpts of this document as Exhibit 11 to the Declaration of Kelly M. Klaus in connection with Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Exhibit 30 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the April 20, 2023 opening expert report of Defendants' expert, Robin Russell. Ms. Russell's report confidential and competitively sensitive information about Defendants' internal business practices, including Defendants' negotiations and contractual terms with vendors. This document has not been subject to a previous motion to seal. |
| *Motion to Exclude Testimony of Cindy Ievers* | | |
| Exhibit I to the Declaration of John Schwab in Support of Defendants' Motion to Exclude Testimony of Cindy Ievers | Entirety | This document is a May 29, 2015 callsheet from the production of *Beauty and the Beast*. Defendants produced this document with the Bates stamp DIS-REARDEN-0032022 to -25 and marked it as Ievers Exhibit No. 1313. This document reflects confidential and sensitive information about motion picture production that is not publicly disclosed, including travel details and phone numbers. Defendants designated this document as Confidential pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit O to the Declaration of John Schwab in Support of Defendants' Motion to Exclude Testimony of Cindy Ievers | Entirety | This document is a calendar of the production schedule for *Beauty and the Beast*. This document was marked as Ievers Exhibit No. 1316. This document reflects confidential and sensitive information about motion picture production that is not publicly disclosed. Defendants designated this document as Confidential pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| *Motion to Exclude Portions of Philip Fier's Testimony* | | |
| Memorandum of Points & Authorities | Pages 2, 4, 6, and 14, specific dollar amounts of *Beauty and the Beast* profits.<br><br>Page 4, table reflecting Defendants' | These portions of Defendants' brief discuss or reflect (1) sensitive, highly confidential information regarding Defendants' revenues and costs relating to *Beauty and the Beast*, and (2) proprietary market research conducted by Defendants in connection with *Beauty and the Beast*. Defendants' designated the underlying information under the stipulated protective order. Public disclosure of this information could undermine Defendants' competitive advantage in the marketplace. This |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| | proprietary market research. | document has not been subject to a previous motion to seal. |
| Exhibit 1 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document is the April 21, 2023 opening expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*. This document has not been subject to a previous motion to seal. |
| Exhibit 3 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document is the June 1, 2023 rebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films. Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 26 to the Declaration of Kelly M. Klaus in support of Defendants' Motion for Summary Judgment. |
| Exhibit 5 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document is the June 14, 2023 surrebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's surrebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films. Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 27 to the Declaration of Kelly M. Klaus in support of Defendants' Motion for Summary Judgment. |
| Exhibit 7 to the Declaration of Kelly M. Klaus in Support of | Entirety | Mr. Fier prepared this table based on Defendants' proprietary market research, which is kept confidential. Defendants seek to seal this document because public disclosure of Defendants' proprietary research could |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Defendants' Motion to Exclude Portions of Philip Fier's Testimony | | undermine Defendants' competitive advantage in the marketplace. This document has not been subject to a previous motion to seal. |
| Exhibit 10 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document was marked as Condon Exhibit No. 145. Defendants designated this document Confidential under the stipulated protective order. The document contains confidential discussions regarding creative decisions in the production of *Beauty and the Beast*. Defendants are in the business of creating and producing motion pictures and other entertainment content, and the details of the creative development processes reflected in these documents constitute trade secrets. Defendants derive independent economic value from the information contained in these documents not being generally known, and Defendants maintain this information in confidence. The Court previously granted a motion to seal this document. Dkts. 264, 276. |
| Exhibit 11 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document contains excerpts from the April 20, 2023 opening expert report of Defendants' expert, Kristie Kershaw. Ms. Kershaw's report contains confidential and competitively sensitive information about Defendants' business strategy and market positioning of films, which Defendants had designated as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 28 to the Declaration of Kelly M. Klaus in connection with Defendants' Motion for Summary Judgment. |

4.  I have reviewed each item to be sealed.

5.  I am informed and believe that the amounts spent on visual effects services or paid to third-party vendors by my clients are maintained in confidence and are not publicly disclosed. I am further informed and believe that my clients are concerned about potential harm to future business negotiation and unfair advantages to their competitors if the information proposed to be redacted were to become publicly known through the filing of these dollar amounts in the public record.

6. I am further informed and believe that my clients undertake proprietary market research in connection with release of its motion pictures, such as exit polling to determine why audiences are drawn to a particular film. Details of this research are not publicly disclosed. I am informed and believe that public disclosure of this information could harm Defendants' competitive advantage.

7. In addition, Defendants are in the business of creating and producing motion pictures and other entertainment content. The details of the creative development processes reflected in many of these documents therefore constitute trade secrets. I am informed and believe that Defendants derive independent economic value from the information contained in these documents not being generally known, and Defendants maintain this information in confidence.

8. Based on the foregoing, I believe there are compelling reasons to seal the documents identified above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration this 13th day of July 2023 at San Francisco, California.

/s/ Kelly M. Klaus
Kelly M. Klaus