UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WALT DISNEY PICTURES, a California corporation, MARVEL STUDIOS, LLC, a Delaware limited liability company, MVL PRODUCTIONS LLC, a Delaware limited liability company, INFINITY PRODUCTIONS LLC, a Delaware limited liability Company, ASSEMBLED PRODUCTIONS II LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 4:17-cv-04006-JST-SK <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND *DAUBERT* MOTIONS** <br><br> Judge:   Hon. Jon S. Tigar <br><br> Magistrate Judge:  Hon. Sallie Kim <br><br> Ctrm:    6 (2nd Floor) |

Before the Court is Defendants' Administrative Motion to File Under Seal ("Administrative Motion") certain specified documents supporting Defendants' Motion for Summary Judgment and *Daubert* Motions.

Having considered the Motion, and any declarations and supporting documentation, thereto, the Court finds that there are "compelling reasons" for granting the Administrative Motion. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Sealing of Defendants' confidential and proprietary business information is warranted because of the possibility of injury from disclosure, in that competitors could use such information to "gain a competitive advantage in the marketplace." *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000). If disclosed through these proceedings, this information could compromise future negotiations relating to similar work in connection with future motion picture production.

Based on Defendants' Motion, and good cause appearing therefrom, Defendants' Administrative Motion is **GRANTED** and it is hereby **ORDERED** that the following documents and portions thereof shall be filed under seal:

