# EXHIBIT 5

Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Ste. 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiffs*
Rearden LLC and Rearden Mova LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>DISNEY ENTERPRISES, INC., a Delaware corporation, DISNEY STUDIO PRODUCTION SERVICES CO., LLC f/k/a WALT DISNEY PICTURES PRODUCTION, LLC, a California limited liability company, WALT DISNEY PICTURES, a California corporation, MARVEL STUDIOS, LLC a Delaware limited liability company, MVL PRODUCTIONS LLC, a Delaware limited liability company, CHIP PICTURES, INC., a California corporation, INFINITY PRODUCTIONS LLC, a Delaware limited liability company, ASSEMBLED PRODUCTIONS II LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 4:17-cv-04006-JST<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR ADMISSION** |

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiffs Rearden LLC and Rearden MOVA LLC ("Plaintiffs") hereby provides their responses and objections to the Second Requests fort Admission ("RFAs") propounded by Defendants Walt Disney Pictures, Marvel Studios, LLC, MVL Film Finance LLC, Infinity Productions LLC, and Assembled Productions II LLC ("Defendants") as follows:

## PRELIMINARY STATEMENT

Plaintiffs have not yet completed their investigation relating to this action, have not completed discovery in this action, and has not completed preparation for trial. The following responses are based on Plaintiffs' knowledge, information, and belief at this time, and were prepared based on their good faith interpretation and understanding of the individual RFAs and are subject to correction for inadvertent errors or omissions, if any. These responses are given without prejudice to subsequent revisions or supplementation based upon any information, evidence, and documentation that hereafter may be discovered, but Plaintiffs assume no obligation to supplement or amend voluntarily these responses to reflect information, evidence, documents, or things discovered following service of these responses. Plaintiffs reserve the right to refer to, to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses.

## GENERAL OBJECTIONS

1. Plaintiffs object to each and every RFA to the extent that it purports to impose duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules or Individual Practices of this Court, or the Court's Orders in this case.

2. Plaintiffs object to each and every RFA to the extent that it seeks information that is not relevant to the claims or defenses in this case.

3. Plaintiffs object to each and every RFA to the extent that it is vague, ambiguous, uncertain, or compound and thus would require Plaintiffs to speculate as to its meaning, would not enable Plaintiffs to adequately respond without acting at its peril, or could lead to a confusing, misleading, inaccurate, or incomplete response.

4. Plaintiffs object to each and every RFA to the extent that it is overbroad and unduly burdensome in that it is not reasonably limited in scope or requires Plaintiffs to make an investigation that is not proportional to the needs of this case.

5. Plaintiffs object to each and every RFA to the extent that it is speculative, lacks foundation, or improperly assumes the existence of hypothetical facts that are incorrect or unknown to Plaintiffs.

6. Plaintiffs object to each and every RFA to the extent that it seeks information subject to confidentiality agreements, privacy, or other obligations with respect to third parties.

7. Plaintiffs object to each and every RFA on the grounds and to the extent that it seeks private, privileged, or confidential commercial, financial, or proprietary business information.

8. Plaintiffs object to each and every RFA to the extent that it seeks information not within Plaintiffs' possession, custody, or control.

9. Plaintiffs object to each and every RFA to the extent that it calls for information that is public, already in Plaintiffs' possession, already identified or produced by any party to this action, or otherwise equally or more readily available from public or other sources to which Plaintiffs have equal or equivalent access.

10. Plaintiffs object to each and every RFA to the extent that it purports to require information from sources that are not reasonably accessible because of undue burden or cost.

11. Plaintiffs object to each and every RFA to the extent that it seeks privileged information, including but not limited to information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege and common interest privilege. The fact that Plaintiffs does not specifically object to a request on the grounds that it seeks such privileged or protected information or documents shall not be deemed a waiver of the protection afforded by any applicable privilege or protection.

12. Plaintiffs incorporate their Preliminary Statement into these General Objections and into each specific objection set forth in Plaintiffs' responses to all of the RFAs below.

13. Each and every General Objection shall be deemed to be incorporated in full into each of the individual responses below, and all responses are provided subject to and without waiving any

of the General Objections or any objection contained in any specific response. The omission of any General Objection in any specific response to any RFA is not intended to be and should not be construed as a waiver or limitation of any General Objection to any RFA. Likewise, the inclusion of any specific objection in any specific response to any RFA is not intended to be and should not be construed as a waiver or limitation of any other General Objection or specific objection made herein or that may be asserted at another date.

**REQUEST FOR ADMISSION NO. 13:**

Admit that no DOCUMENTS exist containing standing instructions for the formation of YOUR subsidiaries (See *SHST* Trial Tr. at 997:7-8, 23-24.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Rearden admits that after a diligent search of records in its possession, custody, and control it has not located any documents containing standing instructions for the formation of its subsidiaries, has no recollection of having created such a document, and if such document had ever been created it would have been privileged.  Except as expressly admitted, deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU did not create any documents containing standing instructions for the formation of YOUR subsidiaries. (See *SHST* Trial Tr. at 997:7-8, 23-24.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

*See,* Response to Request for Admission No. 13.

DATED:  March 3, 2023                    HAGENS BERMAN SOBOL SHAPIRO LLP

By   */s/ Mark Carlson*
     Mark Carlson

STEVE BERMAN (pro hac vice)
MARK CARLSON (pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone:  (206) 623-7292

Facsimile:   (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

RIO PIERCE, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  (510) 725-3000
Facsimile:   (510) 725-3001
riop@hbsslaw.com

Attorneys for Plaintiffs
*Rearden LLC and Rearden Mova LLC*

**CERTIFICATE OF SERVICE**

I, the undersigned, declare:

That declarant is and was, at all times herein mentioned, a resident of the United States and is employed in the city of Pasadena, California, over the age of 18 years, and not a party to or interested in the within action; that declarant's business address is 301 North Lake Avenue, Suite 920, Pasadena, CA 91101.

On March 3, 2023, declarant served via secure email transmission the following document to the parties enumerated in the attached Service List:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR ADMISSION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of March 2023 at Pasadena, California.

        */s/ William Stevens*
        WILLIAM STEVENS

RESPONSES TO SECOND RFAs
Case No.: 4:17-CV-04006                      - 1 -

**SERVICE LIST**

KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
ROWLEY J. RICE (SBN 313737)
rowley.rice@mto.com
SHANNON AMINIRAD (SBN 324780)
shannon.aminirad@dmto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077