# EXHIBIT B

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1000 | | | | Beauty and the Beast (1991) DVD - 25th Anniversary Edition | Taritero, Kershaw | N | 402, 403 | Not relevant to claims or defenses. | The 1991 animated movie *Beauty and the Beast* ("*BATB* ") is relevant to apportionment to show that factors other than the alleged infringement (namely, appreciation for the original film, storyline, characters, and music) drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1001 | | | | Beauty and the Beast (1991) Blu-ray + DVD - Diamond Edition | Taritero, Kershaw | N | 402, 403 | Not relevant to claims or defenses. | The 1991 animated movie *Beauty and the Beast* ("*BATB* ") is relevant to apportionment to show that factors other than the alleged infringement (namely, appreciation for the original film, storyline, characters, and music) drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1002 | | | | Beauty and the Beast (1991) Blu-ray 3D + Blu-ray + DVD - Diamond Edition | Taritero, Kershaw | N | 402, 403 | Not relevant to claims or defenses. | The 1991 animated movie *Beauty and the Beast* ("*BATB* ") is relevant to apportionment to show that factors other than the alleged infringement (namely, appreciation for the original film, storyline, characters, and music) drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1003 | | | | Beauty and the Beast (2017) Blu-ray | Taritero, Kershaw, Stankevich, Lane, Tinwell, Menache, Fier | Y | | | |
| 1004 | | | | Beauty and the Beast (2017) Blu-ray 3D + Blu-ray 2D | Taritero, Kershaw, Stankevich, Lane, Tinwell, Menache, Fier | N | 403 | Duplicative.  Not produced in discovery. | Plaintiffs have not identified any discovery request that called for the production of this exhibit.  To the extent this objection is premised on FRCP 26(a), Defendant disclosed that it might use "Blu-ray discs containing copy of *Beauty and the Beast* " in its Rule 26(a)(1) disclosures and disclosed this specific disc copy of the movie under Rule 26(a)(3).  Moreover, disc copies of the movie are publicly available and equally accessible to Plaintiffs.  *See Home Decor Center, Inc. v. Google, Inc.* , 2013 WL 10858861, at *9 (C.D. Cal. May 9, 2013) (overruling objection that trial exhibits were not produced in discovery because documents "were easily accessible over the internet and were equally available" to objecting party). |
| 1005 | | | | Beauty and the Beast (2017) DVD | Taritero, Kershaw, Stankevich, Lane, Tinwell, Menache, Fier | N | 403 | Duplicative.  Not produced in discovery. | Plaintiffs have not identified any discovery request that called for the production of this exhibit.  To the extent this objection is premised on FRCP 26(a), Defendant disclosed that it might use "Blu-ray discs containing copy of *Beauty and the Beast* " in its Rule 26(a)(1) disclosures and disclosed this specific disc copy of the movie under Rule 26(a)(3).  Moreover, disc copies of the movie are publicly available and equally accessible to Plaintiffs.  *See Home Decor Center, Inc. v. Google, Inc.* , 2013 WL 10858861, at *9 (C.D. Cal. May 9, 2013) (overruling objection that trial exhibits were not produced in discovery because documents "were easily accessible over the internet and were equally available" to objecting party). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1006 | | | | Academy Reveals 21 Contenders for 2014 Sci-Tech Oscars | Perlman, LaSalle, Ievers, Van Der Laan, Cotter | Y | | | |
| 1007 | | Hendler | REARDEN-FEINSILBER-0008488 | Additional Photography Call Sheet 1 | Taritero, Hendler, Steele | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Document not used in deposition. | There is no requirement that a trial exhibit have been used in deposition.  The identified sponsoring witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence.  To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. |
| 1008 | 1289 | Perlman | REARDEN_MOVA196165 | Amended and Restated Operating Agreement of Rearden Mova LLC | Perlman, Ievers | Y | | | |
| 1009 | | | REARDEN_MOVA228719 | Amendment to Articles of Organization of MO2, LLC | Perlman, Ievers | Y | | | |
| 1010 | 1006 | Ievers | | Artemis Networks LLC's Application to Register a Foreign Limited Liability Company | Perlman, Ievers | Y | | | |
| 1011 | | | REARDEN_MOVA019942 | Articles of Organization of MO2, LLC | Perlman, Ievers | Y | | | |
| 1012 | 1010 | Tinwell | | BATB Clip - Bridge Scene | Lane, Taritero, Menache, Tinwell, Hendler | Y | | | |
| 1013 | 1330 | Menache | | BATB Clip - Bridge Scene | Lane, Taritero, Menache, Tinwell, Hendler | Y | | | |
| 1014 | 1013 | Tinwell | | BATB Clip - Cold-Hearted Scene | Lane, Taritero, Menache, Tinwell, Hendler | Y | | | |
| 1015 | 1014 | Hendler | | BATB Clip - Kitchen Scene | Lane, Taritero, Menache, Tinwell, Hendler | Y | | | |
| 1016 | 1327 | Menache | | BATB Clip - Library Scene | Lane, Taritero, Menache, Tinwell, Hendler | Y | | | |
| 1017 | 1329 | Menache | | BATB Clip - Show Me the Girl Scene | Lane, Taritero, Menache, Tinwell, Hendler | Y | | | |
| 1018 | 1012 | Tinwell | | BATB Clip - Wolf Attack Scene | Lane, Taritero, Menache, Tinwell, Hendler | Y | | | |
| 1019 | | Wunderlich (Opening Report) | WD-DD3-CP0003097 | BATB Cost estimates internal | Wunderlich, LaSalle | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Expert reliance materials are not independently admissible.  Offered for truth of the matter. | The document is an internal estimate prepared by Greg LaSalle of what DD3 might charge for MOVA work on BATB.  Mr. LaSalle authenticated and laid a foundation for this exhibit at his deposition.  The document is not being offered for the truth (i.e. that DD3 did in fact charge a certain amount for MOVA services on BATB).  It is being offered as a data point Defendants' damages expert considered to estimate MOVA's potential value. |
| 1020 | 1205 | Hendler | WD-DD3-EB0001088 | BATB DD3 Dashboard for 7/11/2016 | Lane, Hendler | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1021 | | Lane (Opening Report) | WD-DD3-EB0001520 | BATB DD3 Shot Forecast Productivity Detail for 5/23/2016 | Lane, Hendler, Munro | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Expert reliance materials are not indepedently admissible.  Offered for truth of the matter. | Hendler can lay foundation and authenticate, including for admission as a business record because this is a productivity tracker maintained in the ordinary course of business at the time (not excluded by the rule against hearsay under FRE 803(6)), although there is no genuine dispute about authenticity or foundation.  Document is relevant to show the scope and status of DD3's work as of May 23, 2016, and that the June 2016 reshoots were scheduled weeks before the SHST preliminary injunction issued. |
| 1022 | | Wunderlich (Opening Report) | DIS-REARDEN-0033115 | BATB Production Cost Report | Wunderlich, Taritero, Eggebrecht, Steele | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Expert reliance materials are not indepedently admissible.  Offered for truth of the matter. | The identified sponsoring fact witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence.  To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial.  The Parties have agreed that expert witnesses may sponsor business records that have been so authenticated. |
| 1023 | | Wunderlich (Rebuttal Report) | DIS-REARDEN-0034994 | BATB revenues and expenses (through 2022) | Wunderlich, Taritero, Eggebrecht | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Expert reliance materials are not indepedently admissible.  Offered for truth of the matter. | The identified sponsoring fact witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence.  To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial.  The Parties have agreed that expert witnesses may sponsor business records that have been so authenticated. |
| 1024 | 1016 | Tinwell | | BATB Shot Breakdown | Lane, Menache, Tinwell, Hendler | Y | | | |
| 1025 | | Kershaw (Opening Report) | DIS-REARDEN-0008219 | BATB Sing Along Book | Kershaw, Taritero, Stankevich | Y | | | |
| 1026 | | | DIS-REARDEN-0000323 | BATB _ Trailerl_ wGreenband_Stereo h264_720p .mov | Kershaw, Taritero, Stankevich | N | A*, F* (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | | This is the trailer for *BATB* .  There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will provide a declaration authenticating and laying a foundation for this exhibit in advance of trial. |
| 1027 | | | REARDEN-FEINSILBER-0000616 | BATB Visual effects breakdown | Taritero | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Document not used in deposition. | There is no requirement that a trial exhibit have been used in deposition.  The identified sponsoring witness has personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence.  To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1028 | | | | Beast body mirror | Taritero, Steele, Hendler | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Not produced or used in deposition. | There is no requirement that a trial exhibit have been used in deposition.  Plaintiffs have not identified any discovery request that called for the production of this exhibit.  To the extent this objection is premised on FRCP 26, the visual effects tools and techniques that were used to facilitate and capture Dan Stevens' performance as The Beast were made known to Plaintiffs during discovery, FRCP 26(e)(1)(A), and this specific exhibit was timely disclosed under Rule 26(a)(3).  The identified sponsoring witnesses can authenticate and lay a foundation to admit this exhibit into evidence. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating and laying a foundation for this exhibit in advance of trial. |
| 1029 | | | | Beast body suit | Taritero, Steele, Hendler | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Not produced or used in deposition. | There is no requirement that a trial exhibit have been used in deposition.  Plaintiffs have not identified any discovery request that called for the production of this exhibit.  To the extent this objection is premised on FRCP 26, the visual effects tools and techniques that were used to facilitate and capture Dan Stevens' performance as The Beast were made known to Plaintiffs during discovery, FRCP 26(e)(1)(A), and this specific exhibit was timely disclosed under Rule 26(a)(3).  The identified sponsoring witnesses can authenticate and lay a foundation to admit this exhibit into evidence. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating and laying a foundation for this exhibit in advance of trial. |
| 1030 | | | | Beast facial rig | Taritero, Steele, Hendler | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Not produced or used in deposition. | There is no requirement that a trial exhibit have been used in deposition.  Plaintiffs have not identified any discovery request that called for the production of this exhibit.  To the extent this objection is premised on FRCP 26, the visual effects tools and techniques that were used to facilitate and capture Dan Stevens' performance as The Beast were made known to Plaintiffs during discovery, FRCP 26(e)(1)(A), and this specific exhibit was timely disclosed under Rule 26(a)(3).  The identified sponsoring witnesses can authenticate and lay a foundation to admit this exhibit into evidence. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating and laying a foundation for this exhibit in advance of trial. |
| 1031 | | | | Beast maquette | Taritero, Steele, Hendler | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Not produced or used in deposition. | There is no requirement that a trial exhibit have been used in deposition.  Plaintiffs have not identified any discovery request that called for the production of this exhibit.  To the extent this objection is premised on FRCP 26, the visual effects tools and techniques that were used to facilitate and capture Dan Stevens' performance as The Beast were made known to Plaintiffs during discovery, FRCP 26(e)(1)(A), and this specific exhibit was timely disclosed under Rule 26(a)(3).  The identified sponsoring witnesses can authenticate and lay a foundation to admit this exhibit into evidence. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating and laying a foundation for this exhibit in advance of trial. |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1032 | | | | Beast stilts | Taritero, Steele, Hendler | N | A*, F*, H. (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Not produced or used in deposition. | There is no requirement that a trial exhibit have been used in deposition. Plaintiffs have not identified any discovery request that called for the production of this exhibit. To the extent this objection is premised on FRCP 26, the visual effects tools and techniques that were used to facilitate and capture Dan Stevens' performance as The Beast were made known to Plaintiffs during discovery, FRCP 26(e)(1)(A), and this specific exhibit was timely disclosed under Rule 26(a)(3). The identified sponsoring witnesses can authenticate and lay a foundation to admit this exhibit into evidence. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating and laying a foundation for this exhibit in advance of trial. |
| 1033 | 1316 | Ievers | DIS-REARDEN-0021158 | Beauty and the Beast - Prep Calendar | Ievers, LaSalle, Wunderlich | Y | | | |
| 1034 | | Kershaw (Opening Report) | DIS-REARDEN-0000569 | Beauty and the Beast Commercial Test Report | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record reflecting Defendant's market research regarding commercials for BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The document reflects the results of commercial testing and is relevant because it identifies what drew audiences to the movie and what factors Defendant emphasized in its marketing. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. |
| 1035 | | Kershaw (Opening Report) | DIS-REARDEN-0008284 | Beauty and the Beast Entertainment Weekly Special Edition | Kershaw, Stankevich | N | H, 402 | Offered for truth of matter. | This exhibit is not hearsay because is not being offered for the truth; it is being offered to show what was being discussed in the media and publicly about *BATB* . It is relevant to damages to put into context the snippets of publicity that mention Mova, and to rebut Plaintiffs' claim that Mova was a topic of interest that drew media attention and audiences to the movie. |
| 1036 | | Kershaw (Opening Report) | DIS-REARDEN-0000678 | Beauty and the Beast Market Positioning Study | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record reflecting Defendant's market research regarding BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The document is relevant because it reflects what drew audiences to the movie and what factors Defendant emphasized in its marketing. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1037 | | Kershaw (Opening Report) | DIS-REARDEN-0002531 | Beauty and the Beast Marketing Update | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record embodying Defendant's marketing plan for BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. It also relevant for the non-hearsay purpose of showing what Defendant chose to emphasize in its marketing for the movie. The document is relevant because it reflects what drew audiences to the movie and what factors Defendant emphasized in its marketing. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. Notably, Plaintiffs did not lodge a 402 objection to a duplicate of this document, Exhibit 1070. |
| 1038 | | Kershaw (Opening Report) | DIS-REARDEN-0000764 | Beauty and the Beast Opening Weekend In-Theatre Exit Polls | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record reflecting Defendant's opening weekend in-theater exit polls of audiences who saw BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. Plaintiffs' expert, Phil Fier, relied heavily Defendant's exit polls, showing that this document is reliable and establishing that it also falls within the residual hearsay exception. The document is relevant because it reflects what drew audiences to the movie. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1039 | | Kershaw (Opening Report) | DIS-REARDEN-0015077 | Beauty and the Beast Opening Weekend In-Theatre Exit Polls | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record reflecting Defendant's opening weekend in-theater exit polls of audiences who saw BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. Plaintiffs' expert, Phil Fier, relied heavily Defendant's exit polls, showing that this document is reliable and establishing that it also falls within the residual hearsay exception. The document is relevant because it reflects what drew audiences to the movie. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. |
| 1040 | | Kershaw (Opening Report) | DIS-REARDEN-0000496 | Beauty and the Beast Post-Release Tracking Report | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record reflecting Defendant's market research for BATB after its release. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The document is relevant because it reflects what drew audiences to the movie, including the effect of advertising and demographics. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. |
| 1041 | | Kershaw (Opening Report) | DIS-REARDEN-0015958 | Beauty and the Beast Recruited Audience Preview Report | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record reflecting Defendant's market research for BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The document reflects Defendant's analysis of how a recruited audience responded to an early screening of the movie and its resulting recommendations for the movie and marketing. It is relevant because it reflects what drew audiences to the movie. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1042 | | Kershaw (Opening Report) | DIS-REARDEN-0011344 | Beauty and the Beast Recruited Audience Preview #2 | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record reflecting Defendant's market research for BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The document reflects Defendant's analysis of how a recruited audence responded to an early screening of the movie and its resulting recommendations for the movie and marketing. It is relevant because it reflects what drew audiences to the movie. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. |
| 1043 | | | DIS-REARDEN-0000326 | Beauty and the Beast Trailer 2 | Kershaw, Taritero, Stankevich | Y | | | |
| 1044 | | Kershaw (Opening Report) | DIS-REARDEN-0000948 | Beauty and the Beast Trailer Test #1 | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record reflecting Defendant's market research for BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The document reflects Defendant's testing of a trailer for the movie and its identification of factors to emphasize in marketing. It is relevant because it reflects what drew audiences to the movie It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. It is also relevant to put into context the snippets of publicity that mention Mova, and to rebut Rearden's claim that Mova was a topic of interest that drew media attention and audiences to the movie. |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1045 | | | | Belle Costume for Kids | Wunderlich, Taritero | Y | | | Defendant believes consumer products evidence is no longer relevant in light of the Court's ruling that there is no causal nexus between the alleged infringement and Defendant's consumer products and music revenues and suggested that both parties withdraw exhibits that are relevant only to that issue (TX1045 and TX167). Plaintiffs were unwilling to withdraw their consumer product exhibit (TX167), so Defendant retained TX1045 in case it needed to respond, but maintains that both exhibits are now irrelevant. If this exhibit were relevant and needed at trial, the identified sponsoring witnesses could lay a foundation for its admission. |
| 1046 | | | | Belle's yellow dress | Taritero, Steele, Stankevich | N | A*, F* (*Rearden will withdraw A and F objections subject to reciprocal agreement on iPhone case (TX 167). | | The identified sponsoring witnesses can authenticate and lay foundation for this exhibit. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation for this exhibit in advance of trial. |
| 1047 | | | DIS-REARDEN-0000327 | Bookworm_DIBY6031H_Fearless60H31717h264_720p.mov | Kershaw, Taritero, Stankevich | N | A, F | Document not used in deposition. | There is no requirement that a trial exhibit have been used in deposition. The identified sponsoring fact witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence. |
| 1048 | | Wunderlich (Opening Report) | DIS-REARDEN-0033204 | Breakdown of spend by vendor | Wunderlich, Taritero, Eggebrecht, Steele | N | A, F, H | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition. The exhibit is taken from Defendant's internal accounting system and is plainly a business record. The identified sponsoring fact witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence. To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The Parties have agreed that expert witnesses may sponsor business records that have been so authenticated. |
| 1049 | 1313 | Ievers | DIS-REARDEN-0032022 | Call Sheet 9 For Beauty and the Beast | Ievers, Taritero, Steele, LaSalle, Pearce | Y | | | |
| 1050 | 1000 | Ievers | | Cindy Ievers' LinkedIn Profile | Ievers | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1051 | | | DIS-REARDEN-0033575 | Consolidated Vendor Spend | Wunderlich, Taritero, Eggebrecht | N | A*, F*, H (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | The exhibit is taken from Defendant's internal accounting system and is plainly a business record. The identified sponsoring fact witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence. To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The Parties have agreed that expert witnesses may sponsor business records that have been so authenticated. |
| 1052 | | | DIS-REARDEN-0033231 | Consolidated Vendor Spend – All Vendors US/GB | Wunderlich, Taritero, Eggebrecht | N | A*, F*, H (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | The exhibit is taken from Defendant's internal accounting system and is plainly a business record. The identified sponsoring fact witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence. To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The Parties have agreed that expert witnesses may sponsor business records that have been so authenticated. |
| 1053 | | | DIS-REARDEN-0033576 | Consolidated Vendor Spend for DD3 British Columbia | Wunderlich, Taritero, Eggebrecht | N | A*, F*, H (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | The exhibit is taken from Defendant's internal accounting system and is plainly a business record. The identified sponsoring fact witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence. To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The Parties have agreed that expert witnesses may sponsor business records that have been so authenticated. |
| 1054 | 186 | Stevens | DIS-REARDEN-0028471 | Stevens acting services agreement | Wunderlich, Taritero | Y | | | |
| 1055 | 280 | Munro | DE-DD3-0000544 | DD3 All Beast Tasks Data | Munro, Hendler, Lane | Y | | | |
| 1056 | 279 | Munro | DE-DD3-0000543 | DD3 All Mova Tasks Data | Munro, Hendler, Lane | Y | | | |
| 1057 | 277 | Munro | DE-DD3-0000538 | DD3 Beast Shot Tasks Data | Munro, LaSalle, Hendler, Lane | Y | | | |
| 1058 | 179 | Port | | DD3 Brimstone Video | Hendler, LaSalle, Steele, Taritero | Y | | | |
| 1059 | 272 | Munro | | DD3 Business Records Declaration | Munro | N | H | Offered for truth of matter. | Plaintiffs have stipulated to the admissibility of exhibits authenticated by Ms. Munro's declaration. Accordingly, Defendant conditionally withdraws TX1059 and will not seek to introduce it at trial unless Plaintiffs change their position regarding those exhibits. |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1060 | 274 | Munro | DE-DD3-0000309 | DD3 Employee Roles for Beauty and the Beast | Munro, Hendler, Lane | Y | | | |
| 1061 | 278 | Munro | DE-DD3-0000539 | DD3 Mova Tasks Data | Munro, Hendler, Lane | Y | | | |
| 1062 | 281 | Munro | DE-DD3-0000546 | DD3 Shot Thumbnails | Munro, Hendler, Lane | Y | | | |
| 1063 | 282 | Munro | | DD3 Shot Version Thumbnails of TRF0535 | Munro, Hendler, Lane | Y | | | |
| 1064 | 273 | Munro, Fier Rebuttal | DE-DD3-0000308 | DD3 Timecard Data for Beauty and the Beast | Munro, Hendler, Lane | Y | | | |
