UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>    Defendants. | Case No. 17-cv-04006-JST<br><br>**TENTATIVE RULINGS RE: MOTIONS IN LIMINE** |

The Court offers the following tentative rulings regarding the parties' motions in limine in advance of the pretrial conference scheduled for October 27, 2023:

Defendants' Motion in Limine No. 1

The motion is denied. Portions of, or quotations from, the statement of decision and preliminary injunction are admissible. The fact of the Ninth Circuit's affirmance is admissible. "That [Rearden] pursued a successful litigation against [SHST and VGH] to force [them] to return the [MOVA Assets] to [Rearden] has some tendency to make it more likely" that Rearden owns those assets. *United States v. Boulware*, 384 F.3d 794, 805 (9th Cir. 2004).

However, the Court has concerns about admitting any of the foregoing documents in their entirety, which would potentially be confusing or distracting to the jury. The Court invites the parties to propose a stipulation or jury instruction, containing only the relevant facts, that could be read to the jury.

Defendants' Motion in Limine No. 2

The motion is denied. Jon Chow has material, non-privileged evidence regarding when Disney learned of the preliminary injunction issued by this Court in the *SHST* litigation. The Court will conduct a Rule of Evidence 402 hearing outside the presence of the jury to determine

1   the contours of Mr. Chow's testimony and deal in advance with any privilege concerns.

2   <u>Defendants' Motion in Limine No. 3</u>

3   This motion is granted as unopposed.

4   <u>Defendants' Motion in Limine No. 4</u>

5   The motion is denied. The Court understands that, if asked, Mr. Perlman will testify truthfully that no documents exist reflecting his "standing instructions" to counsel. If that understanding is incorrect, Rearden's counsel shall inform the Court at the pretrial conference. On that record, there is no Rule 37 issue.

9   <u>Defendants' Motion in Limine No. 5</u>

10  The motion is granted. The indemnification agreement, or the fact of that agreement, will be excluded because the risk of confusion or unfair prejudice outweighs any probative value.

12  <u>Defendants' Motion in Limine No. 6</u>

13  The motion is denied. The questions asked of Mr. Perlman are not hearsay because the fact the statements were made has independent significance. The conversations are relevant in light of expert witness Robin Russel's testimony that it is not entertainment industry practice to conduct due diligence regarding the ownership of intellectual property.

17  <u>Defendants' Motion in Limine No. 7</u>

18  The Court will hear argument from counsel regarding this motion. There is no tentative ruling.

20  <u>Plaintiff's Motion in Limine No. 1</u>

21  The motion is denied. No expert report was required pursuant to Rule 26(a)(2)(B) and Disney's expert disclosure was adequate. Mr. Hendler has sufficient knowledge of MOVA to testify about its operation to the jury; Rearden can explore any deficits in that knowledge on cross-examination. Mr. Hendler's professional experience gives him the ability to compare images beyond that of an ordinary lay juror.

26  / / /

27  / / /

28  / / /

At the pretrial conference, the Court will hear argument from any party wishing to challenge any of the Court's tentative rulings. Such argument shall be exceedingly brief.

**IT IS SO ORDERED.**

Dated: October 24, 2023



JON S. TIGAR
United States District Judge

3