Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
Jerrod C. Patterson (*pro hac vice*)
Garth Wojtanowicz, CBA No. 246510
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com
jerrodp@hbsslaw.com
garthw@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiffs REARDEN LLC and REARDEN MOVA LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY PICTURES, a California corporation,<br><br>Defendant. | Case No.     4:17-cv-04006-JST<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 7**<br><br>Judge:     Honorable Jon S. Tigar |

1   Pursuant to leave of Court granted at the Final Pretrial Conference, Plaintiffs Rearden LLC and Rearden Mova LLC ("Rearden) submit this response in opposition to Defendants' Motion *in Limine* No. 7 (Dkt. 494), seeking to strike all evidence of the copyright owner's copyright notice in a copyright infringement case as irrelevant.

Defendants incorrectly frame the issue as "whether copyright notices on output files are legally sufficient to provide notice of Rearden's copyright." The notice's legal sufficiency is not at issue here, but rather its <u>relevance</u>. The output files include code that displays Rearden's copyright notice on the first screen *before* output files are replayed. Thus, the issue is whether that evidence is *relevant* to prove that Rearden intended to give notice that it owned the copyright in the MOVA program and that SHST/VGH do not own the copyright as Disney contends.

The fact that distinguishes this case from most other copyright notice cases is that *copies* of the MOVA program are not publicly distributed or sold to third parties, whether on physical media or online download. Nor, for obvious reasons, are copies of its source code distributed on physical media. Third parties *did* receive output files, as Rearden's witnesses will testify at trial. To give notice of its MOVA copyright to third parties, as it has the right to do under the Copyright Act, Rearden's only option is to place the MOVA program's notice on the first screen that displays to third parties *before* output files are replayed, and its witnesses will testify that was its intent.

17 U.S.C. § 401 states that notice may be placed "on *publicly distributed copies* from which the work can be visually perceived…." It provides that "[t]he notice shall be affixed to the copies in such manner and location as to give reasonable notice of the claim of copyright." Thus, while Rearden cited Section 401 because it provides some general guidance (that notice shall be affixed in such a manner to give reasonable notice of the claim of copyright), it does not address the specific issue here, where the work itself is *not* "publicly distributed [on] copies." Section 401 further provides that the Copyright Office shall provide specific methods of affixation and positions of the notice on various types of works, but expressly states that "*these specifications shall not be considered exhaustive*." So the Court has latitude to find a copyright notice relevant under the circumstances of particular cases even though it may not comply with the literal specifications provided in Section 401 and the regulations for publicly distributed *copies* of the work.

PLAINTIFFS' RESPONSE RE MIL NO. 7 - 1
Case No. 17-CV-04006

1    Rearden also cited the Copyright Office's regulations, which provide specific methods of
2    affixation and positions of notice for machine readable works, like the MOVA program, which may
3    be displayed "at the user's terminal at sign on" or "continuously on terminal display." 37 C.F.R. §
4    202.2(c)(7)(ii) and (iii). Rearden cited these regulations because they expressly authorize placing
5    MOVA's copyright notice on the terminal's display, where Rearden's notice appears. Disney argues
6    that the notice is not displayed on "the *user's* terminal" because the "user" is the operator of the
7    MOVA system. But notice on "the user's terminal" would serve no purpose here because the only
8    authorized users are Rearden personnel who operate the system. In the unique facts here, the only
9    way to give notice to third parties is to place it where third parties may see it: on the first screen of
10   output files *before* the output file is played. And since the Copyright Office's "specifications shall
11   not be considered exhaustive" (17 U.S.C. § 401), Rearden's notice is *at least relevant* to its claim
12   that it intended to give notice of its copyright.

