KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
STEPHANIE G. HERRERA (SBN 313887)
stephanie.herrera@mto.com
SHANNON AMINIRAD (SBN 324780)
shannon.aminirad@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
ANNE K. CONLEY (SBN 307952)
anne.conley@mto.com
ROWLEY J. RICE (SBN 313737)
rowley.rice@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WALT DISNEY PICTURES, a California corporation,<br><br>        Defendant. | Case No. 4:17-cv-04006-JST-SK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL ON DISGORGEMENT OF PROFITS**<br><br>Judge:   Hon. Jon S. Tigar<br>Ctrm.:   6 (2nd Floor) |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO STRIKE JURY DEMAND ON
DISGORGEMENT OF PROFITS ...................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.      INTRODUCTION...................................................................................................................1

II.     LEGAL STANDARD ...........................................................................................................2

III.    THERE IS NO STATUTORY OR CONSTITUTIONAL RIGHT TO A JURY
        TRIAL ON DISGORGEMENT OF DEFENDANT'S PROFITS ........................................3

        A.      Section 504(b) Of The Copyright Act Does Not Authorize A Jury Trial On
                Disgorgement Of Defendant's Profits.......................................................................3

                1.      Nothing In The Text Or Structure Of The Statute Demonstrates
                        Congress's Intent To Provide A Jury Trial Right For The Inherently
                        Equitable Remedy Of Disgorgement ............................................................3

                2.      The District Court Cases That Have Reached The Opposite
                        Conclusion Are Not Persuasive.....................................................................5

        B.      There Is No Seventh Amendment Right To A Jury Trial On Disgorgement
                Of Defendant's Profits ..............................................................................................7

IV.     CONCLUSION ...................................................................................................................10

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**FEDERAL CASES**

4

*Adams v. Cyprus Amax Mins. Co.*,
   149 F.3d 1156 (10th Cir. 1998)..................................................................................3

5

*Assessment Techs. Inst., LLC v. Parkes*,
   No. 19-2514-JAR, 2022 WL 588889 (D. Kan. Feb. 25, 2022)..................................2, 4

6

*Bertuccelli v. Universal Studios LLC*,
   No. CV 19-1304, 2021 WL 2227337 (E.D. La. June 2, 2021) ..................................4, 8

7

8

*Capture Eleven Grp. v. Otter Prods., LLC*,
   No. 1:20-CV-02551-CNS-KLM, 2023 WL 5573966 (D. Colo. May 31, 2023) ...................5, 6

9

*Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*,
   494 U.S. 558 (1990) ...............................................................................................1, 6

10

11

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
   526 U.S. 687 (1999) ...............................................................................................3, 5

12

*Dairy Queen, Inc. v. Wood*,
   369 U.S. 469 (1962) .............................................................................................9, 10

13

14

*Exp. Grp. v. Reef Indus., Inc.*,
   54 F.3d 1466 (9th Cir. 1995).....................................................................................9

15

16

*Fair Isaac Corp. v. Fed. Ins. Co.*,
   468 F. Supp. 3d 1110 (D. Minn. 2020) ..........................................................2, 4, 7, 9

17

18

*Feltner v. Columbia Pictures Television, Inc.*,
   523 U.S. 340 (1998) .....................................................................................1, 5, 6, 10

19

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
   778 F.3d 1059 (9th Cir. 2015)...........................................................................1, 7, 9, 10

20

21

*Huffman v. Activision Publ'g, Inc.*,
   No. 2:19-CV-00050-RWS-RSP, 2021 WL 2339193 (E.D. Tex. June 8, 2021)...................5, 6

22

23

*JL Beverage Co., LLC v. Jim Beam Brands Co.*,
   815 F. App'x 110 (9th Cir. 2020) (Friedland, J., concurring).........................2, 6, 9, 10

24

*Kingsbury v. U.S. Greenfiber, LLC*,
   No. CV 08-151 DSF, 2013 WL 12121540 (C.D. Cal. Nov. 4, 2013).............................2

25

26

*Navarro v. Procter & Gamble Co.*,
   529 F. Supp. 3d 742 (S.D. Ohio 2021)..................................................... 2, passim

27

28

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014) ...................................................................................1, 8

