UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>    Defendants. | Case No. 17-cv-04006-JST<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION IN LIMINE NO. 1**<br><br>Re: ECF No. 487 |

Before the Court is Defendants The Walt Disney Company; Walt Disney Motion Pictures Group, Inc.; Walt Disney Pictures; Buena Vista Home Entertainment, Inc.; Marvel Studios LLC; Mandeville Films, Inc.; Infinity Productions LLC; and Assembled Productions II LLC's (collectively, "Disney") Motion in Limine No. 1. Disney seeks an order precluding Plaintiffs Rearden LLC and MOVA LLC (collectively, "Rearden") from introducing evidence of or argument regarding the trial court's preliminary injunction order and statement of decision or the Ninth Circuit affirmance of the Court's judgment. *See Shenzhenshi Haitiecheng Sci. and Tech. Co., LTD. v. Rearden LLC*, Case No. 4:15-cv-00797-JST; *Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden, LLC*, 823 F. App'x 455, 457 (9th Cir. 2020) (collectively "SHST Documents"). The Court will grant the motion in part and deny it in part.

**I.   DISCUSSION**

    **A.**   ***SHST* Statement of Decision and Ninth Circuit Affirmance**

Disney first objects that the SHST Documents are hearsay. "A prior judgment is . . . hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment. A prior judgment is not hearsay, however, to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties." *United States v. Boulware*, 384 F.3d

794, 806 (9th Cir. 2004).[1] Moreover, even if the documents were hearsay, the Court would still find them admissible because they affected an interest in property by declaring Rearden the owner the MOVA Contour assets. Thus, they are admissible pursuant to Rule 803(14)[2] as records of documents affecting property, and Rule 803(15) as statements in documents affecting an interest in property. *See Boulware*, 384 F.3d at 807. For these reasons, Disney's hearsay objection is overruled.

However, that does not end the Court's inquiry as to whether the SHST Documents are admissible. That is because "even where evidence is relevant and admissible, the court may nonetheless exclude it when 'its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Wesco Ins. Co. v. Smart Indus. Corp.*, 469 F. Supp. 3d 1003, 1008 (D. Nev. 2020) (quoting Fed. R. Evid. 403).

On that question, the parties cite competing authority. Rearden asks the Court to follow *Boulware*, *supra*, and allow the evidence to be admitted, and Disney argues that the Court should follow the Ninth Circuit's later decision in *Engquist v. Oregon Dept. of Agriculture*, 478 F.3d 985 (9th Cir. 2007).

In *Boulware*, the defendant Boulware appealed a conviction of tax fraud on the grounds that the district court had improperly excluded from evidence the judgment in a prior case involving Boulware's company, HIE, and his girlfriend, Lee. 384 F.3d at 801-03. In that case, HIE had prevailed against Lee as to the ownership of certain assets that HIE had transferred to Lee, with the jury and judge finding that the assets were not gifts to Lee but rather property of HIE to be held in trust by Lee. *Id.* at 802. Boulware argued, and the Ninth Circuit ultimately agreed, that the prior judgment was relevant to the question of whether the assets Boulware transferred were his personal assets or those of HIE (and therefore not taxable to him personally). The Ninth

---

[1] The *Boulware* court also noted that "a previous judgment is admissible under Rule 803(14) to show the ownership of assets." *Id.* Ultimately, however, it found that because the judgment was was being offered for "a nonhearsay purpose, [the court saw] no need to resort to the hearsay exception set forth in Rule 803(14)." *Id.*

[2] All references are to the Federal Rules of Evidence unless otherwise stated.

2

Circuit found that the fact "[t]hat he pursued a successful litigation against Lee to force her to return the monies to HIE has some tendency to make it more likely that he gave the monies to her to hold in trust" and "[a]t a minimum, the state court's finding that HIE owned the money in 1997 was relevant to show that HIE had owned the money all along and to rebut the government's suggestions that Boulware had concocted the whole 'Lee as trustee' story to defend himself in the criminal prosecution." *Id*. at 805, 808.  As to prejudice, the *Boulware* court found that "[a]ny danger that the jury would have given undue weight to the state court judgment could have been dealt with by a cautionary instruction." *Id.* at 808.

