KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
STEPHANIE G. HERRERA (SBN 313887)
stephanie.herrera@mto.com
SHANNON AMINIRAD (SBN 324780)
shannon.aminirad@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
ANNE K. CONLEY (SBN 307952)
anne.conley@mto.com
ROWLEY J. RICE (SBN 313737)
rowley.rice@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WALT DISNEY PICTURES, a California corporation, <br><br> Defendant. | Case No. 4:17-cv-04006-JST-SK <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION SEEKING PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 1 [ECF 584]** <br><br> Judge:   Hon. Jon S. Tigar <br> Ctrm.:   6 (2nd Floor) |

## NOTICE OF MOTION AND MOTION FOR PARTIAL RECONSIDERATION

PLEASE TAKE NOTICE that Defendant will and hereby does move for an Order to reconsider a portion of the Court's Order Granting in Part and Denying in Part Defendants' Motion in Limine No. 1, ECF 584 (the "Order"). Specifically, Defendant seeks leave to request that the Court reconsider the portion of the Order that says the Court will inform the jury that the Court in the SHST litigation entered a preliminary injunction ordering DD3 to stop using MOVA. This motion is made on the ground that "a material difference in fact or law exists from that which was presented to the Court" when Motion in Limine No. 1 was filed. Civil. L.R. 7-9(b)(1).

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant respectfully requests that the Court reconsider the portion of the Order stating that the Court will "inform the jury of the fact that, in the same *SHST* litigation identified above, the court issued a preliminary injunction on June 17, 2016, ordering DD3 to stop using MOVA." Order at 5. Rearden intends to use that information to present evidence regarding DD3's alleged copying of MOVA software in violation of the injunction and to argue the jury should find Defendant liable because of that copying.

Reconsideration, while an exceptional remedy, is warranted under Civil L.R. 7-9(b)(1).[1] The Order denied Rearden's request to introduce the entire preliminary injunction order to the jury. Order at 4-5. It then "adopt[ed] Disney's suggestion that it inform the jury of the fact" of the preliminary injunction. *Id.* at 5.

Defendant's suggestion, however, was made on September 15, *see* ECF 488, before this Court granted Defendant's summary judgment motion on both (i) contributory copyright infringement and (ii) vicarious liability based on "DD3's post-injunction use of MOVA," ECF 555 ("MSJ Ruling") at 8, 12. The MSJ Ruling constitutes a material change, L.R.7-9(b)(1), because the preliminary injunction and DD3's alleged violation of it are no longer relevant to any issue in

---

[1] Although Defendant believes the Order erred in determining that the facts of the *SHST* statement of decision and Ninth Circuit's affirmance may be admitted, Defendant does not seek reconsideration of that portion of the Order, which was the subject of extensive briefing and argument at the Final Pretrial Conference. Defendant does not waive, but instead expressly reserves, its rights to challenge that portion of the Order on appeal.

-1-                                                                 Case No. 4:17-cv-04006-JST-SK
NOTICE OF MOTION AND MOTION FOR PARTIAL RECONSIDERATION

the case. Rearden wants to put those matters before the Court solely to inflame the jury and sow confusion.

At the Final Pretrial Conference, Rearden erroneously claimed that the preliminary injunction and DD3's alleged violation of it remain relevant, notwithstanding the MSJ Ruling. Specifically, Rearden argued that the MSJ Ruling held only that "damages are not available for any post-injunction work," and that the MSJ Ruling resolved "a separate question from liability." Final Pretrial Conference Tr. 47:14-19. That is wrong. The MSJ Ruling actually holds that Defendant is not liable for contributory infringement at any point in time, and that Defendant is not vicariously liable for any post-injunction infringement by DD3 because Rearden has zero evidence that Defendant received a direct financial benefit from any such post-injunction copying. The evidence is undisputed that Defendant "did not use in the film any shots prepared by DD3 using MOVA after that point." MSJ Ruling at 12. This was a failure of proof on a necessary element of Rearden's vicarious liability claim. *Id*. ("Rearden has failed to carry its burden to create a dispute of material fact as [to] Disney's financial benefit in connection with DD3's post injunction use of MOVA").

Because Defendant is not liable for any of DD3's activities post-dating the injunction, the fact of the injunction is irrelevant to Rearden's case. It has no possible bearing on the only issues left for the jury to decide. With respect the liability, the only remaining issues are (1) whether Defendant had the legal right and practical ability to control any *pre-injunction* infringement by DD3, and (2) whether Defendant received a direct financial benefit from any *pre-injunction* infringement by DD3. The injunction could not have affected any legal right or practical ability to control activities that pre-dated the issuance of that order. With respect to Rearden's requested remedy of disgorgement, the only remaining issue is whether Rearden can show a causal nexus between any *pre-injunction* infringement by DD3 and *Beauty and the Beast* profits and, if so, what portion of such profits are attributable to the *pre-injunction* infringement. Because the injunction post-dates all conduct for which Defendant could be liable, the injunction and DD3's alleged violation of it have no bearing on the disgorgement remedy Rearden is pursuing.

Rearden plainly still intends to use the fact of the injunction and DD3's alleged violation of the injunction to inflame the jury. That is why it has included on its Exhibit List multiple documents relating to DD3's post injunction activity (including a number of internal DD3 communications) and has designated reams of testimony relating to the same topic. Allowing the jury to hear that the Court ordered DD3 to stop using MOVA and that there are internal DD3 emails (none shared with Defendant) that Rearden claims show Greg LaSalle copying MOVA software into RAM, is bound to lead the jury to think that Defendant should be held vicariously liable for DD3's post-injunction conduct. But the Court has held that Defendant *cannot* be liable for any such conduct.

All of this evidence also will confuse the jury about what the Court decided, and when. As the Court has found, the preliminary injunction ruling did not resolve, even on a preliminary basis, the question of ownership. MSJ Ruling at 8. That issue was not decided until over a year later, when the Court issued its Statement of Decision. But lay jurors not familiar with civil procedure, and not familiar with the contents of the preliminary injunction ruling, likely will be inclined to speculate that the preliminary injunction ruling did resolve the ownership issue.

The fact of the injunction and DD3's subsequent conduct is not relevant given that Rearden has no *claim*—not just no request for disgorgement—against Defendant for whatever DD3 was doing after the injunction. The same is true of Rearden's proposal to question in-house litigation counsel about when he learned of the preliminary injunction, "how he knows he was the first person to learn of the injunction, and whether he notified the animation studio about this fact." ECF 511 (Rearden Opp. to Defendant's MIL No. 2). None of this has any bearing on Rearden's lone remaining claim, but is instead calculated to inflame the jury.

The injunction should be excluded as irrelevant or, at a minimum, because any slight relevance is outweighed by the obvious risks of confusion and prejudice.

* * *

For the above reasons, Defendant respectfully requests that the Court grant Defendant leave to seek partial reconsideration and then order that the entire *SHST* preliminary injunction, including the fact of the injunction, be excluded.

| | | |
|---|---|---|
| DATED: November 10, 2023 | | MUNGER, TOLLES & OLSON LLP |
| | By: | /s/ Kelly M. Klaus |
| | | KELLY M. KLAUS |
| | | *Attorneys for Defendant* |