Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
Jerrod C. Patterson (*pro hac vice*)
Garth Wojtanowicz, CBA No. 246510
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com
jerrodp@hbsslaw.com
garthw@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

Attorneys for Plaintiffs REARDEN LLC and
REARDEN MOVA LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY PICTURES, a California corporation,<br><br>Defendant. | Case No.   4:17-cv-04006-JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL ON DISGORGEMENT OF PROFITS**<br><br>Judge:   Honorable Jon S. Tigar |

1

**TABLE OF CONTENTS**

2

I.      INTRODUCTION ..................................................................................................1

3

II.     ARGUMENT AND AUTHORITY ......................................................................3

4

       A.     Standard of Review and Rules of Construction. ..........................................3

5

             1.    Litigants have a fundamental right to a jury trial. ...........................3

6

             2.    The canons of statutory construction should guide the Court's analysis. .......4

7

             3.    Federal jurisprudence favors avoidance of constitutional issues when a statute is susceptible of two constructions, one of which avoids the constitutional

8

                  question..................................................................................................5

9

             4.    The Court should reach the Seventh Amendment issue only if it is not "fairly possible" to interpret the Copyright Act to provide a jury trial right for

10

                  infringer profit damages under § 504(b). .........................................5

11

       B.     The Copyright Act confers the right to a jury trial on the award of infringer profit damages. ...........................................................................................6

12

13

             1.    Read in context, § 504(b) reflects Congress's intent to create a jury trial right for infringer profit damages........................................................6

14

             2.    *Huffman* and *Capture Eleven* convincingly found that § 504(b) provides a statutory jury trial right........................................................................7

15

             3.    Disney's arguments ignore the fundamental tenets of statutory construction and the policies favoring jury trials and avoidance of constitutional questions.

16

                 ..................................................................................................9

17

       C.     Rearden has a right to a jury trial on infringer profit damages under the Seventh Amendment. ..............................................................................13

18

19

             1.    Rearden's copyright infringement claim is indisputably a legal claim. ........14

20

             2.    The infringer profits remedy is legal in nature when sought in a case at law.14

21

       D.     If the Court finds that Rearden is not entitled to a jury trial on infringer profit damages under the Copyright Act or the Seventh Amendment, it should submit the issue to the

22

              jury on an advisory basis under Fed. R. Civ. Proc. 39(c).........................................19

23

III.    CONCLUSION ................................................................................................20

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Andreas v. Volkswagen of Am., Inc.,*
    336 F.3d 789 (8th Cir. 2003) ........................................................................... 13

5

6

*Assessment Techs. Inst., LLC v. Parkes,*
    2022 WL 588889 (D. Kan. Feb. 25, 2022) .................................................. 11, 12

7

*United States ex rel. Attorney Gen. v. Delaware & Hudson Co.,*
    213 U.S. 366 (1909) ..................................................................................... 1, 5

8

9

*Capture Eleven Grp. v. Otter Prods., LLC,*
    2023 WL 5573966 (D. Colo. May 31, 2023) ....................................... *passim*

10

11

*Chowning v. Kohl's Dept. Stores, Inc.,*
    733 Fed. Appx. 404 (9th Cir. 2018) ............................................................... 16

12

*City of Monterrey v. Del Monte Dunes at Monterey, Ltd.,*
    526 U.S. 687 (1999) .................................................................................. 9, 11

13

14

*Curtis v. Loether,*
    415 U.S. 189 (1974) ................................................................................. 14, 16

15

16

*Dairy Queen, Inc. v. Wood,*
    369 U.S. 469 (1962) ................................................................... 2, 16, 17, 18

17

*Dep't. of Homeland Sec. v. MacLean,*
    574 U.S. 383 (2015) ........................................................................................ 7

18

19

*Fair Isaac Corp. v. Fed. Ins. Co.,*
    468 F.Supp.3d 1110 (D. Minn. 2020) .................................................. 11, 12, 14

20

21

*Feltner v. Columbia Pictures Television, Inc.,*
    523 U.S. 340 (1998) ..................................................................................... *passim*

22

*Fifty-Six Hope Rd. Music, Ltc. V. A.V.E.L.A., Inc.,*
    778 F.3d 1059 (9th Cir. 2015) ................................................................... 14, 19

23

24

*Great-W. Life & Annuity Ins. Co. v. Knudson,*
    534 U.S. 204 (2002) .............................................................................. 2, 15, 16

25

26

*Griffo v. Oculus VR, Inc.,*
    2018 WL 6265067 (C.D. Cal. Sept. 18, 2018) ............................................. 20

27

*Health Cost Controls of Illinois, Inc. v. Washington,*
    187 F.3d 703 (7th Cir. 1999) ................................................................... 2, 15

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE JURY TRIAL DEMAND - ii
Case No. 17-CV-04006

*Huffman v. Activision Publ'g, Inc.*,
　2021 WL 2339193 (E.D. Tex. June 8, 2021) ................................................................ *passim*

*Kokesh v. S.E.C.*,
　581 U.S. 455 (2017) ................................................................................................................ 14

*N.L.R.B. v. United Food & Com. Workers Union, Loc. 23, AFL-CIO*,
　484 U.S. 112 (1987) .................................................................................................................. 4

*Navarro v Procter & Gamble Co.*,
　529 F.Supp.3d 742 (S.D. Ohio 2021) ...................................................................... *passim*

*People v. Parker*,
　123 Ill. 2d 204 (1988) ............................................................................................................ 11

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
　572 U.S. 663 (2014) ......................................................................................................... 15, 16

*Prudential Oil Corp. v. Phillips Petroleum Co.*,
　392 F. Supp. 1018 (S.D.N.Y. 1975) ................................................................................ 3, 5, 10

*Robinson v. Shell Oil Co.*,
　519 U.S. 337 (1997) .................................................................................................................. 4

*Sid & Marty Krofft Tel. Prods., Inc. v. McDonald's Corp.*,
　562 F.2d 1157 (9th Cir. 1977) ........................................................................................... 13, 18

*Simler v. Conner*,
　372 U.S. 221 (1963) ........................................................................................................... 3, 10

*Sosa v. Alvarez-Machain*,
　542 U.S. 692 (2004) .................................................................................................................. 6

*Stand Up for California! v. U.S. Dep't of the Interior*,
　959 F.3d 1154 (9th Cir. 2020) ............................................................................................... 4, 9

*In re Stansbury Poplar Place, Inc.*,
　13 F.3d 122 (4th Cir. 1993) ............................................................................................... 10, 11

*Theatres, Inc. v. Westover*,
　359 U.S. 500 (1959) .............................................................................................................. 1, 3

*Thompson v. Parkes*,
　963 F.2d 885 (6th Cir. 1992) ................................................................................................... 20

*Three Boys Music Corp. v. Bolton*,
　212 F.3d 477 (9th Cir. 2000) ................................................................................................... 13

*Trim v. Reward Zone USA LLC*,
　76 F.4th 1157 (9th Cir. 2023) .................................................................................................. 4

*Tull v. United States*,
    481 U.S. 412 (1987) ........................................................................................................ 14

*In re United Missouri Bank of Kansas City, N.A.*,
    901 F.2d 1449 (8th Cir. 1990) ...................................................................................... 11

*United States v. Paulson*,
    68 F.4th 528 (9th Cir. 2023) ........................................................................................... 4

