# EXHIBIT A

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| William Condon – July 29, 2020 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | |
| 5 | 10 | 5 | 15 | | | | 9 | 10 | 9 | 13 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion.  They should be stricken on that basis.  Disney may offer them in its case in chief.  Rearden incorporates this objection into each and every Disney counterdesignation. |
| 5 | 20 | 6 | 1 | | | | 14 | 25 | 15 | 1 | |
| 8 | 10 | 8 | 18 | | | | 15 | 3 | 16 | 9 | |
| 10 | 15 | 10 | 17 | | | | 31 | 4 | 31 | 5 | |
| 10 | 22 | 10 | 25 | | | | 34 | 4 | 34 | 20 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 8 | 11 | 20 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | On day 1 of Mr. Condon's deposition, the videographer Rearden ordered did not appear.  Consequently, there is no video transcript.  But the videos are exhibits to the deposition and the referenced portions may be played to the jury.  Rearden addressed this issue on day 2 of the deposition, and may choose to present the video transcript of that deposition in lieu of this and the following designations from day 1. | | 35 | 11 | 36 | 15 | |
| 12 | 13 | 12 | 15 | | | | 39 | 20 | 40 | 9 | |
| 12 | 18 | 12 | 21 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | 41 | 4 | 41 | 6 | |
| 13 | 2 | 13 | 6 | 13:3-6: 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | | | 51 | 12 | 51 | 14 | |
| 13 | 11 | 13 | 11 | | | | 51 | 17 | 51 | 20 | |
| 14 | 6 | 14 | 7 | | | | 57 | 15 | 57 | 22 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 10 | 14 | 17 | 14:10-16: 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | 60 | 2 | 60 | 9 | | |
| 14 | 20 | 14 | 23 | | | | 60 | 18 | 62 | 5 | | |
| 18 | 16 | 18 | 18 | | | | | | | | | |
| 18 | 22 | 18 | 24 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 19 | 14 | 20 | 6 | | | | | | | | | |
| 20 | 8 | 20 | 9 | | | | | | | | | |
| 20 | 15 | 20 | 16 | | | | | | | | | |
| 20 | 24 | 21 | 4 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 21 | 11 | 21 | 15 | | | | | | | | | |

| 21 | 18 | 21 | 22 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 22 | 1 | 22 | 5 | | | | | | | | | |
| 22 | 8 | 22 | 8 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Rearden's original designation inadvertently omitted the witness's answer to the question.  Both parties have supplemented their original designations to include such inadvertently omitted material. Rearden has not objected when Disney did so, and the Court should overrule Disney's objection here. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | |
|---|---|---|---|---|---|
| 26 | 25 | 27 | 5 | 1002, 403, F, 701 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself.  In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how the MOVA technology, as opposed to other technology or artistry, contributed to the on-screen appearance of the Beast. | See above.  Also, the question does not call for inadmissible opinion testimony.  Mr. Condon answers questions based on his percipient knowledge.  Disney's foundation objection is merely argument relating to its theory of the case. |
| 27 | 10 | 27 | 12 | | |
| 27 | 20 | 27 | 25 | | |
| 28 | 8 | 28 | 9 | | |
| 28 | 14 | 28 | 19 | | |
| 28 | 23 | 31 | 3 | 28:23-29:1: ATT, 402, 403 - Attorney objections are not relevant and may cause the jury to draw improper and prejudicial inferences.  All objections and colloquy should be omitted. | This designation includes no objections, and the only "colloquy" is a representation Disney's counsel made on the record to answer a question that the witness could not answer. |
| 31 | 6 | 31 | 19 | 31:17-19: F, 701 - This question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony on re-direct (Volume 2) demonstrates that he lacks foundation to opine about how the MOVA technology, as opposed to other technology or artistry, contributed to the on-screen appearance of the Beast. | Disney is just arguing its theory of the case.  Mr. Condon testified based on his percipient knowledge. |
| 31 | 23 | 31 | 23 | | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 | 18 | 33 | 1 | | | | | | | | | |
| 33 | 4 | 33 | 6 | | | | | | | | | |
| 33 | 10 | 34 | 3 | | | | | | | | | |
| 34 | 21 | 34 | 23 | 34:21-22: S - The witness testified that he never reviewed or provided feedback on this document, so the question of how any feedback would have handled had it been given is purely speculative. | The question was directed to the process of creating the document and the purpose for soliciting Mr. Condon's feedback. | | | | | | | |
| 36 | 16 | 37 | 14 | 37:9-13: CD - The question is compound and it is unclear which question the witness is answering. | If Disney is confused, that is what cross examination is for. | | | | | | | |
| 38 | 13 | 39 | 1 | | | | | | | | | |
| 40 | 11 | 41 | 3 | | | | | | | | | |
| 41 | 7 | 42 | 19 | 41:8: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | These designations were inadvertently omitted from Rearden's original designations. | | | | | | | |
| 42 | 22 | 43 | 8 | | | | | | | | | |
| 47 | 4 | 47 | 7 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | Rearden intends to display the video referenced in the testimony to the jury. | | | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 47 | 13 | 47 | 13 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 47 | 23 | 48 | 8 | | | | | | | | | |
| 48 | 11 | 48 | 12 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 48 | 17 | 48 | 19 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 48 | 25 | 49 | 2 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. \| 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | | |
| 49 | 6 | 49 | 7 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 49 | 10 | 49 | 10 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 49 | 18 | 49 | 19 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 49 | 23 | 49 | 25 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 50 | 22 | 51 | 1 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 51 | 3 | 51 | 8 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 52 | 20 | 53 | 22 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | See above. | | | | | | | |
| 54 | 18 | 55 | 2 | | | | | | | | | |
| 55 | 7 | 55 | 15 | | | | | | | | | |
| 56 | 2 | 56 | 9 | DOC, H - This testimony concerns a document that is not a trial exhibit and may not be published to the jury; in addition, counsel's question contains hearsay that is being offered for truth and is not subject to any exception. | The testimony concerns Condon's personal knowledge, not the document. | | | | | | | |

| 56 | 14 | 57 | 13 | 56:14-22: DOC, H - This testimony concerns a document that is not a trial exhibit and may not be published to the jury; in addition, counsel's question at lines 17-19 contains hearsay that is being offered for truth and is not subject to any exception. | See above. | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 57:2: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | This line was indavertently omitted from Rearden's original designations. | | | | | | | |
| | | | | 57:7-13: 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself.  Further, Defendant objects to the incomplete designation of the question without the witness's answer.  The answer must also be designated by Plaintiffs and counted against Plaintiffs' allotted time for presentation of evidence. | Rearden will play the recording for the jury.  Rearden withdraws 57:7-13. | | | | | | | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | |
|---|---|---|---|---|---|
| 58 | 11 | 58 | 16 | 1002, 403, F, 701 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself.  Further, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony on re-direct (Volume 2) demonstrates that he lacks foundation to opine about how the MOVA technology contributed to the on-screen appearance of the Beast. | Rearden will play the recording for the jury.  Disney's foundation objection is merely an argument of its theory of the case. |
| 58 | 20 | 59 | 2 | 58:21: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | These designations were inadvertently omitted from Rearden's original designations. |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 58:22-59:1: 1002, 403, F, 701 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself.  Further, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony on re-direct (Volume 2) demonstrates that he lacks foundation to opine about how the MOVA technology contributed to the on-screen appearance of the Beast. | Rearden will play the video for the jury. Disney's foundation objection just reargues their theory of the case. Conon testified as to his recollection of what he said. | | | | | | | |
| 59 | 9 | 59 | 13 | 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | Rearden will play the video for the jury. | | | | | | | |
| 59 | 16 | 59 | 23 | 59:20-22: 1002, 403 - If Plaintiffs choose to read this testimony to the jury, Plaintiffs must also present the recording about which the witness is being examined; it is confusing and unduly prejudicial for the jury to hear testimony about a recording that is not before them and FRE 1002 prohibits the submission of counsel's characterization of contents in lieu of the recording itself. | Rearden will play the video for the jury. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | |
|---|---|---|---|---|---|
| 66 | 9 | 66 | 14 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | These lines merely provide context for the testimony that follows, to which Disney does not object |
| | | | | DOC - This testimony concerns a document that is not a trial exhibit and may not be published to the jury. | Rearden does not intend to publish documents that are not trial exhibits. |
| 71 | 6 | 71 | 15 | DOC, H - This testimony concerns a document that is not a trial exhibit and may not be published to the jury. Further, counsel's question at lines 6-10 includes hearsay that is being offered for truth and is not subject to any exception. | The question is not hearsay, because it is not evidence, and not offered for the purpose of proving the matter asserted.  The question is addressed to Condon's percipient knowledge. |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Wrong.  We previously designated 71:5-71.23. |
| 85 | 8 | 85 | 9 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 85 | 12 | 87 | 14 | 87:11-14: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | This testimony was inadvertantly omitted from Rearden's original designations. | | | | | | |
| 92 | 23 | 94 | 3 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | The testimony does not say that the referenced conduct occurred after the injunction.  And the Court has not ruled that post-injunciton evidence is inadmissible for any purpose. | | | | | | |
| | | | | | **William Condon – July 30, 2020** | | | | | | |
| 103 | 25 | 104 | 3 | | | | 104 | 4 | 104 | 13 | |
| 104 | 14 | 104 | 25 | | | | 125 | 5 | 125 | 9 | |
| 106 | 25 | 107 | 8 | 107:3-7: 1002, 403 - Misstates Mr. Condon's Vol. 1 testimony.  If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence. It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony. | This objection makes no sense. Furthermore, the question does not misstate testimony. | | 126 | 12 | 126 | 21 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 107 | 10 | 107 | 18 | 107:14-18: 1002, 403 - Misstates Mr. Condon's Vol. 1 testimony.  If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence. It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony. | See above. | | 126 | 24 | 127 | 6 | |
| 107 | 21 | 108 | 8 | 108:2-8: 1002, 403 - Misstates Mr. Condon's Vol. 1 testimony.  If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence. It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony. | See above. | | 127 | 7 | 127 | 12 | |
| 108 | 12 | 108 | 18 | | | | 127 | 19 | 128 | 8 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 108 | 21 | 109 | 5 | 108:25-109:5: 1002, 403 - Misstates Mr. Condon's Vol. 1 testimony. If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence. It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony. | See above. | | 128 | 10 | 128 | 10 |
| 109 | 9 | 109 | 9 | | | | 128 | 15 | 128 | 19 |
| 109 | 12 | 109 | 18 | | | | 129 | 12 | 130 | 6 |
| 109 | 21 | 110 | 9 | | | | 130 | 10 | 130 | 25 |
| 110 | 13 | 111 | 2 | 110:25-111:2: 1002, 403, F, 701 - Misstates Mr. Condon's Vol. 1 testimony. If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence. It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony. In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. Furthermore, there is no inadmissible opinion testimony. Condon testified from his percipient knowledge. Disney is just arguing its theory of the case rather than stating an evidentiary objection. | | 185 | 18 | 186 | 22 |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | 6 | 111 | 11 | 111:9-11: 1002, 403, F, 701 - Misstates Mr. Condon's Vol. 1 testimony.  If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence.  It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony.  In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | 186 | 24 | 186 | 24 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| 111 | 15 | 111 | 21 | 111:20-21: 1002, 403, F, 701 - Misstates Mr. Condon's Vol. 1 testimony.  If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence.  It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony.  In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | 187 | 2 | 187 | 7 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 112 | 1 | 112 | 8 | 112:6-8: 1002, 403, F, 701 - Misstates Mr. Condon's Vol. 1 testimony.  If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence.  It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony.  In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | 187 | 10 | 187 | 22 | |
| 112 | 12 | 112 | 18 | 112:18: F, 701 - This question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | 188 | 9 | 189 | 8 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 112 | 22 | 113 | 13 | 113:2-4: 1002, 403, F, 701 - Misstates Mr. Condon's Vol. 1 testimony. If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence. It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony. In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | 189 | 10 | 189 | 10 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 113:9-13: 1002, 403, F, 701 - Misstates Mr. Condon's Vol. 1 testimony.  If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence.  It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony.  In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | | 189 | 12 | 190 | 5 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 113 | 17 | 113 | 24 | 113:21-24: 1002, 403, F, 701 - Misstates Mr. Condon's Vol. 1 testimony.  If Plaintiffs choose to present this testimony to the jury, they must also present the testimony to which counsel is referring and the entire presentation should be counted against Plaintiffs' allocated time for the presentation of evidence.  It would be confusing and prejudicial, and would not be permissible under FRE 1002, for the jury to be presented with counsel's characterization of Mr. Condon's testimony in lieu of the testimony.  In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | 190 | 8 | 190 | 10 | | |
| 114 | 3 | 114 | 9 | 114:7-9: F, 701 - This question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | 190 | 12 | 191 | 16 | | |
| 114 | 13 | 114 | 13 | | | | 191 | 18 | 192 | 1 | | |
| 121 | 18 | 121 | 21 | | | | 192 | 3 | 193 | 12 | | |
| 122 | 2 | 123 | 1 | | | | 193 | 13 | 194 | 24 | | |
| 123 | 13 | 123 | 15 | F, 701 - This question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 123 | 19 | 124 | 8 | 124:6-7: F, 701 - This question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | | | | | | |
| 124 | 11 | 124 | 23 | 124:22-23: F, 701, 403 - Misstates the witness's testimony; the witness was referring to the one image in the trailer, not the entire scene.  Counsel's inaccurate characterization creates a prejudicial risk of jury confusion about MOVA's use in the entire scene, which will likely be a focus of Plaintiffs' causal nexus presentation at trial.  In addition, this question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | See above. | | | | | | | |
| 125 | 4 | 125 | 4 | | | | | | | | | |
| 125 | 10 | 125 | 21 | | | | | | | | | |
| 125 | 24 | 126 | 1 | | | | | | | | | |
| 126 | 4 | 126 | 11 | | | | | | | | | |
| 134 | 3 | 134 | 4 | DOC - This testimony concerns a document that is not a trial exhibit and may not be published to the jury | Rearden does not intend to publish documents that are not trial exhibits. | | | | | | | |
| 135 | 16 | 136 | 11 | DOC - This testimony concerns a document that is not a trial exhibit and may not be published to the jury | Rearden does not intend to publish documents that are not trial exhibits. | | | | | | | |
| 136 | 23 | 136 | 25 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 149 | 18 | 149 | 24 | 149:24: F, 701 - This question calls for improper opinion testimony; Mr. Condon is not a visual effects or technical expert and his testimony demonstrates that he lacks foundation to opine about how MOVA contributed to the on-screen appearance of the Beast. | Condon is testifying with respect to his percipient knowledge.  Disney is just arguing its theory of the case. | | | | | | |
| 150 | 4 | 150 | 4 | | | | | | | | |
| 159 | 4 | 159 | 14 | DOC, 402, 403 - This testimony concerns a document that is not a trial exhibit and may not be published to the jury.  Further, evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | Rearden does not intend to publish documents that are not trial exhibits. The Court has not ruled that post-injunction evidence is inadmissible for any purpose. | | | | | | |
| 164 | 14 | 165 | 2 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | The Court has not ruled that post-injunction evidence is inadmissible for any purpose. | | | | | | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Steve Gaub - March 4, 2023 | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Defendant's Confidentiality Designation | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Defendant's Confidentiality Designation | Ruling |
| Page Start | Line Start | Page End | Line End | | | | | Page Start | Line Start | Page End | Line End | | | |
| 8 | 9 | 8 | 16 | | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or culloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled.  Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | | 31 | 13 | 31 | 14 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion.  They should be stricken on that basis.  Disney may offer them in its case in chief.  Rearden incorporates this objection into each and every Disney counterdesignation. | | |
| 8 | 25 | 9 | 1 | | | | | 31 | 16 | 31 | 17 | | | |
| 10 | 6 | 10 | 11 | | | | | 31 | 19 | 31 | 21 | | | |
| 18 | 8 | 18 | 9 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | Confidential | | 31 | 24 | 32 | 1 | | | |
| 19 | 1 | 19 | 12 | | | Confidential | | 32 | 3 | 32 | 6 | | | |
| 19 | 16 | 19 | 21 | | | Confidential | | 32 | 8 | 32 | 11 | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 18 | 21 | 20 | S, 402.  Mr. Gaub does not work for DD3 and does not know Mr. Port's role; Mr. Port himself testified to his role. | | Confidential | | 32 | 22 | 33 | 10 | |
| 21 | 22 | 21 | 22 | | | Confidential | | 33 | 12 | 33 | 19 | |
| 22 | 10 | 22 | 12 | 22:10-11: V, L.  Vague as to "report to" and calls for a legal conclusion to the extent it is asking about the legal relationship between the two men who did not work for the same company. | | Confidential | | 35 | 6 | 35 | 13 | |
| 22 | 24 | 23 | 5 | | | Confidential | | 35 | 15 | 35 | 18 | |
| 23 | 12 | 23 | 19 | 23:14-19: 402, L. Lay witness's understanding of a contract he has not seen before is irrelevant, calls for a legal interpretation of the contract. | | Confidential | | 36 | 7 | 36 | 17 | |
| 25 | 8 | 25 | 11 | 25:8-10: ATT, Arg, L, F, 402/403. Question includes counsel's interpretation of the meaning of the contract and asks Mr. Gaub to read and interpret a contract to which he is not a party; the witness's answer that he cannot interpret the contract is not relevant to any claim in the case. | | Confidential | | 45 | 20 | 46 | 15 | |
| 25 | 15 | 25 | 18 | 25:15-16: ATT, Arg, 402/403, V. Question includes counsel's interpretation of the meaning of the contract; vague and ambiguous as to "the producer" in this context. | | Confidential | | 58 | 14 | 58 | 17 | Confidential |
| 30 | 16 | 30 | 18 | | | | | 68 | 14 | 68 | 19 | |
| 30 | 20 | 31 | 5 | | | | | 68 | 25 | 69 | 7 | |
| 31 | 7 | 31 | 11 | | | | | 74 | 18 | 74 | 22 | |
| 33 | 21 | 35 | 5 | | | | | 76 | 15 | 77 | 4 | |
| 57 | 18 | 57 | 21 | | | Confidential | | 79 | 10 | 79 | 13 | |
| 58 | 9 | 58 | 13 | | | Confidential | | 79 | 16 | 79 | 19 | |
| 58 | 18 | 58 | 22 | | | Confidential | | 79 | 21 | 79 | 24 | |
| 59 | 1 | 59 | 3 | Arg, ATT, L, 103, 402, 403.  Question assumes an interpretation of a contract which Mr. Gaub is not a signatory to and testified he did not recognize. | | Confidential | | 81 | 23 | 81 | 25 | |
| 59 | 5 | 59 | 10 | | | Confidential | | 82 | 2 | 82 | 11 | |
| 59 | 12 | 59 | 16 | 59:15-16: Arg, ATT, L, 103, 402, 403.  Question assumes an interpretation of a contract which Mr. Gaub is not a signatory to and testified he did not recognize. | | Confidential | | 83 | 14 | 83 | 16 | |

