UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>    Defendants. | Case No. 17-cv-04006-JST<br><br>**ORDER DENYING DEFENDANT DISNEY'S MOTION IN LIMINE NUMBER SEVEN**<br><br>Re: ECF No. 494 |

Now before the Court is Defendant Walt Disney Pictures's motion for an order precluding Plaintiff Rearden LLC from presenting any evidence or argument regarding any copyright notice on MOVA output files under Federal Rules of Evidence 401, 402, and 403. ECF No. 494. The Court will deny the motion.

Disney contends that the copyright notice "does not make the claim that Rearden has a copyright in the Mova Contour software program. Instead, it claims a copyright in output files generated after . . . the Mova Contour software program was complete." ECF No. 494 at 3–4 (citations and emphasis omitted). Disney's argument is essentially that the copyright notice is not directed to the specific work at issue in this case. *See id.* at 3 ("The copyright notice that Rearden seeks to introduce at trial is not attached to the Mova Contour software program that Rearden claims was copied and infringed in this case."). But that does not make the notice irrelevant. As in *Broderbund Software, Inc. v. Unison World, Inc.*, the notice here "implies that the copyright holder claims protection for as much of the work as is allowable under the copyright laws." 648 F. Supp. 1127, 1135 (N.D. Cal. 1986). Thus, the notice has potential evidentiary value.

Disney also argues that the copyright notices were "removed before any MOVA output work was delivered to [Disney]," such that Disney could not have seen them. ECF No. 494 at 4.

But Disney's only evidence for this point is the testimony of Greg LaSalle. *See* ECF No. 495-2 at 4–5.[1] LaSalle testified that he used software that automatically removed the copyright notices before transferring the content files to the entity that would give them to Disney. But LaSalle has always contested Rearden's ownership of the MOVA technology, and thus has his own reasons for wanting to avoid a finding of copyright infringement by either DD3 or Disney. Given that bias, the jury may choose to disbelieve his testimony.

The Court concludes that the testimony is relevant and not unduly prejudicial. Disney's motion is therefore denied.

**IT IS SO ORDERED.**

Dated: November 28, 2023

_____
JON S. TIGAR
United States District Judge

---

[1] Disney also cites the deposition testimony of Steve Perlman, but in that testimony Perlman merely acknowledges that it is possible to remove the copyright notice, not that anyone actually did so.