UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>  Defendants. | Case No. 17-cv-04006-JST<br><br>**PRETRIAL ORDER** |

The Court now rules as follows regarding certain disputes raised in the parties' Revised Joint Pretrial Conference Statement, ECF No. 593, and Revised Joint Proposed and Disputed Jury Instructions, ECF No. 594.

## I.  Evidence of the Injunction/Post-Injunction Conduct (ECF No. 593 at 23)

Construing Disney's argument as a motion in limine, the motion is denied.

## II.  Jury Instructions Re SHST Decisions (ECF No. 593 at 28)

The Court will give the following instructions:

**Special Instruction No. 1:  The SHST Statement of Decision and Appeal**

You [will hear/have heard] about a prior lawsuit between Rearden and a company called Shezhenshi Haitiecheng Science and Technology Co. Ltd., which I will refer to as "SHST." SHST was an affiliate of DD3.  On August 11, 2017, the trial court in the *SHST* lawsuit issued a decision finding that Rearden, and not DD3 or its affiliates, owned the MOVA assets.  The judge also ordered DD3 to return the MOVA assets to Rearden.  On July 31, 2020, the appellate court affirmed the trial court's decision.

The defendant in this case, Walt Disney Pictures, was not a party to the SHST case and is not legally bound by the final judgment in that case.  In determining whether Greg LaSalle owned

MOVA Contour, whether he owned MO2, and whether he was authorized to transfer MOVA Contour to SHST, you are instructed to make your own determination based on the evidence presented in this trial. You should consider this instruction and the documents and testimony of the witnesses presented at trial as evidence in making that determination.

**Special Instruction No. 2: The SHST Preliminary Injunction Order**

You [will hear/have heard] that on June 17, 2016 the judge in the lawsuit between SHST and Rearden entered a preliminary injunction that ordered DD3 to stop using the MOVA Contour, and ordering VGH to serve a copy of the injunction on all studios that DD3 was working with using MOVA Contour. The Court did not rule at that time on Rearden's claims that it owned MOVA Contour.

It has been decided earlier in this case that Walt Disney Pictures is not liable for any infringement by DD3 that may have occurred after the preliminary injunction was issued on June 17, 2016.

### III. Vicarious Liability Instruction (ECF No. 593 at 36)

The Court will give Plaintiff's proposed instruction 17.20, except that the Court will insert the word "practical" before the word "ability" in numbered paragraph two.

### IV. Defendant's Pre-Authenticated Business Records & Other Exhibits (ECF No. 593 at 41)

The Court finds that the documents authenticated by the Declaration of Ryan Stankevich are business records. *See MRT Const. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483–84 (9th Cir. 1998). At the November 30, 2023 pretrial conference, Rearden objected that the records contain hearsay-within-hearsay, specifically statements of persons who had viewed *Beauty and the Beast*. *See* ECF No. 617 at 56 ("I also think it's a document-by-document decision in the sense that some of these marketing surveys contain hearsay within hearsay. In other words, there's surveys of individuals who have seen the movie."). Disney does not believe the documents contain hearsay within hearsay, but agrees that the question would need to be addressed on a document-by-document basis. ECF No. 617 at 57. Because the argument arose for the first time at the conference, it has not been briefed. Ultimately, however, the Court need not receive further

briefing, these documents fall within the parties' agreement to stipulate to the admissibility of pre-authenticated business records, and to all expert witnesses to sponsor such exhibits at trial.  *See* ECF No. 550 at 13.  That conclusion, combined with the Court's ruling that the documents in question are business records, is sufficient to overrule Rearden's objection to these exhibits.

### V. Evidence of MOVA's Ownership Prior to August 2012 (ECF No. 593 at 51)

Disney's objection to this evidence is overruled.

### VI. Remaining Preliminary Jury Instruction Disputes (ECF No. 594)

The Court will give Plaintiff's proposed Instruction 1.5.  The Court will give Plaintiff's proposed Instruction 17.1, except that the Court will insert the word "practical" before the word "ability," as requested by Defendant.

**IT IS SO ORDERED.**

Dated: December 3, 2023



JON S. TIGAR
United States District Judge