UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>   Defendants. | Case No. 17-cv-04006-JST<br><br>**ORDER RE: PLAINTIFFS' DESIGNATIONS OF** *SHST* **TRIAL TESTIMONY** |

The Parties dispute whether Plaintiffs Rearden LLC and MOVA LLC (collectively, "Rearden") may affirmatively designate witness testimony from the *SHST* trial to be read to the jury. *See* ECF No. 550 at 35–47; ECF No. 593 at 20. The Court rules that Rearden's designations of SHST trial testimony are inadmissible hearsay and outside the scope of Rule 804(b)(1).[1]

Rule 804(b)(1) provides that former testimony given by an unavailable witness "at a trial, hearing, or lawful deposition" is not hearsay where it "is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). Here, the Parties dispute whether SHST/VGH meets the definition of "predecessor in interest" with respect to Disney. Rearden argues that a party is a predecessor in interest to a present party "if it had like motive to develop the testimony about the same material facts." ECF No. 550 at 34. Disney argues that one party is only the "predecessor in interest" of another if there is legal privity between the parties. *Id.* at 37–38.

The Ninth Circuit has not explicitly ruled on this issue, and district courts are split. *Compare Contrast Trulove v. D'Amico*, No. 16-CV-00050-YGR, 2018 WL 1248095, at *2 (N.D.

---

[1] All references are to the Federal Rules of Evidence unless otherwise stated.

Cal. Mar. 11, 2018) ("parties who are found to have opportunity and similar motive like that of the current party are deemed to be predecessors in interest" (internal quotes omitted)) *with Edwards v. Techtronic Indus. N. Am., Inc.*, No. 13-CV-01362-SI, 2015 WL 3616558, at *10 (D. Or. June 9, 2015) (interpreting Rule 804(b)(1) as "equat[ing] 'predecessor in interest' with a concept closer to 'privity,' which is a well-known concept in the law of property, contracts, and civil property.").

The Court finds the reasoning in *Edwards* more persuasive. Under Rearden's interpretation, former testimony would be admissible against *any* party who had a similar motive and opportunity to develop the testimony in the prior proceeding, effectively reading out the "predecessor in interest" provision of Rule 804(b)(1). Such an interpretation would run contrary to both the text and the legislative intent of the rule. "The original Advisory Committee draft of Rule 804(b)(1) would have admitted former testimony as long as the party against whom it was offered, or a party 'with motive and interest similar' to his, had an opportunity to develop the witness's testimony at the former proceeding." Clifford S. Fishman and Anne Toomey McKenna, 5 Jones on Evidence § 36:25 (7th ed. 2023). The House Judiciary Committee then explicitly amended Rule 804(b)((1) to include the "predecessor in interest" provision:

> The Committee considered that it is generally unfair to impose upon the party against whom the hearsay evidence is being offered responsibility for the manner in which the witness was previously handled by another party. The sole exception to this, in the Committee's view, is when a party's predecessor in interest in a civil action or proceeding had an opportunity and similar motive to examine the witness. The Committee amended the Rule to reflect these policy determinations.

Fed. R. Evid. 804 advisory committee's notes to 1974 enactment. This note suggests that the House Judiciary Committee intended to narrow the scope of the former testimony exception, finding insufficient the singular requirement that *someone* in the prior proceeding had similar motive and opportunity to develop the testimony. Thus, "the exception could only be invoked against a party that did not have such opportunity and motive before if a 'predecessor in interest' of that party, meaning something less than *just anyone*, had similar motive and interest to cross-examine before." 5 Mueller & Kirkpatrick, Federal Evidence § 8:122 (4th ed.) (emphasis in original). For these reasons, the Court agrees with the *Edwards* court that, for purposes of Rule 804(b)(1), "predecessor in interest" means something more akin to legal privity.

2

Because there is no dispute that legal privity did not exist between SHST/VGH and Disney, Rearden cannot satisfy the "predecessor in interest" requirement of Rule 804(b)(1), and the testimony is inadmissible as hearsay.

**IT IS SO ORDERED.**

Dated:  December 4, 2023



JON S. TIGAR
United States District Judge