UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04006-JST<br><br>**ORDER RE DESIGNATIONS OF EMMA WATSON DEPOSITION** |

The Court rules as follows on the parties' objections to the designations and counter-designations of the testimony of Emma Watson. ECF No. 598-1 at 185.

Rearden states:

> Disney's objections are too numerous and so lacking in merit that Rearden will not respond individually. Often, testimony Disney claims was not previously designated was, in fact, designated previously. Many objections to the form of the question that should have been asserted in the deposition and were not, so they are waived. Many presume or assert that the Court has excluded evidence where in fact there is no such order. Many assert that objections or colloquy has been designated when in fact there is none in the designation. Many are not evidentiary objections but rather Disney arguing its theory of the case or arguing with the witness over testimony that it does not like. Many are relevance objections that the Court has stated would likely be overruled. Rearden requests that the Court overrule all of Disney's objections as excessive. Rearden incorporates this response into each and every Disney objection.

ECF No. 598-1 at 186. Regardless of whether the objections are excessive, the Court must evaluate each one on the merits. The Court will not "overrule all of Disney's objections as excessive." Lacking specific responses from Rearden causes the Court to expend time better spent on other things. For example, if Disney objects to testimony as not timely designated when the opposite is true, as Rearden contends it does, the Court would appreciate Rearden citing to the

prior disclosure instead of requiring the Court to go back through the record.

In determining whether testimony was timely disclosed, the Court refers to the document at ECF No. 533-1.

| Designation/Counter-Designation | Objection | Ruling |
|---|---|---|
| 14:23-15:6 | Improper counter-designation | Sustained |
| 15:19-16:6 | Deposition video shows inadmissible hearsay document; questions contain hearsay from that document; lacks foundation; not timely disclosed | Sustained as not timely disclosed |
| 18:9-19:3 | Not timely disclosed as to 18:23-19:3 | Sustained |
| 29:13-29-17 | Fed. R. Evid. 106, 403 | Overruled; Disney can designate the testimony it believes is required to complete the record |
| 33:3-33:4 | Confidential | The Court infers that these objections refer to the display of portions of Ms. Watson's contract and not to the testimony itself. The testimony is not confidential. |
| 35:19-35:24 | Confidential | |
| 36:13-36:22 | Confidential | |
| 37:3-37:23 | Confidential | |
| 38:7-38:9 | Confidential | |
| 38:15-38:19 | Confidential | |
| 39:7-39:9 | Confidential | |

**IT IS SO ORDERED.**

Dated:  December 5, 2023



JON S. TIGAR
United States District Judge