1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7     REARDEN LLC, et al.,                         Case No. 17-cv-04006-JST

8                  Plaintiffs,

9           v.                                     **ORDER GRANTING MOTION TO
                                                   STRIKE JURY DEMAND ON
10    THE WALT DISNEY COMPANY, et al.,             PLAINTIFFS' CLAIM FOR
                                                   DISGORGEMENT OF PROFITS**
11                 Defendants.
                                                   Re: ECF No. 579
12

13          Disney moves to strike Rearden's jury demand with regard to its claim for disgorgement of

14    profits.  The Court will grant the motion.[1]

15          Neither the language of 17 U.S.C. § 504(b) nor the Seventh Amendment to the U.S.

16    Constitution give Rearden the right to a jury on this claim.  With regard to the statutory argument,

17    some cases have found that the absence of the word "court" in Section 504(b), combined with the

18    presence of the word "court" in Section 504(c) and in other sections of the Copyright Act, mean

19    that Congress intended disgorgement to be tried by a jury.  *See, e.g., Capture Eleven Grp. v. Otter*

20    *Prod., LLC*, No. 1:20-CV-02551-CNS-KLM, 2023 WL 5573966, at *2 (D. Colo. May 31, 2023).

21    This Court is not persuaded.  Rather, because "it is clear that Congress knows how to provide for a

22    jury right when it wants," this Court "is hesitant to take much of a negative implication from

23    Congress's failure to refer to 'the court' in § 504(b)." *Navarro v. Procter & Gamble Co.*, 529 F.

24    Supp. 3d 742, 750 (S.D. Ohio 2021).  Furthermore, "the lack of such language perhaps simply

25    _____

26    [1] The Court previously denied the motion to strike as moot when the Court granted Rearden's
      motion to reconsider its ability to present a claim for actual damages.  ECF No. 609 at 5.  The
27    effect of that order was that a jury would be empaneled to hear the actual damages claim.  The
      question of whether Rearden was entitled to have that jury decide its disgorgement claim,
28    however, remained open.  Thus, the Court erred in its prior determination that the motion to strike
      was moot.

reflects that Congress chose not to address the court/jury issue at all, leaving the Seventh Amendment to control which aspects of the relief under § 504(b), if any, required a jury, and which, if any, did not." *Id.*  In short, like the *Navarro* court and other courts that have considered the question, this Court concludes that, "given the Copyright Act's abject silence on juries, the Act does not create a statutory right to a jury trial on the issue of such damages, whether expressly or by implication." *Id.* at 751; *see also Fair Isaac Corp. v. Fed. Ins. Co.*, 468 F. Supp. 3d 1110, 1113-14 (D. Minn. 2020) ("[In *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999)], the Supreme Court concluded that 18 U.S.C. § 1983 does not provide the right to a jury trial notwithstanding the statute authorizing a party to seek relief through 'an action at law, suit in equity, or other proper proceeding for redress.' 526 U.S. at 707 (quoting 18 U.S.C. § 1983).  It follows here that Section 504(b), which does not expressly provide a right to a jury determination on actual damages and profits, also does not implicitly provide such a right.").

Nor does Rearden have a Seventh Amendment right to a jury on this claim.  "To determine whether the Seventh Amendment provides a right to a jury trial, the most important inquiry is whether the remedy sought is legal or equitable in nature." *JL Beverage Co. v. Jim Beam Brands Co.*, 815 F. App'x 110, 114 (9th Cir. 2020) (Friedland, J., concurring) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)); *Star Mountain Plan Tr. v. Titan Mining (US) Corp.*, No. CV-22-01389-PHX-GMS, 2023 WL 2355916, at *4 (D. Ariz. Feb. 3, 2023) (same) (citing *JL Beverage*).  "Based on the history of the disgorgement award in actions for copyright infringement, there can be little question that such awards are equitable, rather than legal." *Navarro*, 529 F. Supp. 3d at 752; *see also Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668 n.1 (2014) ("Given the 'protean character' of the profits-recovery remedy, see *id.,* Comment *c,* at 30, we regard as appropriate its treatment as 'equitable' in this case.").  Judge Friedland makes this point authoritatively in her concurring opinion in *JL Beverage*, *supra*, concluding that "disgorgement of profits is an equitable remedy, not a legal one, whether sought under the Lanham Act . . . or under the Copyright Act." 815 F. App'x 110 at 114.[2]

---

[2] Although Judge Friedland's concurrence is not binding authority, and *JL Beverage* involved a trademark rather than a copyright claim, the Court nonetheless finds it persuasive.

United States District Court
Northern District of California

1    Accordingly, the Court finds that Rearden does not have the right to a jury on its

2    disgorgement of profits claim and grants Disney's motion.

3    The Court will grant Rearden's alternative request to empanel an advisory jury on this

4    claim pursuant to Federal Rule of Civil Procedure 39(c).

> Rule 39(c)(1) allows district courts to empanel advisory jury in
> cases where there is no right to a jury trial.  *See* Fed.R.Civ.P.
> 39(c)(1).  Courts typically empanel advisory juries for two reasons.
> *See generally In re Currency Conversion Fee Antitrust Litig.*, 2012
> WL 4361443, at * 1 (S.D.N.Y. Sept. 11, 2012).  First, to promote
> judicial economy, courts will empanel advisory juries if at least one
> of the claims to be tried has facts common to another claim that will
> be tried to a jury as a matter of right.  *Id.*  Second, courts will
> empanel an advisory jury when "special factors" suggest that
> members of the local community would help guide the Court in
> making its findings and conclusions.  *Id.* (citation omitted).

*Smith v. Reinke*, No. 1:12-CV-00030-BLW, 2014 WL 2203896, at *1 (D. Idaho May 27, 2014).

Here, the Court has already empaneled a jury to decide Rearden's claim for actual damages, and

the Court finds that an advisory jury's conclusions would help guide the Court in making its

findings and conclusions.

**IT IS SO ORDERED.**

Dated:  December 14, 2023

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3