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| *Motion for Summary Judgment* | | |
| Memorandum of Points & Authorities | Page 5, specific dollar amount paid to DD3 in connection with *Beauty and the Beast*. | The proposed redaction reflects confidential information regarding amounts paid for visual effects services. Public disclosure could impact Defendants' future negotiations with its visual effects vendors. Defendants have designated this information Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order, Dkt. 114. The Court previously granted Defendants' motion to seal this information. Dkt. 251 at 3 (granting motion to seal Declaration of Mimi Steele). |
| Exhibit 7 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for | Entirety | This document is the Production Cost Report for *Beauty and the Beast*. Defendants produced this document with the Bates stamp DIS-REARDEN-0033162 to -64 and designated it Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document contains highly confidential and sensitive |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Summary Judgment | | information regarding specific costs that Defendants incurred in connection with *Beauty and the Beast*. This document has not been subject to a previous motion to seal. |
| Exhibit 12 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document contains excerpts from the deposition of Steve Gaub that discuss confidential discussions regarding creative decisions in the production of the motion picture *Beauty and the Beast*. Defendants designated the transcript as Confidential and the documents discussed in this portion of the transcript as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit 22 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document contains excerpts from the deposition of David Taritero that discuss confidential discussions regarding Defendants' business strategy and creative decisions in the production of the motion picture *Beauty and the Beast*. Defendants designated the transcript as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit 23 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document contains excerpts from the deposition of Mimi Steele that discuss confidential information regarding Defendants' business relationships with third-party vendors. Defendants designated the transcript as Confidential pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit 26 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the June 1, 2023 rebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 3 to the Declaration of Kelly M. Klaus in support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Exhibit 27 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the June 14, 2023 surrebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's surrebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films. Defendants designated all such information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 5 to the Declaration of Kelly M. Klaus in support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |
| Exhibit 28 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the April 20, 2023 opening expert report of Defendants' expert, Kristie Kershaw. Ms. Kershaw's report contains confidential and competitively sensitive information about Defendants' business strategy and market positioning of films. Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal excerpts of this document as Exhibit 11 to the Declaration of Kelly M. Klaus in connection with Defendants' Motion to Exclude Portions of Philip Fier's Testimony. |
| Exhibit 30 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion for Summary Judgment | Entirety | This document is the April 20, 2023 opening expert report of Defendants' expert, Robin Russell. Ms. Russell's report confidential and competitively sensitive information about Defendants' internal business practices, including Defendants' negotiations and contractual terms with vendors. This document has not been subject to a previous motion to seal. |
| *Motion to Exclude Testimony of Cindy Ievers* | | |
| Exhibit I to the Declaration of John Schwab in Support of Defendants' | Entirety | This document is a May 29, 2015 callsheet from the production of *Beauty and the Beast*. Defendants produced this document with the Bates stamp DIS-REARDEN-0032022 to -25 and marked it as Ievers Exhibit No. 1313. This document reflects confidential |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Motion to Exclude Testimony of Cindy Ievers | | and sensitive information about motion picture production that is not publicly disclosed, including travel details and phone numbers. Defendants designated this document as Confidential pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| Exhibit O to the Declaration of John Schwab in Support of Defendants' Motion to Exclude Testimony of Cindy Ievers | Entirety | This document is a calendar of the production schedule for *Beauty and the Beast*. This document was marked as Ievers Exhibit No. 1316. This document reflects confidential and sensitive information about motion picture production that is not publicly disclosed. Defendants designated this document as Confidential pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. |
| ***Motion to Exclude Portions of Philip Fier's Testimony*** | | |
| Memorandum of Points & Authorities | Pages 2, 4, 6, and 14, specific dollar amounts of *Beauty and the Beast* profits.<br><br>Page 4, table reflecting Defendants' proprietary market research. | These portions of Defendants' brief discuss or reflect (1) sensitive, highly confidential information regarding Defendants' revenues and costs relating to *Beauty and the Beast*, and (2) proprietary market research conducted by Defendants in connection with *Beauty and the Beast*. Defendants' designated the underlying information under the stipulated protective order. Public disclosure of this information could undermine Defendants' competitive advantage in the marketplace. This document has not been subject to a previous motion to seal. |
| Exhibit 1 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document is the April 21, 2023 opening expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*. This document has not been subject to a previous motion to seal. |
| Exhibit 3 to the Declaration of Kelly M. Klaus in Support of | Entirety | This document is the June 1, 2023 rebuttal expert report of Plaintiffs' expert, Philip Fier. Mr. Fier's rebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| Defendants' Motion to Exclude Portions of Philip Fier's Testimony | | Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films.  Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order.  This document has not been subject to a previous motion to seal.  Defendants are also seeking to seal this document as Exhibit 26 to the Declaration of Kelly M. Klaus in support of Defendants' Motion for Summary Judgment. |
| Exhibit 5 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document is the June 14, 2023 surrebuttal expert report of Plaintiffs' expert, Philip Fier.  Mr. Fier's surrebuttal report contains highly confidential and sensitive information regarding specific dollar amounts for Defendants' revenues and costs relating to *Beauty and the Beast*, as well as confidential and competitively sensitive information about Defendants' market positioning of films.  Defendants designated this information as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order.  This document has not been subject to a previous motion to seal.  Defendants are also seeking to seal this document as Exhibit 27 to the Declaration of Kelly M. Klaus in support of Defendants' Motion for Summary Judgment. |
| Exhibit 7 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | Mr. Fier prepared this table based on Defendants' proprietary market research, which is kept confidential.  Defendants seek to seal this document because public disclosure of Defendants' proprietary research could undermine Defendants' competitive advantage in the marketplace.  This document has not been subject to a previous motion to seal. |
| Exhibit 10 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document was marked as Condon Exhibit No. 145.  Defendants designated this document Confidential under the stipulated protective order.  The document contains confidential discussions regarding creative decisions in the production of *Beauty and the Beast*.  Defendants are in the business of creating and producing motion pictures and other entertainment content, and the details of the creative development processes reflected in these documents constitute trade secrets.  Defendants derive independent economic value from the information contained in these documents not being generally known, and Defendants maintain this information in |

| Document | Portion To Be Redacted | Basis for Redaction |
|---|---|---|
| | | confidence. The Court previously granted a motion to seal this document. Dkts. 264, 276. |
| Exhibit 11 to the Declaration of Kelly M. Klaus in Support of Defendants' Motion to Exclude Portions of Philip Fier's Testimony | Entirety | This document contains excerpts from the April 20, 2023 opening expert report of Defendants' expert, Kristie Kershaw. Ms. Kershaw's report contains confidential and competitively sensitive information about Defendants' business strategy and market positioning of films, which Defendants had designated as Highly Confidential – Attorneys' Eyes Only pursuant to the stipulated protective order. This document has not been subject to a previous motion to seal. Defendants are also seeking to seal this document as Exhibit 28 to the Declaration of Kelly M. Klaus in connection with Defendants' Motion for Summary Judgment. |

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
The Honorable Jon S. Tigar
United States District Judge