| 1065 | 1283 | Perlman | | Defendants' Notice of Deposition of Rearden LLC and Rearden MOVA LLC | Perlman | N | 402, H | Not relevant to claims or defenses. | This exhibit is not being offered for the truth of any matters asserted therein; it is being offered to provide context for the deposition testimony of Plaintiffs' FRCP 30(b)(6) designee, which is admissible agtainst Plaintiffs for any purpose under FRCP 32(3).  The topics of examination contain no declaration of fact capable of being true or false and therefore are not hearsay.  *See, e.g.*, *United States v. Chung*, 659 F.3d 815, 833 (9th Cir. 2011) (list that "contained no declaration of fact capable of being proven true or false" was not hearsay). |
| 1066 | | | REARDEN_MOVA010514 | Defendants' Responses to First Set of Requests for Admission, SHST Litigation | Perlman, Ievers, Van der Laan, Cotter | N | H, 403 | Discovery response documents are hearsay and not admissible; only the responses are admissible. | Plaintiffs' own discovery responses are not hearsay; they are statements of a party opponent.  FRE 801(d)(2); *McClaren Automotive Inc. v. Shaoo*, 2021 WL 4707001, at * 3 (C.D. Cal. June 1, 2021) ("Defendant's signed discovery responses are not hearsay.") |
| 1067 | 1287 | Perlman | REARDEN_MOVA032617 | DIDO Demo | Perlman | Y | | | |
| 1068 | 1286 | Perlman | REARDEN_MOVA032617 | DIDO Demo - Metadata | Perlman | Y | | | |
| 1069 | 1016 | Hendler | | Direct Drive BATB Shot Breakdown | Lane, Hendler, Tinwell | Y | | | |
| 1070 | 1333 | Menache | DIS-REARDEN-0002425 | Defendant Marketing Plan for BATB | Kershaw, Taritero, Stankevich | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Offered for truth of matter. | This is a business record embodying Defendant's marketing plan for BATB. As such it falls within a hearsay exception. There is no genuine dispute about authenticity, foundation, or status as a business record. Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial.  It also relevant for the non-hearsay purpose of showing what Disney chose to emphasize in its marketing for the movie. |
| 1071 | | Kershaw (Opening Report) | | Disney Movies, Beauty and the Beast \| Original Release Trailer | Kershaw, Taritero, Stankevich | Y | | | |
| 1072 | | Kershaw (Opening Report) | | DisneyMusicVEVO, Beauty and the Beast (From "Beauty and the Beast"/Official Video) | Kershaw, Taritero, Stankevich | Y | | | |
| 1073 | | Menache | | DMX shot history for ITD0670 | Lane, Hendler | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1074 | | | OL2_00289 | Draft Letter of Intent to Purchase MOVA Property | Perlman, Lauder, LaSalle | N | H | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition.  As a draft contract, the Letter of Intent is a verbal act that is not hearsay. *See United States v. Yagi* , 2013 WL 10570994, at *21 (N.D. Cal. October 17, 2023) (contracts and contract offers are "verbal acts" and "not hearsay); *Bezalel v. Innovative Operators, LLC* , No. 06-61673-CIV, 2008 WL 11331677, at *4 (S.D. Fla. July 2, 2008), aff'd, 347 F. App'x 449 (11th Cir. 2009) (unsigned contract non-hearsay). |
| 1075 | 1291 | Perlman | REARDEN_MOVA200193 | Draft Operating Agreement of MOVA, LLC | Perlman, Ievers, LaSalle | N | 106, 402, H | Draft document offered for truth of matter.  No evidence that it is "complete." | The document is complete.  The document is relevant to show MOVA's corporate structure, which is relevant to Plaintiffs' claim to own the copyright.  As a draft contract, the document is not hearsay. See *United States v. Yagi* , 2013 WL 10570994, at *21 (N.D. Cal. October 17, 2023) (contracts and contract offers are "verbal acts" and "not hearsay); *Bezalel v. Innovative Operators, LLC* , No. 06-61673-CIV, 2008 WL 11331677, at *4 (S.D. Fla. July 2, 2008), aff'd, 347 F. App'x 449 (11th Cir. 2009) (unsigned contract non-hearsay). |
| 1076 | | | REARDEN_MOVA018174 | Letter from Alan Kalin to Greg LaSalle re: Terms of Engagement | Perlman, LaSalle, | Y | | | |
| 1077 | 1235 | Cotter | REARDEN_MOVA052457 | Early MOVA Video | Lane, Menache, Perlman | Y | | | |
| 1078 | | | REARDEN-FEISNILBER-0004445 | Email chain Re: Mova Power Transformers | Gaub, Taritero, LaSalle, Hendler, Steele | N | A*, F*, H, 402 (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Document not used in deposition. Offered for truth of matter. | LaSalle can lay foundation and authenticate in the event he is called live.  Taritero or Steele could also authenticate the document at trial and lay foundation, including for admission as a business record because this is an email regularly sent in the course of production at the time (not hearsay under FRE 803(6)), although there is no genuine dispute about authenticity or foundation.  Document is relevant to show that the June 2016 reshoots were scheduled before the SHST preliminary injunction issued based on production scheduling needs. |
| 1079 | | Wunderlich (Opening Report) | REARDEN_MOVA222372 | Email explaining billing for Green Lantern | Wunderlich, Perlman | N | A, F, H, 402 | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition.  The document is relevant because it explains the Green Lantern bill, which is not obvious from the face of that document.  To the extent Rearden wishes to dispute the authenticity of its own internal email, Mr. Perlman can authenticate emails he received from Rearden employees.  The email is not hearsay; it is a party opponent statement.  FRE 801(d)(2). |
| 1080 | | | REARDEN_MOVA020090 | Email from Alan Kalin to Greg LaSalle; CC Jenny Zhang re: FW: MO2 LLC | LaSalle, Perlman, Lauder | N | A, F, H, 402 | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition.  There is no real dispute regarding authenticity, but LaSalle can authenticate and lay foundation.  The document is obviously relevant, as it goes to the MO2 acquisition of MOVA.  It is not being offered for the truth of any matter asserted therein; it is being offered to show what Alan Kalan understood about who would manage the LLC and to show that there is no reference to Mr. Perlman and that Mr. Perlman was not included in these communications. Further, Rearden cannot logically claim that both Mr. Kalin and Mr. LaSalle were acting as its agents in the course of setting up MO2, LLC and also argue that their statments about hat subject are not those of  a party opponenet, so the document should be admissible for the truth as well. FRE 801(d)(2). |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1081 | | | REARDEN_MOVA019618 | Email from Alan Kalin to Greg LaSalle; CC Steve Perlman re: Mova asset sale | Perlman, LaSalle | Y | | | |
| 1082 | | | REARDEN_MOVA019620 | Email from Alan Kalin to Greg LaSalle; CC Steve Perlman re: Mova asset sale | Perlman, LaSalle | Y | | | |
| 1083 | | | REARDEN_MOVA019629 | Email from Alan Kalin to Steve Perlman re: Mova asset Sale | LaSalle, Perlman | Y | | | |
| 1084 | | | REARDEN_MOVA018189 | Email from Alan Kalin to Steve Perlman re: Mova asset Sale | Perlman, LaSalle | Y | | | |
| 1085 | | | REARDEN_MOVA019639 | Email from Andrew Orr to Steve Perlman; CC Greg LaSalle re: MOva/OL2 | Perlman, LaSalle | Y | | | |
| 1086 | | | REARDEN_MOVA036311 | Email from Brooks Boles to Steve Perlman re: Appeal for MOVA facial capture authorship | Perlman | N | H, 402 | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition. The document is admissible for its effect on the reader, Mr. Perlman.  Mr. Perlman's reaction at being omitted from the Science and Technical Award is relevant to his motivations for the lawsuit and his claim to own MOVA.  Mr. Perlman's statements about MOVA are not hearsay; they are party opponent statements.  FRE 801(d)(2). |
| 1087 | 1166 | Lauder | OL2_00131 | Email from Charlie Jablonski to Eve Saltman, Gary Lauder; CC Etienne Hardman, Tom Paquin re: Mova and ILM | Lauder, Perlman, LaSalle | N | A, F, H, 402 | Lauder did not show that he had foundation regarding the document and did not authenticate it. Offered for truth of matter. | Lauder did authenticate the document, and as a sender and recipient on the email chain, Lauder laid foundation for the document. Document is being offered to show what Lauder and others at OL2 understood about the transaction with MO2, not for truth.  *See, e.g.*, *W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements").  This is relevant to liability and, specifically, whether Plaintiffs own the copyright at issue. |
| 1088 | 1169 | Lauder | OL2_00192 | Email from Charlie Jablonski to Eve Saltman; CC Gary Lauder, Etienne Handman,  Tom Paquin re: Privileged and Confidential- Mova Update | Lauder, Perlman, LaSalle | N | A, F, H, 402 | Lauder did not show that he had foundation regarding the document and did not authenticate it. Offered for truth of matter. | Lauder did authenticate the document, and as a sender and recipient on the email chain, Lauder laid foundation for the document. Document is being offered to show what Lauder and others at OL2 understood about the transaction with MO2, not for truth.  *See, e.g.*, *W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements").  This is relevant to liability and, specifically, whether Plaintiffs own the copyright at issue. |
| 1089 | 57 | Perlman | WD-KP0001574 | Email from Cyrus Wilson to Ken Pearce re: Academy Sci-Tech Inquiry: R&H rig solver technology | Perlman, Pearce, LaSalle | N | A, F, H, 402 | Perlman not on email.  Offered for truth of the matter. | Defendant withdraws this exhibit. |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1090 | 225 | Steele | DIS-REARDEN-0026259 | Email from Dave Taritero to Mimi Steele; CC Joseph Bonander, Alia Tarraf re: MOVA Lawsuit | Taritero, Steele | Y | | | |
| 1091 | | | REARDEN-FEINSILBER-0008480 | Email from Ella Daines-Smith re: Beauty and the Beast \| Additional Photography Shoot Day 01 \| Tuesday 14th June 2016 and attached call sheets | Taritero, Steele | N | A, F, H, 402 | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition.  The document is a call sheet for *BATB* and was sent regularly in the course of production at the time by the production team; as such, it falls within the business record exception to the hearsay rule under FRE 803(6).  Taritero and Steele can testify to these facts from their role.  To eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial.  It shows that the timeline for production was established well before the preliminary injunction issued in the SHST litigation and therefore goes to liability issues. |
| 1092 | | | OL2_00178 | Email from Eve Saltman to Charlie Jablonski, Gary Lauder, Tom Paquin re: Patent Assignment | LaSalle, Lauder | N | A, F, H, 402 | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition. Email is not offered for its truth but to show what Lauder and OL2 understood and believed about OL2's transaction with LaSalle. *See, e.g., W. Coast Life Ins. Co. v. Clark* , 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements").  The document also shows the effect on the listener, i.e., the recipients' reactions upon learning of Perlman's claim against LaSalle. This is relevant to liability and, specifically, whether Plaintiffs own the copyright at issue. |
| 1093 | | | OL2_00228 | Email from Gary Lauder to Eve Saltman re: Introduction and Help Needed | Lauder | N | A, F, H, 402 | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition.  Lauder can authenticate and lay foundation for the document at trial.  Document is being offered to show what Lauder and others at OL2 understood about the transaction with MO2, not for truth. *See, e.g. , W. Coast Life Ins. Co. v. Clark* , 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). |
| 1094 | | | OL2_00142 | Email from Gary Lauder to Eve Saltman; CC Charlie Jablonski, Tom Paquin re: Mova Letter of Intent for Asset Sale and Nonexclusive License Back | Lauder | N | A, F, H, 402 | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition.  Lauder can authenticate and lay foundation for the document at trial.  Document is being offered to show what Lauder and others at OL2 understood about the transaction with MO2, not for truth.  *See, e.g. , W. Coast Life Ins. Co. v. Clark* , 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements").  This is relevant to liability and, specifically, whether Plaintiffs own the copyright at issue. |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1095 | 1165 | Lauder | REARDEN_MOVA019597 | Email from Gary Lauder to Greg LaSalle; CC Charlie Jablonski, Eve Saltman, re: Mova thoughts | LaSalle, Lauder | N | A, F, H, 402 | Lauder did not show that he had foundation regarding the document and did not authenticate it. Offered for truth of matter. | Lauder did authenticate the document, and as a sender and recipient on the email chain, Lauder laid foundation for the document. Document is being offered to show what Lauder and others at OL2 understood about the transaction with MO2, not for truth. *See, e.g., W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). This is relevant to liability and, specifically, whether Plaintiffs own the copyright at issue. |
| 1096 | | Lauder | WD-KP0000050 | Email from Gary Lauder to Ken Pearce re: Fwd: MOVA / Defendant | Lauder, Pearce | N | A, F, H, 402 | Document not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit have been used in deposition.  This is an email between Gary Lauder and Bob Iger (CEO and Chairman of the Walt Defendant Company).  There is no genuine dispute about authenticity, but  Lauder can plainly authenticate and lay a foundation at trial.  The email is not being offered to prove the truth of any matter asserted therein; it is being offered to show effect on listener and belief at the time, namely, that Iger was told Lauder had acquired OnLive at the time of these emails.  It is irrelevant whether that statement was true or false; the email is being offered to establish contemporaneous belief.  *See, e.g., W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements").  The email is relevant to liability issues, including Plaintiffs' ownership of the copyright at issue and Defendant's vicarious liability. |
| 1097 | 1161 | Lauder | REARDEN_MOVA019591 | Email from Gary Lauder to Ken Pearce re: Meeting regarding MOVA? | Lauder, Pearce | N | A, F, H, 402 | Lauder did not show that he had foundation regarding the document and did not authenticate it. Offered for truth of matter. | Lauder did authenticate the document, and as a sender and recipient on the email chain, Lauder laid foundation for the document. Document is being offered to show what Lauder understood about the transaction with MO2, not for truth. *See, e.g., W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). This is relevant to liability and, specifically, whether Plaintiffs own the copyright at issue. |
| 1098 | 1159 | Lauder | OL2_00119 | Email from Gary Lauder to Kevin Mayer; CC Robert Bay re: Getting back to you regarding MOVA | Lauder, Mayer | N | A, F, H, 402 | Lauder did not show that he had foundation regarding the document and did not authenticate it. Offered for truth of matter. | Lauder did authenticate the document, and as a sender and recipient on the email chain, Lauder laid foundation for the document. Document is being offered to show what Lauder understood about interest in purchasing Mova assets, not for truth. See, e.g., W. Coast Life Ins. Co. v. Clark, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). This is relevant to liability.. |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1099 | 1156 | Lauder | OL2_00066 | Email from Gary Lauder to Nancy Cox re: Fwd: Follow-up: lunch, MOVA, patents | Perlman, Lauder | N | A, F, H, 402 | Lauder did not show that he had foundation regarding the document and did not authenticate it. Offered for truth of matter. | Lauder did authenticate the document, and as a sender and recipient on the email chain, Lauder laid foundation for the document. Steve Perlman's statements are not hearsay under FRE 801(d)(2). Lauder's statements are offered to show what he understood about the transaction with MO2, not for truth. *See, e.g., W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). This is relevant to liability and, specifically, whether Plaintiffs own the copyright at issue. |
| 1100 | 1312 | Ievers | WD-DD3-GL0000057 | Email from Greg LaSalle to Andrea Biklian re: Full Tilt expenses | Ievers | N | A, F, H, 402 | Ievers did not have foundation for this document. Offered for truth of matter. | The email is a cover letter to a document Plaintiffs' damages expert Ms. Ievers relies on in forming her opinions. Ms. Ievers does not need foundation because the purpose of the document is that she did not consider the document when forming her opinion. The document is relevant because it shows material Ms. Ievers did not consider in forming her opinions. The document is not hearsay because it is not offered for its truth; it is offered to show who the spreadsheet Ms. Ms. Ievers relied on was sent to (i.e., other DD3 personnel and not Defendant). |
| 1101 | 1185 | LaSalle | WD-DD3-GL0009547 | Email from Greg LaSalle to Andy Hendrickson re: Mova Meeting | LaSalle | Y | | | |
| 1102 | 1182 | LaSalle | WD-KP0017756 | Email from Greg LaSalle to Andy Hendrickson; CC Ken Pearce re: Mova and Zurich face capture | LaSalle | N | A, F, H, 402 | LaSalle didn't offer foundation. Offered for truth of matter. | LaSalle authenticated and laid foundation for the document at deposition. To the extent he did not do so, he could do so in the event he testifies live, but there is not genuine dispute about authenticity or foundation. The document is not offered for its truth. It is offered to show the effect on the listener (Hendrickson) in response to LaSalle and Pearce's inquiry about licensing Disney's technology. LaSalle and Pearce's statements are also non-hearsay statements of a party opponent under FRE 801(d)(2) because at the time of the email they were OnLive employees acting within the scope of their duties. This is relevant to liability. |
| 1103 | | | REARDEN_MOVA019604 | Email from Greg LaSalle to Eve Saltman, Charlie Jablonski; CC Ken Pearce, Tom Paquin re: MOVA | Perlman, LaSalle, Lauder | N | A, F, H, 402 | The document is not complete because it omits one or more pages in the email string. Not used in deposition. Offered for truth of matter. | The document is complete as it was produced in this form by Rearden from Rearden's files. There is no requirement that a trial exhibit be used in deposition. The document is not offered for the truth of the matter asserted but to show OL2 executives' understanding of the transaction between MO2 and OL2. *See, e.g., W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). The document is relevant to rebut Rearden's claim that that OL2 transferred the MOVA assets to a Rearden subsidiary. LaSalle and Lauder could also authenticate and lay foundation for the document at trial, but there is no genuine dispute about authenticity or foundation. Although Lauder is not listed on the email, he owned OL2 and would be familiar with his executives' communications. This is relevant to liability. |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1104 | 1164 | Lauder | REARDEN_MOVA019598 | Email from Greg LaSalle to Gary Lauder, Ken Pearce; CC Charlie Jablonski, Eve Saltman re: Mova thoughts | Lauder, LaSalle, Pearce | N | H | Offered for truth of matter. | Offered to show what Lauder and others at OL2 understood about the transaction with MO2, not for truth.  *See, e.g., W. Coast Life Ins. Co. v. Clark* , 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). |
| 1105 | 1250 | Cotter | REARDEN_MOVA160811 | Email from Greg LaSalle to Michael Toy re: RE: un-calibrated | LaSalle | N | A, F, H, 402 | Cotter did not show that he had foundation regarding the document and did not authenticate it. Offered for truth of matter. | Cotter testified about the email at pages 153:18-155:9, establishing foundation and authentication and there is no genuine dispute about either.  Document is relevant to show level of research and development for MOVA.  Document is a non-hearsay statement of a party opponent because OnLive was a Rearden controlled company in 2010. FRE 801(d)(2). |
| 1106 | | | REARDEN_MOVA074294 | Email from Greg LaSalle to Steve Perlman re: Defendant follow-up | LaSalle, Perlman | N | H | Dupe of 1107. | Defendant withdraws this exhibit as a duplicate. |
| 1107 | 1181 | LaSalle | REARDEN_MOVA074294 | Email from Greg LaSalle to Steve Perlman re: Disney Follow-up | Perlman, LaSalle | Y | | | |
| 1108 | | | REARDEN_MOVA074301 | Email from Greg LaSalle to Steve Perlman re: Mova update | Perlman, LaSalle | Y | | | |
| 1109 | 1155 | Lauder | REARDEN_MOVA019579 | Email from Greg LaSalle to Steve Perlman, Ken Pearce re: MOVA proposal | Perlman, LaSalle | Y | | | |
| 1110 | 108 | LaSalle | WD-DD3-GL0000766 | Email from Greg LaSalle to Steve Preeg, Kelly Port, Gayle Munro re: Mova Beast | LaSalle | Y | | | |
| 1111 | 91 | LaSalle | WD-DD3-CP0003622 | Email from Joanna Capitano to Carla Attanasio re: MOVA Rig Question | Taritero, LaSalle | N | H | Offered for truth of matter. | The document is not being offered for its truth but to show that Plaintiffs' actual damages expert did not consider or review documents regarding the rig's location in the UK. |
| 1112 | 219 | Mayer | DIS-REARDEN-0015479 | Email from Justin Warbrooke to Kevin Mayer re: Mova / Disney | Taritero, Mayer | Y | | | |
| 1113 | | | DIS-REARDEN-0015567 | Email from Justin Warbrooke to Kevin Mayer re: Mova / Defendant | Taritero, Perlman, Mayer | N | A, F, H | Not used in deposition.  Offered for truth of matter. | There is not a requirement that a trial exhibit be used in deposition. The document is not offered for its truth but to show Defendant's awareness/belief that OnLive was going out of business and no longer owned MOVA.  *See, e.g., W. Coast Life Ins. Co. v. Clark* , 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). The document is also a business record that records Defendant's analysis. FRE 803(6). |
| 1114 | 184 | Port | WD-GL0000497 | Email from Kelly Port Re: The Beast has left the building! | Hendler, LaSalle, Pearce, Port | N | H | Offered for truth of matter. | Defendant does not intend to offer the exhibit for its truth, but to use as needed to refresh recollection. |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1115 | | Steele | WD-DD3-CP0003101 | Email from Kelly Port to Mimi Steele; CC Steve Gaub, Joanna Capitano, Gayle Munro re: BEAST Development | Taritero, Steele | N | A, F, H | Not used in deposition. Offered for truth of matter. | There is not a requirement that a trial exhibit be used in deposition. Mimi Steele could authenticate and lay foundation in the event she testifies live at trial and there is no genuine dispute about authenticity or foundation  The document is not offered for its truth, but to show Defendant's understanding and awareness of the Beast design.  *See, e.g., W. Coast Life Ins. Co. v. Clark* , 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). |
| 1116 | 1183 | LaSalle | REARDEN_MOVA028083 | Email from Ken Pearce to Andy Hendrickson cc: Greg LaSalle re: MOVA Inquiry | LaSalle | N | A, F, H | LaSalle did not establish foundatino. Offered for truth of matter. | This is an email between Ken Pearce, Greg LaSalle, and Andy Hendrickson.  Authenticity and foundation were established by both Mr. LaSalle and Mr. Hendrickson at their depositions, and are not genuinely disputed.  The email is not being offered to prove the truth of any matter asserted therein; it is being offered to show effect on listener and Mr. Hendrickson's belief at the time, namely, that Mr. Hendrickson believed Mr. Lauder had acquired MOVA's parent company OnLive and that all the MOVA assets had come under new ownership at the time of these emails.  It is irrelevant whether those facts were true or false; the email is being offered to establish Mr. Hendrickson's contemporaneous belief.  *See, e.g. , W. Coast Life Ins. Co. v. Clark* , 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements").  The email is relevant to liability and, specifically, whether Plaintiff owns a copyright in the MOVA Contour software. |
| 1117 | 1180 | LaSalle | REARDEN_MOVA140798 | Email from Ken Pearce to Ken Pearce re: Questions for Andy | LaSalle | N | A, F, H, 402 | LaSalle has no foundation. Offered for truth of matter | This is a non-hearsay statement of a party opponent because it was made by Ken Pearce while he was employed by OnLive when OnLive was controlled by Rearden.  FRE 801(d)(2).  It is relevant to show Plaintiffs' awareness that Defendant was not interested in purchasing MOVA.  Pearce and/or LaSalle could authenticate and lay foundation for the document at trial. |
| 1118 | 1177 | LaSalle | REARDEN_MOVA141111 | Email from Ken Pearce to Kim Libreri; CC Greg LaSalle re: MOVA discussion next week? | LaSalle | Y | | | |
| 1119 | 1179 | LaSalle | REARDEN_MOVA140784 | Email from Ken Pearce to Terri Shevy; CC Greg LaSalle re: Face Scanner | LaSalle | Y | | | |