13   *Broderbund Software, Inc. v. Unison World, Inc.*, 648 F.Supp. 1127 (N.D. Cal. 1986) is
14   squarely on point. Broderbund placed a copyright notice "on the initial, or 'boot up,' screen" of its
15   PrintShop program. *Id.,* at 1135. Unison conceded that this was sufficient to provide notice of
16   copyright in "the literal aspects of the program," *i.e.*, the underlying copyrighted code just as
17   Rearden contends here. *Id*. Broderbund claimed that its notice also included the audiovisual aspects
18   of the program that displayed *after* the copyright notice when the PrintShop application was running
19   (but Rearden does not contend that the notice applied to the output works here). Unison argued that
20   the notice was deficient because the audiovisual aspects of the program that appeared on the screen
21   when the program was running—*after* the notice was displayed—were *not covered by the copyright.*
22   Disney makes the same argument here, that the notice is deficient because it does not cover the
23   output files that play *after* the copyright notice. But the Court held that Broderbund's notice was not
24   deficient because "the copyright holder claim[ed] protection for as much of the work as was
25   allowable under the copyright laws." *Id*. Contrary to Disney's argument, the notice does not imply
26   that any non-protectable elements that appear *after* the notice are covered by the copyright.

27   Rearden's position is not "belied" by the fact that it also put notice in its MOVA source code.
28   If some person obtained unauthorized access to Rearden's source code and used it—just as Mr.

PLAINTIFFS' RESPONSE RE MIL NO. 7 - 2
Case No. 17-CV-04006

LaSalle did here—the source code provides *supplementary* notice on any copies that may be made of that code. But the thief knows she or he does not own the copyright. So it is necessary to provide some notice that might reach others when the MOVA program is used. In that event, displaying the copyright notice on the first screen that displays *before* output files are replayed is Rearden's only means of providing notice of its copyright in the MOVA program.

Nor is Rearden "belied" by including the date the output file was generated in the copyright notice displayed before output files are played. Roger van der Laan programmed that code, and will testify at trial that he installed that function when he first wrote the code in the early 2000s. Steve Perlman will testify at trial that the purpose was to give notice of copyright in the most recent version of the MOVA program's code. If Disney chooses to argue their testimony is "belied" at trial, that is a matter for the jury to decide on the evidence. The Court should not judge their credibility here.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401. Rearden offers its copyright notice as evidence that it intended to give notice of its copyright in the MOVA program. Inherent in "notice" is that the recipient may not otherwise know of the noticed copyright. Rearden gave notice of its copyright in the only possible way that might inform one who did not already know that Rearden owned the MOVA program's copyright—on the terminal's screen *before* output files are displayed. And Rearden offers its copyright notice to rebut Disney claims that SHST/VGH purchased the MOVA program in 2013. It is relevant because if SHST/VGH did purchase the MOVA program, they would have changed the notice to state the copyright was theirs, as would any other legitimate purchaser of the assets of a software developer.

That Rearden's notice does not fit perfectly within the examples provided for "publicly distributed copies" of a protected work in 17 U.S.C. § 401 or the Copyright Office's regulations does not make it *irrelevant* because those examples "shall not be considered exhaustive." It affixed its MOVA program copyright notice in "such manner and location as to give reasonable notice of the claim of copyright." It is clearly relevant to Rearden's intent to give notice and its ownership of the copyright. Rearden respectfully requests that the Court deny defendants' Motion *in Limine* No. 7.

PLAINTIFFS' RESPONSE RE MIL NO. 7 - 3
Case No. 17-CV-04006

| | | |
|---|---|---|
| 1 | DATED:  October 31, 2023 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | | By:   */s/ Mark S. Carlson* |
| | | MARK S. CARLSON |
| | | Steve W. Berman (*pro hac vice*) |
| | | Jerrod C. Patterson (*pro hac vice*) |
| | | Garth Wojtanowicz, CBA No. 246510 |
| | | 1301 Second Avenue, Suite 2000 |
| | | Seattle, WA 98101 |
| | | Telephone: (206) 623-7292 |
| | | Facsimile:  (206) 623-0594 |
| | | steve@hbsslaw.com |
| | | markc@hbsslaw.com |
| | | jerrodp@hbsslaw.com |
| | | garthw@hbsslaw.com |
| | | |
| | | Rio S. Pierce, CBA No. 298297 |
| | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | | 715 Hearst Avenue, Suite 300 |
| | | Berkeley, CA 94710 |
| | | Telephone: (510) 725-3000 |
| | | Facsimile: (510) 725-3001 |
| | | riop@hbsslaw.com |
| | | |
| | | *Attorneys for Plaintiffs* |

PLAINTIFFS' RESPONSE RE MIL NO. 7  - 4
Case No. 17-CV-04006