*S.E.C. v Rind*,
    991 F.2d 1486 (9th Cir. 1993) ..................................................................7

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
    309 U.S. 390 (1940) ..................................................................................6

*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*,
    562 F.2d 1157 (9th Cir. 1977) ........................................................ 1, passim

*Siegel v. Warner Bros. Ent. Inc.*,
    581 F. Supp. 2d 1067 (C.D. Cal. 2008) ....................................................5

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020) ..................................................................8

*In re Stansbury Poplar Place, Inc.*,
    13 F.3d 122 (4th Cir. 1993) ......................................................................4

*Swofford v. B & W, Inc.*,
    336 F.2d 406 (5th Cir. 1964) ..................................................................8, 9

*Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*,
    895 F.3d 1304 (Fed. Cir. 2018) ...................................................... 2, passim

*Tracinda Corp. v. DaimlerChrysler AG*,
    502 F.3d 212 (3d Cir. 2007) .....................................................................2

*Tull v. United States*,
    481 U.S. 412 (1987) ...........................................................................2, 3, 7

*United States v. Schoenborn*,
    860 F.2d 1448 (8th Cir. 1988) ..................................................................2

**FEDERAL STATUTES**

17 U.S.C. § 504(b) ........................................................................... 1, passim

**FEDERAL RULES**

Fed. R. Civ. P. 38(a) .............................................................................2

Fed. R. Civ. P. 39(a)(2) .........................................................................2

1

**OTHER AUTHORITIES**

2   2B Sutherland Stat. Constr. § 55:3 (7th ed.) ....................................................................4

3   5 Nimmer on Copyright § 14.03 ......................................................................................8

4
    Pamela Samuelson et. al., *Recalibrating the Disgorgement Remedy in Intellectual*
5       *Property Cases*, 100 B.U. L. Rev. 1999, 2057 (2020) ...............................................7

6   McCarthy on Trademarks and Unfair Competition § 32:124 (5th ed.)........................9, 10

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO STRIKE JURY DEMAND ON DISGORGEMENT OF PROFITS**

PLEASE TAKE NOTICE that Defendant will and hereby does move this Court, pursuant to Fed. R. Civ. P. 39(a)(2), to strike Plaintiffs' jury demand on the question of disgorgement of Defendant's profits under 17 U.S.C. § 504(b).  Disgorgement is an equitable remedy.  Section 504(b) does not itself authorize a jury trial for disgorgement, and there is no Seventh Amendment right to a jury trial for this claim.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the pleadings, papers, and such other evidence and argument presented to the Court at or prior to any hearing in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs have a single remaining demand for damages: disgorgement of a portion of Defendants' profits pursuant to 17 U.S.C. § 504(b).  But there is no statutory or Seventh Amendment right to a jury trial on disgorgement of profits under Section 504(b), just as there is no right to a jury trial on the equitable remedy of disgorgement generally.  *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) ("[A]ctions for disgorgement of improper profits are equitable in nature"); *see also Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990) ("[W]e have characterized damages as equitable where they are restitutionary, such as in 'action[s] for disgorgement of improper profits.'").

There is no controlling Supreme Court or Ninth Circuit decision on this issue.  *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) said in dicta that "awards of actual damages and profits, see § 504(b), … generally are thought to constitute legal relief." *Id*. at 346. However, the Court's more recent decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), characterized "disgorgement of unjust gains" as "equitable relief" in at least some and possibly all cases under Section 504(b).  *Id*. at 686.  *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.,* 562 F.2d 1157 (9th Cir. 1977), said that an accounting for copyright profits under the 1909 Copyright Act is a legal remedy.  *Id*. at 1175.  But this language from *Krofft*

1   was dicta and, in any event, it addressed the 1909 Act, not the 1976 Copyright Act.  More

2   recently, three district courts outside the Ninth Circuit have thoroughly analyzed the statutory and

3   Seventh Amendment issues and held there is no jury trial right on the disgorgement remedy.

4   *Navarro v. Procter & Gamble Co.*, 529 F. Supp. 3d 742, 748-49 (S.D. Ohio 2021); *Fair Isaac*

5   *Corp. v. Fed. Ins. Co.*, 468 F. Supp. 3d 1110, 1118 (D. Minn. 2020); *Assessment Techs. Inst., LLC*