In *Engquist*, by contrast, the Ninth Circuit found the district court's exclusion of a prior verdict was not an abuse of discretion.  There, the plaintiff Engquist had filed an employment discrimination claim against her prior employer and sought to admit into evidence a prior verdict obtained by another employee, Corristan, against the same employer for employment discrimination.  *Engquist*, 478 F.3d at 1008-09.  The court found that while the prior verdict had some probative value as to the defendant having "some tendency for discriminatory behavior," this relevance was outweighed by the risk of prejudice.  *Id*. at 1009.  The *Engquist* court worried there was a substantial risk that the "jury would import the whole verdict of liability from the prior proceeding." *Id.* at 1010.  The court also discounted the probative value of the prior verdict, given that all the evidence and testimony from the prior lawsuit had already been admitted, and so the only question was whether the additional probative value of the prior verdict outweighed the substantial risk of prejudice—which it did not.  *Id.*

The Court finds that *Boulware* is the more analogous case.  In *Boulware*, the prior verdict finding that the assets transferred to Lee were not a gift and in fact owned by HIE was directly probative as to the question of whether those assets were the property of Boulware personally or of HIE, while the probative value of the prior judgment in *Engquist* was only that the defendant may have "some tendency for discriminatory behavior."  *Compare Boulware*, 384 F.3d at 805, *with Engquist*, 478 F.3d at 1009.  Thus, the primary motivation to admit the prior judgment as materially probative evidence was much weaker in *Engquist*.  As in *Boulware*, the fact that Rearden "pursued a successful litigation against [SHST] to force [it] to return the [MOVA

3

Contour assets] to [Rearden] has some tendency to make it more likely" that it owned the MOVA Contour assets.  *Boulware*, 384 F.3d at 805.

The Court does find persuasive one particular point from *Engquist*, which is that court's finding that the probative value of the prior judgment itself was minimal in light of the fact that "testimony and evidence from the *Corristan* trial, including Corristan's own testimony, was presented to the jury in [the *Engquist*] case."  *Engquist*, 478 F.3d at 1010.  Here too, the relevant testimony and evidence from the *SHST* litigation can be presented to the jury, either through live testimony or through designations of prior testimony.  Also, admitting the language of the trial court's statement of decision and the Ninth Circuit's memorandum disposition might confuse the jury.  Finally, both documents contain analyses of the facts and judgments about the weight of the evidence.  If presented with these documents, the jury may be tempted to adopt the trial court or the Ninth Circuit's view of the facts instead of coming to their own conclusions.

Weighing these considerations, the Court concludes that admitting the fact of the *SHST* statement of decision, including its ultimate conclusion regarding ownership, and the fact of the Ninth Circuit's affirmance—but not the actual documents themselves—strikes the right balance.  The parties shall meet and confer on how to present that information to the jury—by stipulation, instruction, or otherwise—and notify the Court when they either have reached agreement or impasse.

**B.     *SHST* Credibility Determinations**

The Court grants Disney's motion to exclude the credibility determinations from the *SHST* litigation as unopposed.

**C.     *SHST* Preliminary Injunction Order**

Disney moves to exclude the text of the trial court's preliminary injunction order in the *SHST* litigation pursuant to Rules 402 and 403.  ECF No. 488 at 6.[3]  Rearden responds that the preliminary injunction order is admissible to prove that "Disney was on notice that the SHST/VGH ownership claims [in the MOVA Assets] were not reliable."  ECF No. 509 at 5.

---

[3] The parties agree that the fact the court issued a preliminary injunction is admissible.  *Id.*; ECF No. ECF No. 509 at 5–6.

1  Specifically, Rearden argues that merely informing the jury of the fact a preliminary injunction
2  issued "leaves out the VGH and SHST 'badges of fraud' findings that cast doubt on their
3  ownership claims."
4      Following summary judgment, the only remaining claim in this case is vicarious liability
5  for copyright infringement.  ECF No. 555.  "A defendant is vicariously liable for copyright
6  infringement (1) by profiting from direct infringement while (2) declining to exercise a right to
7  stop or limit it."  *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 391 F. Supp. 3d 959,
8  968–69 (N.D. Cal. 2019) (citations and quotation omitted).  "The second prong, which the Ninth
9  Circuit refers to as the 'control' element, requires that the defendant 'ha[d] both a legal right to
10 stop or limit the directly infringing conduct, as well as the practical ability to do so.'"  *Id.* at 969
11 (quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007)).
12     The preliminary injunction order did not discuss these elements.  It also did not discuss,
13 much less determine, the question of Rearden's ownership.  It addressed only Rearden's likelihood
14 of showing a fraudulent transfer and the balance of harms.  Placing the language of the
15 preliminary injunction order before the jury risks jury confusion and the undue consumption of
16 time.  The Court will therefore adopt Disney's suggestion that it inform the jury of the fact that, in
17 the same *SHST* litigation identified above, the court issued a preliminary injunction on June 17,
18 2016, ordering DD3 to stop using MOVA.

## CONCLUSION

20     For the foregoing reasons, the Court will (1) admit the fact of the *SHST* statement of
21 decision, including its ultimate conclusion regarding ownership, and the fact of the Ninth Circuit's
22 affirmance, but not the documents themselves; (2) exclude the credibility determinations from the
23 *SHST* litigation; and (3) inform the jury of the fact that the court in the SHST lawsuit issued a
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1   preliminary injunction on June 17, 2016, ordering DD3 to stop using MOVA, but exclude the
2   actual order.

**IT IS SO ORDERED.**

Dated:  November 7, 2023



  JON S. TIGAR
  United States District Judge