**Statutes**

17 U.S.C. § 501 et seq. Title 17................................................................................................ 9

17 U.S.C. § 503 ....................................................................................................................... 6, 7

17 U.S.C. § 505 ........................................................................................................................... 7

42 U.S.C. § 1983 ................................................................................................................... 9, 11

Cal. Bus. & Prof.Code, § 17200 et seq.................................................................................... 16

Copyright Act ....................................................................................................................... *passim*

Copyright Act Section 504(b) ............................................................................................. *passim*

35 Stat. 1075, § 25(b) ............................................................................................................... 18

**Other Authorities**

Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2312 (4th Ed.) .............................................. 17

Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2335 (4th Ed.) .............................................. 20

Seventh Amendment ............................................................................................................ *passim*

Fed. R. Civ. Proc. 38(a) ............................................................................................................. 3

Fed. R. Civ. Proc. 39(c) ....................................................................................................... 19, 20

Fed. R. Civ. Proc. 39(c)(2) ...................................................................................................... 13

Restatement (Third) of Restitution and Unjust Enrichment § 4 (2011) ...................... *passim*

U.S. Const............................................................................................................................... 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Disney has asked this Court to take the issue of Rearden's damages out of the hands of the jury that will decide its liability for copyright infringement. This gambit comes after six years of litigation, after Disney submitted proposed jury instructions that *included* an instruction on infringer profit damages, and after Disney submitted a Joint Pretrial Conference Statement that failed to raise the issue. Disney's motion flies in the face of longstanding federal policies favoring jury trials and should be rejected.

The crux of this issue comes down to a question of statutory construction: does Section 504(b) of the Copyright Act provide the right to a jury trial on infringer profit damages? That question cannot be answered by merely labeling the remedy as "legal" or "equitable," as Disney and the cases it relies upon have done. The *correct* answer can be determined only by a thorough analysis of the statute guided by the canons of statutory construction and considering the context of § 504(b) within the Copyright Act. The better-reasoned decisions find that § 504(b) grants the right to a trial by jury for infringer profit damages. *See Huffman v. Activision Publ'g, Inc.*, 2021 WL 2339193 (E.D. Tex. June 8, 2021); *Capture Eleven Grp. v. Otter Prods., LLC*, 2023 WL 5573966 (D. Colo. May 31, 2023). Congress showed, by specifically referring to "the court" in *every* remedial section of the Copyright Act *except* § 504(b), that it knew how to reserve issues for determination by the judge rather than the jury, subject to the requirements of the Seventh Amendment. By *omitting* that language from § 504(b)—and *only* § 504(b)—and by pairing the profit remedy in the same statutory subsection with actual damages (an indisputably legal remedy within the jury's province), Congress evinced its intent to grant a jury trial right on both actual damages and infringer profit damages. And that interpretation of the Copyright Act is not only supported by traditional canons of statutory construction, it is required by longstanding judicial policies favoring the right to a jury trial and militating against deciding thorny constitutional issues when it is "fairly possible" to interpret a statute in a way that avoids the issue. *See Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959); *United States ex rel. Attorney Gen. v. Delaware & Hudson Co.*, 213 U.S. 366, 408 (1909). Disney's argument ignores these fundamental precepts and should be rejected.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

As Disney admits, there is no controlling Ninth Circuit or Supreme Court precedent.  *See* Mot. (ECF 579) at 1:20. In fact, Disney cites no Circuit Court case in which the court has found that infringer profit damages under Section 504(b) of the Copyright Act are reserved for the court, and not the jury, to decide. Instead, Disney would have this Court abridge Rearden's right to a jury trial on the scant authority of a handful of poorly reasoned district court decisions and inapplicable cases interpreting other statutes.

If the Court finds that the Copyright Act itself guarantees the right to a jury trial on § 504(b) infringer profit damages, that settles the matter. But if it considers the Seventh Amendment, it should find that the constitution guarantees the right to a jury trial on the § 504(c) infringer profit remedy. While the law is admittedly unsettled on this point, the better reasoned cases, relying on the Restatement (Third) of Restitution and Unjust Enrichment, find that profit disgorgement, a form of restitution, is a legal remedy within the jury's province when it is sought in a case that is fundamentally legal in nature.  *See Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212–13 (2002); *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 710 (7th Cir. 1999). And it is undisputed that Rearden's claim for copyright infringement, which seeks to enforce rights created by statute that impose tort-like duties and liabilities for damages, is a legal claim for the jury to decide. Prior to 1791, such claims for disgorgement were tried by juries in courts of law unless the accounting for profits were of such a "complicated nature" that "only a court of equity can satisfactorily unravel them." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476-79 (1962). This case does not involve calculations of such complexity that the jury cannot unravel them, and the issue of infringer profit damages under § 504(b) is for the jury to decide.

Rearden respectfully requests that the Court deny Disney's motion and permit the jury to decide both Disney's liability for infringement, and the full range damages Rearden is entitled to recover under Section 504(b) of the Copyright Act.

1

## II.   ARGUMENT AND AUTHORITY

2

**A.   Standard of Review and Rules of Construction.**

3

**1.   Litigants have a fundamental right to a jury trial.**

4

The right to a jury trial is a fundamental feature of our legal system; longstanding judicial

5

policy favors protection of the jury trial and calls for heightened care when considering limitations

6

on that right. "Maintenance of the jury as a fact-finding body is of such importance and occupies so

7

firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial

8

should be scrutinized with the utmost care." *Beacon Theatres*, 359 U.S. at 501 (quoting *Dimick v.*

9

*Schiedt*, 293 U.S. 474, 486 (1935)). *See also See Simler v. Conner*, 372 U.S. 221, 222 (1963) ("The

10

federal policy favoring jury trials is of historic and continuing strength."); *Prudential Oil Corp. v.*

11

*Phillips Petroleum Co.*, 392 F. Supp. 1018, 1022 (S.D.N.Y. 1975) ("the inescapable teaching of

12

recent Supreme Court decisions is that there is a clear federal policy in light of the Seventh

13

Amendment favoring jury trials and that, in doubtful cases, that policy should be favored") (citing

14

*Beacon Theatres*, *supra*; *Dairy Queen*, 369 U.S. 469; *Ross v. Bernhard*, 396 U.S. 531 (1970); 9 C.

15

Wright & A Miller, Federal Practice and Procedure § 2302 at 21 (1971)). This protection of the

16

jury's pivotal role is emphasized in Fed. R. Civ. Proc. 38(a) when it states that "[t]he right of trial by

17

jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal

18

statute—is *preserved to the parties inviolate*." (Emphasis added.) Thus, the Court's determination of

19

whether Rearden is entitled to have the jury decide both Disney's liability and Rearden's entitlement

20

to infringer profit damages under the Copyright Act should be guided by the strong jurisprudential

21

policy in favor of protecting this fundamental right.

22

The analysis of Rearden's right to a jury trial under § 504(b) begins with a determination of

23

whether the Copyright Act creates such a right. *Feltner v. Columbia Pictures Television, Inc.*, 523

24

U.S. 340, 345 (1998). If the statute *does* confer the right to a jury trial, the analysis ends and a jury

25

trial on the issue must be permitted; if the statute does not itself confer such a right, then the analysis

26

turns to whether the Seventh Amendment creates a jury trial right. *Id. See also Huffman*, 2021 WL

27

2339193 at *2 ("If there is a statutory right to a jury trial then the analysis is complete. If not, the

28

Court must consider whether the Seventh Amendment creates a right to jury trial.").