Case 4:17-cv-04006-JST   Document 598-1   Filed 11/20/23   Page 29 of 199
**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 59 | 18 | 60 | 2 | 59:23-60:2: Arg, ATT, L, 103, 402, 403. Question assumes an interpretation of a contract which Mr. Gaub testified he did not recognize. | | Confidential | | 83 | 18 | 83 | 21 | |
| 60 | 4 | 60 | 10 | 60:6-10: Arg, ATT, L, 103, 402, 403. Question assumes an interpretation of a contract which Mr. Gaub is not a signatory to and testified he did not recognize. | | Confidential | | 83 | 23 | 84 | 2 | |
| 60 | 17 | 60 | 17 | | | Confidential | | 93 | 10 | 93 | 10 | |
| 62 | 23 | 63 | 2 | Arg, ATT, L, 103, 402, 403. Question assumes an interpretation of a contract which Mr. Gaub is not a signatory to and testified he did not recognize. | | Confidential | | 93 | 12 | 93 | 15 | |
| 63 | 4 | 63 | 7 | 63:6-7: Arg, ATT, L, 103, 402, 403. Question assumes an interpretation of a contract which Mr. Gaub is not a signatory to and testified he did not recognize. | | Confidential | | 93 | 17 | 93 | 20 | |
| 63 | 9 | 63 | 10 | | | Confidential | | 94 | 12 | 94 | 15 | |
| 64 | 9 | 64 | 9 | | | | | 94 | 21 | 94 | 23 | |
| 64 | 21 | 65 | 14 | 65:11-14: S, 402, 403.  Mr. Gaub is not a Disney employee is being asked to speculate as to whether a disney email address correlates with employment in all instances. | | | | 100 | 22 | 101 | 7 | |
| 65 | 17 | 66 | 16 | 65:21: S, 402, 403.  Mr. Gaub is not a Disney employee is being asked to speculate as to whether a disney email address correlates with employment in all instances. | | | | 105 | 5 | 105 | 6 | |
| | | | | 65:23-66:4: 402, 403, 103, Arg, ATT, H. Plaintiffs' counsel is merely reading excerpts from a document that the witness has not seen; no relevance to the fact that the witness sees what counsel is reading; none Disney employee's email statements are hearsay to which no exception applies. | | | | 105 | 8 | 105 | 11 | |
| | | | | 66:6-11: 402, 403, 103, Arg, ATT, H. Plaintiffs' counsel is merely reading excerpts from a document that the witness has not seen; no relevance to the fact that the witness sees what counsel is reading; none Disney employee's email statements are hearsay to which no exception applies. | | | | 105 | 14 | 105 | 15 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 66:13-20: 402, 403.  Irrelevant whether an independent contractor was ever shown a a press inquiry sent to Disney. | | | | 107 | 15 | 107 | 18 | | | |
| 66 | 19 | 66 | 20 | 402, 403.  Irrelevant whether an independent contractor was ever shown a a press inquiry sent to Disney. | | | | 107 | 23 | 108 | 14 | | | |
| 66 | 24 | 66 | 24 | | | | | 108 | 16 | 108 | 20 | | | |
| 67 | 15 | 67 | 16 | | | | | 108 | 23 | 109 | 9 | | | |
| 68 | 8 | 68 | 13 | | | | | 110 | 5 | 110 | 8 | | | |
| 68 | 20 | 68 | 24 | 402, 403, 103, Arg, ATT, H.  Plaintiffs' counsel is merely reading excerpts from a document that the witness has not seen; no relevance to the fact that the witness sees what counsel is reading, and the contents of the news article are hearsay to which no exception applies. | | | | 110 | 11 | 111 | 8 | | | |
| 69 | 8 | 69 | 16 | 402, 403, F.  Question assumes someone at Disney who knew of Mr. Gaub read the article, an assumption for which there is no foundation.  Irrelevant whether anyone from Disney called an independent contractor's attention to a news article | | | | 118 | 7 | 118 | 9 | | | |
| 73 | 19 | 73 | 25 | 402, 403, H, Untimely.  Designation is irrelevant after the Court's MSJ ruling on post-injunction work and was added late and after that ruling. | | | | 142 | 22 | 142 | 25 | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | | |
| 74 | 2 | 74 | 5 | 402, 403, H, Untimely.  Designation is irrelevant after the Court's MSJ ruling on post-injunction work and was added late and after that ruling. | | | | 143 | 2 | 143 | 3 | | | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 75 | 1 | 75 | 4 | 402, 403, H, Untimely. Designation is irrelevant after the Court's MSJ ruling on post-injunction work and was added late and after that ruling. | | | 144 | 18 | 145 | 8 | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 75 | 6 | 75 | 6 | 402, 403, H, Untimely. Designation is irrelevant after the Court's MSJ ruling on post-injunction work and was added late and after that ruling. | | | 145 | 10 | 146 | 5 | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 77 | 5 | 78 | 5 | | | | 146 | 16 | 146 | 16 | | |
| 78 | 9 | 78 | 11 | | | | 146 | 18 | 147 | 8 | | |
| 78 | 13 | 78 | 15 | | | | | | | | | |
| 78 | 17 | 78 | 17 | | | | | | | | | |
| 80 | 2 | 80 | 23 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 80 | 25 | 81 | 9 | | | | | | | | | |
| 82 | 13 | 82 | 16 | F, Arg, S.  Question assumes that "editorial made the selections," an assumption that is contrary to prior testimony and lacks foundation.  Calls for speculation about what other individuals may have done. | | | | | | | | |
| 82 | 19 | 83 | 1 | | | | | | | | | |
| 95 | 1 | 95 | 20 | 95:2-13: 402, 403, H, L, ATT.  Counsel is merely reading an article the witness has not seen; the injunction and any subsequent conduct is no longer relevant after the Court's MSJ ruling, the article's headline is hearsay being used for the truth of the matter. | | | | | | | | |
| | | | | 95:17-20: 402, 403, ATT, F  Question assumes facts for which there is no foundation; the injunction and any subsequent conduct is no longer relevant after the Court's MSJ ruling, the article's headline is hearsay being used for the truth of the matter. | | | | | | | | |
| 95 | 24 | 95 | 24 | | | | | | | | | |
| 96 | 11 | 96 | 14 | 402, 403, ATT, F  Question assumes facts for which there is no foundation; the injunction and any subsequent conduct is no longer relevant after the Court's MSJ ruling, the article's headline is hearsay being used for the truth of the matter. | | | | | | | | |
| 96 | 17 | 96 | 17 | | | | | | | | | |
| 98 | 22 | 98 | 25 | | | | | | | | | |
| 99 | 13 | 100 | 8 | 99:13-19: 402, 403, ATT, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; counsel is merely reading a document into the record | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 99:21-100:3: 402, 403, ATT, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; counsel is merely reading a document into the record | | | | | | | | | |
| | | | | 100:5: 402, 403.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction. | | | | | | | | | |
| 100 | 13 | 100 | 18 | 100:13-17: 402, 403, ATT, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; counsel is merely reading a document into the record | | | | | | | | | |
| 101 | 9 | 101 | 10 | 402, 403, V, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; question is vague as to "selection" and argumentative. | | | | | | | | | |
| 101 | 16 | 101 | 22 | 402, 403, ATT, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; counsel is merely reading a document into the record | | | | | | | | | |
| 104 | 14 | 104 | 21 | 402, 403, ATT, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; counsel is merely reading a document into the record | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 105 | 17 | 105 | 21 | 402, 403, ATT, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the question is plainly argumentative. | | | | | | | | |
| 106 | 1 | 106 | 10 | 106:7-10: 402, 403, ATT, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the question is plainly argumentative. | | | | | | | | |
| 106 | 13 | 106 | 13 | 402, 403, ATT, Arg.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the question is plainly argumentative. | | | | | | | | |
| 106 | 16 | 106 | 17 | | | | | | | | | |
| 115 | 17 | 115 | 21 | | | | | | | | | |
| 115 | 25 | 116 | 12 | 115:25-116:5: 402, 403, ATT, Arg, H.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the contents of the email are hearsay to which no exception applies including because counsel has not laid a business record; counsel is merely reading portions of the email into the record. | | | | | | | | |
| | | | | 116:7-9: 402, 403, ATT, Arg, H.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the contents of the email are hearsay to which no exception applies including because counsel has not laid a business record; counsel is merely reading portions of the email into the record. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 116:11-12: 402, 403, ATT, Arg, H.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the contents of the email are hearsay to which no exception applies including because counsel has not laid a business record. | | | | | | | | | |
| 116 | 15 | 116 | 17 | | | | | | | | | | |
| 116 | 20 | 117 | 15 | 116:20-25: 402, 403, ATT, Arg, H.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the contents of the email are hearsay to which no exception applies including because counsel has not laid a business record; counsel is merely reading portions of the email into the record. | | | | | | | | | |
| | | | | 117:2-10: 402, 403, ATT, Arg, H.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the contents of the email are hearsay to which no exception applies including because counsel has not laid a business record; counsel is merely reading portions of the email into the record. | | | | | | | | | |
| | | | | 117:12-15: 402, 403, ATT, Arg, H, S.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the contents of the email are hearsay to which no exception applies including because counsel has not laid a business record; counsel is merely reading portions of the email into the record; calls for speculation as to intent of the email author | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 117 | 18 | 118 | 1 | 117:23-118:1: 402, 403, ATT, Arg, H, S. Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; the contents of the email are hearsay to which no exception applies including because counsel has not laid a business record; counsel is merely reading portions of the email into the record; calls for speculation as to intent of the email author; counsel's argument that there is "no ambiguity" is improper statement and not a question -- indeed, counsel marked only his own question and not the witness answer | | | | | | | | | |
| 118 | 15 | 118 | 19 | 118:15-18: 402, 403, ATT, Arg, S.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; question calls for third party to speculate about communications between Disney and DD3. | | | | | | | | | |
| 119 | 8 | 119 | 11 | 402, 403, ATT, Arg, S.  Post injunction activity is irrelevant after Court's MSJ ruling; question is intended to suggest -- contrary to MSJ -- that MOVA was used for BATB post injunction; question calls for third party to speculate about communications between Disney and DD3. | | | | | | | | | |
| 119 | 13 | 119 | 15 | | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Darren Hendler - June 12, 2020 | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 5 | 4 | 5 | 6 | | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or culloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled.  Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | 18 | 15 | 19 | 8 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion.  They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |
| 6 | 11 | 6 | 21 | | | | 29 | 18 | 29 | 19 | | |
| 10 | 23 | 10 | 25 | | | | 29 | 23 | 30 | 13 | | |
| 11 | 12 | 11 | 17 | | | | 41 | 4 | 41 | 13 | | |
| 12 | 3 | 12 | 9 | | | | 42 | 8 | 42 | 10 | | |
| 12 | 18 | 13 | 9 | | | | 42 | 16 | 42 | 17 | | |
| 14 | 8 | 14 | 25 | | | | 42 | 22 | 43 | 12 | | |
| 18 | 9 | 18 | 11 | | | | 43 | 14 | 43 | 18 | | |
| 18 | 13 | 18 | 13 | | | | 44 | 5 | 44 | 7 | | |
| 19 | 9 | 19 | 12 | | | | 44 | 10 | 44 | 14 | | |
| 19 | 14 | 19 | 16 | | | | 64 | 9 | 64 | 19 | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 2 | 23 | 5 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 65 | 24 | 66 | 7 | |
| 28 | 4 | 28 | 8 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 28 | 11 | 28 | 15 | | | | | | | | |
| 29 | 6 | 29 | 8 | | | | | | | | |
| 29 | 14 | 29 | 17 | | | | | | | | |
| 31 | 10 | 31 | 25 | | | | | | | | |
| 32 | 8 | 32 | 11 | | | | | | | | |
| 32 | 24 | 33 | 2 | | | | | | | | |
| 33 | 7 | 33 | 18 | | | | | | | | |
| 33 | 23 | 34 | 12 | | | | | | | | |
| 36 | 1 | 36 | 3 | | | | | | | | |
| 36 | 10 | 36 | 18 | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36 | 20 | 37 | 17 | 37:5-17: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 37 | 23 | 38 | 6 | | | | | | | | |
| 38 | 25 | 39 | 2 | | | | | | | | |
| 40 | 24 | 40 | 25 | | | | | | | | |
| 41 | 2 | 41 | 2 | | | | | | | | |
| 49 | 22 | 50 | 14 | | | | | | | | |
| 49 | 22 | 50 | 14 | | | | | | | | |
| 49 | 11 | 49 | 17 | | | | | | | | |
| 52 | 25 | 53 | 11 | | | | | | | | |
| **Darren Hendler - February 16, 2023** | | | | | | | | | | | | |
| 133 | 6 | 133 | 13 | | | | 145 | 25 | 146 | 1 | |
| 133 | 18 | 133 | 22 | | | | 146 | 12 | 146 | 14 | |
| 134 | 8 | 134 | 19 | | | | 151 | 20 | 152 | 18 | |
| 142 | 10 | 142 | 11 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 169 | 21 | 170 | 8 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 144 | 24 | 145 | 4 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated for Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 228 | 1 | 228 | 4 | |
| 145 | 22 | 145 | 24 | | | | 229 | 15 | 229 | 15 | |
| 149 | 2 | 149 | 9 | | | | 229 | 17 | 231 | 6 | |
| 150 | 12 | 150 | 16 | | | | 236 | 14 | 237 | 7 | |
| 151 | 10 | 151 | 13 | V, 402, 403 - The question does not define what a "similar" declaration is, and LaSalle's declaration is not similar and not in evidence. | | | 310 | 17 | 310 | 20 | |
| 151 | 18 | 151 | 18 | | | | 310 | 22 | 310 | 22 | |
| 155 | 5 | 155 | 9 | | | | 310 | 25 | 311 | 9 | |
| 160 | 9 | 160 | 11 | | | | 339 | 8 | 339 | 13 | |
| 160 | 13 | 160 | 13 | | | | 339 | 18 | 339 | 18 | |
| 160 | 22 | 161 | 1 | 160:22-24: 402/403: Evidence of the injunction is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | 340 | 21 | 341 | 1 | |
| 163 | 1 | 163 | 22 | | | | 344 | 12 | 346 | 7 | |
| 164 | 1 | 164 | 22 | | | | 354 | 15 | 354 | 21 | |
| 165 | 1 | 165 | 11 | | | | 356 | 5 | 356 | 11 | |
| 168 | 7 | 169 | 1 | | | | 356 | 18 | 356 | 20 | |
| 171 | 25 | 172 | 12 | | | | 357 | 7 | 357 | 11 | |
| 185 | 12 | 185 | 22 | | | | 360 | 5 | 360 | 19 | |
| 186 | 8 | 186 | 19 | | | | 360 | 24 | 361 | 6 | |
| 186 | 24 | 187 | 11 | | | | 361 | 9 | 361 | 25 | |
| 188 | 2 | 188 | 4 | | | | 371 | 2 | 371 | 20 | |
| 188 | 7 | 188 | 7 | | | | 382 | 1 | 382 | 23 | |
| 188 | 9 | 188 | 12 | | | | 383 | 1 | 383 | 6 | |
| 191 | 7 | 191 | 13 | | | | 385 | 9 | 385 | 17 | |
| 192 | 2 | 192 | 4 | | | | 407 | 2 | 407 | 15 | |
| 192 | 6 | 192 | 8 | | | | 407 | 17 | 407 | 21 | |
| 192 | 10 | 192 | 13 | | | | 407 | 23 | 407 | 23 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 192 | 15 | 192 | 17 | | | | 413 | 4 | 414 | 23 | |
| 193 | 9 | 193 | 11 | | | | 419 | 14 | 420 | 7 | |
| 193 | 15 | 193 | 20 | | | | 420 | 11 | 420 | 24 | |
| 193 | 22 | 193 | 22 | | | | 421 | 6 | 421 | 8 | |
| 194 | 14 | 194 | 18 | | | | 423 | 12 | 423 | 19 | |
| 194 | 21 | 194 | 21 | | | | 423 | 25 | 426 | 15 | |
| 197 | 3 | 197 | 5 | | | | 502 | 12 | 503 | 4 | |
| 197 | 8 | 197 | 8 | | | | 506 | 3 | 506 | 19 | |
| 197 | 10 | 197 | 14 | | | | | | | | |
| 197 | 16 | 197 | 19 | | | | | | | | |
| 197 | 22 | 198 | 1 | | | | | | | | |
| 200 | 1 | 200 | 4 | | | | | | | | |
| 200 | 18 | 200 | 22 | | | | | | | | |
| 213 | 14 | 213 | 20 | 402/403: Evidence of the SHST trial should be excluded based on the court's ruling on Defendant's motion in limine No. 1.  That order specifies the court will tell the jury exactly what will be said about the resolution of the SHST litigation. | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 214 | 4 | 214 | 11 | 214:7-10: 402/403: Evidence of the SHST trial should be excluded based on the court's ruling on Defendant's motion in limine No. 1.  That order specifies the court will tell the jury exactly what will be said about the resolution of the SHST litigation. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 214 | 14 | 214 | 17 | 402/403 - The asset-return and special-master proceedings postdate the filing of this lawsuit, have nothing to do with Defendant's alleged liability, and have no relevance to any issue in this case. | | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 215 | 4 | 215 | 4 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 227 | 19 | 227 | 25 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 232 | 24 | 233 | 2 | | | | | | | | | |
| 233 | 13 | 234 | 9 | | | | | | | | | |
| 234 | 13 | 234 | 15 | | | | | | | | | |
| 234 | 18 | 234 | 20 | | | | | | | | | |
| 236 | 2 | 236 | 13 | | | | | | | | | |
| 237 | 8 | 237 | 23 | | | | | | | | | |
| 240 | 2 | 240 | 5 | | | | | | | | | |
| 242 | 9 | 242 | 19 | | | | | | | | | |
| 306 | 24 | 307 | 3 | 306:24-307:2: H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| | | | | 306:24-307:2: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | |
| 307 | 7 | 307 | 23 | 307:7-13: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 307:16-17: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| | | | | 307:19-22: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 308 | 6 | 308 | 11 | 308:6-10: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| 308 | 18 | 309 | 10 | 308:18-22: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 308:24-25: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| | | | | 309:3-9: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 309 | 21 | 310 | 2 | 309:21-310:1: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 310 | 12 | 310 | 16 | 310:12-15: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 311 | 19 | 312 | 12 | 311:19-312:1: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 312:3: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | |
| | | | | 312:5-6: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | |
| | | | | 312:8-11: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | |

Case 4:17-cv-04006-JST   Document 598-1   Filed 11/20/23   Page 48 of 199
**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 314 | 21 | 315 | 5 | 314:21-23: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| | | | | 314:25-315:2: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 316 | 25 | 317 | 19 | 316:25-317:5: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 317:8-9: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| | | | 317:13-15: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| | | | 317:17-19: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| 317 | 22 | 317 | 22 | | | | | | | | |
| 317 | 24 | 318 | 7 | | | | | | | | |
| 318 | 10 | 318 | 10 | | | | | | | | |
| 318 | 12 | 318 | 14 | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 320 | 4 | 320 | 9 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |
| 320 | 11 | 320 | 11 | | | | | | | | | | |
| 320 | 13 | 320 | 23 | 312:13: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |
| | | | | 320:17-19: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 320:21-23: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 320 | 25 | 321 | 1 | | | | | | | | |
| 326 | 2 | 326 | 3 | | | | | | | | |
| 326 | 8 | 326 | 25 | | | | | | | | |
| 327 | 15 | 327 | 22 | 327:15-18: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 328 | 6 | 328 | 8 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 328 | 10 | 328 | 13 | | | | | | | | | |
| 329 | 23 | 330 | 5 | ARG - The preamble to the question is argumentative and counsel narrating his own opinions about the evidence.<br><br>402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 330 | 7 | 330 | 7 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 330 | 9 | 330 | 16 | 330:9-12: ARG - The question is argumentative.<br><br>402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| | | | | 330:14-16: ARG - The question is argumentative<br><br>402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 330 | 20 | 330 | 20 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 330 | 22 | 331 | 5 | 330:22-24: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| | | | | 331:1-5: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 331 | 9 | 331 | 9 | | | | | | | | | |
| 331 | 15 | 331 | 18 | 331:15-17: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 331 | 24 | 331 | 25 | | | | | | | | |
| 332 | 5 | 333 | 1 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 333 | 5 | 333 | 9 | 335:5-8: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 333 | 14 | 333 | 16 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 334 | 3 | 334 | 10 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 334 | 14 | 334 | 18 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 334 | 20 | 334 | 20 | | | | | | | | | |
| 334 | 22 | 335 | 8 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 338 | 9 | 338 | 16 | | | | | | | | | |
| 338 | 22 | 339 | 5 | | | | | | | | | |
| 355 | 13 | 355 | 16 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 380 | 25 | 381 | 8 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 381 | 18 | 381 | 25 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 437 | 17 | 437 | 25 | | | | | | | | | |
| 438 | 6 | 439 | 1 | | | | | | | | | |
| 441 | 16 | 441 | 25 | | | | | | | | | |
| 442 | 2 | 442 | 5 | | | | | | | | | |
| 442 | 8 | 443 | 18 | | | | | | | | | |
| 480 | 21 | 480 | 21 | | | | | | | | | |
| 481 | 3 | 481 | 5 | | | | | | | | | |
| 482 | 19 | 483 | 9 | | | | | | | | | |
| 483 | 12 | 483 | 13 | | | | | | | | | |
| 483 | 22 | 484 | 18 | | | | | | | | | |
| 485 | 9 | 485 | 25 | | | | | | | | | |
| 486 | 2 | 486 | 3 | | | | | | | | | |
| 486 | 10 | 489 | 23 | | | | | | | | | |
| 490 | 9 | 490 | 24 | | | | | | | | | |
| 491 | 2 | 491 | 5 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 491 | 8 | 491 | 20 | 491:19: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 492 | 6 | 492 | 8 | | | | | | | | | |
| 492 | 12 | 492 | 15 | | | | | | | | | |
| 493 | 2 | 493 | 7 | | | | | | | | | |
| 496 | 10 | 496 | 15 | | | | | | | | | |
| 496 | 17 | 496 | 17 | | | | | | | | | |
| 496 | 19 | 496 | 24 | | | | | | | | | |
| 497 | 6 | 497 | 10 | | | | | | | | | |
| 497 | 18 | 498 | 18 | | | | | | | | | |
| 498 | 25 | 499 | 17 | | | | | | | | | |
| 499 | 24 | 501 | 9 | | | | | | | | | |
| 501 | 12 | 501 | 21 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| William Hendley - March 21, 2023 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 8 | 9 | 8 | 13 | 8:12-13: 402 - The witness's home address is not relevant; there is no legitimate reason to disclose it publicly. | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually. Often, testimony Disney claims was not previously designated was, in fact, designated previously. Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived. Many presume or assert that the Court has excluded evidence where in fact there is no such order. Many assert that objections or culloquy has been designated when in fact there is none in the designation. Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like. Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive. Rearden incorporates this response into each and every Disney objection. | | 33 | 14 | 33 | 20 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |
| 12 | 25 | 13 | 2 | | | | 38 | 3 | 38 | 4 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 4 | 15 | 13 | 14:9-15:5: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 38 | 7 | 38 | 9 | |
| | | | | 15:9-13: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 18 | 8 | 18 | 10 | | | | 39 | 1 | 39 | 11 | |
| 18 | 15 | 18 | 25 | | | | 41 | 23 | 41 | 25 | |
| 19 | 2 | 19 | 9 | | | | 43 | 24 | 44 | 2 | |
| 19 | 12 | 19 | 15 | | | | 54 | 17 | 54 | 19 | |
| 19 | 20 | 19 | 25 | | | | 54 | 21 | 54 | 21 | |
| 21 | 11 | 21 | 16 | | | | | | | | |
| 21 | 20 | 21 | 23 | | | | | | | | |
| 22 | 18 | 22 | 24 | | | | | | | | |
| 23 | 1 | 24 | 4 | | | | | | | | |
| 28 | 15 | 28 | 20 | | | | | | | | |
| 28 | 22 | 28 | 23 | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | 3 | 31 | 20 | 31:3-5: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 32 | 12 | 32 | 21 | | | | | | | | |
| 32 | 23 | 32 | 24 | | | | | | | | |
| 35 | 6 | 35 | 20 | | | | | | | | |
| 37 | 10 | 38 | 2 | | | | | | | | |
| 40 | 13 | 41 | 1 | | | | | | | | |
| 41 | 6 | 41 | 22 | | | | | | | | |
| 42 | 1 | 42 | 19 | | | | | | | | |
| 42 | 22 | 42 | 22 | | | | | | | | |
| 43 | 2 | 43 | 23 | | | | | | | | |
| 44 | 3 | 46 | 10 | | | | | | | | |
| 48 | 15 | 49 | 14 | | | | | | | | |
| 50 | 14 | 50 | 19 | | | | | | | | |
| 54 | 7 | 54 | 9 | | | | | | | | |
| 54 | 11 | 54 | 16 | | | | | | | | |
| 76 | 7 | 76 | 12 | | | | | | | | |
| 76 | 14 | 76 | 17 | | | | | | | | |
| 76 | 19 | 76 | 23 | | | | | | | | |
| 76 | 25 | 77 | 3 | | | | | | | | |
| 77 | 5 | 77 | 14 | 77:10: ATT, 402, 403 - Attorney objections are not relevant and may cause the jury to draw improper and prejudicial inferences. All objections and colloquy should be omitted. | | | | | | | |
| 77 | 16 | 77 | 19 | | | | | | | | |
| 77 | 21 | 77 | 21 | | | | | | | | |
| 78 | 12 | 78 | 14 | | | | | | | | |
| 78 | 17 | 78 | 18 | | | | | | | | |
| 78 | 21 | 78 | 23 | | | | | | | | |
| 78 | 25 | 79 | 3 | | | | | | | | |
| 79 | 5 | 79 | 8 | | | | | | | | |
| 79 | 10 | 79 | 13 | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 79 | 15 | 79 | 21 | | | | | | | | |
| 79 | 23 | 80 | 1 | | | | | | | | |
| 80 | 3 | 80 | 6 | | | | | | | | |
| 80 | 8 | 80 | 11 | | | | | | | | |
| 80 | 13 | 80 | 16 | | | | | | | | |
| 80 | 18 | 80 | 21 | | | | | | | | |
| 80 | 23 | 81 | 1 | | | | | | | | |
| 81 | 3 | 81 | 6 | | | | | | | | |
| 81 | 8 | 81 | 11 | | | | | | | | |
| 81 | 13 | 81 | 16 | | | | | | | | |
| 81 | 18 | 81 | 21 | | | | | | | | |
| 81 | 23 | 82 | 1 | | | | | | | | |
| 82 | 5 | 82 | 7 | | | | | | | | |
| 82 | 9 | 82 | 12 | | | | | | | | |
| 82 | 14 | 82 | 17 | | | | | | | | |
| 82 | 19 | 82 | 22 | | | | | | | | |
| 82 | 24 | 83 | 2 | | | | | | | | |
| 83 | 4 | 83 | 7 | | | | | | | | |
| 83 | 9 | 83 | 12 | | | | | | | | |
| 83 | 14 | 83 | 17 | | | | | | | | |
| 83 | 19 | 83 | 22 | | | | | | | | |
| 83 | 24 | 84 | 2 | | | | | | | | |
| 84 | 4 | 84 | 7 | | | | | | | | |
| 84 | 9 | 84 | 12 | | | | | | | | |
| 84 | 14 | 84 | 17 | | | | | | | | |
| 84 | 19 | 84 | 22 | | | | | | | | |
| 84 | 24 | 85 | 2 | | | | | | | | |
| 85 | 4 | 85 | 7 | | | | | | | | |
| 85 | 9 | 85 | 13 | | | | | | | | |
| 85 | 15 | 85 | 19 | | | | | | | | |
| 85 | 21 | 85 | 24 | | | | | | | | |
| 86 | 1 | 86 | 1 | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| David Hoberman - June 20, 2019 | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | | |
| 5 | 11 | 5 | 14 | | | | 58 | 5 | 58 | 8 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | |
|---|---|---|---|---|---|
| 5 | 22 | 6 | 7 | 6:2-7: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually. Often, testimony Disney claims was not previously designated was, in fact, designated previously. Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived. Many presume or assert that the Court has excluded evidence where in fact there is no such order. Many assert that objections or culloquy has been designated when in fact there is none in the designation. Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like. Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive. Rearden incorporates this response into each and every Disney objection. |
| 46 | 18 | 46 | 21 | | |
| 46 | 24 | 47 | 6 | | |
| 47 | 9 | 47 | 15 | | |
| 47 | 18 | 47 | 22 | | |
| 47 | 25 | 48 | 1 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 48 | 7 | 48 | 8 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 48 | 24 | 48 | 25 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 49 | 5 | 49 | 8 | 49:5-6: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 49 | 12 | 49 | 13 | | | | | | | | |
| 50 | 11 | 50 | 13 | | | | | | | | |
| 50 | 18 | 50 | 18 | | | | | | | | |
| | | | | **David Hoberman - March 4, 2020** | | | | | | | |
| 8 | 11 | 9 | 1 | | | | 9 | 2 | 9 | 4 | |
| 9 | 16 | 9 | 23 | | | | 9 | 6 | 9 | 6 | |
| 9 | 25 | 11 | 8 | | | | 11 | 9 | 11 | 16 | |
| 11 | 20 | 12 | 4 | | | | 15 | 9 | 15 | 10 | |