Case 4:17-cv-04006-JST   Document 550-2   Filed 10/20/23   Page 20 of 55
Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1120 | 251 | Hendley | DIS-REARDEN-0004940 | Email from Michelle Rasic to various recipients re: Beauty and the Beast - Reviews | Kershaw, Tinwell | N | A, F, H | Kershaw and Tinwell lack foundation. Offered for truth of matter. | This is a compilation of published reviews of *BATB* that was compiled in the ordinary course of business. Authenticity and foundation as a business record under FRE 803(6) were established at Mr. Hendley's deposition. The Parties have agreed that expert witnesses may sponsor business records that have been so authenticated. The exhibit also is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez*, 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1121 | 236 | LaSalle | WD-DD3-GL0006661 | Email from Michelle Winze to Greg LaSalle re: BATB Mova Cost estimates | LaSalle and/or Wunderlich | Y | | | |
| 1122 | | | REARDEN_MOVA185112 | Email from Mike McGarvey to Steve Perlman re: Disney and Warner Bros. meetings on Monday | Perlman | Y | | | |
| 1123 | | Steele | DIS-REARDEN-0004833 | Email from Mimi Steele to Steve Gaub re: DD | Taritero, Steele | Y | | | |
| 1124 | | Wunderlich (Opening Report) | REARDEN_MOVA106410 | Email from Robin Fontaine to Shaveta Verma; CC Cindy Ievers re: Audit selections for Mova AR | Wunderlich, Ievers | N | A, F, H, 106, 402 | Not used in deposition. Offered for truth of matter. Document is incomplete because it omits the attached spreadsheet. | There is no requirement that a trial exhibit have been used in deposition. The document is an email between Plaintiffs' employees and is therefore a non-hearsay statement of a party opponent. FRE 801(d)(2). To the extent Plaintiffs wish to dispute the authenticity of their own internal email, Ievers can authenticate emails she received from Plaintiffs' employees. Defendant has no objection to including any attachments Plaintiffs produced with this document. |
| 1125 | | Kershaw (Opening Report) | DIS-REARDEN-0015957 | Email from Sean Bailey to Alan Horn re: FW: Beauty and the Beast - Final Report | Kershaw, Taritero | N | A, F, H, 106 | Not used in deposition. Witnesses lack foundation. Offered for truth of the matter. Incomplete because it omits the attachment. | There is no requirement that a trial exhibit have been used in deposition. The document is offered for the non-hearsay purpose of showing how Defendant's executives responded to a screening of the movie. The hearsay statement that the movie was screened in rough form is admissible as a business record under FRE 803(6). The attachment was not appended to the top email in the chain so the document is complete and was produced as maintained. |