6   *v. Parkes*, No. 19-2514-JAR, 2022 WL 588889 (D. Kan. Feb. 25, 2022).  The Federal Circuit

7   reached a similar conclusion in determining that disgorgement of profits for patent, trademark, or

8   copyright infringement is an equitable remedy.  *Tex. Advanced Optoelectronic Sols., Inc. v.*

9   *Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1324 (Fed. Cir. 2018).  And one Judge of the Ninth

10  Circuit has written that *Krofft* was inconsistent with Supreme Court and Ninth Circuit authority on

11  the Seventh Amendment issue.  *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 F. App'x

12  110, 115 (9th Cir. 2020) (Friedland, J., concurring).

13      For the reasons set forth herein, Plaintiffs' demand for a jury trial on this issue should be

14  stricken.  A jury will determine Plaintiffs' sole remaining claim whether Defendant is liable for

15  vicarious copyright infringement.  If the jury does so find, it will be for the Court to decide

16  whether Defendant must disgorge any profits from *Beauty and the Beast*, and if so, what amount.

17  **II.     LEGAL STANDARD**

18      If the Court "on motion or on its own, finds that … there is no federal right to a jury trial"

19  on "some or all of those issues" for which Plaintiffs have demanded a jury, the Court may strike

20  the demand. Fed. R. Civ. P. 39(a)(2).  "'[A] court has the discretion to permit a motion to strike a

21  jury demand at any time, even on the eve of trial.'" *Kingsbury v. U.S. Greenfiber, LLC*, No. CV

22  08-151 DSF (AGRx), 2013 WL 12121540, at *1 (C.D. Cal. Nov. 4, 2013) (quoting *Tracinda*

23  *Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226–27 (3d Cir. 2007)); *see also United States v.*

24  *Schoenborn*, 860 F.2d 1448, 1455 (8th Cir. 1988) (motion to strike granted "the day before trial").

25      Litigants have a right to a jury trial if that right either is created by federal statute or

26  guaranteed by the Seventh Amendment.  *See* Fed. R. Civ. P. 38(a).  In determining whether a jury

27  right exists, courts first ask whether such a right is created by statute.  *Tull v. United States*, 481

28

1   U.S. 412, 417 & n.3 (1987).  If there is no statutory right, courts then ask whether the Seventh

2   Amendment guarantees the right to a jury trial.  *Id.*

3   **III.    THERE IS NO STATUTORY OR CONSTITUTIONAL RIGHT TO A JURY
         TRIAL ON DISGORGEMENT OF DEFENDANT'S PROFITS**

4
         **A.    Section 504(b) Of The Copyright Act Does Not Authorize A Jury Trial On
               Disgorgement Of Defendant's Profits**
5

6               **1.    Nothing In The Text Or Structure Of The Statute Demonstrates
                      Congress's Intent To Provide A Jury Trial Right For The Inherently
7                     Equitable Remedy Of Disgorgement**

8           On a federal claim, there is no right to a jury trial where the statute sets forth no "express

9   … right" and there is  "no evidence of congressional intent to grant the right to a jury trial."

10  *Adams v. Cyprus Amax Mins. Co.*, 149 F.3d 1156, 1159 (10th Cir. 1998); *see Tull*, 481 U.S. at 417

11  n.3 (no statutory right where "[n]othing in the language of" the statute "or its legislative history

12  implies any congressional intent" to have issue tried by jury).  Nothing in Section 504(b)'s text or

13  legislative history shows that Congress intended to authorize a jury trial for disgorgement.

14          Section 504(b) provides in full:

15          **(b) Actual Damages and Profits.**--The copyright owner is entitled to
        recover the actual damages suffered by him or her as a result of the infringement,
16      and any profits of the infringer that are attributable to the infringement and are not
        taken into account in computing the actual damages. In establishing the infringer's
17      profits, the copyright owner is required to present proof only of the infringer's gross
        revenue, and the infringer is required to prove his or her deductible expenses and
18      the elements of profit attributable to factors other than the copyrighted work.