1

2.       **The canons of statutory construction should guide the Court's analysis.**

2

Whether § 504(b) of the Copyright Act provides a jury trial right cannot be resolved through

3

facile labeling of the infringer profit remedy as either legal or equitable, because those labels reveal

4

nothing about what Congress intended when it created the remedy. "On a pure question of statutory

5

construction, [a court's] first job is to try to determine congressional intent, using 'traditional tools of

6

statutory construction.'" *N.L.R.B. v. United Food & Com. Workers Union, Loc. 23, AFL-CIO*, 484

7

U.S. 112, 123 (1987). One such traditional tool is the "fundamental canon of statutory construction

8

that the words of a statute must be read in their context and with a view to their place in the overall

9

statutory scheme." *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1161 (9th Cir. 2023) (quoting

10

*FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)); *see also Robinson v. Shell*

11

*Oil Co.*, 519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined

12

by reference to the language itself, the specific context in which that language is used, and the

13

broader context of the statute as a whole."); *Huffman*, 2021 WL 2339193 at *4 (E.D. Tex. June 8,

14

2021). In other words, a specific statutory provision gathers meaning from the provisions that

15

surround it and the legislation as a whole: one cannot properly interpret a single statutory subsection

16

in a vacuum.

17

Nor can one engage in statutory construction without considering the practical and logical

18

effects of the interpretation being considered. Another "elementary canon of construction [is] that a

19

statute should be interpreted so as not to render one part inoperative." *Trim*, 76. F.4th at 1161

20

(quoting *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 249, 105 S.Ct. 2587,

21

86 L.Ed.2d 168 (1985)). "In general, a statute should 'be construed so that effect is given to all its

22

provisions, so that no part will be inoperative or superfluous, void or insignificant.'" *Stand Up for*

23

*California! v. U.S. Dep't of the Interior*, 959 F.3d 1154, 1159 (9th Cir. 2020) (quoting *Corley v.*

24

*United States*, 556 U.S. 303, 314 (2009)). *See also United States v. Paulson*, 68 F.4th 528, 539 (9th

25

Cir. 2023) ("we are also bound by the canon that requires us to "strive to 'giv[e] effect to each word

26

and mak[e] every effort not to interpret a provision in a manner that renders other provisions of the

27

same statute inconsistent, meaningless or superfluous.'") (citations omitted, alterations in original). It

28

is through the thoughtful application of these tools that courts go beyond mere labeling and ascertain congressional intent – a process notably absent from Disney's analysis and the cases it relies on.

### 3. Federal jurisprudence favors avoidance of constitutional issues when a statute is susceptible of two constructions, one of which avoids the constitutional question.

Just as the Court's analysis should be guided by the canons of statutory construction, it should also adhere to the well-established judicial policy favoring statutory constructions that avoid uncertain and difficult constitutional questions. "[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." *Delaware & Hudson*, 213 U.S. at 408. In *Feltner*, the Supreme Court recognized this policy in analyzing the right to a jury trial on the issue of statutory damages under the Copyright Act: "Before inquiring into the applicability of the Seventh Amendment, we must 'first ascertain whether a construction of the statute is *fairly possible* by which the [constitutional] question may be avoided." *Feltner*, 523 U.S. at 345 (emphasis added) (quoting *Tull v. United States*, 481 U.S. 412, 417, n. 3 (1987) (alteration in original)). "The doctrine of constitutional doubt does not require that the problem-avoiding construction be the *preferable* one – the one the Court would adopt in any event. Such a standard would deprive the doctrine of all function." *Feltner*, 523 U.S. at 358 (Scalia, J., concurring (quoting *Almendarez-Torres v. United States*, 523 U.S. 224, 270 (1998)). This policy of avoiding constitutional questions is consistent with and complementary to the "clear federal policy in light of the Seventh Amendment favoring jury trials." *Prudential*, 392 F. Supp. at 1022.

### 4. The Court should reach the Seventh Amendment issue only if it is not "fairly possible" to interpret the Copyright Act to provide a jury trial right for infringer profit damages under § 504(b).

If the Court finds that a construction of the statute is not "fairly possible" that would grant a jury trial right on the issue of infringer profit damages, then it must examine whether the right to a jury trial is guaranteed under the Seventh Amendment. *Feltner*, 523 U.S. at 347-48. The Seventh Amendment provides that in "[s]uits at common law . . . the right of trial by jury shall be preserved . . . ." U.S. Const., Amdt. 7. This preservation of rights has been interpreted to refer "not merely [to] suits, which the *common* law recognized among its old and settled proceedings, but [to] suits in

1   which *legal* rights were to be ascertained and determined, in contradistinction to those where

2   equitable rights alone were recognized, and equitable remedies were administered." *Id.* at 347-48

3   (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)). "To determine whether a statutory

4   action is more analogous to cases tried in courts of law than to suits tried in courts of equity or

5   admiralty, we examine both the nature of the statutory action and the remedy sought." *Id.* at 348.

6   **B.     The Copyright Act confers the right to a jury trial on the award of infringer profit**
        **damages.**
7
        Section 504(b) states:
8
                    The copyright owner is entitled to recover the actual damages suffered
9                   by him or her as a result of the infringement, and any profits of the
                    infringer that are attributable to the infringement and are not taken into
10                  account in computing the actual damages. In establishing the
                    infringer's profits, the copyright owner is required to present proof
11                  only of the infringer's gross revenue, and the infringer is required to
                    prove his or her deductible expenses and the elements of profit
12                  attributable to factors other than the copyrighted work.

13  17 U.S.C. § 504(b). While it is true that § 504(b) does not *expressly* state that actual damages and

14  "profits of the infringer that [] are not taken into account in computing the actual damages" confer a

15  jury trial right, when read in context and according to the canons of statutory interpretation, the

16  provision may be "fairly read" to confer such a right.

17          **1.     Read in context, § 504(b) reflects Congress's intent to create a jury trial right for**
                **infringer profit damages.**
18
        Section 504(b)'s context within the Copyright Act's other remedial provisions shows that
19
    Congress intended actual and infringer profit damages to be tried to a jury because every remedial
20
    provision *except* the paragraphs in § 504 permitting the award of actual damages and profits refers to
21
    the "court" deciding the remedy. This cannot be presumed a mere accident. "[W]hen the legislature
22
    uses certain language in one part of the statute and different language in another, the court assumes
23
    different meanings were intended." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n. 9 (2004) (internal
24
    citation omitted).
25
        In Section 502, the Act states that "any *court* having jurisdiction of a civil action arising
26
    under this title may . . . grant temporary and final injunctions . . . ." 17 U.S.C. § 502(a) (emphasis
27
    added). Section 503 similarly states (again in reference to a clearly equitable power) that "the *court*
28

may order the impounding [of certain records and other articles]." 17 U.S.C. § 503 (emphasis added).

Section 505 likewise states that the "*court* in its discretion may allow the recovery of full costs . . .

[and] may also award a reasonable attorney's fee . . . ." 17 U.S.C. § 505 (emphasis added). And even

*within* Section 504, while subsection (b) mentions neither judge nor jury, subsection (c) authorizes

the award of statutory damages "instead of actual damages and profits" within a range "as the court

considers just" and permitting "the court in its discretion" to reduce statutory damage awards in

certain cases. 17 U.S.C. § 503.[1] Considered in this context, the fact that §504(b) does *not* assign the

responsibility for determining actual and infringer profit damages to the "court" is significant

because "Congress generally acts intentionally when it uses particular language in one section of a

statute but omits it in another." *Dep't. of Homeland Sec. v. MacLean*, 574 U.S. 383, 391 (2015).