Case 4:17-cv-04006-JST   Document 598-1   Filed 11/20/23   Page 66 of 199
**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 8 | 13 | 14 | F, H. No foundation for how Mr. Hoberman is aware of Mr. Condon's views.  Further, any foundation would necessarily be based on Mr. Condon's out of court hearsay statements to Mr. Hoberman, which are being offered for the truth of his views. | | | 15 | 12 | 15 | 12 | | |
| 14 | 3 | 15 | 8 | | | | 42 | 13 | 42 | 15 | | |
| 15 | 14 | 15 | 15 | | | | 48 | 18 | 48 | 25 | | |
| 15 | 19 | 15 | 25 | | | | 49 | 7 | 49 | 10 | | |
| 36 | 17 | 37 | 7 | | | | 49 | 11 | 49 | 13 | | |
| 37 | 10 | 37 | 25 | | | | 49 | 23 | 49 | 23 | | |
| 38 | 21 | 39 | 8 | H. Statement is being offered for the truth of Ms. Kennedy's out-of-court statement that "there does seem to be an appetite" for behind-the-scenes information. | | | 51 | 21 | 51 | 24 | | |
| 39 | 20 | 39 | 22 | Lacks foundation, Hearsay. Mr. Condon's testimony at 39:9-19 makes clear that he does not know the basis for Ms. Kennedy's out-of-court hearsay statement that there is an "appetite for this" | | | 52 | 2 | 52 | 3 | | |
| 42 | 2 | 42 | 12 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 56 | 23 | 56 | 25 | | |
| 48 | 3 | 48 | 11 | | | | 57 | 2 | 57 | 2 | | |
| 50 | 6 | 50 | 15 | | | | 71 | 10 | 71 | 14 | | |
| 51 | 2 | 51 | 12 | | | | 71 | 15 | 71 | 19 | | |
| 51 | 17 | 51 | 20 | | | | 71 | 23 | 71 | 25 | | |
| 52 | 6 | 52 | 8 | | | | 73 | 17 | 74 | 8 | | |
| 52 | 24 | 52 | 25 | | | | 75 | 1 | 75 | 2 | | |
| 53 | 2 | 53 | 4 | | | | 75 | 6 | 75 | 6 | | |
| 53 | 5 | 53 | 19 | | | | 77 | 22 | 78 | 13 | | |
| 53 | 21 | 53 | 21 | | | | 78 | 14 | 78 | 17 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 55 | 6 | 55 | 14 | | | | 78 | 19 | 79 | 5 | | |
| 55 | 17 | 55 | 17 | | | | | | | | | |
| 55 | 20 | 56 | 22 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 65 | 7 | 65 | 14 | | | | | | | | | |
| 65 | 20 | 66 | 23 | | | | | | | | | |
| 66 | 25 | 67 | 1 | | | | | | | | | |
| 67 | 13 | 67 | 15 | | | | | | | | | |
| 67 | 18 | 67 | 20 | | | | | | | | | |
| 68 | 3 | 70 | 7 | 68:22-25: ATT, 402, 403: Attorney colloquy is not relevant and should be omitted. | | | | | | | | |
| 70 | 11 | 71 | 9 | DOC; Rule 27.  Document not disclosed on Plaintiffs' exhibit list. | | | | | | | | |
| 73 | 7 | 73 | 16 | DOC, F, H. Document is not on Plaintiffs' exhibit list.  No foundation authenticating this document as a business record. No foundation establishing its purpose, or if it was ever used. | | | | | | | | |
| 74 | 14 | 74 | 25 | | | | | | | | | |
| 75 | 21 | 75 | 25 | | | | | | | | | |
| 76 | 6 | 76 | 16 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 76 | 19 | 76 | 25 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | 2 | 77 | 16 | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Greg LaSalle - June 16, 2020 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 8 | 22 | 9 | 10 | | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or culloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | 129 | 17 | 129 | 24 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |
| 10 | 6 | 10 | 19 | | | | 133 | 7 | 134 | 10 | | |
| 15 | 11 | 15 | 13 | | | | 136 | 5 | 136 | 9 | | |
| 15 | 15 | 15 | 17 | | | | 137 | 21 | 137 | 22 | | |
| 15 | 19 | 16 | 4 | | | | 137 | 24 | 138 | 6 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 20 | 16 | 24 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated for Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 167 | 5 | 167 | 17 | |
| 17 | 10 | 17 | 12 | | | | 167 | 20 | 168 | 3 | |
| 17 | 18 | 18 | 10 | | | | 168 | 22 | 168 | 24 | |
| 40 | 12 | 40 | 17 | | | | 169 | 1 | 169 | 2 | |
| 46 | 11 | 46 | 15 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated for Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 170 | 25 | 171 | 3 | |
| 46 | 17 | 46 | 19 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated for Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 171 | 6 | 171 | 7 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 46 | 21 | 47 | 2 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 171 | 9 | 171 | 10 | |
| 47 | 4 | 47 | 5 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 171 | 16 | 171 | 18 | |
| 47 | 20 | 48 | 1 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 48 | 3 | 48 | 7 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 51 | 3 | 51 | 8 | 402, 403. Evidence of the injunction is irrelevant in light of the Court's summary judgment ruling that Disney is not liable for any post-injunction conduct | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 51 | 21 | 52 | 1 | MIL 1: Court has excluded the PI Order. 402/403: Evidence of the injunction is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 52 | 8 | 52 | 21 | MIL 1: Court has excluded the PI Order 402/403: Evidence of the injunction is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 53 | 6 | 54 | 9 | 53:7-54:9: MIL 1: Court has excluded the PI Order 402/403: Evidence of the injunction is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 54 | 19 | 55 | 4 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 57 | 2 | 57 | 4 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 57 | 6 | 57 | 7 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 59 | 4 | 59 | 20 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 91 | 9 | 91 | 12 | DOC: This document is not a trial exhibit. 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 91 | 19 | 91 | 24 | DOC: This document is not a trial exhibit. 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 98 | 6 | 99 | 16 | 98:6-99:7: DOC: This document is not a trial exhibit.<br>402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is A276not liable for any post-injunction conduct | | | | | | | |
| | | | | 98:6-7: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| | | | | 99:8-16: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| | | | | 99:8-11: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 101 | 22 | 102 | 7 | DOC: This document is not a trial exhibit.<br>402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 104 | 7 | 104 | 11 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 122 | 2 | 122 | 5 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 122 | 12 | 122 | 22 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 123 | 9 | 123 | 18 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 127 | 7 | 127 | 17 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| 129 | 7 | 129 | 16 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 129 | 25 | 130 | 4 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 130 | 19 | 130 | 21 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 131 | 2 | 131 | 21 | 131:2-15: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| | | | | 131:16-21: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | |
| 132 | 15 | 132 | 20 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 134 | 21 | 134 | 24 | H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 135 | 7 | 135 | 12 | 135:7-9: H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 135 | 19 | 135 | 22 | H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 135 | 24 | 135 | 24 | H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 137 | 7 | 137 | 8 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

Case 4:17-cv-04006-JST   Document 598-1   Filed 11/20/23   Page 83 of 199
**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 137 | 10 | 137 | 12 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 138 | 12 | 138 | 17 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 170 | 6 | 170 | 15 | | | | | | | | |
| 170 | 18 | 170 | 23 | | | | | | | | |
| 171 | 20 | 171 | 24 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 172 | 8 | 172 | 12 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 172 | 15 | 172 | 15 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| Greg LaSalle - February 14, 2023 30(b)(1) | | | | | | | | | | | | |
| 9 | 4 | 9 | 21 | | | 13 | 18 | 14 | 9 | | | |
| 9 | 24 | 9 | 24 | | | 21 | 2 | 21 | 14 | | | |
| 10 | 1 | 10 | 5 | | | 21 | 15 | 21 | 18 | | | |
| 10 | 7 | 10 | 11 | | | 21 | 20 | 21 | 20 | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 14 | 11 | 24 | 11:14-23: FRE 804 (b)(1): Prior trial testimony may not be offered against Defendant, because VGH/SHST are not predecessors in interest to Defendant. If this exhibit is introduced or Plaintiffs otherwise make reference to the portion of the SHST trial testimony in which Mr. LaSalle mistakenly testified he told Disney about the letter he received from Mr. Perlman's attorneys, Defendant reserves the right to offer counter-designated testimony that Mr. LaSalle's recollection was not accurate and his discussions with Disney had terminated before he received the letter. | | 21 | 22 | 21 | 25 | | |
| 12 | 4 | 12 | 7 | FRE 804 (b)(1): Prior trial testimony may not be offered against Defendant, because VGH/SHST are not predecessors in interest to Defendant. If this exhibit is introduced or Plaintiffs otherwise make reference to the portion of the SHST trial testimony in which Mr. LaSalle mistakenly testified he told Disney about the letter he received from Mr. Perlman's attorneys, Defendant reserves the right to offer counter-designated testimony that Mr. LaSalle's recollection was not accurate and his discussions with Disney had terminated before he received the letter. | | 22 | 3 | 22 | 3 | | |
| 12 | 10 | 12 | 13 | | | 22 | 12 | 22 | 17 | | |
| 12 | 17 | 12 | 23 | | | 90 | 18 | 91 | 6 | | |
| 13 | 3 | 13 | 9 | 13:5-9: H: Hearsay to the extent offered to prove the truth that Mr. LaSalle does not own the MOVA assets, that they belong to Rearden, and that he should return them. | | 91 | 7 | 91 | 11 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 11 | 13 | 17 | | 91 | 14 | 91 | 18 | | |
| 33 | 20 | 33 | 21 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | 91 | 19 | 91 | 24 | | |
| 33 | 23 | 33 | 24 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | 101 | 12 | 101 | 16 | | |
| 34 | 3 | 34 | 20 | | 102 | 12 | 102 | 14 | | |
| 35 | 9 | 35 | 19 | | 106 | 12 | 106 | 15 | | |
| 37 | 2 | 37 | 7 | | 107 | 4 | 107 | 7 | | |
| 37 | 19 | 37 | 23 | | 107 | 15 | 107 | 20 | | |
| 42 | 20 | 42 | 21 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | 107 | 21 | 109 | 4 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 109 | 7 | 109 | 9 | 402/403: Preliminary injunction order has been excluded by the Court's ruling on MIL 1. | | 112 | 15 | 112 | 16 | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 109 | 11 | 109 | 20 | 109:19-20: MIL 1, 403: This implicitly violates the court's MIL 1 ruling excluding evidence of the court's credibility determinations. The follow-on questioning at pages 170:18-171:3 confirms that this question is intended to suggest to the jury that the court heard Mr. LaSalle's testimony and found that it was not credible. | | 113 | 5 | 113 | 8 | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 110 | 2 | 110 | 9 | MIL 1, 403: This implicitly violates the court's MIL 1 ruling excluding evidence of the court's credibility determinations. The follow-on questioning at pages 170:18-171:3 confirms that this question is intended to suggest to the jury that the court heard Mr. LaSalle's testimony and found that it was not credible. | | 114 | 2 | 114 | 13 | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 110 | 16 | 111 | 7 | 111:3-7: MIL 1, 403: This implicitly violates the court's MIL 1 ruling excluding evidence of the court's credibility determinations. The follow-on questioning at pages 170:18-171:3 confirms that this question is intended to suggest to the jury that the court heard Mr. LaSalle's testimony and found that it was not credible. | | 114 | 15 | 114 | 19 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | 12 | 111 | 14 | MIL 1, 403: This implicitly violates the court's MIL 1 ruling excluding evidence of the court's credibility determinations. The follow-on questioning at pages 170:18-171:3 confirms that this question is intended to suggest to the jury that the court heard Mr. LaSalle's testimony and found that it was not credible. | | 114 | 21 | 114 | 21 | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 112 | 3 | 112 | 14 | MIL 1: designation of this testimony and exhibit violates the Court's ruling on MIL 1 precluding the introduction of the Statement of Decision. | | 114 | 23 | 115 | 10 | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 164 | 10 | 164 | 16 | | | 115 | 11 | 118 | 3 | | |
| 164 | 23 | 165 | 2 | | | 118 | 8 | 118 | 10 | | |
| 165 | 10 | 165 | 22 | | | 118 | 14 | 118 | 18 | | |
| 165 | 25 | 166 | 6 | | | 118 | 21 | 118 | 21 | | |
| 166 | 8 | 166 | 8 | | | 119 | 6 | 120 | 14 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 166 | 12 | 166 | 12 | | | | | | | | |
| 166 | 17 | 166 | 25 | | | | | | | | |
| 170 | 18 | 171 | 3 | MIL 1, 403: This violates the court's MIL 1 ruling excluding evidence of the court's credibility determinations. It is a not-so-subtle hint that the Court found Mr. LaSalle not to be credible . The follow-on questioning confirms this is precisely the inference the questioning is intended to cause the jury to make. | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 173 | 2 | 173 | 5 | MIL 1, 402, 403: This violates the court's ruling that only the fact of the court's statement of decision will come into evidence. These questions are even more confusing and prejudicial because they read from the court's tentative statements after the conclusion of the trial and not its final decision. Defendant continues to object to any evidence of the SHST decision being admitted. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 173 | 9 | 173 | 20 | MIL 1, 402, 403: This violates the court's ruling that only the fact of the court's statement of decision will come into evidence. These questions are even more confusing and prejudicial because they read from the court's tentative statements after the conclusion of the trial and not its final decision. Defendant continues to object to any evidence of the SHST decision being admitted. | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 173 | 25 | 174 | 3 | MIL 1, 402, 403: This violates the court's ruling that only the fact of the court's statement of decision will come into evidence. These questions are even more confusing and prejudicial because they read from the court's preliminary musings after the conclusion of the trial and not its final decision.<br>Defendant continues to object to any evidence of the SHST decision being admitted. | | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 174 | 8 | 175 | 23 | MIL 1, 402, 403: This violates the court's ruling that only the fact of the court's statement of decision will come into evidence and that the jury will not be informed of any credibility determinations made by the court. These questions are even more confusing and prejudicial than the substance of the statement of decision because they read from the court's tentative statements after the conclusion of the trial and not its final decision. Defendant continues to object to any evidence of the SHST decision being admitted. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 176 | 4 | 176 | 22 | MIL 1, 402, 403: This violates the court's ruling that only the fact of the court's statement of decision will come into evidence and that the jury will not be informed of any credibility determinations made by the court. These questions are even more confusing and prejudicial than the substance of the statement of decision because they read from the court's tentative statements after the conclusion of the trial and not its final decision. Defendant continues to object to any evidence of the SHST decision being admitted. | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 177 | 5 | 178 | 2 | MIL 1, 402, 403: This violates the court's ruling that only the fact of the court's statement of decision and the Ninth Circuit affirmance will come into evidence and that the jury will not be informed of any credibility determinations made by the court. Defendant continues to object to any evidence of the SHST decision and Ninth Circuit ruling being admitted. Nevertheless if the court is going to allow this evidence in, it should come in only through an instruction from the court. To be clear, even that limitation does not cure the prejudice to Defendant of admitting this evidence. | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| **Greg LaSalle - February 14, 2023 30(b)(6)** | | | | | | | | | | | |
| 9 | 2 | 9 | 9 | | | 63 | 12 | 63 | 14 | | |
| 9 | 15 | 9 | 18 | | | 63 | 17 | 63 | 17 | | |
| 10 | 7 | 10 | 9 | | | 63 | 21 | 63 | 23 | | |
| 10 | 23 | 11 | 2 | | | 63 | 25 | 64 | 5 | | |
| 11 | 18 | 11 | 22 | | | 64 | 8 | 64 | 8 | | |
| 12 | 21 | 12 | 24 | | | 65 | 5 | 65 | 8 | | |
| 13 | 5 | 13 | 5 | | | 72 | 23 | 73 | 3 | | |
| 13 | 14 | 13 | 23 | | | 73 | 7 | 73 | 12 | | |
| 14 | 3 | 14 | 23 | | | 73 | 14 | 73 | 20 | | |
| 15 | 2 | 15 | 7 | | | 80 | 9 | 80 | 15 | | |
| 17 | 7 | 17 | 14 | | | 80 | 18 | 80 | 19 | | |
| 17 | 16 | 18 | 6 | | | 81 | 20 | 81 | 21 | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 15 | 18 | 17 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 81 | 24 | 82 | 1 | | | |
| 18 | 23 | 18 | 23 | 106: the answer to the question is omitted. | | 83 | 14 | 83 | 14 | | | |
| 19 | 3 | 19 | 4 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 83 | 18 | 84 | 4 | | | |
| 19 | 8 | 19 | 13 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 86 | 9 | 86 | 12 | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 16 | 19 | 17 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 86 | 19 | 86 | 25 | | |
| 20 | 15 | 20 | 17 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 91 | 12 | 91 | 14 | | |
| 20 | 19 | 20 | 22 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 91 | 20 | 91 | 22 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 24 | 20 | 24 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 92 | 2 | 92 | 6 | |
| 27 | 13 | 27 | 18 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 92 | 9 | 92 | 11 | |
| 46 | 18 | 47 | 10 | 46:18-47:2: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | 92 | 13 | 92 | 14 | |
| 47 | 13 | 47 | 15 | | | 92 | 17 | 92 | 17 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 49 | 14 | 49 | 23 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 50 | 16 | 50 | 20 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: The question paraphrases out-of-court statements in a document that are being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 51 | 15 | 51 | 19 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |

Case 4:17-cv-04006-JST   Document 598-1   Filed 11/20/23   Page 100 of 199
**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 52 | 4 | 52 | 14 | 52:4-11: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| | | | | 52:12-14: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 52 | 18 | 53 | 7 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 53 | 9 | 53 | 9 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 53 | 24 | 54 | 2 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 54 | 4 | 54 | 9 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 54 | 11 | 54 | 17 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 54 | 21 | 54 | 22 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 55 | 6 | 55 | 6 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 55 | 10 | 55 | 19 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 56 | 6 | 56 | 8 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 56 | 19 | 56 | 21 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 58 | 4 | 58 | 7 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record.<br>F: calls for speculation, lacks foundation - LaSalle testified he is speculating, and that his testimony is based on the content of a hearsay document. | | | | | | | |
| 58 | 10 | 59 | 1 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record.<br>F: calls for speculation, lacks foundation - LaSalle testified he is speculating, and that his testimony is based on the content of a hearsay document. | | | | | | | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 61 | 2 | 61 | 22 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | |
| | | | | 61:2-5: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | |
| 62 | 9 | 62 | 16 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | |
| 62 | 22 | 63 | 2 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 63 | 6 | 63 | 8 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 63 | 10 | 63 | 10 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 65 | 16 | 66 | 2 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 66 | 6 | 66 | 10 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 66 | 21 | 67 | 3 | 66:21-25: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| | | | | 67:1-3: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 67 | 5 | 67 | 10 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 68 | 10 | 68 | 13 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 68 | 15 | 68 | 19 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 68 | 21 | 69 | 4 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| | | | | 68:21-22: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 69 | 7 | 69 | 25 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |
| 70 | 2 | 70 | 18 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |
| 70 | 21 | 71 | 6 | 70:21-24: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |
| 71 | 19 | 71 | 19 | | | | | | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 74 | 12 | 75 | 19 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 77 | 2 | 77 | 5 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |
| 77 | 15 | 77 | 19 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 78 | 5 | 78 | 11 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 79 | 5 | 79 | 16 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 79 | 18 | 79 | 22 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 79 | 24 | 79 | 25 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 82 | 3 | 82 | 4 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 82 | 7 | 82 | 15 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 82 | 20 | 82 | 24 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 83 | 10 | 83 | 13 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 87 | 11 | 87 | 14 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 87 | 18 | 87 | 19 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 87 | 22 | 88 | 2 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br>H: This document is being offered for the truth of the matter asserted, and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 88 | 6 | 88 | 7 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 88 | 10 | 88 | 10 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 89 | 14 | 89 | 16 | Vague as to time and as to whether the question is referring to TO 13 or the general process.<br>402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 89 | 19 | 89 | 20 | Vague as to time and as to whether the question is referring to TO 13 or the general process.<br>402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 91 | 1 | 91 | 6 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 91 | 10 | 91 | 11 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| | | | | LaSalle, Greg - SHST Trial Vol. 1 (SHST ECF No. 383) | | | | | | | |
| 37 | 2 | 37 | 10 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 192 | 21 | 193 | 5 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 193 | 16 | 193 | 22 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 195 | 4 | 195 | 8 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 198 | 23 | 200 | 4 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 204 | 4 | 204 | 12 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 204 | 13 | 204 | 16 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 205 | 3 | 205 | 10 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 206 | 3 | 207 | 2 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 207 | 14 | 207 | 17 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 208 | 9 | 209 | 22 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| **LaSalle, Greg - SHST Trial Vol. 2 (SHST ECF No. 384)** | | | | | | | | | | | |
| 236 | 21 | 237 | 23 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | 266 | 12 | 266 | 20 | |
| 237 | 24 | 238 | 6 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | 271 | 14 | 271 | 16 | |
| 238 | 11 | 239 | 3 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | 272 | 9 | 272 | 11 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 240 | 21 | 241 | 3 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | 287 | 5 | 287 | 7 | | |
| 241 | 14 | 242 | 15 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | 314 | 6 | 314 | 17 | | |
| 242 | 16 | 242 | 18 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | 315 | 6 | 315 | 25 | | |
| 243 | 8 | 244 | 22 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | 316 | 10 | 316 | 16 | | |
| 245 | 18 | 246 | 18 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 247 | 24 | 248 | 14 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 248 | 21 | 248 | 24 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 248 | 25 | 249 | 17 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 251 | 18 | 256 | 15 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 256 | 24 | 257 | 8 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 257 | 18 | 258 | 15 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 258 | 16 | 259 | 12 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 261 | 8 | 262 | 5 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 262 | 6 | 262 | 15 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 262 | 18 | 263 | 1 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 263 | 2 | 263 | 2 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 263 | 9 | 264 | 11 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 264 | 12 | 265 | 14 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 265 | 15 | 266 | 9 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 266 | 10 | 266 | 18 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 266:14-18 - 402/403. As the court noted at 266:21-23 this question gets into esoteric areas of gift tax law and "further exploration of this topic in my judgment is not relevant." The question and answer will be confusing and misleading to a jury. | | | | | | | |
| 266 | 25 | 267 | 10 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 267 | 17 | 268 | 5 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 268 | 18 | 271 | 13 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 272 | 12 | 273 | 2 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 273 | 3 | 274 | 7 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 274 | 24 | 275 | 17 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 275 | 18 | 276 | 19 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 276 | 20 | 276 | 21 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 277 | 3 | 279 | 16 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 279:5-8, 13-15: Court rulings are not binding on Defendant and are inappropriate for testimonial designations | | | | | | | | |
| 280 | 18 | 281 | 24 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 283 | 18 | 284 | 13 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 284 | 18 | 287 | 4 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| | | | | 284:18-285:10: 402/403 - questions and answers about patents and trademarks are irrelevant and confusing as there are no patent or trademark infringement claims at issue. | | | | | | | |
| 287 | 15 | 288 | 13 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 288 | 14 | 289 | 6 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | | |
| 289 | 7 | 290 | 8 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | | |
| 291 | 20 | 292 | 5 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | | |
| 292 | 6 | 293 | 2 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | | |
| 293 | 10 | 294 | 5 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 294 | 7 | 295 | 7 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| | | | | Hearsay to the extent offered to prove the truth of the satement that Mr. LaSalle had "an obligation to return the Mova assets to Rearden" and the statements recited at 294:23-295:6 | | | | | | | | |
| 295 | 13 | 296 | 2 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| 296 | 12 | 296 | 23 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| | | | | Hearsay to the extent offered to prove the truth of the satement that "under your PIIA agreement the Mova assets belonged to Rearden." | | | | | | | | |
| 298 | 2 | 299 | 10 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 300 | 17 | 301 | 4 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 301 | 5 | 301 | 20 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| | | | | Hearsay to the extent offered to prove the truth of the satement that "all invoices up to and inclusing December 31st 2012 have been paid by Rearden." | | | | | | | |
| 301 | 21 | 303 | 7 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 303 | 24 | 304 | 5 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 304 | 6 | 305 | 11 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| 305 | 12 | 307 | 2 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| 307 | 3 | 309 | 4 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| | | | | 307:16-308:3: 02/403 - patents assignments are irrelevant and confusing as there are no patent infringement claims at issue. | | | | | | | | |
| 309 | 11 | 310 | 2 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 310 | 3 | 311 | 17 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 311 | 18 | 312 | 21 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| Gary Lauder – February 13, 2023 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 8 | 15 | 9 | 4 | | | | 37 | 17 | 38 | 14 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 13 | 9 | 25 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually. Often, testimony Disney claims was not previously designated was, in fact, designated previously. Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived. Many presume or assert that the Court has excluded evidence where in fact there is no such order. Many assert that objections or culloquy has been designated when in fact there is none in the designation. Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like. Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive. Rearden incorporates this response into each and every Disney objection. | | 39 | 7 | 39 | 9 | |
| 18 | 11 | 18 | 18 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 39 | 18 | 39 | 21 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 14 | 19 | 18 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 39 | 22 | 40 | 11 | |
| 23 | 10 | 23 | 15 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 41 | 7 | 42 | 9 | |
| 25 | 12 | 27 | 11 | | | | 42 | 14 | 43 | 8 | |
| 31 | 9 | 31 | 12 | | | | 43 | 10 | 43 | 10 | |
| 33 | 1 | 33 | 7 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 45 | 11 | 45 | 12 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 33 | 24 | 34 | 5 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 45 | 14 | 45 | 15 | |
| 34 | 12 | 34 | 14 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 49 | 5 | 49 | 22 | |
| 34 | 23 | 35 | 1 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 69 | 11 | 69 | 12 | |
| 37 | 9 | 37 | 16 | | | | 70 | 20 | 71 | 13 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 54 | 16 | 54 | 25 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 75 | 23 | 76 | 14 | |
| 55 | 20 | 56 | 4 | | | | 78 | 7 | 78 | 10 | |
| 57 | 13 | 57 | 15 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 78 | 12 | 78 | 13 | |
| 77 | 10 | 77 | 14 | | | | 80 | 5 | 80 | 9 | |
| 77 | 16 | 77 | 24 | | | | 80 | 10 | 80 | 14 | |
| 78 | 15 | 78 | 19 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 80 | 16 | 80 | 17 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 78 | 21 | 79 | 5 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 97 | 15 | 97 | 23 | | |
| 79 | 11 | 79 | 14 | | | | 104 | 10 | 104 | 20 | | |
| 79 | 16 | 79 | 25 | | | | 149 | 20 | 149 | 24 | | |
| 80 | 1 | 80 | 4 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 150 | 1 | 150 | 4 | | |
| | | | | 81:5-7: NR - Everything after "No" is not responsive to the question and should be stricken. | | | | | | | | |
| 81 | 19 | 81 | 23 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 8 | 97 | 14 | 97:11-14: NR - Everything after "No" is not responsive to the question and should be stricken. | | | | | | | | |
| 97 | 24 | 99 | 2 | | | | | | | | | |
| 100 | 5 | 101 | 21 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 146 | 8 | 146 | 16 | | | | | | | | | |
| 147 | 16 | 147 | 23 | 147:19-23: NR - Everything after "No" is not responsive to the question and should be stricken. | | | | | | | | |
| 149 | 11 | 149 | 13 | | | | | | | | | |
| 149 | 16 | 149 | 18 | | | | | | | | | |
| 150 | 6 | 150 | 11 | | | | | | | | | |
| 150 | 13 | 151 | 19 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Hao Li - May 28, 2020 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 6 | 8 | 6 | 15 | | | | 46 | 14 | 46 | 18 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |
| 8 | 23 | 10 | 11 | | | | 47 | 1 | 47 | 2 | | |
| 50 | 20 | 51 | 1 | | | | 48 | 1 | 48 | 4 | | |
| 51 | 15 | 51 | 18 | | | | 48 | 12 | 49 | 15 | | |
| 52 | 4 | 54 | 1 | | | | 54 | 2 | 55 | 7 | | |
| 55 | 8 | 55 | 23 | | | | 99 | 19 | 99 | 22 | | |
| 57 | 16 | 59 | 8 | | | | 126 | 8 | 126 | 13 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 65 | 12 | 66 | 2 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually. Often, testimony Disney claims was not previously designated was, in fact, designated previously. Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived. Many presume or assert that the Court has excluded evidence where in fact there is no such order. Many assert that objections or culloquy has been designated when in fact there is none in the designation. Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like. Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive. Rearden incorporates this response into each and every Disney objection. | | 127 | 17 | 127 | 20 | |
| 66 | 7 | 67 | 25 | | | | 127 | 25 | 128 | 12 | |
| 68 | 5 | 68 | 5 | | | | 130 | 20 | 131 | 6 | |
| 68 | 18 | 70 | 5 | | | | 148 | 15 | 150 | 7 | |
| 70 | 10 | 70 | 15 | | | | | | | | |
| 71 | 5 | 72 | 3 | | | | | | | | |
| 91 | 24 | 96 | 5 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 98 | 20 | 99 | 18 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 108 | 19 | 109 | 4 | | | | | | | | |
| 146 | 10 | 147 | 1 | | | | | | | | |
| 151 | 3 | 151 | 13 | | | | | | | | |
| 151 | 18 | 152 | 12 | | | | | | | | |
| 161 | 12 | 161 | 22 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 161 | 25 | 162 | 5 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 162 | 10 | 162 | 14 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| Kevin Mayer - February 10, 2023 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 9 | 7 | 9 | 13 | | | | 95 | 23 | 96 | 8 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 19 | 9 | 23 | 9:22-23: 402 - the witness's home address is not relevant; there is no legitimate reason to disclose it publicly | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or culloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled.  Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | | | | | | | |
| 17 | 23 | 18 | 6 | | | | | | | | | | |
| 19 | 15 | 19 | 24 | | | | | | | | | | |
| 39 | 2 | 39 | 5 | | | | | | | | | | |
| 39 | 14 | 39 | 18 | | | | | | | | | | |
| 40 | 23 | 40 | 25 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | 14 | 42 | 10 | | | | | | | | | |
| 42 | 20 | 43 | 5 | | | | | | | | | |
| 45 | 3 | 45 | 7 | | | | | | | | | |
| 46 | 13 | 46 | 18 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 47 | 4 | 47 | 11 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 50 | 16 | 50 | 17 | | | | | | | | | |
| 51 | 2 | 51 | 8 | | | | | | | | | |
| 51 | 12 | 51 | 21 | | | | | | | | | |
| 52 | 7 | 53 | 21 | | | | | | | | | |
| 53 | 23 | 54 | 1 | | | | | | | | | |
| 56 | 2 | 56 | 5 | | | | | | | | | |
| 57 | 6 | 57 | 24 | | | | | | | | | |
| 59 | 10 | 59 | 15 | | | | | | | | | |
| 62 | 9 | 62 | 20 | | | | | | | | | |
| 63 | 2 | 63 | 5 | | | | | | | | | |
| 63 | 19 | 64 | 3 | | | | | | | | | |
| 77 | 9 | 77 | 20 | | | | | | | | | |
| 78 | 1 | 78 | 9 | | | | | | | | | |
| 78 | 13 | 79 | 25 | | | | | | | | | |
| 80 | 6 | 81 | 10 | | | | | | | | | |