Case 4:17-cv-04006-JST   Document 550-2   Filed 10/20/23   Page 21 of 55
Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1126 | | Wunderlich (Opening Report) | REARDEN_MOVA106412 | Email from Shaveta Verma to Robin Fontaine re: details requested by Auditors | Wunderlich | N | A, F, H, 402 | Not used in deposition. Witnesses lack foundation. Offered for truth of the matter. | There is no requirement that a trial exhibit have been used in deposition. The document is an email between Plaintiffs' employees and is therefore a non-hearsay statement of a party opponent. FRE 801(d)(2). The email is being offered to rebut Plaintiffs' actual damages expert and to show documents she failed to consider. |
| 1127 | | | MAND-REARDEN-0000862 | Email from Steve Gaub to David Hoberman, Tendo Nagenda; CC Jessica Virtue, Mimi Steele, Todd London, Gregg Fishman re: BATB: State of the Beast Union | Taritero, Steele | N | A, F, H, 402 | Not used in deposition. Witnesses lack foundation. Offered for truth of the matter. | There is no requirement that a trial exhibit have been used in deposition. There is no genuine dispute about authenticity or foundation, but Ms. Steele received this email, so can plainly authenticate and lay a foundation for it. The email is not being offered to prove the truth of any matters asserted therein; it is being offered to show that as of April 23, 2016--months before the preliminary injunction issued in the SHST litigation--the VFX supervisors, producers, and executives overseeing *BATB* were informed and believed that the picture would be locked on April 29 and that final VFX would be due July 15. It is irrelevant whether those statements or the belief proved to be true or false; the email is being offered to establish contemporaneous belief. *See, e.g.*, *W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), as amended (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). |
| 1128 | | | REARDEN-FEINSILBER-0001965 | Email from Steve Gaub to Kelly Port, Gayle Munro, et al. re: BATB: Latest Director Priorities | Port, Gaub, Steele | N | A, F, H, 402 | Not used in deposition. Witnesses lack foundation. Offered for truth of the matter. | There is no genuine dispute about authenticity or foundation. The identified sponsoring witnesses could authenticate or lay foundation and Ms. Steele could also confirm that this email reflects her understanding of DD3's representations to Defendant. It is not being offered for truth; it is being offered to show effect on listener/what Defendant believed and to rebut Plaintiffs' arguments about the efficacy and efficiency of MOVA. |
| 1129 | | | REARDEN_MOVA020101 | Email from Steve Perlman to Alan Kalin re: MOVA Asset Sale LOI-Draft v 3.DOC | Perlman | N | H, 402 | Offered for truth of matter. | Mr. Perlman's statement about MOVA are non-hearsay statements of a party opponent. FRE 801(d)(2). This email is relevant to liability and ownership of the copyright because it shows Perlman's state of mind at the time of the MOVA asset sale. |
| 1130 | | | REARDEN_MOVA019650 | Email from Steve Perlman to Alan Kalin; CC Greg LaSalle re: Attorney-Client Privileged | Perlman, LaSalle | Y | | | |
| 1131 | | | REARDEN_MOVA019606 | Email from Steve Perlman to Alan Kalin; CC Greg LaSalle re: Referral to help with Mova asset sale | Perlman, LaSalle | Y | | | |
| 1132 | 1264 | Van der Laan | REARDEN_MOVA036281 | Email from Steve Perlman to Brooke Boles re: Appeal for Mova facial capture authorship | Perlman | N | H, 402 | Offered for truth of matter. | Mr. Perlman's statements about MOVA are non-hearsay statements of a party opponent. FRE 801(d)(2). Regardless, this email is being offered to show the speaker's state of mind and to show that Mr. Perlman contested being excluded from the Sci-Tech award to MOVA. Mr. Perlman's reaction is relevant to his motivations for the lawsuit and his claim to own MOVA. |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1133 | | | REARDEN_MOVA010479 | Email from Steve Perlman to Brooke Boles re: Appeal to MOVA facial capture authorship | Perlman | N | H, 402 | Not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit be used at deposition.  Mr. Perlman's statements about MOVA are non-hearsay statements of a party opponent.  FRE 801(d)(2).  Regardless, this email is being offered to show the speaker's state of mind and to show that Mr. Perlman contested being excluded from the Sci-Tech award to MOVA.  Mr. Perlman's reaction is relevant to his motivations for the lawsuit and his claim to own MOVA. |
| 1134 | | | REARDEN_MOVA036269 | Email from Steve Perlman to Gale Hurd re: Appeal to Academy Sci-Tech Council | Perlman | N | H, 402 | Not used in deposition. Offered for truth of matter. | There is no requirement that a trial exhibit be used at deposition.  Mr. Perlman's statements about MOVA are non-hearsay statements of a party opponent.  FRE 801(d)(2).  Regardless, this email is being offered to show the speaker's state of mind and to show that Mr. Perlman contested being excluded from the Sci-Tech award to MOVA.  Mr. Perlman's reaction is relevant to his motivations for the lawsuit and his claim to own MOVA. |
| 1135 | 1154 | Lauder | REARDEN_MOVA019576 | Email from Steve Perlman to Gary Lauder re FW: MOVA proposal | Perlman, Lauder | N | H, 402 | Offered for truth of matter. | This is a party admission.  It is relevant because it shows the value of MOVA at the time, what Lauder understood to be Perlman's position, and Perlman's state of mind. |
| 1136 | 1157 | Lauder | REARDEN_MOVA019583 | Email from Steve Perlman to Gary Lauder re: Follow-up | Perlman, Lauder | N | H, 402 | Offered for truth of matter. | This is a party admission).  It is relevant because it shows the value of MOVA at the time, what Lauder understood to be Perlman's position, and Perlman's state of mind. |
| 1137 | 1153 | Lauder | REARDEN_MOVA019574 | Email from Steve Perlman to Gary Lauder re: Follow-up: lunch, MOVA, patents | Perlman, Lauder | N | H, 402 | Offered for truth of matter. | This is a party admission.  It is relevant because it shows the value of MOVA at the time, what Lauder understood to be Perlman's position, and Perlman's state of mind. |
| 1138 | 1162 | Lauder | REARDEN_MOVA019585 | Email from Steve Perlman to Gary Lauder re: Greg and Ken and MOVA assets | Perlman, Lauder | N | H, 402 | Offered for truth of matter. | This is a party admission.  It is relevant because it shows the value of MOVA at the time, what Lauder understood to be Perlman's position, and Perlman's state of mind. |
| 1139 | 1163 | Lauder | REARDEN_MOVA019594 | Email from Steve Perlman to Gary Lauder re: Meeting regarding MOVA? | Perlman, Lauder | N | H, 402 | Offered for truth of matter. | This is a party admission.  It is relevant because it shows the value of MOVA at the time, what Lauder understood to be Perlman's position, and Perlman's state of mind. |
| 1140 | 1151 | Lauder | OL2_00082 | Email from Steve Perlman to Gary Lauder re: Mova | Perlman, Lauder | N | H, 402 | Offered for truth of matter. | This is a party admission.  It is relevant because it shows the value of MOVA at the time, what Lauder understood to be Perlman's position, and Perlman's state of mind. |
| 1141 | 1293 | Perlman | REARDEN_MOVA019573 | Email from Steve Perlman to Gary Lauder re: MOVA proposal | Perlman, Lauder | N | H, 402 | Offered for truth of matter. | This is a party admission.  It is relevant because it shows the value of MOVA at the time, what Lauder understood to be Perlman's position, and Perlman's state of mind. |
| 1142 | 1152 | Lauder | REARDEN_MOVA019573 | Email from Steve Perlman to Gary Lauder re: MOVA proposal | Perlman, Lauder | N | H, 402 | Offered for truth of matter. | This is a party admission.  It is relevant because it shows the value of MOVA at the time, what Lauder understood to be Perlman's position, and Perlman's state of mind. |
| 1143 | | | REARDEN_MOVA000415 | Email from Steve Perlman to Greg LaSalle re: MOVA Possibilities | Perlman, LaSalle | Y | | | |
| 1144 | | | REARDEN_MOVA021015 | Email from Steve Perlman to Greg LaSalle re: MOVA/OL2 | Perlman, LaSalle | Y | | | |
| 1145 | | | REARDEN_MOVA020071 | Email from Steve Perlman to Greg LaSalle, Alan Kalin re: Mova asset sale | Perlman, LaSalle | Y | | | |
| 1146 | | | REARDEN_MOVA020117 | Email from Steve Perlman to Greg LaSalle, Alan Kalin re: MOVA/OL2 | Perlman, LaSalle | Y | | | |
| 1147 | | | REARDEN_MOVA019644 | Email from Steve Perlman to Greg LaSalle; CC Alan Kalin re: Mova/OL2 | Perlman, LaSalle | Y | | | |