19          Nothing in the text of this provision authorizes a jury trial.  Nor does anything in the text of

20  Section 504, the remedies section of Title 17, 17 U.S.C. § 501 et seq., or the entire Copyright Act

21  reference the right to a jury trial on disgorgement.  Section 504(b) provides for the recovery of two

22  types of damages:  "actual damages" and disgorgement of profits.  Actual damages—what the

23  plaintiff lost as the result of the defendant's infringement—are quintessentially legal.  But the

24  mere fact that a statute provides for both legal and equitable remedies does not demonstrate a

25  Congressional intent that a jury must decide both forms of relief.  In a case presenting an

26  analogous issue, the Supreme Court held that 42 U.S.C. § 1983 did not create a statutory right to a

27  jury, notwithstanding the statute's authorization of an "action at law."  *City of Monterey v. Del*

28  *Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999).

-3-                                    Case No. 4:17-cv-04006-JST-SK

The fact that Section 504(b) instructs that the disgorgement award exclude profits already "taken into account in computing the actual damages," does not change the analysis.  As an initial matter, Rearden has no actual damages claim.  Therefore, the Court will not need to determine "the extent to which the jury took the profits 'into account' in fashioning the actual damages award."  *Navarro*, 529 F. Supp. 3d at 748-49.

More fundamentally, it is a core tenet of statutory interpretation that courts will not imply a statutory right, including a right to a jury trial, merely because "the power to be implied is consistent with the legislation … Rather, the power to be implied … must be practically indispensable and essential in order to execute the power actually conferred."  *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993) (quoting 2B Sutherland Stat. Constr. § 55:3 (7th ed.).)  The requirement that any disgorgement award exclude actual damages simply embodies the rule against double recovery.  The inclusion of this language in Section 504(b) does not indicate that Congress intended that a jury had to decide both forms of relief allowed under Section 504(b).

Section 504(b)'s legislative history further confirms that Congress did not intend for the jury, rather than the court, to decide disgorgement.  On the contrary:

> [T]he House Report that accompanied the 1976 amendment to the Copyright Act[,] … in discussing the 'profits attributable to the infringement' language in § 504(b) …said that 'where some of the defendant's profits result from the infringement and other profits are caused by different factors, *it will be necessary for the court to make an apportionment*.'

*Id.* at 749 (emphasis added); *see also Fair Isaac*, 468 F. Supp. 3d at 1118 (discussing the same legislative history and finding no statutory right to a jury trial).

The majority of courts, and two thoroughly reasoned published decisions on this issue, have found there is no statutory right to a jury trial for disgorgement of profits under Section 504(b).  *Navarro*, 529 F. Supp. 3d at 752; *Fair Isaac*, 468 F. Supp. 3d at 1118; *see also Assessment Techs. Inst., LLC*, 2022 WL 588889, at *2 ("There is simply no clear provision in the Copyright Act that creates a jury trial right for disgorgement of profits, and this Court declines to infer congressional intent from the absence of the word 'court' in § 504(b)"); *Bertuccelli v. Universal Studios LLC*, No. CV 19-1304, 2021 WL 2227337, at *2 (E.D. La. June 2, 2021)

(Section 504(b) "makes no reference of a right to jury trial, and … [i]mplying such a right would require reaching beyond the statute's language, an exercise the Supreme Court has warned against in similar situations.").[1]  Those courts are correct.  "When Congress wants to create a right to trial by jury, it knows how to say so," *Navarro*, 529 F. Supp. 3d at 748, and the fact it did not do so here is further proof that Congress did not intend to turn an equitable remedy into a legal remedy to which a jury right attaches.

### 2. The District Court Cases That Have Reached The Opposite Conclusion Are Not Persuasive

Defendant has located two unpublished district court decisions that reach the opposite conclusion.  *See Capture Eleven Grp. v. Otter Prods., LLC*, No. 1:20-CV-02551-CNS-KLM, 2023 WL 5573966 (D. Colo. May 31, 2023); *Huffman v. Activision Publ'g, Inc.*, No. 2:19-CV-00050-RWS-RSP, 2021 WL 2339193, at *5 (E.D. Tex. June 8, 2021).  Defendant respectfully submits the reasoning in those cases does not withstand analysis.