**2.    *Huffman* and *Capture Eleven* convincingly found that § 504(b) provides a statutory jury trial right.**

Indeed, the two cases that undertook the most rigorous statutory construction of § 504(b),

*Capture Eleven* and *Huffman*, both concluded that Congress "purposely omitted any reference to 'the

court' to distinguish § 504(b) from other remedies available under the Copyright Act." *See Huffman*,

2021 WL 2339193 at *4; *Capture Eleven,* 2023 WL 5573966 at *2. *Huffman* found that the

conspicuous omission of the word "court" from § 504(b) – and its presence in §§ 502, 503, 504(c),

and 505 – showed "clear Congressional intent to statutorily provide a right to a jury trial." *Huffman*,

2021 WL 2339193 at *4. *Huffman* also noted that *Feltner* "similarly interpreted the absence of 'the

court' as congressional intent to categorize 504(b) as legal relief" when it noted that "the Copyright

Act does not use the term 'court' in the subsection addressing awards of actual damages and profits,

see § 504(b), which generally are thought to constitute legal relief." *Id.* at *4 (quoting *Feltner*, 523

---

[1] In *Feltner*, the Court found that § 503(c) did not confer a statutory right to a jury trial in large part because of this language conferring the responsibility for statutory damages awards to the court. *See Feltner*, 523 U.S. at 345-46 (noting that "[t]he word 'court' in this context appears to mean judge, not jury."). The Court noted that "the Copyright Act does not use the term 'court' in the subsection addressing awards of actual damages and profits, see § 504(b), which generally are thought to constitute legal relief." *Id.* (citing *Dairy Queen*, 369 U.S. 469 (1962) and other cases). Thus, while *Feltner* ultimately found that the Seventh Amendment guaranteed the right to a jury trial on statutory damages notwithstanding the Act's assignment of that duty to the court, its conclusion that the Act did not confer a jury trial right was based on its use of the word "court."

1    U.S. at 346). *Capture Eleven* similarly concluded that "read in its proper context, § 504(b) evinces a

2    congressional intent to grant a jury trial right for the disgorgement remedy." *Capture Eleven*, 2023

3    WL 5573966 at *2. The court noted that "unlike § 504(c) and other remedies provisions in the

4    Copyright Act that confer authority on 'the court' to decide the appropriate remedy, § 504(b) makes

5    no reference to 'the court' as the relevant factfinder." *Id.* "Accordingly, while in *Feltner* the *presence*

6    of the term 'court' meant that § 504(c) provided no right to a jury trial, here, the *absence* of the same

7    term strongly indicates that § 504(b) does include a jury trial right." *Id.*

8         But the inference that Congress intended to confer a jury trial right on the disgorgement

9    remedy does not depend solely on the presence or absence of the word "court." Rather, as both

10   *Huffman* and *Capture Eleven* recognized, "Congressional intent to grant a statutory right to a jury

11   trial can be inferred from the pairing of actual damages and 'infringer's profits.'" *Huffman*, 2021 WL

12   2339193 at *5; *see also Capture Eleven*, 2023 WL 5573966 at *2 ("by combining both 'actual

13   damages' (an indisputably legal remedy) and 'any profits of the infringer' within the same statutory

14   provision, Congress expressed its intent for courts to treat both remedies as legal and, therefore, as

15   issues to be decided by a jury."). As the *Huffman* court explained, "[p]airing an unambiguously legal

16   remedy with a 'protean' remedy – without a stronger indication that 'infringer's profits' is intended

17   to be equitable – is a signal that Congress intended for the 'profits-recovery remedy' to take on a

18   legal nature." *Huffman*, 2021 WL 2339193 at *5.

19        *Huffman* pointed out that if § 504(b) is interpreted *not* to confer a jury trial right on both

20   remedies "an odd result would occur":

21              Defendants interpret § 504(b) to mean 'The copyright owner is entitled
               to recover the actual damages [decided by a jury] . . . and any profits of
22             the infringer [decided by the judge] that are attributable to the
               infringement . . . ." This court is skeptical that Congress intended for §
23             504(b) to be interpreted this way. If Congress truly meant for
               infringer's profits to be an equitable remedy surely, it would have at
24             least referenced 'the court.'

25   *Huffman*, 2021 WL 2339193 at *5 (alterations in original). It thus rejected this interpretation in light

26   of the statutory construction canon that when a construction would "compel an odd result, we must

27   search for other evidence of congressional intent to lend the term its proper scope." *Id.* (quoting

28   *Public Citizen v. U.S. Dept. of Justice*, 491 U.S. 440, 454 (1989)).

1

2

**3.     Disney's arguments ignore the fundamental tenets of statutory construction and the
policies favoring jury trials and avoidance of constitutional questions.**

Disney urges the Court to interpret § 504(b) *not* to confer a jury trial right for infringer profit

damages largely based on the absence of a specific reference to a jury. Mot., ECF 579, at 3:19-21

("Nothing in the text of this provision authorizes a jury trial. Nor does anything in the text of Section

504, the remedies section of Title 17, 17 U.S.C. § 501 et seq. or the entire Copyright Act reference

the right to a jury trial on disgorgement.").[2] But Disney's argument ignores the requisite statutory

construction exercise undertaken by *Huffman* and *Capture Eleven.* It also would violate the

construction canon that "effect is given to all [a statute's] provisions, so that no part will be

inoperative or superfluous, void or insignificant.'" *Stand Up*, 959 F.3d at 1159. Under Disney's

interpretation, Congress's use of "the court" in §§ 502, 503, 504(c), and 505 would be rendered

essentially "inoperative or superfluous, void or insignificant" because the presence or absence of the

phrase serves no functional purpose (as demonstrated by the need, as the *Huffman* court pointed out,

to infer *additional* words within § 504(b) itself to delineate the court-decided infringer profit

damages issues from the jury-decided actual damages issues). Disney essentially argues that when

Congress *includes* "the court," it means "the court." But when Congress *omits* "the court" it also

means "the court." This reading is at odds with the presumption that litigants have a right to a jury

trial.  *See supra* Part II.A.1.

Disney erroneously argues that "[t]he fact that Section 504(b) instructs the disgorgement

award to exclude profits already taken into account in computing the actual damages,' does not

change the analysis." Mot., ECF 579 at p. 4:1-5. As the court admitted in *Navarro v. Procter &
Gamble Co.*, "as a practical matter, it may be difficult for a court to assess the extent to which the

jury took the profits 'into account' in fashioning the actual damages award." *Navarro*, 529 F.Supp.3d

---

[2] Disney also cites *City of Monterrey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708
(1999), claiming that it presented an "analogous issue" when the Supreme Court "held that 42 U.S.C.
§ 1983 did not create a statutory right to a jury notwithstanding the statute's authorization of 'an
action at law.'" Mot., ECF 579, at 3:28-28. But § 1983 is not analogous and does not *only* authorize
"an action at law" as Disney suggests. Rather, the statute "authorizes a party who has been deprived
of a federal right . . . to seek relief through 'an action at law, ***suit in equity, or other proper
proceeding*** for redress." *Monterrey*, 526 U.S. at 707 (quoting 42 U.S.C. § 1983) (emphasis added).
This language is found nowhere in the remedial language at issue in the Copyright Act.