Rearden LLC et al. v. Walt Disney Pictures et al.
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| Gayle Munro – March 10, 2023 |||||||||||||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Defendant's Confidentiality Designation | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Defendant's Confidentiality Designation | Ruling |
| Page Start | Line Start | Page End | Line End | | | | | Page Start | Line Start | Page End | Line End | | | |
| 4 | 25 | 5 | 4 | | | | | 7 | 12 | 7 | 20 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | | |
| 5 | 9 | 5 | 11 | | | | | 8 | 25 | 9 | 15 | | | |
| 5 | 19 | 5 | 22 | | | | | 93 | 11 | 93 | 25 | | | |
| 6 | 2 | 6 | 6 | | | | | 94 | 3 | 94 | 15 | | | |
| 6 | 19 | 6 | 24 | | | | | 94 | 21 | 95 | 5 | | | |
| 88 | 21 | 89 | 15 | | | | | 101 | 18 | 103 | 3 | | | |
| 94 | 16 | 94 | 20 | | | | | 109 | 2 | 109 | 6 | | | |
| 95 | 6 | 95 | 16 | | | | | 109 | 8 | 109 | 16 | | | |
| 104 | 2 | 104 | 3 | | | | | 109 | 18 | 109 | 22 | | | |
| 109 | 23 | 110 | 4 | | | | | 113 | 24 | 114 | 8 | | | |
| 113 | 3 | 113 | 14 | | | | | 115 | 2 | 115 | 19 | | | |
| 113 | 20 | 113 | 23 | | | | | 122 | 3 | 122 | 6 | | | |
| 114 | 9 | 114 | 15 | | | | | 122 | 8 | 122 | 8 | | | |
| 114 | 18 | 114 | 23 | | | | | 136 | 14 | 136 | 16 | | | |

Case 4:17-cv-04006-JST   Document 598-1   Filed 11/20/23   Page 142 of 199
**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| 120 | 13 | 120 | 15 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually. Often, testimony Disney claims was not previously designated was, in fact, designated previously. Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived. Many presume or assert that the Court has excluded evidence where in fact there is no such order. Many assert that objections or culloquy has been designated when in fact there is none in the designation. Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like. Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive. Rearden incorporates this response into each and every Disney objection. | | | 149 | 8 | 149 | 19 | | | |
| 121 | 6 | 121 | 18 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | 150 | 2 | 150 | 5 | | | |
| 121 | 20 | 121 | 21 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | 150 | 14 | 150 | 17 | | | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 121 | 23 | 122 | 2 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | 150 | 18 | 150 | 19 | | |
| 135 | 17 | 135 | 18 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | 150 | 21 | 150 | 22 | | |
| 135 | 24 | 135 | 25 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | 150 | 24 | 151 | 1 | | |
| 142 | 21 | 143 | 10 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury. | | | | 151 | 3 | 151 | 6 | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 146 | 4 | 146 | 16 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury. | | | 151 | 13 | 151 | 22 | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 148 | 22 | 149 | 5 | | | | 152 | 21 | 152 | 22 | | |
| 151 | 8 | 151 | 9 | | | | 153 | 8 | 153 | 16 | | |
| 152 | 14 | 152 | 20 | | | | 159 | 22 | 159 | 25 | | |
| 152 | 23 | 153 | 7 | 153:1-7: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 162 | 3 | 162 | 4 | | |
| 158 | 24 | 159 | 5 | | | | 162 | 7 | 162 | 12 | | |
| 159 | 11 | 159 | 20 | | | | 162 | 17 | 162 | 22 | | |
| 160 | 1 | 160 | 3 | | | | 163 | 1 | 163 | 1 | | |
| 160 | 6 | 160 | 12 | | | | 164 | 3 | 164 | 4 | | |
| 160 | 14 | 160 | 23 | | | | 164 | 6 | 164 | 7 | | |
| 161 | 2 | 161 | 6 | | | | 164 | 9 | 164 | 11 | | |
| 161 | 9 | 161 | 10 | | | | 164 | 14 | 164 | 18 | | |
| 161 | 18 | 161 | 22 | | | | 177 | 6 | 177 | 9 | | Confidential | |

Rearden LLC et al. v. Walt Disney Pictures et al.
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | 24 | 162 | 1 | | | 177 | 13 | 177 | 17 | | Confidential | |
| 162 | 13 | 162 | 16 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | 181 | 15 | 181 | 19 | | | |
| 165 | 19 | 166 | 6 | 165:19-166:3: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Confidential | 181 | 21 | 182 | 6 | | | |
| 166 | 10 | 166 | 16 | | Confidential | 182 | 10 | 183 | 1 | | | |
| 167 | 3 | 167 | 10 | | Confidential | 185 | 11 | 186 | 2 | | | |
| 167 | 17 | 168 | 2 | | Confidential | 186 | 4 | 186 | 17 | | | |
| 168 | 6 | 168 | 14 | | Confidential | 186 | 18 | 186 | 20 | | | |
| 168 | 17 | 168 | 24 | | Confidential | 186 | 24 | 187 | 13 | | | |
| 169 | 15 | 169 | 18 | L - This question calls for the witness to offer a legal conclusion as to the meaning of a contract. | Confidential | 187 | 16 | 187 | 19 | | | |
| 169 | 25 | 170 | 8 | | Confidential | 190 | 4 | 190 | 9 | | | |
| 170 | 11 | 170 | 15 | | Confidential | 190 | 25 | 191 | 15 | | | |
| 170 | 18 | 171 | 3 | | Confidential | 196 | 14 | 197 | 4 | | | |
| 171 | 7 | 171 | 10 | | Confidential | 199 | 5 | 199 | 14 | | | |
| 171 | 14 | 171 | 24 | | Confidential | 238 | 24 | 239 | 19 | | | |
| 172 | 2 | 173 | 13 | | Confidential | 239 | 21 | 240 | 9 | | | |
| 173 | 22 | 174 | 2 | | Confidential | 240 | 11 | 240 | 16 | | | |
| 174 | 13 | 174 | 19 | 174:18-19: MIL 5, 403 - The Court has excluded evidence of the indemnification provision in this contract under FRE 403; that provision is visible on screen during this portion of the witness's testimony and may not be published to the jury. Defendant will withdraw this objection if Plaintiffs redact the portion of the screen that displays the indemnification provision. | Confidential | 240 | 20 | 240 | 24 | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 174 | 24 | 175 | 2 | MIL 5, 403 - The Court has excluded evidence of the indemnification provision in this contract under FRE 403; that provision is visible on screen during this portion of the witness's testimony and may not be published to the jury.  Defendant will withdraw this objection if Plaintiffs redact the portion of the screen that displays the indemnification provision. | | Confidential | | 241 | 1 | 241 | 6 | |
| 175 | 5 | 175 | 9 | MIL 5, 403 - The Court has excluded evidence of the indemnification provision in this contract under FRE 403; that provision is visible on screen during this portion of the witness's testimony and may not be published to the jury.  Defendant will withdraw this objection if Plaintiffs redact the portion of the screen that displays the indemnification provision. | | Confidential | | | | | | |
| 175 | 12 | 175 | 18 | MIL 5, 403 - The Court has excluded evidence of the indemnification provision in this contract under FRE 403; that provision is visible on screen during this portion of the witness's testimony and may not be published to the jury.  Defendant will withdraw this objection if Plaintiffs redact the portion of the screen that displays the indemnification provision. | | Confidential | | | | | | |
| | | | | 175:15-18: L - This question calls for the witness to offer a legal conclusion as to the meaning of a contract. | | Confidential | | | | | | |
| 175 | 21 | 175 | 21 | | | Confidential | | | | | | |
| 175 | 25 | 176 | 1 | MIL 5, 403 - The Court has excluded evidence of the indemnification provision in this contract under FRE 403; that provision is visible on screen during this portion of the witness's testimony and may not be published to the jury.  Defendant will withdraw this objection if Plaintiffs redact the portion of the screen that displays the indemnification provision. | | Confidential | | | | | | |
| 176 | 10 | 176 | 13 | | | Confidential | | | | | | |
| 176 | 16 | 176 | 21 | 176:18-21: L - This question calls for the witness to offer a legal conclusion as to the meaning of a contract. | | Confidential | | | | | | |
| 176 | 25 | 177 | 4 | | | Confidential | | | | | | |
| 177 | 19 | 177 | 22 | | | Confidential | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| 177 | 25 | 178 | 6 | 178:3-6: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | Confidential | | | | | | | | |
| 178 | 10 | 178 | 10 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | Confidential | | | | | | | | |
| 180 | 2 | 180 | 15 | | | | | | | | | | | |
| 180 | 17 | 180 | 18 | | | | | | | | | | | |
| 181 | 4 | 181 | 14 | 181:1-14: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | | |
| 195 | 3 | 195 | 21 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | | | |
| 195 | 23 | 196 | 9 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | | | |
| 196 | 11 | 196 | 12 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Pearce, Ken - SHST Trial Vol. 2 (SHST ECF No. 384) | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 321 | 21 | 322 | 3 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or cullolquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | | | | | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |
| Pearce, Ken - SHST Trial Vol. 3 (SHST ECF No. 385) | | | | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 430 | 4 | 433 | 7 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or culloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled.  Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | | | | | | |
| 433 | 8 | 433 | 18 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 434 | 2 | 434 | 10 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| 434 | 16 | 434 | 24 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| 435 | 6 | 437 | 13 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| 437 | 16 | 437 | 18 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |
| 438 | 18 | 441 | 9 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 441 | 10 | 442 | 24 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 444 | 8 | 445 | 10 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |
| 445 | 14 | 446 | 20 | 804(b)(1): Rearden cannot offer SHST trial testimony against Defendant because no party to the SHST litigation is a predecessor in interest to Defendant, and the parties to the SHST litigation did not have a similar motive to develop the testimony. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| Kelly Port – February 5, 2023 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 9 | 15 | 9 | 17 | | | | 14 | 10 | 14 | 12 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |
| 9 | 20 | 9 | 21 | | | | 101 | 10 | 102 | 20 | | |
| 12 | 3 | 12 | 21 | | | | 108 | 14 | 109 | 5 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| 14 | 7 | 14 | 8 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually. Often, testimony Disney claims was not previously designated was, in fact, designated previously. Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived. Many presume or assert that the Court has excluded evidence where in fact there is no such order. Many assert that objections or culloquy has been designated when in fact there is none in the designation. Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like. Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive. Rearden incorporates this response into each and every Disney objection. | | | | | | |
| 14 | 13 | 14 | 13 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 31 | 6 | 31 | 11 | 31:6-7: V. Question does not make sense as phrased. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 42 | 5 | 42 | 7 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | |
| 45 | 3 | 45 | 21 | 45:11: 402. Counsel's objections should not be included. | | | | | | |
| 45 | 23 | 45 | 23 | | | | | | | |
| 46 | 2 | 46 | 5 | | | | | | | |
| 46 | 10 | 46 | 13 | | | | | | | |
| 47 | 12 | 47 | 16 | V, 103.  Question is vague as to whether it is referring to all data captured in a session or just selected data; improperly assumes it is all data, contrary to the evidence. | | | | | | |
| 47 | 19 | 47 | 25 | 47:22-25: V, 103.  Question is vague as to whether it is referring to all data captured in a session or just selected data; improperly assumes it is all data, contrary to the evidence. | | | | | | |
| 48 | 2 | 48 | 2 | | | | | | | |
| 49 | 20 | 50 | 16 | 402/403, MIL 1.  Document is excluded per ruling on MIL 1, testimony about the existence of an injunction is prejudicial and irrelevant given the Court's MSJ ruling. | | | | | | |
| 51 | 19 | 51 | 21 | V, 402, 403. Vague as to "state of completion"; evidence of the injunction and post-injunction DD3 work is irrelevant given the Court's MSJ ruling. | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 52 | 1 | 52 | 8 | 52:1-4: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| | | | | 52:5-8: 402, 403. Evidence of the injunction and post-injunction DD3 work is irrelevant given the Court's MSJ ruling. | | | | | | | |
| 52 | 12 | 52 | 20 | | | | | | | | |
| 52 | 24 | 53 | 13 | 402, 403, H.  Evidence of the injunction and post-injunction DD3 work is irrelevant given the Court's MSJ ruling; document is being offered for the truth and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 54 | 23 | 55 | 5 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| | | | | 54:23-55:1: 402, 403, H.  Evidence of the injunction and post-injunction DD3 work is irrelevant given the Court's MSJ ruling; document is being offered for the truth and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | |
| 55 | 7 | 55 | 9 | 402, 403, H, ATT, ARG.  Evidence of the injunction and post-injunction DD3 work is irrelevant given the Court's MSJ ruling; document is being offered for the truth and no hearsay exception applies.  The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record.  Counsel is simply reading his own interpretation of the document into the record after the witness has said he doesn't recall it. | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| 55 | 12 | 55 | 19 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| | | | | 55:15-18: 402, 403, H, ATT, ARG. Evidence of the injunction and post-injunction DD3 work is irrelevant given the Court's MSJ ruling; document is being offered for the truth and no hearsay exception applies. The statements are not admissions of a party opponent and no foundation has been laid to show the document is a business record. Counsel is simply reading his own interpretation of the document into the record after the witness has said he doesn't recall it. | | | | | | | |
| 103 | 5 | 103 | 8 | 402, 403. Evidence of the injunction and post-injunction DD3 work is irrelevant given the Court's MSJ ruling | | | | | | | |
| 103 | 11 | 103 | 19 | 103:13-15: 402, 403. Evidence of the injunction and post-injunction DD3 work is irrelevant given the Court's MSJ ruling | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 103 | 21 | 104 | 11 | | | | | | | | | |
| 104 | 16 | 104 | 18 | | | | | | | | | |
| 104 | 20 | 105 | 6 | 105:5-6: 701, S, V, Improper re-cross. Calls for an expert opinion and speculation, vague as to "important contribution" and exceeds the scope of the re-direct exam. | | | | | | | | |
| 105 | 11 | 105 | 17 | | | | | | | | | |
| 105 | 22 | 106 | 1 | | | | | | | | | |
| 106 | 8 | 106 | 10 | | | | | | | | | |
| 106 | 14 | 106 | 16 | 701, S, V, Improper re-cross. Calls for an expert opinion and speculation, vague as to "important" and "contribution" and exceeds the scope of the re-direct exam. | | | | | | | | |
| 106 | 21 | 107 | 4 | 106:23-107: V, S. Vague as to "the production side of the film" and calls for speculation. | | | | | | | | |
| 107 | 7 | 107 | 15 | | | | | | | | | |
| 107 | 17 | 107 | 17 | | | | | | | | | |
| 107 | 21 | 107 | 24 | 107:23-24: 701, S, V, Improper re-cross. Calls for an expert opinion and speculation, vague as to "important" and "contribution" and exceeds the scope of the re-direct exam. | | | | | | | | |
| 108 | 3 | 108 | 4 | | | | | | | | | |
| 109 | 12 | 109 | 14 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | |
| 109 | 20 | 109 | 22 | 109:20-21: 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Mimi Steele - March 11, 2020 | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Defendant's Confidentiality Designation | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Defendant's Confidentiality Designation | Ruling |
| Page Start | Line Start | Page End | Line End | | | | | Page Start | Line Start | Page End | Line End | | | |
| 7 | 3 | 7 | 7 | | | | | 10 | 23 | 11 | 18 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | | |
| 7 | 10 | 7 | 14 | | | | | 11 | 20 | 11 | 20 | | | |
| 7 | 17 | 7 | 20 | | | | | 23 | 15 | 24 | 12 | | | |
| 8 | 10 | 8 | 18 | | | | | 24 | 23 | 25 | 6 | | | |
| 9 | 15 | 9 | 17 | | | | | 27 | 5 | 27 | 10 | | | |
| 9 | 25 | 10 | 8 | | | | | 27 | 21 | 27 | 24 | | | |
| 10 | 14 | 10 | 22 | | | | | 115 | 7 | 115 | 25 | | | |
| 22 | 22 | 23 | 2 | | | | | 120 | 12 | 121 | 2 | | | |
| 23 | 4 | 23 | 14 | | | | | 125 | 3 | 125 | 20 | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 15 | 24 | 22 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or colloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled.  Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | | | | | | | | |
| 27 | 25 | 28 | 13 | | | | | | | | | | | |
| 48 | 5 | 48 | 11 | DOC - This testimony concerns a document that is not a trial exhibit and may not be published to the jury. | | | | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 48 | 19 | 48 | 22 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| | | | | 48:22: Defendant objects to the incomplete designation of a question without an answer. | | | | | | | |
| 69 | 5 | 69 | 15 | | | | | | | | |
| 70 | 8 | 70 | 14 | | | | | | | | |
| 72 | 17 | 73 | 3 | | | | | | | | |
| 110 | 2 | 110 | 11 | DOC, 402/403 - This testimony concerns a document that is not a trial exhibit and may not be published to the jury; further, evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| 111 | 22 | 111 | 24 | 402, 403: Evidence of post-injunction conduct] is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| 112 | 2 | 112 | 2 | 402, 403: Evidence of post-injunction conduct] is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| 112 | 4 | 112 | 21 | 402, 403: Evidence of post-injunction conduct] is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| 113 | 18 | 114 | 7 | | | | | | | | |
| 114 | 11 | 114 | 14 | | | | | | | | |
| 114 | 22 | 114 | 22 | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| 116 | 15 | 117 | 16 | 116:20-21: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 117 | 21 | 118 | 3 | 117:23-118:3: 403/O - Any probative value is outweighed by the prejudicial risk of the jury drawing an improper adverse inference from Defendant's assertion of privilege over the referenced communications with counsel. | | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 118 | 5 | 118 | 5 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 119 | 3 | 119 | 13 | | | | | | | | | |
| 124 | 4 | 124 | 20 | | | | | | | | | |
| 128 | 8 | 128 | 16 | | | | | | | | | |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 128 | 18 | 129 | 8 | 129:7-8: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | | |
| 129 | 10 | 129 | 24 | 129:10: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | | |
| | | | | **Mimi Steele - February 13, 2023** | | | | | | | | | | |
| 7 | 5 | 7 | 7 | | | | | 7 | 15 | 7 | 22 | | | |
| 7 | 12 | 7 | 14 | | | | | 22 | 19 | 23 | 11 | | | |
| 7 | 23 | 8 | 3 | | | | | 24 | 18 | 25 | 1 | | | |
| 8 | 5 | 8 | 5 | | | | | 32 | 19 | 32 | 21 | | | |
| 17 | 4 | 17 | 5 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 32 | 25 | 33 | 5 | | | |
| 17 | 9 | 17 | 14 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 33 | 7 | 33 | 9 | | | |
| 17 | 22 | 18 | 8 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 37 | 1 | 37 | 3 | | | |