Case 4:17-cv-04006-JST  Document 550-2  Filed 10/20/23  Page 23 of 55
Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1148 | | | REARDEN_MOVA105636 | Email from Steve Perlman to Justin Warbrooke re: Meeting | Perlman, Taritero | Y | | | |
| 1149 | 1288 | Perlman | REARDEN_MOVA036387 | Email from Steve Perlman to Link Huang, Anil Unnikrishnan, Dimitar Dinev; CC Cindy Ievers re: Enquiry Regarding CONTOUR | Perlman | Y | | | |
| 1150 | 1268 | Fontaine | REARDEN_MOVA187237 | Email from Steve Perlman to Robin Fontaine; CC Mike McGarvey, Tom Paquin re: Contour price positioning | Perlman, Fontaine | N | H, 402 | Offered for truth of matter. | This is a party admission.  It is relevant for multiple reasons, including because it establishes that MOVA's profitability for Rearden and because it is contrary to Rearden's litigaiton position that overhead is not a deductible expense. |
| 1151 | | | REARDEN_MOVA019999 | Email from Steve Perlman to Susan Zwerman re: Appeal regarding authorship attribution of Mova facial capture award | Perlman | N | H, 402 | Offered for truth of matter. | Mr. Perlman's statements about MOVA are non-hearsay statements of a party opponent.  FRE 801(d)(2).  Regardless, this email is being offered to show the speaker's state of mind and to show that Mr. Perlman contested being excluded from the Sci-Tech award to MOVA.  Mr. Perlman's reaction is relevant to his motivations for the lawsuit and his claim to own MOVA. |
| 1152 | | | REARDEN_MOVA036275 | Email from Steve Perlman to Susan Zwerman re: Appeal regarding authorship attribution of MOVA facial capture award | Perlman | N | H, 402 | Offered for truth of matter. | Mr. Perlman's statements about MOVA are non-hearsay statements of a party opponent.  FRE 801(d)(2).  Regardless, this email is being offered to show the speaker's state of mind and to show that Mr. Perlman contested being excluded from the Sci-Tech award to MOVA.  Mr. Perlman's reaction is relevant to his motivations for the lawsuit and his claim to own MOVA. |
| 1153 | | | REARDEN_MOVA036283 | Email from Steve Perlman to Susan Zwerman re: Appeal regarding authorship attribution of MOVA facial capture award | Perlman | N | H, 402 | Offered for truth of matter. | Mr. Perlman's statements about MOVA are non-hearsay statements of a party opponent.  FRE 801(d)(2).  Regardless, this email is being offered to show the speaker's state of mind and to show that Mr. Perlman contested being excluded from the Sci-Tech award to MOVA.  Mr. Perlman's reaction is relevant to his motivations for the lawsuit and his claim to own MOVA. |
| 1154 | 1299 | Perlman | REARDEN_MOVA126970 | Email from Steve Perlman to Tim Cotter; CC John Speck, Greg LaSalle,  Ken Pearce re: 3d capture | Perlman, LaSalle | N | H, 402 | Offered for truth of matter. | Mr. Perlman's statements about MOVA are non-hearsay statements of a party opponent.  FRE 801(d)(2).  It is relevant because it shows the state of MOVA at the time and its value to Plaintiffs. |
| 1155 | | | REARDEN_MOVA020143 | Email from Steve Perlmant to Alan Kalin re: Revised Mova Membership Interest and Asset Sale Agreement | Perlman | Y | | | |
| 1156 | 1248 | Cotter | REARDEN_MOVA075419 | Email from Tim Cotter to Steve Perlman re: mova | Perlman | Y | | | |
| 1157 | | Taritero | DIS-REARDEN-0021079 | Email from Mark Brown to Dave Taritero re: 3D head scan vendors | Taritero | N | A, F, H, 402 | Taritero has not established that he has foundation and can authenticate. Offered for truth of matter. | There is no genuine dispute about authenticity or foundation.  The identified sponsoring witness, Taritero, sent and received the emails in this exhibit.  The exhibit is not being offered for the truth of any matter asserted therein, it is being offered to show Taritero's state of mind, namely, that he believed "The mova folks are at digital domain in playa vista" at the time of these emails.  It is irrelevant whether that belief was true or false; the email is being offered to establish the witness's contemporaneous belief.  *See, e.g.*, *W. Coast Life Ins. Co. v. Clark*, 24 F. Supp. 3d 933, 937 n.2 (C.D. Cal. 204), *as amended* (June 27, 2014) ("the statement are not hearsay when used to show what [the speaker] believed or intended at the time he made the statements"). |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1158 | | Wunderlich (Opening Report) | WD-DD3-CP0003418 | Email from Michelle Winze to Joanna Capitano and Heather Jennings re: BATB & Wham cost estimates | Wunderlich, LaSalle | N | A, F, H, 402, 106 | Witnesses cannot authenticate and have no foundation. Document is incomplete because it omits the attachments. | Defendant withdraws this exhibit. |
| 1159 | | Wunderlich (Opening Report) | WD-DD3-CP0003096 | Email from Michelle Winze to Ola Mota re: BATB & Wham Mova paperwork | Wunderlich, LaSalle | N | A, F, H, 402, 106 | Witnesses cannot authenticate and have no foundation. Document is incomplete because it omits the attachments. | Defendant withdraws this exhibit. |
| 1160 | 1186 | Hendler | WD-DD3-EB0001108 | Email from Jenne Guerra to Bill Higgins et al re BATB DD3 Dashboard for 6/27/2016 and attachments | Hendler | Y | | | |
| 1161 | 32 | Hoberman | MAND-REARDEN-0000241 | Email from Jeffrey Silver to Bill Condon re: Beast CGI plan | Taritero, Steele | N | A, F, H, 402, 106 | Witnesses cannot authenticate and have no foundation. Document is incomplete because it omits the attachments. Offered for truth of the matter. | Taritero or Steele could authenticate the document at trial and lay foundation, including for admission as a business record (not hearsay under FRE 803(6)), although there is no genuine dispute about authenticity or foundation. In addition, the document is not being offered for its truth, but to show the production team's awareness of and beliefs about available options. The document is relevant to show the development of the CG Beast and MOVA's minimal contribution to that effort. The document is complete as produced by third-party Mandeville Films. |
| 1162 | | Russell (Opening Report) | REARDEN_MOVA202751 | Email from Eve Saltman to Steve Perlman et al re: MOVA contracts for Avengers and attachments | Perlman, LaSalle, Russell | N | A, F, H, 402, 106 | Incomplete document that omits attachments, Russell and LaSalle lack foundation and cannot authenticate | Plaintiffs produced this email among their employees from their own files. There is no genuine dispute about authenticity or foundation. Greg LaSalle could authenticate and lay foundation for the document at trial. As an expert, Robin Russell could rely on and sponsor the document if Plaintiffs' objections are overruled. The document is non-hearsay because, at the time Saltman sent the email, OnLive was controlled by Rearden, making it the statement of a party opponent under Rule 801(d)(2). The document also is non-hearsay because it summarizes the contents of Plaintiffs' contracts, which are verbal acts and non-hearsay. The document is relevant to show Rearden's standard terms for entering into MOVA contracts, which helps establish the industry practice for these types of agreements, and is relevant to whether Defendant had ability to control DD3's alleged infringement. |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1163 | 1271 | Fontaine | REARDEN_MOVA049846 | Email from Doug Milnes to Robin Fontaine, Shaveta Verma, and Cindy Ievers re: "Mova financials" | Perlman, Ievers | N | A, F, H, 402, 106 | Incomplete document, omits attachments. Offered for truth of matter. | This is an email attaching the MOVA financials.  The financials are a separate trial exhibit at TX1412.  Defendant has no opposition to offering the documents together.  The MOVA financials were produced by Plaintiffs from their own files and are Plaintiffs' own business records.  Both Ievers and Fontaine authenticated these documents, laid foundation, and established them as business records at deposition and Plaintiffs obviously have no genuine dispute about the authenticity of their own records.  The MOVA financials are relevant to Rearden's claimed actual damages. |
| 1164 | 1160 | Lauder | OL2_00310 | Email from Mellody Hobson to Gary Lauder re: "Selling MOVA to ILM" | Lauder | N | H, 402 | Offered for truth of matter. | The document is relevant to show that OL2 was attempting to sell MOVA to third-parties, which is relevant to Perlman's claims that he was seeking to acquire MOVA.  The document is admissible for its effect on the listener, i.e., to show Lauder could not identify a third-party buyer for MOVA. The document is also admissible to show notice to third-parties that OL2, not Rearden, owned MOVA in October 2012. |
| 1165 | 1176 | LaSalle | REARDEN_MOVA124130 | Email from Greg LaSalle to Kim Libreri et al re: Mova | LaSalle | Y | | | |
| 1166 | | | REARDEN_MOVA018174 | Engagement Letter between Bingham McCutcheon LLP and MO2, LLC | LaSalle, Perlman | N | F, H, 402 | Unsigned draft. LaSalle lacks foundation.  Offered for truth of matter. | The engagement letter is a verbal act that is not hearsay. See *United States v. Yagi* , 2013 WL 10570994, at *21 (N.D. Cal. October 17, 2023) (contracts and contract offers are "verbal acts" and "not hearsay); *Bezalel v. Innovative Operators, LLC* , No. 06-61673-CIV, 2008 WL 11331677, at *4 (S.D. Fla. July 2, 2008), aff'd, 347 F. App'x 449 (11th Cir. 2009) (unsigned contract non-hearsay).  LaSalle laid foundation for this document at the SHST trial and was the person responsibel for the attorney-client relationship with MO2.  The agreement is relevant to show the attorney-client relationship between Bingham McCutcheon and MO2, LLC, which is relevant to Rearden's claim that MO2, LLC was formed as a Rearden subsidiary. |
| 1167 | | Kershaw (Opening Report) | | Entertainment Weekly, Kids Ask Emma Watson About 'Beauty and the Beast' | Kershaw | N | H, 402 | Offered for truth of matter | This exhibit is not hearsay because it is not being offered for the truth; it is being offered to show what was being discussed in the media and publicly about *BATB* .  It is relevant to damages to put into context the snippets of publicity that mention Mova, and to rebut Plaintiffs' claim that Mova was a topic of interest that drew media attention and audiences to the movie. |
| 1168 | 1316A | Ievers | | Excerpt of 1316, Beauty and the Beast - Prep Calendar | Ievers | Y | | | |
| 1169 | 239 | Hendler | | Exhibit 1 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (MSM0250) | Lane, Hendler | Y | | | |
| 1170 | | | | Exhibit 2 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (MSM0250 all entries) | Lane, Hendler | Y | | | |
| 1171 | | | | Exhibit 3 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250_Mova Pip) | Lane, Hendler | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1172 | | | | Exhibit 4 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V002.0000-1m4v) | Lane, Hendler | Y | | | |
| 1173 | | | | Exhibit 5 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V002.0000-1m4v) | Lane, Hendler | Y | | | |
| 1174 | 240 | Hendler | | Exhibit 6 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Beast Msm0250 Dstevens 8 15 Mx94 2 42 2315 2473 Projected2.0000.m4v) | Lane, Hendler | Y | | | |
| 1175 | | | | Exhibit 7 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Beast Msm0250 Dstevens 8 15 Mx94 2 42 2315 2473 Litcam.2.0000m4v) | Lane, Hendler | Y | | | |
| 1176 | 241 | Hendler | | Exhibit 8 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus  (Msm0250 V004.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1177 | | | | Exhibit 9 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V006.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1178 | | | | Exhibit 10 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V006.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1179 | 242 | Hendler | | Exhibit 11 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V007.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1180 | | | | Exhibit 12 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V008.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1181 | 243 | Hendler | | Exhibit 13 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V025.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1182 | | | | Exhibit 14 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 Anim Qc V00.0000.m4v) | Lane, Hendler | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1183 | | | | Exhibit 15 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V038.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1184 | | | | Exhibit 16 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V048.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1185 | | | | Exhibit 17 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V049.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1186 | | | | Exhibit 18 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Msm0250 V073.0000-1.m4v) | Lane, Hendler | Y | | | |
| 1187 | 1213 | Hendler | | Exhibit 19 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (WAL0550_DMX_ALL.pdf) | Lane, Hendler | Y | | | |
| 1188 | | | | Exhibit 20 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (WAL0550_ALL_no annotations) | Lane, Hendler | Y | | | |
| 1189 | | | | Exhibit 21 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 Mova Pip 151202 Aligned.0000m4v) | Lane, Hendler | Y | | | |
| 1190 | 1209 | Hendler | | Exhibit 22 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V003.0000.m4v) | Lane, Hendler | Y | | | |
| 1191 | 1206 | Hendler | | Exhibit 23 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 Anim Mova Qc V001.0000.m4v) | Lane, Hendler | Y | | | |
| 1192 | 1207 | Hendler | | Exhibit 24 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V018.0000.m4v) | Lane, Hendler | Y | | | |
| 1193 | 244 | Hendler | | Exhibit 25 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V049.0000.m4v) | Lane, Hendler | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1194 | 1208 | Hendler | | Exhibit 26 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V056.0000.m4v) | Lane, Hendler | Y | | | |
| 1195 | 245 | Hendler | | Exhibit 27 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V056.0000.m4v) | Lane, Hendler | Y | | | |
| 1196 | | | | Exhibit 28 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V072.0000.m4v) | Lane, Hendler | Y | | | |
| 1197 | | | | Exhibit 29 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 Anim Qc V006.0000.m4v) | Lane, Hendler | Y | | | |
| 1198 | | | | Exhibit 30 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V081.0000.m4v) | Lane, Hendler | Y | | | |
| 1199 | | | | Exhibit 31 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V081.0000.m4v) | Lane, Hendler | Y | | | |
| 1200 | 1210 | Hendler | | Exhibit 31 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V134.0000.m4v) | Lane, Hendler | Y | | | |
| 1201 | | | | Exhibit 32 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V214.0000.m4v) | Lane, Hendler | Y | | | |
| 1202 | 1211 | Hendler | | Exhibit 33 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 Cfx Beauty V037.0000.m4v) | Lane, Hendler | Y | | | |
| 1203 | | | | Exhibit 34 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V306.0000.m4v) | Lane, Hendler | Y | | | |
| 1204 | 1212 | Hendler | | Exhibit 35 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wal0550 V309.0000.m4v) | Lane, Hendler | Y | | | |
| 1205 | | | | Exhibit 36 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (WFA605 DMX ALL) | Lane, Hendler | Y | | | |