To begin, both decisions erred in placing significant weight on the fact that Section 504(b) "combin[es] both 'actual damages' (an indisputably legal remedy) and 'any profits of the infringer' within the same statutory provision."  *Capture Eleven Grp.*, 2023 WL 5573966, at *2 (citing and quoting *Huffman* for this proposition).  As discussed, the Supreme Court has rejected that type of reasoning in interpreting 42 U.S.C. § 1983.  *See City of Monterey,* 526 U.S. at 708.  Neither *Capture Eleven* nor *Huffman* grapples with that authority.  Both decisions additionally failed to cite, much less refute the significance of, the legislative history showing that Congress intended for "*the court* to make an apportionment" of profits.

Both decisions also overread dicta from the Supreme Court's decision in *Feltner*.  *Feltner* held that Congress did not intend to create a jury right to determine statutory damages under Section 504(c).  (The Court went on to hold that there is a right to a jury trial on all issues pertinent to statutory damages, including the amount of the statutory award itself.)  In reaching its

---

[1] At least one district court case in the Ninth Circuit reached the Seventh Amendment question without ruling on the statutory issue.  It concluded that there was no right to a jury trial on an accounting for profits between two parties that court had determined were co-owners of a copyright.  *Siegel v. Warner Bros. Ent. Inc.*, 581 F. Supp. 2d 1067, 1071 (C.D. Cal. 2008).

conclusion on the question of what Congress intended, *Feltner* noted "the Copyright Act does not use the term 'court' in the subsection addressing awards of actual damages and profits, see § 504(b), which generally are thought to constitute legal relief." *Feltner*, 523 U.S. at 346.  Based on that statement, *Capture Eleven* and *Huffman* reasoned that the fact that Section 504(b) does not refer to "the court" shows that Congress intended to create a jury trial right for all forms of relief authorized by that provision.

As the Federal Circuit has explained, the cases *Feltner* cited in support of its "legal relief" statement "related to only 'damages,' not 'profits'." *Tex. Advanced Optoelectronic Sols., Inc.*, 895 F.3d at 1325 n.11.  The passing statement from *Feltner* is contrary to the Supreme Court's broader disgorgement jurisprudence, which holds generally that the "'disgorgement of improper profits'" is an equitable remedy.  *See, e.g.*, *Terry*, 494 U.S. at 570.

*Capture Eleven* and *Huffman* also erred in failing to weigh the fact that copyright disgorgement historically has been an equitable remedy.  As the Supreme Court has explained, prior to the enactment of the 1909 Copyright Act, "there had been no statutory provision for the recovery of profits, but that *recovery had been allowed in equity both in copyright and patent cases*." *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 399 (1940) (emphasis added).  Thus,

> In possing [sic] the Copyright Act, *the apparent intention of Congress was to assimilate the remedy with respect to the recovery of profits to that already recognized in patent cases*. Not only is there no suggestion that Congress intended that the award of profits should be governed by a different principle in copyright cases but the contrary is clearly indicated by the committee reports on the bill.

*Id.* at 400 (emphasis added).  "And in both the trademark and copyright contexts, the theoretical justification for awarding profits was based on an analogy to the equitable remedy of a constructive trust, also called a trust *ex maleficio*." *JL Beverage Co.*, 815 F. App'x at 115 (Friedland, J., concurring).

"Given its history as a form of equitable relief, there is little reason to believe that Congress would have intended, by implication, to create a jury trial right when it added this relief to the statute." *Navarro*, 529 F. Supp. 3d at 748.  Neither *Capture Eleven* nor *Huffman* provide any basis to conclude otherwise.

1

2

**B.      There Is No Seventh Amendment Right To A Jury Trial On Disgorgement Of Defendant's Profits**

The Seventh Amendment right is "narrow" and "'preserve[s] the basic institution of jury trial in only its most fundamental elements." *Fifty-Six Hope Rd.*, 778 F.3d at 1075 (quoting *Tull*, 481 U.S. at 426). "To determine whether a particular claim invokes" the Seventh Amendment right, courts "(1) "must 'compare the statutory action to the 18th-century actions brought in the courts of England prior to merger of the courts of law and equity,'" and (2) "must 'examine the remedy sought and determine whether it is legal or equitable in nature.'" *Id.* (quoting *S.E.C. v Rind,* 991 F.2d 1486, 1493 (9th Cir. 1993)).