742, 748-49 (S.D. Ohio 2021). Indeed, this practical problem, when considered in light of the fact

that Congress chose to pair the actual damages remedy (which all agree is a jury issue) with the

infringer profit damages remedy, strongly supports the interpretation of § 504(b) to confer a jury trial

right: only if the same factfinder decides both actual damages and infringer profit damages can there

be an assurance that profits "taken into account" in actual damages are excluded.[3] The exclusion of

profits already taken into account in actual damages is another structural indication that Congress

intended *both* actual damages and infringer profit damages to be decided by a jury.

Disney's argument and the cases it relies upon fail to recognize the strong judicial policies

favoring the right to a jury trial. This "clear federal policy in light of the Seventh Amendment

favoring jury trials" is "of historic and continuing strength" and should guide a court's assessment of

jury trial issues. *Prudential Oil*, 392 F. Supp. at 1022; *Simler*, 372 U.S. at 222. Disney attempts to

turn these standards on their head, citing *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th

Cir. 1993) for the proposition that a core tenet of statutory interpretation is that the "power" of a jury

trial right, to be implied "must be practically indispensable and essential . . . ." Mot., ECF 579 at p.

4:6-11 (quoting *Stansbury*, supra). *Stansbury* is inapposite. The issue there was "whether we will

imply the authority for bankruptcy courts to conduct jury trials in the absence of any express

statutory provision or clear congressional intent." *Stansbury*, 13 F.3d at 128. The court did not

examine whether individual litigants had a statutory right to a jury trial on any particular claims or

issues, but whether the statute authorized Bankruptcy Courts to conduct jury trials. Because

*Stansbury* did not implicate the right to a jury trial under the Seventh Amendment,[4] it has no bearing

---

[3] Disney argues that "Rearden has no actual damages claim" and that as a consequence "the Court will not need to determine 'the extent to which the jury took profits into account . . . .'" Mot., ECF 579 at p. 4:1-5. This is untrue – Rearden did have a claim for actual damages, but that claim was dismissed based on the Court's assessment of the testimony offered to support the claim, and the Court granted Rearden's motion for leave to file a motion for reconsideration of that ruling (*see* ECF No. 588). But in any event, the Court's interpretation of the statute based on its structure and context cannot depend upon the dismissal of an actual damage claim in a particular case.

[4] In other words, the issue was not whether, but where jury trials should occur. *Stansbury* ultimately found that "where the Seventh Amendment provides the right to a jury trial in a core proceeding in bankruptcy, it must take place in the district court." *Id.* As a result, the policy considerations in favor of jury trials were not implicated, or to the extent they were, they would have militated against transferring jury trials outside the authority of an Article III court absent a clear

1    here. Likewise, the statement in *Navarro v Procter & Gamble Co.*, 529 F.Supp.3d 742 (S.D. Ohio

2    2021) that "it appears courts should exercise caution in interpreting statutes to find an implied jury

3    trial right" is misplaced. *Navarro*'s statement was based on the fact that in *Feltner* and *Monterey*, the

4    Court found no statutory right to a jury trial – but neither of those cases urged "caution" in

5    interpreting statutes to find jury trial rights or changed longstanding policies favoring jury trials and

6    the avoidance of constitutional questions. *See Feltner*, 523 U.S. at 345 (before reaching the

7    applicability of the Seventh Amendment a court must first determine "whether a construction of the

8    statute is fairly possible" to confer a jury trial right and avoid the constitutional question); *Monterey*,

9    526 U.S. at 707 (same, quoting *Feltner, supra*). Thus, *Navarro*'s statement of "caution" reveals its

10   improper skepticism of jury trial rights rather than an established rule or policy.

11        Disney relies upon three district court cases from outside the Ninth Circuit that found §

12   504(b) does not confer the right to a jury trial; these cases are not well reasoned and should not be

13   accorded substantial weight. *See Fair Isaac Corp. v. Fed. Ins. Co.*, 468 F.Supp.3d 1110 (D. Minn.

14   2020); *Navarro, supra*; *Assessment Techs. Inst., LLC v. Parkes*, 2022 WL 588889 (D. Kan. Feb. 25,

15   2022). *Fair Isaac*, as noted by the *Huffman* court, "too quickly eschewed statutory analysis using the

16   canons of statutory construction." *Huffman*, 2021 WL 2339193 at *4. Rather, the *Fair Isaac* court

17   relied on *City of Monterey* to conclude that "[i]t follows here that Section 504(b), which does not

18   expressly provide a right to a jury determination on actual damages and profits, also does not

19   implicitly provide such a right." *Fair Isaac*, 468 F.Supp.3d at 1113-14. But *City of Monterrey*

20   concerned § 1983, which is not analogous to § 504(b).  *See supra* n.2. *Fair Isaac* failed to examine

21

22

23   expression of intent to do so. Thus, to the extent that Disney's claimed "core tenet" of statutory
     construction exists, it applies to the inference of [CONGRESSIONAL?] authority to vest the
24   constitutional right to conduct jury trials in non-Article III courts. In fact, a more complete recitation
     of the rule from *Sutherland* is that "[t]he usual standard used to interpret a statute * * * is * * * to
25   determine if the statute embraces such consequential applications and effects as are necessary,
     essential, natural or proper." (2A A. Sutherland, Statutory Construction § 55.03, at 602 (4th ed.
26   1984).) *People v. Parker*, 123 Ill. 2d 204, 216 (1988) (alterations in original). The more rigid (and
     edited) formulation cited in *Stansbury* came from another case regarding the authority of bankruptcy
27   courts to conduct jury trials, *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449, 1456
     (8th Cir. 1990).
28

the structure of the act, the surrounding provisions (which refer other remedies to "the court") or

consider any canons of statutory construction.[5]

In *Navarro*, the court merely noted that the section "says nothing about who – a judge or a

jury – should determine the magnitude of either or both [actual damages and infringer profits]" and

that "no party has pointed the Court to any statutory text in the Copyright Act that refers to a jury, at

all." *Navarro*, 529 F.Supp.3d at 747-48. As in *Fair Isaac*, the *Navarro* court made no attempt at

statutory construction considering the context of the statute or its structure.

And in *Assessment Techs.*, the court also failed to apply or even cite any relevant canons of

statutory interpretation – the extent of its analysis was that because there was "no clear provision in

the Copyright Act that creates a jury trial right for disgorgement of profits," it would not infer

congressional intent form the absence of the word 'court' in § 504(b). *Id.* at *2. As explained in

*Huffman* and *Capture Eleven,* that should not have been the end of the court's inquiry. *Fair Isaac*,

*Navarro*, and *Assessment Techs.* failed to apply intellectual rigor or depth to their statutory

construction exercises, and should not be followed.