Case 4:17-cv-04006-JST   Document 598-1   Filed 11/20/23   Page 164 of 199
Rearden LLC et al. v. Walt Disney Pictures et al.
4:17-cv-04006-JST-SK
Plaintiffs' Revised Designations

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 14 | 18 | 16 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.  In addition, this testimony is likely to confuse the jury because Plaintiffs have not designated the prior line of questions referred to in this question. | | | | 37 | 8 | 37 | 15 | | |
| 18 | 18 | 18 | 25 | 402/403: Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 40 | 25 | 41 | 12 | | |
| 19 | 2 | 19 | 12 | 402/403: Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 48 | 3 | 48 | 7 | | |
| 22 | 1 | 22 | 9 | 402, 403:  Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 60 | 11 | 60 | 15 | | Confidential |
| 22 | 15 | 22 | 18 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 67 | 10 | 67 | 21 | | Confidential |
| 23 | 12 | 23 | 14 | 402/403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 68 | 17 | 70 | 11 | | Confidential |
| 23 | 18 | 23 | 19 | 402, 403:  Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 70 | 12 | 73 | 6 | | Confidential |
| 24 | 4 | 24 | 17 | 402, 403:  Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 73 | 9 | 74 | 5 | | |
| 25 | 2 | 25 | 6 | 402, 403:  Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 82 | 2 | 83 | 6 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 25 | 12 | 25 | 19 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 83 | 8 | 83 | 9 | | |
| 26 | 2 | 26 | 13 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 83 | 11 | 83 | 14 | | |
| 26 | 15 | 26 | 15 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 83 | 19 | 83 | 19 | | |
| 28 | 11 | 28 | 23 | | | | | 83 | 21 | 83 | 22 | | |
| 29 | 3 | 32 | 18 | 402, 403, H:  Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, this document is being offered for the truth of the matter asserted, and no hearsay exception applies.  These are not statements of a party opponent and no foundation has been laid to show this document is a business record or subject to any other exception. | | | | 83 | 24 | 83 | 24 | | |
| 35 | 25 | 36 | 2 | 402, 403, H:  Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, this document is being offered for the truth of the matter asserted, and no hearsay exception applies.  These are not statements of a party opponent and no foundation has been laid to show this document is a business record or subject to any other exception. | | | | 84 | 1 | 84 | 2 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36 | 6 | 36 | 13 | 402, 403, H:  Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, this document is being offered for the truth of the matter asserted, and no hearsay exception applies.  These are not statements of a party opponent and no foundation has been laid to show this document is a business record or subject to any other exception. | | | 84 | 4 | 84 | 4 | | |
| 36 | 19 | 36 | 19 | 402, 403, H:  Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, this document is being offered for the truth of the matter asserted, and no hearsay exception applies.  These are not statements of a party opponent and no foundation has been laid to show this document is a business record or subject to any other exception. | | | 84 | 6 | 84 | 8 | | |
| 37 | 19 | 37 | 22 | 402, 403:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | 84 | 10 | 84 | 15 | | |
| 38 | 1 | 38 | 5 | 402, 403:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | 84 | 17 | 84 | 17 | | |
| 40 | 10 | 40 | 24 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | 84 | 19 | 85 | 13 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | 13 | 41 | 21 | 402, 403:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | 86 | 14 | 86 | 18 | | | |
| 41 | 23 | 41 | 24 | 402, 403, O:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.; further, any probative value is outweighed by the risk of the jury drawing an improper adverse inference from Defendant's assertion of privilege over the referenced communications with counsel. | | | | | | | | | | |
| 42 | 6 | 42 | 8 | 402, 403:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | | | |
| 42 | 10 | 42 | 12 | 402, 403, O:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, any probative value is outweighed by the risk of the jury drawing an improper adverse inference from Defendant's assertion of privilege over the referenced communications with counsel. | | | | | | | | | | |
| 44 | 2 | 44 | 5 | 402, 403:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 44 | 7 | 44 | 8 | 402, 403, O:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, any probative value is outweighed by the risk of the jury drawing an improper adverse inference from Defendant's assertion of privilege over the referenced communications with counsel. | | | | | | | | | |
| 44 | 19 | 45 | 4 | 402, 403:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | | | |
| 45 | 8 | 45 | 9 | 402, 403, H:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, the email being referred to is being offered by Plaintiffs for the truth of the matter asserted and no hearsay exception applies.  These are not statements of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |
| 45 | 16 | 45 | 16 | 402, 403, H:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, the email being referred to is being offered by Plaintiffs for the truth of the matter asserted and no hearsay exception applies.  These are not statements of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 45 | 22 | 45 | 25 | 402, 403, H:  Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct; further, the email being referred to is being offered by Plaintiffs for the truth of the matter asserted and no hearsay exception applies.  These are not statements of a party opponent and no foundation has been laid to show the document is a business record. | | | | | | | | | |
| 47 | 13 | 47 | 15 | 402/403/MIL 7 - For the reasons stated in Defendant's MIL No. 7, evidence of the "copyright notice" is not relevant and any probative value is substantially outweighed by the risk of confusing the issues, misleading the jury, and prejudicing Defendant. | | | | | | | | | |
| 47 | 22 | 47 | 23 | 402/403/MIL 7 - For the reasons stated in Defendant's MIL No. 7, evidence of the "copyright notice" is not relevant and any probative value is substantially outweighed by the risk of confusing the issues, misleading the jury, and prejudicing Defendant. | | | | | | | | | |
| 47 | 25 | 48 | 1 | 402/403/MIL 7 - For the reasons stated in Defendant's MIL No. 7, evidence of the "copyright notice" is not relevant and any probative value is substantially outweighed by the risk of confusing the issues, misleading the jury, and prejudicing Defendant. | | | | | | | | | |
| 48 | 8 | 48 | 9 | 402/403/MIL 7 - For the reasons stated in Defendant's MIL No. 7, evidence of the "copyright notice" is not relevant and any probative value is substantially outweighed by the risk of confusing the issues, misleading the jury, and prejudicing Defendant. | | | | | | | | | |
| 48 | 11 | 48 | 11 | 402/403/MIL 7 - For the reasons stated in Defendant's MIL No. 7, evidence of the "copyright notice" is not relevant and any probative value is substantially outweighed by the risk of confusing the issues, misleading the jury, and prejudicing Defendant. | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 48 | 13 | 48 | 16 | 402/403/MIL 7 - For the reasons stated in Defendant's MIL No. 7, evidence of the "copyright notice" is not relevant and any probative value is substantially outweighed by the risk of confusing the issues, misleading the jury, and prejudicing Defendant.  Further, Defendant objects to the incomplete designation of a question without the accompanying answer. | | | | | | | | |
| 48 | 21 | 48 | 25 | 402/403/MIL 7 - For the reasons stated in Defendant's MIL No. 7, evidence of the "copyright notice" is not relevant and any probative value is substantially outweighed by the risk of confusing the issues, misleading the jury, and prejudicing Defendant. | | | | | | | | |
| 49 | 16 | 51 | 20 | | Confidential | | | | | | | |
| 52 | 15 | 52 | 21 | | Confidential | | | | | | | |
| 53 | 2 | 54 | 15 | | Confidential | | | | | | | |
| 55 | 1 | 55 | 18 | | Confidential | | | | | | | |
| 56 | 6 | 56 | 9 | | Confidential | | | | | | | |
| 56 | 12 | 56 | 20 | | Confidential | | | | | | | |
| 57 | 6 | 57 | 11 | | Confidential | | | | | | | |
| 57 | 25 | 58 | 2 | | Confidential | | | | | | | |
| 58 | 4 | 58 | 7 | | Confidential | | | | | | | |
| 58 | 9 | 58 | 9 | | Confidential | | | | | | | |
| 58 | 13 | 58 | 22 | | Confidential | | | | | | | |
| 59 | 19 | 60 | 3 | | Confidential | | | | | | | |
| 60 | 16 | 61 | 24 | | Confidential | | | | | | | |
| 62 | 3 | 62 | 7 | | Confidential | | | | | | | |
| 62 | 9 | 63 | 2 | | Confidential | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Dan Stevens – February 7, 2023 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Defendant's Confidentiality Designation | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | | Page Start | Line Start | Page End | Line End | | |
| 5 | 23 | 6 | 5 | | | | | 21 | 25 | 22 | 6 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 8 | 6 | 16 | 6:12-16: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually. Often, testimony Disney claims was not previously designated was, in fact, designated previously. Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived. Many presume or assert that the Court has excluded evidence where in fact there is no such order. Many assert that objections or colloquy has been designated when in fact there is none in the designation. Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like. Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive. Rearden incorporates this response into each and every Disney objection. | | 22 | 7 | 22 | 24 | | |
| 9 | 1 | 9 | 2 | | | | 35 | 22 | 36 | 4 | | |
| 9 | 7 | 9 | 12 | | Confidential | | 46 | 22 | 46 | 25 | | |
| 17 | 10 | 17 | 20 | | Confidential | | 49 | 8 | 49 | 10 | | |
| 21 | 4 | 21 | 24 | | | | 49 | 13 | 49 | 14 | | |
| 31 | 16 | 33 | 12 | | | | 49 | 16 | 49 | 23 | | |
| 33 | 17 | 35 | 21 | | | | 50 | 1 | 50 | 9 | | |
| 36 | 6 | 39 | 13 | | | | 52 | 1 | 52 | 13 | | |
| 40 | 11 | 40 | 14 | | | | 52 | 19 | 53 | 11 | | |
| 40 | 15 | 42 | 2 | | | | | | | | | |
| 42 | 4 | 42 | 12 | 42:8-12: Arg, 103. Misstates the testimony and assumes the witness is talking about something he is not. | | | | | | | | |
| 42 | 15 | 42 | 21 | 42:19-21: Arg, 103. Misstates the testimony and assumes the witness is talking about something he is not. | | | | | | | | |
| 42 | 23 | 43 | 1 | | | | | | | | | |
| 43 | 4 | 43 | 6 | | | | | | | | | |
| 43 | 9 | 44 | 7 | | | | | | | | | |
| 44 | 9 | 44 | 11 | | | | | | | | | |
| 44 | 14 | 44 | 16 | | | | | | | | | |
| 44 | 19 | 45 | 10 | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 45 | 12 | 45 | 18 | | | | | | | | | |
| 45 | 20 | 45 | 20 | | | | | | | | | |
| 45 | 22 | 46 | 21 | | | | | | | | | |
| 47 | 1 | 48 | 25 | 48:15-22: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 49 | 2 | 49 | 7 | | | | | | | | | |
| 50 | 11 | 50 | 12 | | | | | | | | | |
| 50 | 14 | 50 | 16 | | | | | | | | | |
| 50 | 18 | 51 | 25 | 50:24-51:20: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| David Taritero - March 3, 2023 | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Defendant's Confidentiality Designation | Ruling |
| Page Start | Line Start | Page End | Line End | | | Defendant's Confidentiality Designation | | Page Start | Line Start | Page End | Line End | | | |
| 9 | 10 | 9 | 17 | | | | | 89 | 2 | 89 | 7 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion. They should be stricken on that basis. Disney may offer them in its case in chief. Rearden incorporates this objection into each and every Disney counterdesignation. | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 25 | 10 | 5 | 10:3-5: 402- The witness's home address is not relevant; there is no legitimate reason to disclose it publicly | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or culloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | | 92 | 4 | 92 | 12 | | |
| 14 | 9 | 14 | 13 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | 107 | 6 | 107 | 8 | | |
| 20 | 10 | 21 | 22 | 20:12-13: ATT, 402, 403 - Attorney objections are not relevant and may cause the jury to draw improper and prejudicial inferences.  All objections and colloquy should be omitted | | | | 107 | 13 | 107 | 16 | | |
| 24 | 9 | 24 | 19 | | | | | 107 | 18 | 107 | 21 | | |
| 25 | 10 | 25 | 22 | | | | | 108 | 16 | 108 | 21 | | |
| 26 | 17 | 26 | 20 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | 115 | 18 | 115 | 23 | | |
| 27 | 5 | 27 | 10 | DOC, F - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury; Mr. Taritero testified that he does not know how this webpage is created and therefore lacks foundation to testify about it | | | | 116 | 22 | 117 | 2 | Confidential | |