Case 4:17-cv-04006-JST   Document 550-2   Filed 10/20/23   Page 29 of 55

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1206 | | | | Exhibit 37 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (WFA605 DMX ALL no annotations Final Mova) | Lane, Hendler | Y | | | |
| 1207 | 248 | Hendler | | Exhibit 38 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 Mova Pip 150811.0000.m4v) | Lane, Hendler | Y | | | |
| 1208 | | | | Exhibit 39 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 Anim Qc V001.0000.m4v) | Lane, Hendler | Y | | | |
| 1209 | | | | Exhibit 40 to  Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V005.0000.m4v) | Lane, Hendler | Y | | | |
| 1210 | | | | Exhibit 41 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V009.0000.m4v) | Lane, Hendler | Y | | | |
| 1211 | | | | Exhibit 42 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 Anim Qc V007.0000.m4v) | Lane, Hendler | Y | | | |
| 1212 | | | | Exhibit 43 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V050.0000.m4v) | Lane, Hendler | Y | | | |
| 1213 | | | | Exhibit 44 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V057.0000.m4v) | Lane, Hendler | Y | | | |
| 1214 | | | | Exhibit 45 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V076.0000m4fv) | Lane, Hendler | Y | | | |
| 1215 | | | | Exhibit 46 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V083.0000.m4v) | Lane, Hendler | Y | | | |
| 1216 | 246 | Hendler | | Exhibit 47 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V102.0000.m4v) | Lane, Hendler | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1217 | | | | Exhibit 48 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V130.0000.m4v) | Lane, Hendler | Y | | | |
| 1218 | | | | Exhibit 49 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 Cfx Beauty V015.0000m4v) | Lane, Hendler | Y | | | |
| 1219 | | | | Exhibit 50 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V137.0000.m4v) | Lane, Hendler | Y | | | |
| 1220 | | | | Exhibit 51 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V144.0000.m4v) | Lane, Hendler | Y | | | |
| 1221 | | | | Exhibit 52 to Declaration of Darren Hendler in Support of Defendants' Motion for Summary Judgment on Causal Nexus (Wfa0605 V146.0000.m4v) | Lane, Hendler | Y | | | |
| 1222 | | Kershaw (Opening Report) | DIS-REARDEN-0008903 | Field Marketing Screening Detailed Report | Kershaw, Taritero, Stankevich, | N | H | Offered for truth of matter. | This is a business record reflecting Defendant's market research regarding commercials for BATB.  As such it falls within a hearsay exception.  There is no genuine dispute about authenticity, foundation, or status as a business record.  Nevertheless, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. The document reflects Defendant's analysis of how audience members reacted to a screenings of the movie. It is relevant because it reflects what drew audiences to the movie. It therefore has a tendency to prove how profits should be apportioned to factors other than the infringement. |
| 1223 | | Menache (Opening Report) | REARDEN_MOVA036857 | File 27_Face demo.ma | Menache | Y | | | |
| 1224 | 1184 | LaSalle | REARDEN_MOVA028086 | Gmail Calendar Invitation: Mova Discussion Feb 14, 2013 | LaSalle, Pearce | Y | | | |
| 1225 | | Kershaw (Opening Report) | | Good Morning America, The cast of 'Beauty and the Beast' dish on the upcoming remake | Kershaw | Y | | | |
| 1226 | | Kershaw (Opening Report) | | IMAX, IMAX Presents: Beauty and the Beast | Kershaw | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1227 | | Kershaw (Opening Report) | | Infegy Random Sample (Appendix 26) | Kershaw | N | H, 402, 403 | Offered for truth of matter. | Columns W.X. Y. Z are hearsay, and Defendant would agree to remove them before presentation to the jury if Plaintiffs would agree to such modification. The other columns qualify under the business records exception to the hearsay rule because they are generated from a database that Infegy maintains in the regular course of its business, as explained by Kristie Kershaw in her rexpert report. Additionally the data extracted from the dataset is not being offered for the truth but to show what people were saying on social media when discussing *BATB*. The document is relevant to show what drew audiences to the movie and to rebut Rearden's claim that Mova was a topic of interest. |
| 1228 | | Kershaw (Opening Report) | | Infegy Search Results (Appendices 8 to 25) | Kershaw | N | H, 402, 403 | Offered for truth of matter. | These documents qualify for the business records exception to the hearsay rule because they are generated from a database that Infegy maintains in the regular course of its business, as explained by Kristie Kershaw in her expert report. Additionally the data extracted from the datase is not being offered for the truth but to show what people were saying on social media when discussing *BATB*. The document is relevant to show what drew audiences to the movie and to rebut Rearden's claim that Mova was a topic of interest. |
| 1229 | | LaSalle | | IRS receipt for MO2 LLC | Perlman, LaSalle, Ievers | N | A, F, H, 402, 403 | Not produced in discovery or used in deposition. | There is no requirement that a trial exhibit be used at deposition. LaSalle authenticated and laid foundation for the document at trial in *SHST*. The document is not being offered for the truth of any statement contained therein, but to show that MO2 was associated with LaSalle. The document is relevant to show LaSalle, and not Rearden, owned MO2. |
| 1230 | | Kershaw (Opening Report) | | Jimmy Kimmel Live, Emma Watson on Being Hit with Snowballs & Meeting Idol Celine Dion | Kershaw | Y | | | |
| 1231 | | Kershaw (Opening Report) | | Jimmy Kimmel Live, Luke Evans on Playing Gaston in Beauty and the Beast | Kershaw | Y | | | |
| 1232 | 59 | Pearce | WD-KP0000791 | Job Description for Ken Pearce | Pearce, Perlman, LaSalle, Ievers | N | H, 402 | Offered for truth of matter. | Defendant withdraws this exibit. |
| 1233 | 58 | Pearce | WD-DD3-KP0007475 | Ken Pearce Self Appraisal | Pearce, Perlman, Ievers, | N | H, 402 | Offered for truth of matter. | Defendant withdraws this exhibit |
| 1234 | 1168 | Lauder | OL2_00006 | Lauder Decl w/r/t Defs.' MSJ (3:15-cv-00797, Dkt. No. 44-1) | Lauder | N | H | Offered for truth of matter. | Mr. Lauder may be examined about the statements in a prior declaration under penalty of perjury in the event that he testifies live at trial in a manner that is inconsistent with this statement or if necessary to bolster his credibility pursuant to FRE 804(d)(1). |
| 1235 | 90 | LaSalle | WD-DD3-CP0004030 | Letter from Joanna Capitano, FAO Duty Officer, U.K. Border Agency Control re: Beauty and the Beast - Mr. Gregory LaSalle | Taritero, LaSalle | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1236 | 262 | Taritero | DIS-REARDEN-0028317 | Letter from Vickie Cameron to Joseph Gabriel re: "TR2N" / Visual Effects Services | Taritero | N | A*, F*, H  (*Rearden will withdraw A and F objections if Defendants proffer a foundation for this exhibit.) | Witness lacks foundation. | This is a contract for visual effects services on the film Tron 2. There is no genuine dispute about authenticity or foundation.  The identified sponsoring witnesses have personal knowledge to authenticate and lay a foundation to admit this exhibit into evidence.  However, to eliminate any issue and streamline the presentation of evidence, Defendant will also provide a declaration authenticating this document as a business record under FRE 803(6), 902(11) in advance of trial. |
| 1237 | | | OL2_00295 | Letter of Intent to Purchase MOVA Property | Perlman, LaSalle, Lauder | N | A, F, H, 402 | Unsigned draft. LaSalle lacks foundation.  Offered for truth of matter. | As a draft contract, the Letter of Intent is a verbal act that is not hearsay. See *United States v. Yagi* , 2013 WL 10570994, at *21 (N.D. Cal. October 17, 2023) (contracts and contract offers are "verbal acts" and "not hearsay); *Bezalel v. Innovative Operators, LLC* , No. 06-61673-CIV, 2008 WL 11331677, at *4 (S.D. Fla. July 2, 2008), aff'd, 347 F. App'x 449 (11th Cir. 2009) (unsigned contract non-hearsay).  LaSalle has foundation to testify about MO2's purchase of the MOVA assets from OL2.  The document is relevant to show OL2's sale fo the MOVA assets. |
| 1238 | 1167 | Lauder | REARDEN_MOVA019659 | Membership Interest and Asset Purchase and Sale Agreement between MO2, LLC as the buyer and OL2, Inc. as the seller | Perlman, LaSalle, Lauder | Y | | | |
| 1239 | | | REARDEN_MOVA019637 | MO2 LLC Articles of Organization | Perlman, Ievers, LaSalle | Y | | | |
| 1240 | | Wunderlich (Opening Report) | REARDEN_MOVA228346 | MOVA Agreement Gravity | Wunderlich, Perlman, LaSalle, Ievers | Y | | | |
| 1241 | | Wunderlich (Opening Report) | REARDEN_MOVA204507 | MOVA Agreement Jack the Giant Killer | Wunderlich, Perlman, LaSalle, Ievers | Y | | | |
| 1242 | 1270 | Fontaine | REARDEN_MOVA106413 | MOVA Agreement John Carter of Mars | Taritero, Perlman, LaSalle, Ievers, Wunderlich, Russell | Y | | | |
| 1243 | 1278 | Fontaine | REARDEN_MOVA201340 | MOVA Agreement Pirates of the Caribbean: On Stranger Tides | Taritero, Perlman, LaSalle, Ievers, Wunderlich, Russell | Y | | | |
| 1244 | 1002 | Perlman | REARDEN_MOVA036690 | Mova Agreement The Hulk | Perlman, LaSalle, Ievers, Wunderlich, Russell | Y | | | |
| 1245 | | Wunderlich (Opening Report) | REARDEN_MOVA228246 | MOVA Agreement Transformers / DSOTM | Wunderlich, Perlman, LaSalle, Ievers, | Y | | | |
| 1246 | 1279 | Fontaine | REARDEN_MOVA224452 | MOVA Agrement for Tron 2 | Taritero, Perlman, LaSalle, Ievers, Wunderlich, Russell | Y | | | |
| 1247 | | Wunderlich (Rebuttal Report) | DIS-REARDEN-0000044 | MOVA Bid Avengers: Age of Ultron | Wunderlich, Taritero | Y | | | |
| 1248 | 232 | LaSalle | | MOVA Bid BATB | Wunderlich, LaSalle | Y | | | |
| 1249 | LaSalle 231 | Wunderlich (Opening Report) | WD-DD3-CP0003419 | MOVA Bid BATB | Wunderlich, LaSalle | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1250 | | Wunderlich (Rebuttal Report) | REARDEN_MOVA168092 | MOVA Bid Harry Potter 7 | Wunderlich, Perlman, Ievers | Y | | | |
| 1251 | 1326 | Menache | WD-KP0000101 | Mova Data Cleaning User Guide | Lane, Menache, Hendler, LaSalle, Pearce, Cotter | N | A, F, H, 402 | Witnesses lack foundation. Offered for truth of matter. | This is a DD3 business record produced from Ken Pearce's files discussing how to clean and deliver the Mova tracked mesh. The document is also admissible as non-hearsay to show how people were instructed to clean the tracked mesh (whether or not the instructions are true), which is relevant to show Mova's limitations and other work required to use the Mova outputs. |
| 1252 | 1296 | Perlman | REARDEN_MOVA175256 | MOVA Job History spreadsheet | Perlman, LaSalle | Y | | | |
| 1253 | | Wunderlich (Rebuttal Report) | FOX-REARDEN-0002413 | MOVA Payment Deadpool | Wunderlich, Taritero | Y | | | |
| 1254 | | Wunderlich (Opening Report) | REARDEN_MOVA192340 | MOVA Purchase Order Green Lantern | Wunderlich, Perlman, Ievers | Y | | | |
| 1255 | | Wunderlich (Opening Report) | REARDEN_MOVA222373 | MOVA Purchase Order Green Lantern | Wunderlich, Perlman, Ievers | Y | | | |
| 1256 | | Wunderlich (Opening Report) | REARDEN_MOVA222377 | MOVA Purchase Order Green Lantern | Wunderlich, Perlman, Ievers | Y | | | |
| 1257 | | Wunderlich (Opening Report) | REARDEN_MOVA036831 | MOVA Purchase Order Snow White and the Huntsman | Wunderlich, Perlman, LaSalle, Ievers | Y | | | |
| 1258 | 93 | LaSalle | DIS-REARDEN-0004821 | Mova Rates 2016 | Wunderlich, LaSalle, Ievers | Y | | | |
| 1259 | | Wunderlich (Rebuttal Report) | REARDEN_MOVA036593 | MOVA Rates Harry Potter 7 | Wunderlich, Perlman, Ievers | N | A, F, H, 402 | Not used in deposition | This document is relevant because it shows that Plaintiffs charged just $12K/month for leaving the MOVA rig on set for Harry Potter, but Plaintiffs' actual damages expert, Ms. Ievers, assumes Plaintiffs would have charged $7.5K/day to leave the MOVA rig on set for *BATB* . The document is a statement by Plaintiffs, and is Plaintiffs' own business record under FRE 803(6), both of which can be established through Ms. Ievers if necessary. Ms. Ievers responded to this exact document in her rebuttal expert report without questioning its authenticity, or the statements contained within it. |
| 1260 | | Lane (Opening Report) | WD-DD3-GL0000024 | MOVA Shot Detail | Lane, Munro, Hendler, LaSalle | Y | | | |
| 1261 | | | REARDEN_MOVA011610 | Mova Source Code (as produced in 2019) | Lane, Menache, Perlman | N | 106, 402, 403 | Exhibited version is incomplete. | Because of sensitivities around source code, Defendant does not intend to introduce all of the source code for the Mova Contour program and assumes Plaintiffs would prefer that approach despite the FRE 106 objection. Instead, Defendant intends to introduce if necessary only the portion of the source code that is used to generate the copyright notice on certain output files, which was marked as Perlman Dep. Ex. 1302. However, if Rearden maintains its FRE 106 objection Defendant will introduce the entire source code as produced to Defendant in 2019, which was represented to be the complete code embodying registered copyrighted work. The source code is relevant to prove how the copyright notice is generated, to rebut Rearden's claim that the notice refers to the copyrighted work and that Defendant would have seen the notice. If the Court grants Defendant's Motion *In Limine* No. 7 to exclude the copyright notice Defendant will withdraw this exhibit. |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1262 | 1276 | Fontaine | REARDEN_MOVA127512 | MOVA Update June 14, 2010 | Fontaine, Pearce, LaSalle | Y | | | |
| 1263 | | | REARDEN_MOVA009704 | MOVA, LLC Statement of Information (May 2012) | Perlman, Ievers | Y | | | |
| 1264 | 1292 | Perlman | | Mova, LLC's Articles of Organization of a Limited Liability Company | Perlman, Ievers | Y | | | |
| 1265 | 1290 | Perlman | | MOVA, LLC's Articles of Organization of a Limited Libility Company | Perlman, Ievers | Y | | | |
| 1266 | | | REARDEN_MOVA019656 | Notice of Employer Identification Number for MO2, LLC | LaSalle | Y | | | |
| 1267 | 1266 | Fontaine | REARDEN_MOVA213263 | OnLive Organizational Chart | Perlman,LaSalle, Fontaine | Y | | | |
| 1268 | 1317 | Ievers | | Oscars.org, Academy of Motion Picture Arts and Sciences, The 87th Scientific & Technical Awards 2014-2015 | Perlman, Ievers | Y | | | |
| 1269 | | | REARDEN_MOVA011716 | Patent Assignment Cover Sheet for Assignment for assignment from MO2, LLC | Perlman, LaSalle, Lauder | Y | | | |
| 1270 | | | REARDEN_MOVA012171 | Patent Assignment Cover Sheet for Assignment from OL2, Inc. to MO2, LLC | Perlman, LaSalle, Lauder, Ievers, | Y | | | |
| 1271 | | | REARDEN_MOVA012494 | Patent Assignment from MO2, LLC t to Rearden MOVA, LLC | Perlman, LaSalle, Lauder | Y | | | |
| 1272 | | | REARDEN_MOVA019690 | Patent assignment from OL2, Inc. to MO2, LLC | Perlman, LaSalle, Lauder, Ievers, | Y | | | |
| 1273 | 1303 | Perlman | REARDEN_MOVA012494 | Patent assignment packet for the assignment of Patent No. 8194093 | Perlman, Ievers | Y | | | |
| 1274 | 1285 | Perlman | REARDEN_MOVA016889 | pCell Wireless Reinvented, An Introduction to pCell | Perlman, Van der Laan, Cotter, Ievers | Y | | | |
| 1275 | | | | Perlman Decl ISO Defs.' MSJ (3:15-cv-00797, Dkt. No. 35-1) | Perlman | Y | Objection withdrawn | | A sworn declaration by Plaintiff Rearden LLC's Chief Executive Officer is not hearsay; it is a statement of a party opponent.  FRE 801(d)(2); *Medical Sales & Consulting Group v. Plus Orthopedics USA, Inc.*, 2011 WL 1898600, *5 (S.D. Cal. May 19, 2011) ("any statements by [party's] President and CEO ... are admissions by a part opponent and not hearsay under Federal Rule of Evidence 801(d)(2)"). |
| 1276 | 1304 | Perlman | | Perlman Decl. ISO Defs.' Mot. for Relief from Magistrate Order (3:15-cv-00797, Dkt. No. 122-04) | Perlman | Y | Objection withdrawn | | A sworn declaration by Plaintiff Rearden LLC's Chief Executive Officer is not hearsay; it is a statement of a party opponent.  FRE 801(d)(2); *Medical Sales & Consulting Group v. Plus Orthopedics USA, Inc.*, 2011 WL 1898600, *5 (S.D. Cal. May 19, 2011) ("any statements by [party's] President and CEO ... are admissions by a part opponent and not hearsay under Federal Rule of Evidence 801(d)(2)"). |
| 1277 | 1252 | Cotter | REARDEN_MOVA005034 | Perlman Letter to Sci-Tech Council re: Appeal of Award | Perlman | Y | | | |
| 1278 | | Lane (Opening Report) | REARDEN_MOVA040924 | Photo of MOVA rig | Lane, Perlman | Y | | | |
| 1279 | | Lane (Opening Report) | REARDEN_MOVA193523 | Photo of MOVA rig | Lane, Perlman | Y | | | |
| 1280 | | Lane (Opening Report) | REARDEN_MOVA195913 | Photo of MOVA rig | Lane, Perlman | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1281 | | Wunderlich (Opening Report) | | Plaintiffs' Responses to RFA Nos. 1-9 | Wunderlich, Perlman, Ievers, Cotter, van der Laan | N | H, 402 | Discovery response documents are hearsay and not admissible; only the responses are admissible. | Plaintiffs' own discovery responses are not hearsay; they are statements of a party opponent.  FRE 801(d)(2); *McClaren Automotive Inc. v. Shaoo* , 2021 WL 4707001, at * 3 (C.D. Cal. June 1, 2021) ("Defendant's signed discovery responses are not hearsay.").  Plaintiffs' responses to RFA Nos. 1-9 are relevant to both liability and damages issues. |
| 1282 | | Wunderlich (Opening Report) | | Plaintiffs' Responses to RFA Nos. 10-12 | Wunderlich, Perlman, Ievers, Cotter, van der Laan | N | H, 402 | Discovery response documents are hearsay and not admissible; only the responses are admissible. | Plaintiffs' own discovery responses are not hearsay; they are statements of a party opponent.  FRE 801(d)(2); *McClaren Automotive Inc. v. Shaoo* , 2021 WL 4707001, at * 3 (C.D. Cal. June 1, 2021) ("Defendant's signed discovery responses are not hearsay.").  Plaintiffs' responses to RFA Nos. 10-12 are relevant to liability issues. |
| 1283 | | Wunderlich (Opening Report) | | Plaintiffs' Responses to RFA Nos. 13-14 | Wunderlich, Perlman, Ievers, Cotter, van der Laan | N | H, 402 | Discovery response documents are hearsay and not admissible; only the responses are admissible. | Plaintiffs' own discovery responses are not hearsay; they are statements of a party opponent.  FRE 801(d)(2); *McClaren Automotive Inc. v. Shaoo* , 2021 WL 4707001, at * 3 (C.D. Cal. June 1, 2021) ("Defendant's signed discovery responses are not hearsay.").  Plaintiffs' responses to RFA Nos. 13-14 are relevant to liability issues. |
| 1284 | 1269 | Fontaine | | Plaintiffs' Responses to ROG Nos. 1-2, 7-12 | Wunderlich, Perlman, Ievers, Cotter, van der Laan | N | H, 402 | Discovery response documents are hearsay and not admissible; only the responses are admissible. | Plaintiffs' own discovery responses are not hearsay; they are statements of a party opponent.  FRE 801(d)(2); *McClaren Automotive Inc. v. Shaoo* , 2021 WL 4707001, at * 3 (C.D. Cal. June 1, 2021) ("Defendant's signed discovery responses are not hearsay.").  Plaintiffs' responses to ROG Nos. 1-2, 7-12 are relevant to both liability and damages issues. |
| 1285 | | | | Plaintiffs' Responses to ROG Nos. 3-6 | Wunderlich, Perlman, Ievers, Cotter, van der Laan | N | H, 402 | Discovery response documents are hearsay and not admissible; only the responses are admissible. | Plaintiffs' own discovery responses are not hearsay; they are statements of a party opponent.  FRE 801(d)(2); *McClaren Automotive Inc. v. Shaoo* , 2021 WL 4707001, at * 3 (C.D. Cal. June 1, 2021) ("Defendant's signed discovery responses are not hearsay.").  Plaintiffs' responses to ROG Nos. 3-6 are relevant to both liability and damages issues. |
| 1286 | | Wunderlich (Opening Report) | | Plaintiffs' Responses to ROG No. 13 | Wunderlich, Perlman, Ievers, Cotter, van der Laan | N | H, 402 | Discovery response documents are hearsay and not admissible; only the responses are admissible. | Plaintiffs' own discovery responses are not hearsay; they are statements of a party opponent.  FRE 801(d)(2); *McClaren Automotive Inc. v. Shaoo* , 2021 WL 4707001, at * 3 (C.D. Cal. June 1, 2021) ("Defendant's signed discovery responses are not hearsay.").  Plaintiffs' response to ROG No. 13 is relevant to both liability and damages issues. |
| 1287 | | Menache | | Polar Express conductor | Menache, Lane | Y | | | |
| 1288 | 214 | Mayer | DIS-REARDEN-0015438 | Presentation Regarding OnLive | Perlman, Taritero | Y | | | |
| 1289 | | | | Rearden Inc. Statement of Information | Perlman, Ievers | Y | | | |
| 1290 | | | REARDEN_MOVA001662 | Rearden LLC Amended & Restated Operating Agreement | Perlman, Ievers | Y | | | |
| 1291 | | | REARDEN_MOVA023114 | Rearden LLC Statement of Information (April 2014) | Perlman, Ievers | Y | | | |
| 1292 | | | REARDEN_MOVA023115 | Rearden LLC Statement of Information (August 2014) | Perlman, Ievers | Y | | | |
| 1293 | 1004 | Ievers | REARDEN_MOVA001686 | Rearden LLC's Articles of Organization | Perlman, Ievers | Y | | | |
| 1294 | | | REARDEN_MOVA023117 | Rearden MOVA LLC Articles of Organization | Perlman, Ievers | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1295 | | | | Rearden MOVA LLC Statement of Information (April 2022) | Perlman, Ievers | Y | | | |
| 1296 | | | REARDEN_MOVA023119 | Rearden MOVA LLC Statement of Information (August 2014) | Perlman, Ievers | Y | | | |
| 1297 | | | REARDEN_MOVA023120 | Rearden MOVA LLC Statement of Information (February 2015) | | Y | | | |
| 1298 | | | | Rearden Sales, LLC Articles of Organization | Perlman, Ievers | Y | | | |
| 1299 | | | | Rearden Studios, Inc. Articles of Incorporation | Perlman, Ievers | Y | | | |
| 1300 | 1005 | Ievers | | Rearden Studios, LLC's Articles of Organization | Perlman, Ievers | Y | | | |
| 1301 | | | REARDEN-CONDON-0001027 | Review of BATB (Cinema Blend) | Kershaw | N | H, 402 | Subject to reciprocal agreement on authenticity and foundation. Offered for truth of matter | This is a published review of *BATB*. It is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez*, 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1302 | 1029 | Tinwell | | Review of BATB (Collider) | Tinwell; Kershaw | N | H, 402 | Subject to reciprocal agreement on authenticity and foundation. Offered for truth of matter | This is a published review of *BATB*. It is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez*, 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |

Case 4:17-cv-04006-JST Document 550-2 Filed 10/20/23 Page 37 of 55
Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1303 | 1028 | Tinwell | | Review of BATB (Kansas City Star) | Tinwell; Kershaw | N | H, 402 | Subject to reciprocal agreement on authenticity and foundation. Offered for truth of matter | This is a published review of *BATB*. It is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez*, 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1304 | | | REARDEN-CONDON-0001035 | Review of BATB (The Hollywood Reporter) | Kershaw | N | H, 402 | Subject to reciprocal agreement on authenticity and foundation. Offered for truth of matter | This is a published review of *BATB*. It is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez*, 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1305 | 1031 | Tinwell | | Review of BATB (The Playlist) | Tinwell; Kershaw | N | H, 402 | Subject to reciprocal agreement on authenticity and foundation. Offered for truth of matter | This is a published review of *BATB*. It is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez*, 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1306 | 1030 | Tinwell | | Review of BATB (TheFilmStage.com) | Tinwell; Kershaw | N | H, 402 | Subject to reciprocal agreement on authenticity and foundation. Offered for truth of matter | This is a published review of *BATB* . It is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez* , 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1307 | | | REARDEN-CONDON-0001042 | Review of BATB (Vulture) | Kershaw | N | H, 402 | Subject to reciprocal agreement on authenticity and foundation. Offered for truth of matter | This is a published review of *BATB* . It is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez* , 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1308 | 1033 | Tinwell | | Review of Tron 2 (Vulture) | Tinwell; | N | H, 402 | Subject to reciprocal agreement on authenticity and foundation. Offered for truth of matter | This is a published review of *BATB* . It is not hearsay because it is not being offered to prove the truth of any matter asserted therein; a critic's expression of opinion regarding a movie is not capable of being proven true or false and it is irrelevant whether the critic's statements are true or false. *See United States v. Fernandez* , 172 F. Supp. 2d 1265, 1275-76 (C.D. Cal. 2001) (statement that is not capable of being proven true or false, and that is relevant regardless of whether it is true or false, is not hearsay). The review is being offered to show what critics were saying and what audiences were hearing (i.e., effect on listener) about the movie, which is in turn relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1309 | | | | RS Air LLC Statement of Information | Perlman, Ievers | Y | | | |
| 1310 | | | | RS Air LLC Application for Registration | Perlman, Ievers | Y | | | |

Case 4:17-cv-04006-JST  Document 550-2  Filed 10/20/23  Page 39 of 55
Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1311 | 1017 | Tinwell | | Screenshot from Tinwell Ex. 1016 | Hendler, LaSalle, Tinwell, Lane | Y | | | |
| 1312 | 1323 | Menache | | Screenshot of the video clip in Ex. 1016 (Tinwell), at 38 seconds showing the tracked mesh | Lane, Menache, Tinwell, Hendler | Y | | | |
| 1313 | | | DE-DD3-0001224 | Shot versions of SMT0010 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1314 | | | DE-DD3-0001235 | Shot versions of SMT0020 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1315 | | | DE-DD3-0001241 | Shot versions of SMT0030 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1316 | | | DE-DD3-0001242 | Shot versions of SMT0040 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1317 | | | DE-DD3-0001248 | Shot versions of SMT0050 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1318 | | | DE-DD3-0001255 | Shot versions of SMT0060 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1319 | | | DE-DD3-0001260 | Shot versions of SMT0100 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1320 | | | DE-DD3-0001271 | Shot versions of SMT0110 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1321 | | | DE-DD3-0001272 | Shot versions of SMT0120 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1322 | | | DE-DD3-0001276 | Shot versions of SMT0137 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1323 | | | DE-DD3-0001277 | Shot versions of SMT0140 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1324 | | | DE-DD3-0001282 | Shot versions of SMT0150 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1325 | | | DE-DD3-0001283 | Shot versions of SMT0160 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1326 | | | DE-DD3-0001284 | Shot versions of SMT0170 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1327 | 1204 | Hendler | DE-DD3-0001297 | Shot versions of SMT0180 | Lane, Hendler | Y | | | |
| 1328 | | | DE-DD3-0001306 | Shot versions of SMT0190 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1329 | | | DE-DD3-0001308 | Shot versions of SMT0200 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1330 | | | DE-DD3-0001322 | Shot versions of SMT0210 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1331 | | | DE-DD3-0001323 | Shot versions of SMT0220 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1332 | | | DE-DD3-0001326 | Shot versions of SMT0230 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1333 | | | DE-DD3-0001327 | Shot versions of SMT0240 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1334 | | | DE-DD3-0001331 | Shot versions of SMT0250 | Lane, Hendler; Munro, Gayle | Y | | | |

Case 4:17-cv-04006-JST  Document 550-2  Filed 10/20/23  Page 40 of 55
Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1335 | | | DE-DD3-0001337 | Shot versions of SMT0260 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1336 | | | DE-DD3-0001340 | Shot versions of SMT0270 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1337 | | | DE-DD3-0001341 | Shot versions of SMT0280 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1338 | | | DE-DD3-0001342 | Shot versions of SMT0290 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1339 | | | DE-DD3-0001346 | Shot versions of SMT0300 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1340 | | | DE-DD3-0001351 | Shot versions of SMT0310 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1341 | | | DE-DD3-0001354 | Shot versions of SMT0320 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1342 | | | DE-DD3-0001362 | Shot versions of SMT0330 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1343 | | | DE-DD3-0001366 | Shot versions of SMT0340 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1344 | | | DE-DD3-0001369 | Shot versions of SMT0350 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1345 | | | DE-DD3-0001373 | Shot versions of SMT0360 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1346 | | | DE-DD3-0001377 | Shot versions of SMT0370 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1347 | | | DE-DD3-0001383 | Shot versions of SMT0380 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1348 | | | DE-DD3-0001387 | Shot versions of SMT0405 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1349 | | | DE-DD3-0001391 | Shot versions of SMT0410 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1350 | | | DE-DD3-0001395 | Shot versions of SMT0415 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1351 | | | DE-DD3-0001397 | Shot versions of SMT0418 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1352 | | | DE-DD3-0001404 | Shot versions of SMT0425 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1353 | | | DE-DD3-0001405 | Shot versions of SMT0430 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1354 | | | DE-DD3-0001411 | Shot versions of SMT0433 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1355 | | | DE-DD3-0001412 | Shot versions of SMT0435 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1356 | | | DE-DD3-0001415 | Shot versions of SMT0437 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1357 | | | DE-DD3-0001417 | Shot versions of SMT0450 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1358 | | | DE-DD3-0001422 | Shot versions of SMT0455 | Lane, Hendler; Munro, Gayle | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.