A long line of cases establishes the general principle that "actions for disgorgement of improper profits are equitable in nature" and therefore do not fall within the Seventh Amendment's limited guarantee. *Fifty-Six Hope Rd.*, 778 F.3d at 1075. As discussed, the history of the copyright disgorgement remedy confirms that remedy, too, was traditionally equitable. *See supra* pp. 4-6.

Several courts that have expressly considered the issue have said that no Seventh Amendment right attaches to a claim under copyright for the disgorgement of the defendant's profits. In *Texas Advanced Optoelectronic Solutions, Inc.*, the Federal Circuit said: "As for copyright and trademark infringement, we have seen no support for concluding that disgorgement of profits was available at law for those wrongs." 895 F.3d at 1324–25. The court in *Navarro* exhaustively reviewed the history and held: "Based on the history of the disgorgement award in actions for copyright infringement, there can be little question that such awards are equitable, rather than legal." 529 F. Supp. 3d at 752. And *Fair Isaac* held: "Even though copyright infringement is a legal claim, a determination of profits arising from the claim is not traditionally a question for the jury," and so the Seventh Amendment does not apply. 468 F. Supp. 3d at 1118. *See also* Pamela Samuelson et. al., *Recalibrating the Disgorgement Remedy in Intellectual Property Cases*, 100 B.U. L. Rev. 1999, 2057 (2020) (collecting scholarship concluding that disgorgement of copyright profits is not a jury issue and arguing that courts should guard against

1  "excessive disgorgement awards [that] may incent potential infringers to take excessive

2  precautions and chill socially productive activities.").[2]

3        Recently, the Supreme Court, "[w]hile not faced with the Seventh Amendment question…

4  recognized the equitable nature of disgorgement for a particular tort involving intellectual

5  property."  *Tex. Advanced Optoelectronic Sols.,* 895 F.3d at 1324-25 & n.9 (discussing *Petrella*,

6  572 U.S. 663).  In *Petrella*, the Supreme Court described the copyright plaintiffs' request for

7  "disgorgement of unjust gains and an injunction" as "equitable relief"; the Court said that,

8  "[g]iven the 'protean character' of the profits-recovery remedy . . . we regard as appropriate its

9  treatment as 'equitable' in this case."  *Petrella,* 572 U.S. at 667 & n.1.  As the Nimmer treatise

10  explains, *Petrella* "leaned towards treating profits on the equitable side of the ledger" and

11  "[s]ubsequent authority has so held."  5 Nimmer on Copyright § 14.03.

12        The Ninth Circuit's decision in *Krofft* does not mandate a different result.  The court in that

13  copyright infringement case quoted with approval the Fifth Circuit's determination that

14  disgorgement of profits in a patent case was "basically a money claim for damages."  *Krofft*, 562

15  F.2d  at 1175 (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 411 (5th Cir. 1964)).[3]

16  Notwithstanding that statement, *Krofft* does not control for several reasons.

17        *First,* this language in *Krofft* was dicta.  *Krofft* did opine there was a right to a jury trial for

18  an accounting of profits under the 1909 Copyright Act.  But that conclusion was not necessary to

19  the court's decision because the parties there agreed the jury would not consider profits.  *Krofft*,

20  562 F.2d  at 1175 ("It is clear from our analysis of the Pre-Trial Conference Order and jury

21  instructions that the parties did not intend the jury to consider profits.").  Had *Krofft* wholly

22  omitted the discussion of a jury trial right, the holding in the case would have been exactly the

23  same:  the parties agreed, as they were allowed to do, to submit profits to the court rather than a

24  jury.  Where a court's "statements were not necessary to the decision [they] have no binding or

26  [2] One district court found no statutory right to a jury trial for copyright disgorgement but decided,
27  with little analysis, that  "reserving the right to jury trial here is constitutionally appropriate in
   light of relative uncertainty" regarding whether *Petrella* meant all copyright disgorgement was
   equitable. *Bertuccelli*, 2021 WL 2227337, at *2 .

28  [3] *Krofft* was overruled on other grounds in *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led
   Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

1    precedential impact." *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1472 (9th Cir. 1995).

2    Moreover, "[s]ince *Krofft* was decided, [the Ninth Circuit has] not relied on its jury trial analysis

3    in any published decision." *JL Beverage Co.*, 815 F. App'x at 116 (Friedland, J., concurring).