Another reason for disregarding *Fair Isaac*, *Navarro*, and *Assessment Techs.* Is that they

"ignore *Feltner*'s clear admonition to abide by the canon of constitutional avoidance." *Capture

Eleven*, 2023 WL 5573966 at *3. "Though *Fair Isaac* presents one reasonable interpretation of §

504(b), there is another competing fair and reasonable interpretation that would sidestep the

underlying constitutional question; the alternative construction is therefore the preferred

construction." *Huffman*, 2021 WL 2339193 at * 4 (citing *Feltner*, 523 U.S. at 345). *See also Capture*

---

[5] The *Fair Isaac* court skipped these steps and considered a single reference in the congressional record that when "some of the defendant's profits result from the infringement and other profits are caused by different factors, it will be necessary for the *court* to make an apportionment." *Fair Isaac*, 468 F.Supp.3d at 1114 (quoting H.R. 94-1476, at 161 (1976) (emphasis added)). But in this context, the use of "court" is far from dispositive. As Justice Scalia's concurring opinion in *Feltner* noted, "the word 'court' can mean 'the judge or judges, as distinguished from the counsel or jury . . . [b]ut it also has a broader meaning, which includes both judge and jury." *Feltner*, 523 U.S. at 356 (J. Scalia, concurring in the result but arguing it was "fairly possible" to interpret § 504(c) to confer a statutory right to a jury trial, thus avoiding the "grave and doubtful constitutional questions"). Notwithstanding the potential ambiguity of the phrase in this context, its consistent and uniform use throughout the Copyright Act's remedy provisions – and notable omission from §504(b) provides stronger evidence of congressional intent than does this one stray word in the congressional record.

1  *Eleven*, 2023 WL 5573966 at *3 ("Because it is 'fairly possible' to construe the statutory language

2  according to this competing meaning, and because it is a construction by which the constitutional

3  question may be avoided, it is the preferred construction here.").

4          Finally, Disney's argument ignores the longstanding and widespread practice of submitting

5  copyright infringer profit damages under § 504(b) to the jury. The Courts of Appeal for the Seventh,

6  Eighth, Ninth, and Eleventh Circuits have all issued pattern jury instructions for juries to award

7  infringer profit damages in copyright infringement cases under § 504(b). Exs. 1-4 (Pattern

8  Instruction Excerpts). None of the comments to these pattern instructions indicates they were

9  intended only to be used when the parties agreed to submit § 504(b) infringer profit damages to the

10  jury. This is not surprising since the only Circuit Court decision on the issue, *Sid & Marty Krofft Tel.*

11  *Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174-76 (9th Cir. 1977), found that plaintiff had a

12  right to a jury trial for § 504(b) infringer profit damages under a Seventh Amendment analysis. And

13  while not dispositive,[6] numerous district court cases reflect that common practice. *See Huffman*,

14  2021 WL 2339193 at *5 (listing cases); *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 797–98

15  (8th Cir. 2003) ("allocating an infringer's profits between the infringement and other factors . . .  is

16  'highly fact-specific,' and should have been left to the jury." (internal citation omitted); *Three Boys*

17  *Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000), *overruled on other grounds by Skidmore*

18  *as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (affirming jury's

19  apportionment of profits).

20  **C.**      **Rearden has a right to a jury trial on infringer profit damages under the Seventh Amendment.**

21

22          If the Court finds no statutory jury trial right, the Court should analyze this issue under the

23  Seventh Amendment. This inquiry involves 1) comparing the statutory action to 18th century actions

24  _____

25      [6] *Navarro* noted that these decisions and the pattern jury instructions do not necessarily reflect a
    practice of submitting 504(b) damages to the jury as a matter of right because they may have been
26  occasioned by submission by agreement under Fed. R. Civ. Proc. 39(c)(2). *Navarro*, 529 F.Supp.3d
    at 751. But *none* of the four federal circuits that has adopted pattern instructions for infringer profit
27  damages indicate they are meant only for use only in agreed cases. Nor is it likely that in every case
    involving the review of a jury award of infringer profit damages was there an agreement to try the
28  issue to the jury.

1    brought in the courts of England before the merger of law and equity, and 2) examining the remedy

2    sought and determine whether it is equitable or legal in nature. *See Tull*, 481 U.S. at 417-18.

3         **1.    Rearden's copyright infringement claim is indisputably a legal claim.**

4         Addressing the first factor, the law is clear: Rearden's cause of action for copyright

5    infringement is a traditional tort remedy arising under the powers of courts of law. *Curtis v. Loether*,

6    415 U.S. 189, 195 (1974) ("A damages action under [a] statute sounds basically in tort—the statute

7    merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury

8    caused by the defendant's wrongful breach."). Disney does not dispute this,[7] and concedes that

9    Rearden is entitled to a jury trial as to Disney's liability for infringing its statutory copyright interest.

10        As a result, the Seventh Amendment analysis of the infringer profit damages issue turns on

11   whether the nature of the infringer profit damages remedy is equitable or legal. On this point, the

12   waters are admittedly murkier, but the better view is that disgorgement of profits is a legal remedy

13        **2.    The infringer profits remedy is legal in nature when sought in a case at law.**

14        Disney cites several instances of courts referring to disgorgement as an equitable remedy.

15   *See, e.g., Fifty-Six Hope Rd. Music, Ltc. V. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015).

16   Disgorgement is a "form of restitution measured by the defendant's wrongful gain." *Kokesh v.*

17   *S.E.C.*, 581 U.S. 455, 458–59 (2017) (quoting Restatement (Third) of Restitution and Unjust

18   Enrichment § 51, Comment *a*, p. 204 (2011) (alterations omitted)). Restitution, in turn, is a remedy

19   that seeks to prevent unjust enrichment and the terms are sometimes used together or

20   interchangeably. *See* Restatement (Third) of Restitution and Unjust Enrichment § 4 (2011); *Navarro*,

21   529 F.Supp.3d at 752 (copyright profit disgorgement remedy is "to prevent unjust enrichment")

22   (citation omitted). But the Restatement notes that "[t]he status of restitution as belonging to law or to

23   equity has been ambiguous from the outset" and there is a "misconception that liabilities or remedies

24   described in terms of 'unjust enrichment' are necessarily equitable in origin." Restatement (Third) of

25   Restitution and Unjust Enrichment § 4, Comment a (2011). It further notes that "[t]he proliferation of

26

27        ---
     [7] *See also Fair Isaac*, 468 F.Supp.3d at 1115 ("Copyright lawsuits for monetary damages were
28   tried before a jury in courts of law prior to 1791.").

     PLAINTIFFS' OPPOSITION TO DEFENDANT'S
     MOTION TO STRIKE JURY TRIAL DEMAND - 14
     Case No. 17-CV-04006

modern judicial statements to the effect that 'restitution is equitable' appears to be something of a historical accident, a response primarily to the difficulty of deciding the constitutional jury-trial issue under some modern regulatory statutes." *Id.* at Comment b. The Supreme Court recognized this in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668 (2014), when it stated that "[l]ike other restitutional remedies, recovery of profits 'is not easily characterized as legal or equitable,' for it is an 'amalgamation of rights and remedies drawn from both systems.' *Id.* (quoting Restatement (Third) of Restitution and Unjust Enrichment § 4, Comment *b*, p. 28 (2010)). Disney's facile treatment of disgorgement as inherently an equitable remedy should be disregarded.

In fact, whether a restitutionary disgorgement remedy is legal or equitable in nature depends upon the nature of the action in which it is sought. The Supreme Court has recognized that restitutionary remedies were historically available at law:

> [N]ot all relief falling under the rubric of restitution is available in equity. In the days of the divided bench, restitution was available in certain cases at law, and in certain others in equity. Thus, "restitution is a legal remedy when ordered in a case at law and an equitable remedy ... when ordered in an equity case," and whether it is legal or equitable depends on "the basis for [the plaintiff's] claim" and the nature of the underlying remedies sought.
>
> In cases in which the plaintiff "could *not* assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him," the plaintiff had a right to restitution *at law* through an action derived from the common-law writ of assumpsit. In such cases, the plaintiff's claim was considered legal because he sought "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." Such claims were viewed essentially as actions at law for breach of contract (whether the contract was actual or implied).