Rearden LLC et al. v. Walt Disney Pictures et al.
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | 6 | 29 | 9 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | 132 | 23 | 133 | 14 | | |
| 29 | 21 | 29 | 23 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | 139 | 15 | 139 | 22 | | |
| 30 | 12 | 30 | 22 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | 144 | 9 | 144 | 13 | | |
| 31 | 22 | 32 | 20 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | 144 | 21 | 145 | 6 | | |
| 34 | 5 | 34 | 8 | | | | 190 | 13 | 191 | 8 | | |
| 42 | 14 | 43 | 2 | | | | 191 | 9 | 193 | 1 | | |
| 43 | 18 | 43 | 24 | | | | | | | | | |
| 83 | 6 | 83 | 15 | | | | | | | | | |
| 83 | 19 | 83 | 21 | | | | | | | | | |
| 85 | 5 | 85 | 10 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | |
| 85 | 21 | 85 | 24 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | |
| 86 | 2 | 86 | 7 | DOC - A document is displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury | | | | | | | | |
| 86 | 14 | 86 | 16 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | |
| 87 | 1 | 87 | 19 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | |
| 87 | 23 | 87 | 25 | | | | | | | | | |
| 88 | 7 | 88 | 11 | | | | | | | | | |
| 88 | 18 | 89 | 1 | | | | | | | | | |
| 90 | 19 | 90 | 22 | | | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 91 | 1 | 91 | 1 | | | | | | | | |
| 91 | 4 | 91 | 7 | | | | | | | | |
| 91 | 23 | 92 | 3 | | | | | | | | |
| 92 | 25 | 93 | 7 | | | | | | | | |
| 93 | 12 | 93 | 12 | | | | | | | | |
| 94 | 5 | 94 | 9 | ATT, 402, 403 - Attorney colloquy is not relevant and may cause the jury to draw improper and prejudicial inferences. All objections and colloquy should be omitted | | | | | | | |
| 94 | 17 | 94 | 19 | | | | | | | | |
| 95 | 7 | 95 | 9 | | | | | | | | |
| 95 | 19 | 95 | 21 | | | | | | | | |
| 96 | 3 | 96 | 20 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 96 | 25 | 97 | 8 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. | | | | | | | |
| 97 | 15 | 99 | 18 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 99 | 22 | 99 | 23 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 99 | 25 | 100 | 3 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 100 | 23 | 101 | 2 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 101 | 8 | 101 | 9 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |
| 106 | 20 | 107 | 5 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | |

Case 4:17-cv-04006-JST   Document 598-1   Filed 11/20/23   Page 178 of 199
Rearden LLC et al. v. Walt Disney Pictures et al.
4:17-cv-04006-JST-SK
Plaintiffs' Revised Designations

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 109 | 17 | 111 | 3 | 110:4-111:3: 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | |
| 114 | 5 | 114 | 14 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | |
| 114 | 18 | 114 | 19 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | |
| 115 | 10 | 115 | 17 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury<br><br>402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | |
| 115 | 24 | 115 | 25 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | |
| 116 | 17 | 116 | 21 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury<br><br>402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | |
| 117 | 3 | 117 | 8 | | Confidential | | | | | | | |
| 117 | 13 | 117 | 16 | | Confidential | | | | | | | |
| 117 | 20 | 117 | 25 | | Confidential | | | | | | | |
| 118 | 7 | 118 | 22 | | Confidential | | | | | | | |
| 119 | 16 | 120 | 18 | | Confidential | | | | | | | |
| 120 | 22 | 120 | 25 | | Confidential | | | | | | | |
| 121 | 13 | 121 | 15 | | Confidential | | | | | | | |
| 121 | 19 | 121 | 25 | | Confidential | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 122 | 21 | 124 | 4 | 122:21-22: 403 - The Court has excluded evidence of the indemnification provision in this contract under FRE 403; that provision is visible on screen during this portion of the witness's testimony and may not be published to the jury.  Defendant will withdraw this objection if Plaintiffs redact the portion of the screen that displays the indemnification provision. | | Confidential | | | | | | |
| | | | | 122:25-123:7: MIL 5, 403 - The Court has excluded evidence of the indemnification provision in this contract under FRE 403; that provision is visible on screen during this portion of the witness's testimony and may not be published to the jury.  Defendant will withdraw this objection if Plaintiffs redact the portion of the screen that displays the indemnification provision. | | Confidential | | | | | | |
| 124 | 8 | 124 | 16 | | | Confidential | | | | | | |
| 124 | 21 | 125 | 3 | | | Confidential | | | | | | |
| 125 | 8 | 125 | 12 | | | Confidential | | | | | | |
| 125 | 15 | 125 | 25 | | | Confidential | | | | | | |
| 126 | 5 | 126 | 6 | | | Confidential | | | | | | |
| 126 | 19 | 126 | 22 | | | Confidential | | | | | | |
| 127 | 1 | 127 | 7 | 127:3-7: 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | |
| 128 | 6 | 128 | 8 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 128 | 13 | 128 | 16 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |
| 129 | 17 | 130 | 11 | | | | | | | | | | |
| 131 | 25 | 132 | 12 | | | | | | | | | | |
| 132 | 17 | 133 | 14 | 132:22-133:14: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |
| 136 | 6 | 136 | 25 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |
| 138 | 24 | 139 | 6 | | | | | | | | | | |
| 139 | 12 | 139 | 13 | | | | | | | | | | |
| 139 | 23 | 139 | 24 | | | | | | | | | | |
| 140 | 5 | 140 | 8 | | | | | | | | | | |
| 141 | 17 | 141 | 22 | | | | | | | | | | |
| 142 | 4 | 142 | 20 | | | | | | | | | | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 143 | 5 | 143 | 10 | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |
| 143 | 15 | 143 | 16 | | | | | | | | | | |
| 143 | 20 | 144 | 13 | 144:8-13: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |
| 145 | 17 | 146 | 4 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | | |
| 146 | 10 | 146 | 21 | 146:10-17: DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | | |
| 146 | 24 | 147 | 9 | 147:4-9: DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | | |
| 147 | 13 | 148 | 5 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 148 | 10 | 148 | 14 | 402, 403: The Court has excluded the preliminary injunction order. Dkt. 584. Moreover, evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | | |
| 148 | 22 | 149 | 9 | 402, 403:  The Court has excluded the preliminary injunction order. Dkt. 584. Moreover, evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | | |
| 153 | 23 | 154 | 12 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | | |
| | | | | 154:9-12: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | | |
| 157 | 3 | 157 | 8 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | | |
| 167 | 10 | 167 | 14 | | Confidential | | | | | | | | | |
| 168 | 8 | 168 | 10 | | Confidential | | | | | | | | | |
| 168 | 16 | 169 | 5 | | Confidential | | | | | | | | | |
| 169 | 11 | 169 | 19 | | Confidential | | | | | | | | | |
| 169 | 23 | 169 | 23 | | Confidential | | | | | | | | | |
| 171 | 4 | 171 | 14 | | Confidential | | | | | | | | | |
| 172 | 4 | 172 | 15 | | Confidential | | | | | | | | | |
| 172 | 22 | 174 | 20 | | Confidential | | | | | | | | | |
| 176 | 6 | 176 | 13 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 177 | 13 | 177 | 13 | DOC - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury | | | | | | | | | | |
| 181 | 7 | 181 | 8 | | | | | | | | | | | |
| 181 | 11 | 181 | 11 | | | | | | | | | | | |
| 182 | 2 | 182 | 11 | | | | | | | | | | | |
| 182 | 16 | 183 | 1 | | | | | | | | | | | |
| 183 | 21 | 184 | 2 | 183:25-184:2: 402, 403: Evidence of the injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | | |
| 184 | 15 | 184 | 24 | 402, 403: Evidence of injunction and/or post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | | |
| 193 | 6 | 193 | 8 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | | |
| 193 | 24 | 194 | 5 | 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct | | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |
| 196 | 8 | 196 | 14 | 196:8-10: 402, 403: Evidence of post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct<br><br>196:11-14: ATT, 402, 403 - Attorney objections are not relevant and may cause the jury to draw improper and prejudicial inferences.  All objections and colloquy should be omitted | | | | | | | | | |
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | |

Rearden LLC et al. v. Walt Disney Pictures et al.

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Emma Watson – April 18, 2023 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Defendant's Confidentiality Designation | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Defendant's Confidentiality Designation | Ruling |
| Page Start | Line Start | Page End | Line End | | | | | Page Start | Line Start | Page End | Line End | | | |
| 8 | 9 | 8 | 16 | | | | | 14 | 23 | 15 | 6 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion.  They should be stricken on that basis.  Disney may offer them in its case in chief.  Rearden incorporates this objection into each and every Disney counterdesignation. | | |
| 13 | 17 | 13 | 24 | | | | | 28 | 2 | 28 | 11 | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| 15 | 19 | 16 | 6 | 15:19-16:3: DOC, F, H - This testimony concerns a document (displayed on screen in the deposition video) that is not a trial exhibit and may not be published to the jury;  the questions contain hearsay from that document being offered for truth; Ms. Watson testified that she is not familiar with this document and therefore lacks foundation to testify about it. | Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or culloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled.  Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | | 37 | 12 | 39 | 5 | | Confidential | |
| | | | | 15:19-16:6: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | | | |
| 17 | 3 | 17 | 10 | | | | | 41 | 19 | 42 | 18 | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 9 | 19 | 3 | 18:23-19:3: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | 42 | 19 | 43 | 4 | | |
| 22 | 7 | 22 | 20 | | | | | 43 | 5 | 44 | 2 | | |
| 23 | 12 | 23 | 22 | | | | | | | | | | |
| 23 | 25 | 24 | 15 | | | | | | | | | | |
| 24 | 22 | 25 | 7 | | | | | | | | | | |
| 27 | 7 | 28 | 1 | | | | | | | | | | |
| 29 | 2 | 29 | 2 | | | | | | | | | | |
| 29 | 5 | 29 | 8 | | | | | | | | | | |
| 29 | 13 | 29 | 17 | 106, 403 - Defendant does not object to the use of clips as demonstratives to facilitate a more efficient presentation of evidence, but objects to this clip (TX343) coming into evidence as a stand-alone exhibit under FRE 106 and FRE 403 because it is misleading and prejudicial for the jury consider only the short snippet of this press conference that addressed MOVA in isolation; in fairness, the full press conference must be submitted to the jury at the same time. | | | | | | | | | |
| 29 | 20 | 30 | 11 | | | | | | | | | | |
| 30 | 14 | 30 | 16 | | | | | | | | | | |
| 30 | 19 | 31 | 3 | | | | | | | | | | |
| 33 | 3 | 33 | 4 | | Confidential | | | | | | | | |
| 35 | 19 | 35 | 24 | | Confidential | | | | | | | | |
| 36 | 13 | 36 | 22 | | Confidential | | | | | | | | |
| 37 | 3 | 37 | 23 | | Confidential | | | | | | | | |
| 38 | 7 | 38 | 9 | | Confidential | | | | | | | | |
| 38 | 15 | 38 | 19 | | Confidential | | | | | | | | |
| 39 | 7 | 39 | 9 | | Confidential | | | | | | | | |
| 41 | 2 | 41 | 4 | | | | | | | | | | |
| 41 | 8 | 41 | 8 | | | | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| Oliver "O.D." Welch – February 8, 2023 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiffs' Designations | | | | Defendant's Objections | Rearden's Response | Ruling | Defendant's Counter-Designations | | | | Plaintiffs' Objections | Ruling |
| Page Start | Line Start | Page End | Line End | | | | Page Start | Line Start | Page End | Line End | | |
| 10 | 18 | 10 | 22 | 402 - Objection only as to the witness's home address; it is not relevant; there is no legitimate reason to disclose it publicly. | Disney's objections are too numerous and lacking in merit that Rearden will not respond individually.  Often, testimony Disney claims was not previously designated was, in fact, designated previously.  Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived.  Many presume or assert that the Court has excluded evidence where in fact there is no such order.  Many assert that objections or culloquy has been designated when in fact there is none in the designation.  Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like.  Many are relevance objections that the Court has stated would likely be overruled.  Rearden requests that the Court overrule all of Disney's objections as excessive.  Rearden incorporates this response into each and every Disney objection. | | 82 | 13 | 82 | 19 | Disney's counterdesignations are not sequential with and do not relate to Rearden's designations, and thus will result in juror confusion.  They should be stricken on that basis.  Disney may offer them in its case in chief.  Rearden incorporates this objection into each and every Disney counterdesignation. | |
| 24 | 7 | 24 | 15 | DOC This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 82 | 23 | 82 | 23 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | | |
| 186 | 3 | 186 | 6 | DOC; ATT; 402; 403<br><br>Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury.<br><br>Attorney objections and colloquy are not relevant and may cause the jury to draw improper and prejudicial inferences and are a waste of the jury's time.  All objections and colloquy should be omitted. | | | 124 | 12 | 124 | 15 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 186 | 17 | 186 | 18 | DOC; 402; 403<br><br>Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct.<br><br>This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 190 | 6 | 190 | 13 | | |
| 186 | 20 | 186 | 20 | DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 200 | 15 | 200 | 21 | | |
| 186 | 22 | 186 | 24 | DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 210 | 1 | 210 | 16 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 187 | 6 | 188 | 14 | 187:6-9: ATTY; DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. Attorney objections and colloquy are not relevant and may cause the jury to draw improper and prejudicial inferences and are a waste of the jury's time.  All objections and colloquy should be omitted. | | | 210 | 18 | 210 | 18 | |
| | | | | 187:6-9: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings.  Dkt. 568.  This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 187:10-15: DOC; 402; 403; H Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury.  This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and the document is not a business record. | | | 210 | 20 | 210 | 25 | |
| | | | | 187:16-19: DOC; 402; 403; H Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury.  This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and the document is not a business record. | | | 211 | 8 | 211 | 15 | |

Case 4:17-cv-04006-JST  Document 598-1  Filed 11/20/23  Page 193 of 199
**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 187:20-23: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 211 | 16 | 212 | 9 | |
| | | | 187:20-23: FRCP 26/37, O – The Parties stipulated, and the Court ordered, the exchange of "narrowed affirmative designations" in light of the Court's pretrial rulings. Dkt. 568. This testimony was designated by Rearden for the first time on November 8; it was therefore not timely disclosed under FRCP 26(a)(3) and the Case Management Order and should be excluded under FRCP 37(c)(1). | | | | | | | |
| | | | 187:24-188:4: DOC; 402; 403; H Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and the document is not a business record. | | | 221 | 16 | 221 | 20 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 188:5-6: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 222 | 7 | 222 | 10 | |
| | | | 188:7-12: DOC; 402; 403; H Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and the document is not a business record. | | | 222 | 12 | 222 | 12 | |
| | | | 188:13-14: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 238 | 14 | 238 | 16 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 188 | 23 | 189 | 18 | 188:23-189:4: DOC; 402; 403; H Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury.  This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and the document is not a business record. | | | 238 | 23 | 238 | 23 | | |
| | | | | 189:5-8: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 239 | 3 | 239 | 5 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 189:9-18: DOC; 402; 403; H Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury.  This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and the document is not a business record. | | | 239 | 8 | 239 | 9 | |
| 199 | 2 | 199 | 17 | 199:2-7: ATTY; DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. Attorney objections and colloquy are not relevant and may cause the jury to draw improper and prejudicial inferences and are a waste of the jury's time.  All objections and colloquy should be omitted. | | | 239 | 11 | 239 | 14 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 199:8-15: DOC; 402; 403; H Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury.  This document is being offered for the truth of the matter asserted, and no hearsay exception applies. The statements are not admissions of a party opponent and the document is not a business record. | | | 239 | 17 | 239 | 17 | | |
| | | | | 199:16-17: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 244 | 18 | 245 | 4 | | |
| 199 | 21 | 200 | 2 | 199:21: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 245 | 7 | 245 | 14 | | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**
4:17-cv-04006-JST-SK
**Plaintiffs' Revised Designations**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 199:22-24: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 246 | 21 | 246 | 24 | |
| | | | | 199:25-200:2: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 247 | 2 | 247 | 6 | |
| 200 | 4 | 200 | 10 | 200:4-6: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | 252 | 7 | 253 | 3 | |

**Rearden LLC et al. v. Walt Disney Pictures et al.**

4:17-cv-04006-JST-SK

**Plaintiffs' Revised Designations**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 200:7-10: DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | | | | | | |
| 200 | 13 | 200 | 13 | DOC; 402; 403 Evidence of the injunction and post-injunction conduct is irrelevant in light of the Court's summary judgment ruling that Defendant is not liable for any post-injunction conduct. This testimony concerns a document displayed on screen in the deposition video that is not a trial exhibit and may not be published to the jury. | | | | | | | | |