4:17-cv-04006-JST

2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1359 | | | DE-DD3-0001425 | Shot versions of SMT0460 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1360 | | | DE-DD3-0001431 | Shot versions of SMT0463 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1361 | | | DE-DD3-0001433 | Shot versions of SMT0466 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1362 | | | DE-DD3-0001438 | Shot versions of SMT0467 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1363 | | | DE-DD3-0001440 | Shot versions of SMT0470 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1364 | | | DE-DD3-0001445 | Shot versions of SMT0473 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1365 | | | DE-DD3-0001446 | Shot versions of SMT0475 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1366 | | | DE-DD3-0001453 | Shot versions of SMT0480 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1367 | | | DE-DD3-0001459 | Shot versions of SMT0483 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1368 | | | DE-DD3-0001463 | Shot versions of SMT0485 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1369 | | | DE-DD3-0001470 | Shot versions of SMT0487 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1370 | | | DE-DD3-0001475 | Shot versions of SMT0490 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1371 | | | DE-DD3-0001477 | Shot versions of SMT0500 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1372 | | | DE-DD3-0001478 | Shot versions of SMT0510 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1373 | | | DE-DD3-0001482 | Shot versions of SMT0520 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1374 | | | DE-DD3-0001483 | Shot versions of SMT0530 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1375 | | | DE-DD3-0001484 | Shot versions of SMT0540 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1376 | | | DE-DD3-0001490 | Shot versions of SMT0560 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1377 | | | DE-DD3-0001495 | Shot versions of SMT0570 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1378 | | | DE-DD3-0001501 | Shot versions of SMT0680 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1379 | 1331 | Menache | | Shot versions of SMT410_v10 | Lane, Hendler, Menache | Y | | | |
| 1380 | 1332 | Menache | | Shot versions of SMT410_v14 | Lane, Hendler, Menache | Y | | | |
| 1381 | 1187 | Hendler | DE-DD3-0001506 | Shot versions of SMT7010 | Lane, Hendler | Y | | | |
| 1382 | 1188 | Hendler | DE-DD3-0001511 | Shot versions of SMT7015 | Lane, Hendler | Y | | | |
| 1383 | 1189 | Hendler | DE-DD3-0001517 | Shot versions of SMT7020 | Lane, Hendler | Y | | | |
| 1384 | 1190 | Hendler | DE-DD3-0001520 | Shot versions of SMT7030 | Lane, Hendler | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1385 | 1191 | Hendler | DE-DD3-0001524 | Shot versions of SMT7035 | Lane, Hendler | Y | | | |
| 1386 | 1192 | Hendler | DE-DD3-0001529 | Shot versions of SMT7040 | Lane, Hendler | Y | | | |
| 1387 | 1193 | Hendler | DE-DD3-0001533 | Shot versions of SMT7045 | Lane, Hendler | Y | | | |
| 1388 | 1194 | Hendler | DE-DD3-0001538 | Shot versions of SMT7050 | Lane, Hendler | Y | | | |
| 1389 | 1195 | Hendler | DE-DD3-0001542 | Shot versions of SMT7060 | Lane, Hendler | Y | | | |
| 1390 | 1196 | Hendler | DE-DD3-0001545 | Shot versions of SMT7065 | Lane, Hendler | Y | | | |
| 1391 | 1197 | Hendler | DE-DD3-0001550 | Shot versions of SMT7068 | Lane, Hendler | Y | | | |
| 1392 | 1198 | Hendler | DE-DD3-0001553 | Shot versions of SMT7070 | Lane, Hendler | Y | | | |
| 1393 | 1199 | Hendler | DE-DD3-0001556 | Shot versions of SMT7073 | Lane, Hendler | Y | | | |
| 1394 | 1200 | Hendler | DE-DD3-0001559 | Shot versions of SMT7075 | Lane, Hendler | Y | | | |
| 1395 | 1201 | Hendler | DE-DD3-0001562 | Shot versions of SMT7078 | Lane, Hendler | Y | | | |
| 1396 | 1202 | Hendler | DE-DD3-0001566 | Shot versions of SMT7085 | Lane, Hendler | Y | | | |
| 1397 | 1203 | Hendler | DE-DD3-0001573 | Shot versions of SMT7090 | Lane, Hendler | Y | | | |
| 1398 | | | DE-DD3-0001574 | Shot versions of SMT9999 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1399 | | | DE-DD3-0001575 | Shot versions of SPD0010 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1400 | | | DE-DD3-0001580 | Shot versions of SPD0020 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1401 | | | DE-DD3-0001586 | Shot versions of SPD0030 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1402 | | | DE-DD3-0001592 | Shot versions of SPD0160 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1403 | | | DE-DD3-0001598 | Shot versions of SPD0170 | Lane, Hendler; Munro, Gayle | Y | | | |
| 1404 | 1216 | Hendler | DE-DD3-0001603 | Shot versions of SPD0190 | Lane, Hendler | Y | | | |
| 1405 | 1217 | Hendler | DE-DD3-0001613 | Shot versions of SPD0210 | Lane, Hendler | Y | | | |
| 1406 | 1218 | Hendler | DE-DD3-0001619 | Shot versions of SPD0230 | Lane, Hendler | Y | | | |
| 1407 | 1219 | Hendler | DE-DD3-0001626 | Shot versions of SPD0250 | Lane, Hendler | Y | | | |
| 1408 | 1220 | Hendler | DE-DD3-0001638 | Shot versions of SPD0270 | Lane, Hendler | Y | | | |
| 1409 | 1214 | Hendler | DE-DD3-0001643 | Shot versions of SPD0290 | Lane, Hendler | Y | | | |
| 1410 | | Hendler | | SHST Motion to Modify Preliminary Injunction | Hendler, LaSalle | N | H, 402, 403 | Motion is not admissible. | DD3's motion to modify the preliminary injunction in the SHST litigation is not being offered for the truth of any statement asserted therein; it is being offered to establish that as of June 27, 2016, DD3 was contesting the preliminary injunction.  It is relevant to liability.  Consistent with Defendant's MIL No. 1, Defendant respectfully requests permission of the Court to modify this exhibit by redacting any information that identifies this Court. |
| 1411 | 280 | Munro | DE-DD3-0000544 | Spreadsheet AllBeastTasks | Lane, Hendler, Munro | Y | | | |
| 1412 | 1272 | Fontaine | REARDEN_MOVA049848 | Spreadsheet labeled "Mova_Financials_Apr_&_May11.xlsx" | Perlman, Ievers, Fontaine | N | 106, H | Omits cover email and one of the attachments. Offered for truth of matter. | This spreadsheet was a standalone deposition exhibit.  There is no reason to include the cover email or other attachment, but Defendant has no opposition to doing so.  The document is a statement by Plaintiffs, and Plaintiffs' own business record, both of which can be established through Mr. Perlman or Ms. Ievers if necessary. |
| 1413 | 275 | Munro | DE-DD3-0000536 | Spreadsheet reflecting data exported from DD3 Shotgaun database for Non-MOVA tasks | Munro, Hendler, Lane | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1414 | 276 | Munro | DE-DD3-0000537 | Spreadsheet reflecting data exported from DD3 Shotgun database for MOVA-related tasks | Munro, Hendler, Lane | Y | | | |
| 1415 | | Wunderlich (Rebuttal Report) | DIS-REARDEN-0034993 | Spreadsheet titled, "Beauty & The Beast - Consumer Products" | Wunderlich, Taritero, Eggebrecht | Y | | | |
| 1416 | | Menache (Rebuttal Report) | REARDEN-LANE0000040 | Spreadsheet: All Beast Shot Durations | Lane, Munro, Menache | Y | | | |
| 1417 | | Menache (Rebuttal Report) | REARDEN-LANE0000010 | Spreadsheet: Beast Shot Durations | Lane, Munro, Hendler | Y | | | |
| 1418 | | | | Statement of Information for Original MO2, LLC | Perlman, Ievers | Y | | | |
| 1419 | | | | Statement of No Change for Original MO2, LLC | Perlman, Ievers | Y | | | |
| 1420 | | Russell (Opening Report) | REARDEN_MOVA202479 | Template MOVA Agreement | Russell, Perlman, Ievers, | Y | | | |
| 1421 | | Kershaw (Opening Report) | | The Late Late Show with James Corden, Crosswalk the Musical: Beauty and the Beast | Kershaw | Y | | | |
| 1422 | | Kershaw (Opening Report) | | The Tonight Show Starring Jimmy Fallon, Josh Gad's Beauty and the Beast Horse Almost Ran Over Hermione | Kershaw | Y | | | |
| 1423 | 1178 | LaSalle | | The Walt Disney Company, Fiscal Year 2014 Annual Financial Report and Shareholder Letter | LaSalle | Y | | | |
| 1424 | | Wunderlich (Opening Report) | | The Walt Disney Company, Fiscal Year 2022 Annual Financial Report | Wunderlich, Taritero | Y | | | |
| 1425 | | Fier (Rebuttal Report) | DIS-REARDEN-0034992 | The Walt Disney Studios Review of Net Realizable Value (One Sheet) For Fiscal Year 2023 Q1 Close | Wunderlich, Taritero, Eggebrecht | Y | | | |
| 1426 | | Kershaw (Opening Report) | | The EllenShow, Emma Watson Talks 'Beauty and the Beast' and Her First Movie Premiere | Kershaw | Y | | | |
| 1427 | | Wunderlich (Rebuttal Report) | REARDEN-FEINSILBER-0010853 | Travel costs for BATB MOVA | Wunderlich, Taritero, Ievers | Y | | | |
| 1428 | | | DIS-REARDEN-0000306 | U.S. TV Spot "About a Girl" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1429 | | | DIS-REARDEN-0000283 | U.S. TV Spot "Bachelor Promo" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1430 | | | DIS-REARDEN-0000316 | U.S. TV Spot "Ballroom Review 30" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1431 | | | DIS-REARDEN-0000290 | U.S. TV Spot "Ballroom Review" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1432 | | | DIS-REARDEN-0000295 | U.S. TV Spot "Be Our Guest Review" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1433 | | | DIS-REARDEN-0000301 | U.S. TV Spot "Belle" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1434 | | | DIS-REARDEN-0000325 | U.S. TV Spot "Charming Beast Kids" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1435 | | | DIS-REARDEN-0000298 | U.S. TV Spot "Cheer #1" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1436 | | | DIS-REARDEN-0000302 | U.S. TV Spot "Curse" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1437 | | | DIS-REARDEN-0000299 | U.S. TV Spot "Dinner" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1438 | | | DIS-REARDEN-0000287 | U.S. TV Spot "Discovery" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1439 | | | DIS-REARDEN-0000292 | U.S. TV Spot "Discovery" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1440 | | | DIS-REARDEN-0000294 | U.S. TV Spot "Discovery" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1441 | | | DIS-REARDEN-0000310 | U.S. TV Spot "Every Moment" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1442 | | | DIS-REARDEN-0000284 | U.S. TV Spot "Fearless" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1443 | | | DIS-REARDEN-0000327 | U.S. TV Spot "Fearless" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1444 | | | DIS-REARDEN-0000318 | U.S. TV Spot "Guest Review Kids" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1445 | | | DIS-REARDEN-0000314 | U.S. TV Spot "Guest Review" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1446 | | | DIS-REARDEN-0000289 | U.S. TV Spot "Hello Review" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1447 | | | DIS-REARDEN-0000300 | U.S. TV Spot "Hello" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1448 | | | DIS-REARDEN-0000308 | U.S. TV Spot "Hope Fri." | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1449 | | | DIS-REARDEN-0000307 | U.S. TV Spot "Hope" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*.  There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1450 | | | DIS-REARDEN-0000315 | U.S. TV Spot "Invite Review Kids" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*.  There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1451 | | | DIS-REARDEN-0000288 | U.S. TV Spot "Invited Review" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*.  There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1452 | | | DIS-REARDEN-0000319 | U.S. TV Spot "Magnificent Review 30H" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*.  There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1453 | | | DIS-REARDEN-0000296 | U.S. TV Spot "Magnificent Review" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1454 | | | DIS-REARDEN-0000309 | U.S. TV Spot "Not Afraid Rev." | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1455 | | | DIS-REARDEN-0000317 | U.S. TV Spot "Not Afraid Rev." | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1456 | | | DIS-REARDEN-0000305 | U.S. TV Spot "Not Afraid" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1457 | | | DIS-REARDEN-0000320 | U.S. TV Spot "Portrait" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1458 | | | DIS-REARDEN-0000312 | U.S. TV Spot "Prepare" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1459 | | | DIS-REARDEN-0000304 | U.S. TV Spot "Secrets" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |
| 1460 | | | DIS-REARDEN-0000313 | U.S. TV Spot "Sing" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*. There is no genuine dispute about authenticity or foundation. Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial. The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie. The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden. 17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1461 | | | DIS-REARDEN-0000322 | U.S. TV Spot "Tale Kids | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB* . There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1462 | | | DIS-REARDEN-0000321 | U.S. TV Spot "Tale" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB* . There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1463 | | | DIS-REARDEN-0000285 | U.S. TV Spot "Tale" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB* . There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1464 | | | DIS-REARDEN-0000303 | U.S. TV Spot "Tale" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB* . There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1465 | | | DIS-REARDEN-0000297 | U.S. TV Spot "Time is Up Review" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB* . There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1466 | | | DIS-REARDEN-0000311 | U.S. TV Spot "Time Is Up" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB* . There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1467 | | | DIS-REARDEN-0000286 | U.S. TV Spot "Uncover The Mystery" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB* . There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1468 | | | DIS-REARDEN-0000324 | U.S. TV Spot "Welcome Belle Kids" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB* . There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |

Rearden LLC et al. v Walt Disney Pictures et al.
**4:17-cv-04006-JST**
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1469 | | | DIS-REARDEN-0000291 | U.S. TV Spot "Wonderful" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*.  There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1470 | | | DIS-REARDEN-0000293 | U.S. TV Spot "Wonderful" | Kershaw, Taritero, Stankevich | N | A, F, 402 | No foundation that these ads were ever run. | This is a T.V. commercial for *BATB*.  There is no genuine dispute about authenticity or foundation.  Nevertheless, to eliminate any issue, Defendant represented to Plaintiffs at an October 13, 2023 meet and confer that it would provide a declaration authenticating and laying a foundation in advance of trial.  The marketing of *BATB* is relevant to apportionment to show that factors other than the alleged infringement drove audience interest in, and thus profits from, the 2017 live-action movie.  The portion of profits attributable to factors other than the alleged infringement is an element of damages on which Defendant bears the burden.  17 U.S.C. § 504(b). |
| 1471 | | Lane (Opening Report) | REARDEN-FEINSILBER-0009965 | Updated MOVA schedule spreadsheet | Lane, Taritero, Steele | Y | | | |
| 1472 | 1170 | LaSalle | REARDEN-FEINSILBER-0007766 | VFX Agreement BATB (Chip) | Taritero, LaSalle, Hendler, Wunderlich, Russell | Y | | | |
| 1473 | | Hendler | DIS-REARDEN-0000104 | VFX Agreement BATB (Extinction) | Hendler, Taritero | Y | | | |
| 1474 | | Wunderlich (Rebuttal Report) | FOX-REARDEN-0000003 | VFX Agreement Fantastic Four | Wunderlich, Taritero, Wunderlich | Y | | | |
| 1475 | | Wunderlich (Opening Report) | REARDEN_MOVA203242 | VFX Agreement Fiona's Tale | Wunderlich, Perlman, LaSalle, Ievers | Y | | | |
| 1476 | | Wunderlich (Rebuttal Report) | DIS-REARDEN-0000019 | VFX Agreement Guardians of the Galaxy | Wunderlich, Taritero | Y | | | |
| 1477 | | Wunderlich (Rebuttal Report) | REARDEN_MOVA036569 | VFX Agreement Harry Potter 7 | Wunderlich, Perlman, Ievers, LaSalle | Y | | | |
| 1478 | 263 | Taritero | DIS-REARDEN-0028382 | VFX Agreement John Carter of Mars | Wunderlich, Taritero | Y | | | |
| 1479 | 265 | Taritero | DIS-REARDEN-0028353 | VFX Agreement Marvel's The Avengers | Taritero | Y | | | |
| 1480 | | Wunderlich (Opening Report) | DIS-REARDEN-0028299 | VFX Agreement On Stranger Tides | Wunderlich, Taritero | Y | | | |
| 1481 | | Wunderlich (Opening Report) | REARDEN_MOVA036542 | VFX Agreement Percy Jackson | Wunderlich, Taritero, Perlman, Ievers, Wunderlich | Y | | | |
| 1482 | | Wunderlich (Rebuttal Report) | SKY-REARDEN-0000001 | VFX Agreement Terminator Genysys | Wunderlich | Y | | | |

Rearden LLC et al. v Walt Disney Pictures et al.
4:17-cv-04006-JST
2023-10-20 Defendant's Exhibit List, Plaintiffs' Objections, and Defendants' Position Statements

| TRIAL EXHIBIT NO. | DEPO EXHIBIT NO. | DEPOSITION TRANSCRIPT | EXHIBIT BATES NO. OR IDENTIFICATION | DESCRIPTION | SPONSORING WITNESS | STIPULATED ADMISSIBILITY* (Y/N) | OBJECTION CODE | BASIS FOR OBJECTION | POSITION OF OFFERING PARTY |
|---|---|---|---|---|---|---|---|---|---|
| 1483 | | Wunderlich (Opening Report) | DIS-REARDEN-0028289 | VFX Agreement The Avengers | Wunderlich, Taritero, Perlman, LaSalle, Ievers, Wunderlich, Russell | Y | | | |
| 1484 | | Wunderlich (Opening Report) | DIS-REARDEN-0033043 | VFX Agreement Tron 2 | Wunderlich, Taritero | Y | | | |
| 1485 | 1251 | Cotter | | Video of MOVA SciTech Academy Award | Perlman, LaSalle | Y | | | |
| 1486 | | Kershaw (Opening Report) | | Walt Disney Studios, Beauty and the Beast - US Official Final Trailer | Kershaw, Stankevich | Y | | | |
| 1487 | | Kershaw (Opening Report) | | Walt Disney Studios, Beauty and the Beast Official US Teaser Trailer | Kershaw, Stankevich | Y | | | |
| 1488 | | Kershaw (Opening Report) | | Walt Disney Studios, Beauty and the Beast US Official Trailer | Kershaw, Stankevich | Y | | | |
| 1489 | | Kershaw (Surrebuttal Report) | | Walt Disney Studios, Disney's Beauty and the Beast - Golden Globes TV Spot | Kershaw, Stankevich | Y | | | |
| 1490 | 289 | Watson | DIS-REARDEN-0022932 | Watson acting services agreement | Wunderlich, Taritero | Y | | | |
| 1491 | | Wunderlich (Opening Report) | DIS-REARDEN-0034989 | Participation Statement (through 9/30/2022) | Wunderlich, Taritero, Eggebrecht | Y | | | |
| 1492 | | | | Still Image of Mova Rig | Perlman, Lane, LaSalle | Y | | | |

*Rearden's willingness to stipulate to admissibility is limited to admissibility with the sponsoring witness(es) identified and not for all purposes.  Rearden reserves all objections to the use of any exhibit with a witness not identified by Defendant as the "sponsoring witness" for a particular exhibit.