4           *Second*, as noted, *Krofft* involved a claim for an accounting of profits under the 1909

5    Copyright Act.  The case did not involve and did not purport to construe Section 504(b) of the

6    1976 Copyright Act.  The Fifth Circuit case quoted by *Krofft* leaned heavily on what it concluded

7    was the historical rule that "an accounting for profits, although a creature of equity, is a rule of

8    administration and not of jurisdiction."  *Swofford*, 336 F.2d at 411.  Subsequent courts and

9    commentators, however, have demonstrated that *Swofford*'s historical analysis was incorrect.  *See,*

10   *e.g.*, *Fair Isaac*, 408 F. Supp. 3d at 1029 ("[C]lose scrutiny of *Swofford* and the 19th-century

11   Supreme Court decisions on which it rests – primarily *Root v. Lake Shore & M.S. Rwy. Co.* –

12   demonstrates that both *Swofford* and *Sid & Marty Krofft* misconstrued or misapplied the precedent

13   on which they purported to rely.").  In any event, the historical meaning and application of an

14   accounting remedy does not address whether a party seeking only disgorgement of profits for

15   copyright infringement under Section 504(b) has a right to a jury trial on that issue.

16          *Third*, the Ninth Circuit has overruled the underpinnings of the *Krofft* dicta.  *Krofft* and

17   *Swofford* both relied on the Supreme Court's decision *Dairy Queen, Inc. v. Wood*, 369 U.S. 469,

18   475 (1962), a trademark case.  *Krofft* said *Dairy Queen* meant that a trademark plaintiff who seeks

19   both actual damages and an accounting of profits has a right to a jury trial on both issues, and that

20   the same result should follow in copyright cases.  *Krofft*, 562 F.2d at 1175.  But the Ninth Circuit

21   has subsequently rejected that reading of *Dairy Queen* in the trademark context, holding expressly

22   that trademark disgorgement is an equitable remedy.  *Fifty-Six Hope Rd. Music*, 778 F.3d at 1075.

23   *Dairy Queen* "does not broadly hold that a Lanham Act claim for disgorgement of profits is a legal

24   claim.  Rather, the Supreme Court characterizes the *Dairy Queen* claim as a legal claim for

25   damages (not disgorgement of profits)."  *Id*.  And, in fact, "[a]fter the *Dairy Queen* decision,

26   almost all courts have held that there is no right to trial by jury if the only monetary remedy the

27   trademark owner seeks is an accounting of the alleged infringer's profits."  6 McCarthy on

28   Trademarks and Unfair Competition § 32:124 (5th ed.); *JL Beverage Co.,* 815 F. App'x at 116

(Friedland, J., concurring) ("Both the Supreme Court and our court have observed that *Dairy Queen*'s holding was about a claim for *damages*, not a claim for disgorgement of profits.").[4]  As *Fifty-Six Hope Road* recognizes, *Krofft* and the Fifth Circuit case on which it relies simply misread *Dairy Queen* and reached a result that cannot be reconciled with modern Ninth Circuit jurisprudence.

Finally, the fact that the concurring Judge in *JL Beverage Co.* called for *Krofft* to be reexamined does not mean that *Krofft* is binding authority on the Seventh Amendment right to a jury trial on the disgorgement remedy under Section 504(b).  That fact indicates instead that at least one Ninth Circuit judge (the only one to have examined the issue in a court decision) believes the *Krofft* dicta was in error and should be reevaluated.

## IV.   CONCLUSION

There is no statutory or Seventh Amendment right to have a jury decide Plaintiffs' claim for disgorgement of profits under 17 U.S.C. § 504(b).  Accordingly, Defendant respectfully requests that the Court strike Plaintiffs' jury demand as to that claim.

DATED:  November 1, 2023

MUNGER, TOLLES & OLSON LLP

By:    /s/ Kelly M. Klaus
KELLY M. KLAUS

*Attorneys for Defendants*

---

[4] The dicta from *Feltner*, discussed above, similarly cites to *Dairy Queen*.  As noted, the Federal Circuit has explained that *Dairy Queen* and the other sources cited in *Feltner* all refer to monetary damages, not profits.  *Tex. Advanced Optoelectronic Sols., Inc.*, 895 F.3d at 1325.