*Great-W. Life*, 534 U.S. at 212–13 (internal citations omitted). *See also Health Cost Controls*, 187 F.3d at 710 ("As we explained in *Continental Casualty*, restitution is a legal remedy when sought in a case at law and an equitable remedy when sought in a case in equity. (There really isn't any question about this). But as we also explained, when sought as a remedy for breach of fiduciary duty restitution is properly regarded as an equitable remedy because the fiduciary concept is equitable.")

(internal citations omitted). Thus, the question of whether a restitutionary disgorgement remedy is legal or equitable turns on whether the underlying claim is legal or equitable.[8]

As explained above, Rearden's copyright infringement action is a case traditionally available at law – the statutory rights granted by the Copyright Act create a legal duty against infringement of those rights in the nature of a tort. *Curtis*, 415 U.S. at 195. Rearden's claim for § 504(b) infringer profit damages is *not* based on an assertion of "title or right to possession of particular property," it is for a money judgment based upon the infringement of a statutory right. In other words, Rearden is not seeking to compel Disney to return its copyrighted material, or seeking to attach a specific account or pool of money – it seeks only a money judgment as authorized by statute (the measure of which happens to be the amount of its profits). As such, Rearden's claim, which like the historical action upon a writ of assumpsit described in *Great-W. Life, supra*, seeks to impose a "merely personal liability for a sum of money." It is therefore in the nature of a legal remedy only available in historical law courts.[9] In the context of the Seventh Amendment analysis, Rearden's infringer profit damages remedy is a legal claim to which the right to a jury trial attaches.

This result is consistent with established Supreme Court precedent interpreting the Seventh Amendment. In *Dairy Queen*, the Supreme Court considered whether a claim for an "accounting of

---

[8] During the pretrial conference, the Court suggested that the jury trial issue under § 504(b) might be similar to the California Unfair Competition Law "UCL") (Cal. Bus. & Prof.Code, § 17200 et seq.). But the UCL is not analogous because unlike the Copyright Act, the UCL "is equitable in nature; damages cannot be recovered." *Chowning v. Kohl's Dept. Stores, Inc.*, 733 Fed. Appx. 404, 405 (9th Cir. 2018) (unpublished). As *Chowning* explained, "[u]nder California law, there are two forms of disgorgement: restitutionary disgorgement, which *focuses on the plaintiff's loss*, and nonrestitutionary disgorgement, which focuses on the defendant's unjust enrichment. *Nonrestitutionary disgorgement is unavailable in UCL actions.*" *Id.* (internal citations and quotation marks omitted, emphasis added).

[9] Disney cites a footnote in *Petrella* stating that "[g]iven the 'protean character' of the profits-recovery remedy, we regard as appropriate its treatment as "equitable" in this case." *Petrella*, 572 U.S. at 668, n. 1 (internal citation to Restatement (Third) of Restitution omitted). But as Disney notes, the *Patrella* court was not considering whether the Seventh Amendment guaranteed a right to a jury trial, but whether the equitable remedy of laches could be invoked in a case for damages under the Copyright Act. *Patrella*, 572 U.S. at 667 ("Laches, we hold, cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window."). And as Disney notes, Nimmer does not consider *Patrella* dispositive of the Seventh Amendment issue, but states only that the Court "leaned towards" treating the profit remedy as equitable. 5 Nimmer on Copyright § 14.03.

profits" (another way to refer to the profit disgorgement remedy) by trademark owners conferred the right to a jury trial under the Seventh Amendment. *Dairy Queen*, 369 U.S. at 476-79. The Court found that it did: "[I]nsofar as the complaint requests a money judgment it presents a claim which is unquestionably legal. . . . As an action for damages based upon a charge of copyright infringement, it would be no less subject to cognizance by a court of law." *Id.* at 476-77. The respondents argued that the claim for a money judgment "is purely equitable" because the claim sought an "'accounting,' rather than . . . an action for 'debt' or 'damages.'" *Id.* at 477. The Court rejected this argument, explaining that "in order to maintain such a suit [for an equitable accounting] on a cause of action cognizable at law, as this one is, the plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Id.* at 478 (footnote citations omitted).[10] In other words, because the underlying claim was legal (as is Rearden's), and because the relief sought was a money judgment (as is Rearden's), the fact that damages would be ascertained through an accounting or disgorgement does not make the relief equitable unless the accounting is so complicated only a judge could resolve the issue.

Calculating infringer profit damages here is straightforward – the parties' experts substantially agree regarding the gross revenues, deductible expenses, and profits from *Beauty and the Beast*. Here, as in *Dairy Queen*, a jury "under proper instructions from the court, could readily determine the recovery if any, to be had . . . .  The legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into petitioner's business records." *Id.* at 4779. [11] *See also* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2312 (4th Ed.) (noting that copyright infringement actions commonly include "an accounting for profits" and that under the

---

[10] *Dairy Queen* based its holding in part on the considerations of judicial reform following the merger of law and equity discussed in *Beacon Theatres*: "[s]ince in the federal courts equity has always acted only when legal remedies were inadequate, the expansion of adequate legal remedies . . . necessarily affects the scope of equity. *Dairy Queen*, 369 U.S. at 478, n. 19 (quoting *Beacon Theatres*, 359 U.S. at 509).

[11] Justice Harlan's concurring opinion in *Dairy Queen* stated: "The fact that an 'accounting' is sought is not of itself dispositive of the jury trial issue. To render this aspect of the complaint truly 'equitable' it must appear that the substantive claim is one cognizable only in equity or that the 'accounts between the parties' are of such a 'complicated nature' that they can be satisfactorily unraveled only by a court of equity." *Id.* at 480.

precedents of *Beacon Theatres and Dairy Queen*, "ordinarily there is a right to jury trial on a claim for an accounting"). It was on this basis that the Ninth Circuit in *Krofft*, 562 F.2d at 1174-75 held that the Seventh Amendment guarantees the right to a jury trial for infringer profit damages under the Copyright Act. The Ninth Circuit found that the "claim for damages and an accounting of profits in this case parallels that made in *Dairy Queen*," and therefore "Plaintiffs in this case had a right to a jury trial." *Id.* at 1175.

*Krofft's* holding was not, as Disney claims, mere dictum. The District Court had refused to award infringer profit damages after a jury trial because "it found that these matters were properly for the jury to consider" but the parties had not submitted infringer profit damages evidence to the jury and reserved "issues of injunctive relief and an accounting which are questions for the Court." *Id.* at 1162. On appeal, the Ninth Circuit first determined if the infringer profit damages remedy was a jury question, because if not, the District Court's refusal to award infringer profit damages would have been manifestly in error, rendering the parties' supposed agreement irrelevant.[12]

Disney attempts to distinguish *Krofft* on the ground that it "involved a claim for profits under the 1909 Copyright Act." Mot., ECF No. 579, at p. 9:4-15. But Disney identifies no differences between the infringer profit remedy in the 1909 Copyright Act and the present 1976 Copyright Act that would change *Krofft*'s holding. In fact, the Copyright Act of 1909 added the infringer profit damages remedy to the Copyright Act, which remains largely unchanged today. Copyright Act of 1909, 60 Cong. Ch. 320, March 4, 1909, 35 Stat. 1075, § 25(b) ("if any person shall infringe the copyright . . . such person shall be liable . . . (b) To pay the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement . . . .").

---

[12] In other words, if the infringer profit damages accounting remedy was equitable, the parties' "agreement" would simply have been a recognition that the only method for awarding such damages was a judicial determination, and the Court's refusal to do so would have been erroneous not because the parties agreed the Court should decide, but because it was the Court's duty under the Seventh Amendment. Having found that the Seventh Amendment guaranteed a jury trial on the accounting claim, the *Krofft* court went on to find that the District Court nevertheless erred in "concluding that *Dairy Queen* compelled the jury to consider profits in this case." *Id.* at 1175 (emphasis added).

1

Nor is *Fifty-Six Hope Rd.* controlling. While that decision makes broad statements about the

2

"equitable" nature of the disgorgement remedy under the Lanham Act, the disgorgement remedy in

3

the Lanham Act differs dramatically from the infringer profit remedy in the Copyright Act. The

4

Lanham Act, 15 U.S.C. § 1117, expressly states that a "plaintiff shall be entitled . . . *subject to the*

5

*principles of equity*, to recover 1) defendant's profits, (2) any damages sustained by the plaintiff, and

6

(3) the costs of the action." (Emphasis added.) This specific reference to the "principles of equity" is

7

notably absent from the Copyright Act, and explains the Ninth Circuit's significantly narrower view

8

of the accounting remedy in trademark cases.

9

Although there is conflicting authority, the better view, supported by the Restatement (Third)

10

of Restitution and Unjust Enrichment, *Dairy Queen,* and *Krofft* is that the infringer profit damages

11

remedy in a copyright infringement case is a legal damages remedy because the underlying claim is

12

undeniably legal in nature, and the remedy itself is one for money damages that is well within a well-

13

instructed jury's ability to decide. Disney's arguments to the contrary, and the cases it cites, hew to

14

an outdated and overly-formalistic view of the law/equity divide that was discarded over 80 years

15

ago. Plaintiffs therefore request that if the Court finds no statutory jury trial right on infringer profit

16

damages, it should deny Disney's motion on the grounds that the Seventh Amendment guarantees

17

that right.

18

**D.      If the Court finds that Rearden is not entitled to a jury trial on infringer profit**

19

**damages under the Copyright Act or the Seventh Amendment, it should submit the issue to the jury on an advisory basis under Fed. R. Civ. Proc. 39(c).**

20

Even if this Court concludes that neither the Copyright Act nor the Seventh Amendment

21

provide for a jury trial on infringer profit damages, it should still submit the issue to the jury on an

22

advisory basis under Fed. R. Civ. P. 39(c) both as a guide for the Court's ultimate decision and to

23

guard against the potential need for a retrial on damages if its decision on this uncertain issue is

24

reversed on appeal.[13]

25

26

[13] To be clear, Rearden objects to the submission of the infringer profit damages issue to the Court rather than to a binding jury. But submission of the issue to the jury on an advisory basis will provide a verdict that may be implemented in the event the Court's decision is reversed on appeal. Thus, Plaintiffs' proposal to submit the issue to an advisory jury in the alternative may not be construed as consent to a bench trial (with an advisory jury only) on the issue of infringer profit damages.

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE JURY TRIAL DEMAND - 19
Case No. 17-CV-04006

1    Rule 39(c) states that "[i]n an action not triable of right by a jury, the court, on motion or on

2    its own: (1) may try *any issue* with an advisory jury . . . ." Fed. R. Civ. Proc. 39(c). "An advisory

3    jury aids the court in discharging its functions. For this reason, the case law is abundantly clear: it is

4    completely within the trial judge's discretion under Rule 39(c) whether or not to use an advisory

5    jury, and the district court's exercise of discretion is virtually unreviewable." Wright & Miller, 9

6    Fed. Prac. & Proc. Civ. § 2335 (4th Ed.) (footnote citations omitted).

7    Asking the jury for an advisory opinion on infringer profit damages will serve the interests of

8    judicial economy and efficiency. The jury will already be empaneled and available to consider the

9    parties' evidence regarding infringer profit damages. Refusing to submit the profit damage issue to

10    the jury will not preserve Court resources or save time. To the contrary, it avoids the prospect of the

11    Court needing to empanel a second jury only to determine infringer profit damages. *See Thompson v.*

12    *Parkes*, 963 F.2d 885, 890 (6th Cir. 1992) (finding that the "proper course under these circumstances

13    is to direct that judgment be entered based upon the jury's verdict" where the district court

14    erroneously treated the jury's verdict as advisory and the "jury returned its verdict upon due

15    deliberation, and cognizant of its role as the final arbiter of the dispute").

16    Other courts have followed this practice. *See Navarro*, 529 F.Supp.3d at 756 (finding that

17    "the jury's verdict on the matter will likely be helpful" and that if the court's determination that no

18    jury trial right existed was reversed "the appeals court would have the benefit of the jury's

19    determination of the correct amount for the disgorgement award . . . ."); *Griffo v. Oculus VR, Inc.*,

20    2018 WL 6265067, at *15 (C.D. Cal. Sept. 18, 2018) ("this Court is prepared to submit the

21    disgorgement of profits claim to the jury and treat this jury verdict as advisory, if not

22    conclusory").

23    ### III.    CONCLUSION

24    Section 504(b) creates the right to a jury trial on whether and to what extent an infringer is

25    liable to a copyright owner for infringer profit damages. Moreover, because copyright claims are

26    based upon the infringement of a statutory right and the infringer profit damages remedy seeks a

27    money judgment and not injunctive or other traditionally equitable relief, the Seventh Amendment

28    guarantees Rearden's right to have a jury decide the issue. Rearden respectfully requests that the

1   Court DENY Disney's motion to strike its jury demand on the issue of infringer profit damages and

2   submit the issue to the same jury that will be empaneled to decide Disney's liability. In the

3   alternative, if the Court finds that Rearden is *not* entitled to a jury on infringer profit damages,

4   Rearden respectfully requests that the Court submit the issue to the jury on an advisory basis.

5

6   DATED:  November 14, 2023                    HAGENS BERMAN SOBOL SHAPIRO LLP

7                                                By:   */s/ Mark S. Carlson*
                                                       MARK S. CARLSON
8                                                Steve W. Berman (*pro hac vice*)
                                                 Jerrod C. Patterson (*pro hac vice*)
9                                                Garth Wojtanowicz, CBA No. 246510
                                                 1301 Second Avenue, Suite 2000
10                                               Seattle, WA 98101
                                                 Telephone: (206) 623-7292
11                                               Facsimile:  (206) 623-0594
                                                 steve@hbsslaw.com
12                                               markc@hbsslaw.com
                                                 jerrodp@hbsslaw.com
13                                               garthw@hbsslaw.com
14
                                                 Rio S. Pierce, CBA No. 298297
15                                               HAGENS BERMAN SOBOL SHAPIRO LLP
                                                 715 Hearst Avenue, Suite 300
16                                               Berkeley, CA 94710
                                                 Telephone: (510) 725-3000
17                                               Facsimile: (510) 725-3001
                                                 riop@hbsslaw.com
18

19                                               *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28