UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al., | Case No. 17-cv-04006-JST |
| Plaintiffs, | |
| v. | **JURY INSTRUCTIONS** |
| THE WALT DISNEY COMPANY, et al., | |
| Defendants. | |

**1.4 Duty of Jury**

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**1.5 Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs in this case are Rearden LLC and Rearden MOVA LLC.  I will refer to them collectively as "plaintiff" or "Rearden."

The defendant in this case is Walt Disney Pictures, which I may also refer to as "defendant" or "Disney."  Walt Disney Pictures has stipulated and agreed that any acts or omissions of any employees of Disney Enterprises, Inc., Disney Studio Production Services Co., LLC f/k/a Walt Disney Pictures Production, LLC or Chip Pictures, Inc. relating to matters in issue in this case are equally attributable to Walt Disney Pictures for purposes of this case.

The plaintiff, Rearden, is suing the defendant, Disney, for copyright infringement.  As the plaintiff, Rearden bears the burden of proving its claim of copyright infringement by a preponderance of the evidence.

Rearden claims that it owns a copyright in the MOVA Contour software and that non-party Digital Domain 3.0, Inc. ("DD3") directly infringed Rearden's copyright by making unauthorized copies of the MOVA Contour software into the random access memory of computers that DD3 operated while working on the 2017 Disney live-action movie *Beauty and the Beast*.  Rearden claims that Disney is vicariously liable for DD3's alleged infringement.

In response, Disney claims that DD3 did not infringe any copyright owned by Rearden when DD3 copied the MOVA Contour software while working on the movie, and that Disney is not in any event vicariously liable for any infringement of the copyright in the MOVA Contour software by DD3.

United States District Court
Northern District of California

**1.6 Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.9 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I have instructed you to accept as proved.

**1.10 What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**1.11 Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

If I have instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

United States District Court
Northern District of California

**1.12 Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**1.13 Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you were to disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**1.14 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### A.3  Exercise of a Communication Privilege

I will now say something about the attorney-client privilege.  Under the law, Jon Chow has a right and the obligation not to disclose what he told certain Disney employees in confidence because the law considers this information privileged.  Do not consider, for any reason at all, the fact that Jon Chow did not disclose what he told certain Disney employees. Do not discuss that fact during your deliberations or let it influence your decision in any way.

**1.20 Bench Conferences and Recesses**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, which is called a sidebar, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 2.2 Stipulations of Fact

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

**2.4 Deposition and Prior Testimony in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You heard the deposition testimony of numerous witnesses.  You also heard testimony given in the SHST litigation from witnesses who were placed under oath to tell the truth, where the questions and answers were recorded.  Insofar as possible, you should consider the deposition and other prior sworn testimony that was presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Most of the prior testimony you heard was presented by video, but some was presented by counsel reading from a written transcript.  For testimony that was read to you, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

### 2.11 Use of Interrogatories

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

United States District Court
Northern District of California

**2.13 Expert Opinion**

You have heard testimony from Alberto Menache, Phillip Fier, Angela Tinwell, Darren Hendler, Kristie Kershaw, Stephen Lane, Robin Russell, and Robert Wunderlich who testified about their opinions and the reasons for those opinions.  This opinion testimony was allowed because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 2.14 Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**2.15 Charts and Summaries Received in Evidence**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**2.16 Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the courtroom deputy.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the courtroom deputy, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### A.4 Stipulated Facts

The parties have stipulated, and you are instructed, that:

1. Plaintiff Rearden, LLC developed the MOVA Contour software, which is part of a facial performance capture system called Contour Reality Capture. Prior to August 17, 2012, MOVA Contour was owned by Rearden's wholly owned subsidiaries.

2. On August 17, 2012, ownership of all of the MOVA Contour assets, including the MOVA Contour software and the copyright in that software transferred to a company called OL2, Inc.  Plaintiffs Rearden LLC and Rearden Mova LLC have never had an ownership interest in OL2, Inc.

3. On February 11, 2013, OL2, Inc. transferred all of the MOVA Contour assets to a company called MO2, LLC. As the result of that transfer, the copyright in the MOVA Contour software became the property of MO2, LLC.

4. Digital Domain 3.0, Inc. ("DD3") is a visual-effects company and is not a party to this case.  DD3 made copies of the MOVA Contour software into the random access memory of computers DD3 operated while working on Defendant's 2017 live-action movie *Beauty and the Beast*.

5. Defendant's live-action movie *Beauty and the Beast* was released to theaters on March 17, 2017.

**A.5 SHST Statement of Decision and Appeal**

You have heard about a prior lawsuit between Rearden and a company called Shezhenshi Haitiecheng Science and Technology Co. Ltd., which I will refer to as "SHST." SHST was an affiliate of DD3.  On August 11, 2017, the trial court in the SHST lawsuit issued a decision finding that Rearden, and not DD3 or its affiliates, owned MO2 LLC and the MOVA assets.  The judge also ordered DD3 to return the MOVA assets to Rearden. On July 31, 2020, the appellate court affirmed the trial court's decision.

The defendant in this case, Walt Disney Pictures, was not a party to the SHST case and is not legally bound by the final judgment in that case.  In determining whether Greg LaSalle owned MOVA Contour, whether he owned MO2, and whether he was authorized to transfer MOVA Contour to SHST, you are instructed to make your own determination based on the evidence presented in this trial.  You should consider this instruction and the documents and testimony of the witnesses presented at trial as evidence in making that determination.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A.6 SHST Preliminary Injunction Order**

You have heard that on June 17, 2016 the judge in the lawsuit between SHST and Rearden entered a preliminary injunction that ordered DD3 to stop using the MOVA Contour, and ordering VGH to serve a copy of the injunction on all studios that DD3 was working with using MOVA Contour.  The Court did not rule at that time on Rearden's claims that it owned MOVA Contour.

It has been decided earlier in this case that Walt Disney Pictures is not liable for any infringement by DD3 that may have occurred after the preliminary injunction was issued on June 17, 2016.

United States District Court
Northern District of California

**17.1 Preliminary Instruction—Copyright**

The plaintiff, Rearden, claims ownership of a copyright and seeks damages against the defendant, Disney, for vicarious copyright infringement.  Disney denies infringing any copyright owned by Rearden.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

COPYRIGHT INTERESTS

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works from the copyrighted work.  The transfer must be in writing and signed by the transferor.  The person to whom a right is transferred is called an assignee.

HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.  After determining that the material deposited constitutes

23

copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

**PLAINTIFF'S BURDEN OF PROOF**

In this case, the plaintiff, Rearden, contends that the defendant, Disney, is liable for the alleged vicarious infringement of the plaintiff's copyright.  Rearden has the burden of proving by a preponderance of the evidence that Rearden is the owner of the copyright in the MOVA Contour software and, if so, that Disney is vicariously liable for DD3's unauthorized copying of the MOVA Contour software while working on *Beauty and the Beast*.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that Rearden is the owner of the copyright in the MOVA Contour software, and that Disney is liable for vicarious infringement.

LIABILITY FOR INFRINGEMENT

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.  The parties have stipulated, and you are instructed, that DD3 copied original expression from the MOVA Contour software by copying the MOVA Contour software into the random access memory of computers that DD3 operated while working on *Beauty and the Beast*.  The parties dispute whether Rearden owned the copyright in the MOVA Contour software at the time DD3 copied this code and thus, whether DD3 infringed copyright while working on *Beauty and the Beast*.

Copyright may also be infringed by vicariously infringing.

VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and practical ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

United States District Court
Northern District of California

### 17.2 Copyright—Defined (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy includes the exclusive right to reproduce the copyrighted work in copies.

It is the owner of a copyright who may exercise this exclusive right.  The term "owner" includes a valid assignee.  In general, copyright law protects against reproduction of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce the right to exclude others in an action for copyright infringement.

### 17.3 Copyright—Subject Matter—Generally (17 U.S.C. § 102)

The work involved in this trial is called the MOVA Contour software.  Software is a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result.

You are instructed that a copyright may be obtained in the MOVA Contour software.

This work can be protected by copyright law.  Only that part of the work consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for the MOVA Contour software extends only to the software and not any other part of the MOVA Contour facial motion capture system.

**17.5 Copyright Infringement—Elements—Ownership and Copying**

**(17 U.S.C. § 501(a)–(b))**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.  The parties have stipulated, and you are instructed, that DD3 copied original expression from the MOVA Contour software by copying the MOVA Contour software into the random access memory of computers that DD3 operated while working on *Beauty and the Beast*.

Rearden has the burden of proving by a preponderance of the evidence that Rearden was the owner of a valid copyright in the MOVA Contour software at the time DD3 copied the MOVA Contour software while working on *Beauty and the Beast*.

If you find that Rearden has failed to meet this burden, your verdict as to copyright infringement should be for Disney.  If you find that Rearden met this burden, then for your verdict to be for Rearden on copyright infringement, you must also find that Rearden has proven that Disney vicariously infringed, as described in Instruction 17.20 .

**17.6 Copyright Infringement—Ownership of Valid Copyright—Definition**

**(17 U.S.C. §§ 201–205)**

Rearden is the owner of a valid copyright in the MOVA Contour software if Rearden proves by a preponderance of the evidence that Rearden received a transfer of ownership of the copyright in the MOVA Contour software.

**17.12 Copyright Interests—Assignee (17 U.S.C. § 201(d)(1))**

Plaintiff Rearden LLC was the initial owner of the copyright in the MOVA Contour software.  On August 17, 2012, ownership of the copyright in the MOVA Contour software was transferred from Rearden to non-party OL2, Inc.  On February 11, 2013, OL2, Inc. transferred the copyright in the MOVA Contour software to MO2, LLC.  Plaintiffs and Defendant disagree whether Plaintiffs own MO2 and the copyright in the MOVA Contour software.

A copyright owner may transfer, sell, or convey to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work.  The person to whom the copyright is transferred, sold, or conveyed becomes the owner of the copyright in the work.

To be valid, the transfer, sale, or conveyance must be in a writing signed by the transferor. The person to whom this right is transferred is called an assignee.  The assignee may enforce this right to exclude others in an action for copyright infringement.

**A.7 Agency and Employment Duties**

Rearden contends that Greg LaSalle was employed by Rearden as the General Manager of its MOVA Division when he formed MO2, LLC, and that as an employee of Rearden, LaSalle was also its agent for purposes of forming MO2, LLC.  Disney contends that even if LaSalle was an employee of Rearden when he formed MO2, LLC, he was not acting within the scope of his agency as a Rearden employee.

An employee is an agent of their employer for matters within the scope of their employment.  During the term of an employee's employment, the employer is entitled to a duty of undivided loyalty from the employee.  All employees owe the duty of undivided loyalty, regardless of the level of their responsibility in the employer's business.  The duty of undivided loyalty includes the duty not to obtain a material benefit from a third party in connection with the employee's use of their position.

If you find that LaSalle was an employee of Rearden acting within the scope of his employment when he formed MO2, LLC, then you should find that MO2, LLC belonged to Rearden.

**17.7 Copyright Infringement—Copyright Registration Certificate**

**(17 U.S.C. § 410(c))**

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibit 13, a certificate of copyright registration from the Copyright Office.   This certificate was issued before first publication of the MOVA Contour software, so this certificate is evidence of the facts stated in the certificate.  From this certificate you may, but need not, conclude that the plaintiff owns the copyright in that work, which I explain in Instructions 17.5, 17.6, 17.12, and A.7.

**17.20 Secondary Liability—Vicarious Infringement—Elements and Burden of Proof**

If you find that Rearden owned the copyright in the MOVA Contour software at the time DD3 copied the MOVA Contour software and therefore that DD3 infringed the plaintiff's copyright in the MOVA Contour software, you next must determine whether Disney is vicariously liable for DD3's copyright infringement.

I will now instruct you on the elements and burden of proof on Rearden's claim that Disney is vicariously liable for DD3's copyright infringement.

For its claim of vicarious liability, Rearden has the burden of proving each of the following elements by a preponderance of the evidence:

1.  Disney directly benefitted financially from the infringing activity of DD3;

2.  Disney had the right and practical ability to supervise or control the infringing activity of DD3; and

3.  Disney failed to exercise that right and ability.

If you find that Rearden has proved each of these elements, your verdict should be for Rearden if you also find that DD3 infringed plaintiff's copyright.  If, on the other hand, Rearden has failed to prove any of these elements, your verdict should be for the defendant, Disney.

**17.32 Copyright—Damages (17 U.S.C. § 504)**

If you find for Rearden on its copyright infringement claim, you must determine Rearden's damages, if any. Rearden is entitled to recover any actual damages suffered as a result of the infringement. In addition, Rearden is also entitled to recover any profits of the defendant attributable to the infringement I will instruct you on the burdens that each party has on the elements of this issue.

**17.33 Copyright—Damages—Actual Damages (17 U.S.C. § 504(b))**

The copyright owner is entitled to recover any actual damages suffered as a result of the infringement.  Actual damages mean the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.  The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work.

**17.34 Copyright—Damages—Defendant's Profits (17 U.S.C. § 504(b))**

The copyright owner is entitled to any profits of the defendant attributable to the infringement.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts generated from *Beauty and the Beast.*  The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue.   The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit generated from *Beauty and the Beast* is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than copying the copyrighted work.

United States District Court
Northern District of California

35

### 3.1 Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

### 3.2 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

### 3.3 Communication with Court

2      If it becomes necessary during your deliberations to communicate with me, you may send

3 a note through the courtroom deputy, signed by any one or more of you.  No member of the jury

4 should ever attempt to communicate with me except by a signed writing.  I will not communicate

5 with any member of the jury on anything concerning the case except in writing or here in open

6 court.  If you send out a question, I will consult with the lawyers before answering it, which may

7 take some time.  You may continue your deliberations while waiting for the answer to any

8 question.  Remember that you are not to tell anyone—including the court—how the jury stands,

9 whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or

10 have been discharged.

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.5 Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

**PRELIMINARY INSTRUCTIONS**

**1.3 Duty of Jury**

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.5 Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs in this case are Rearden LLC and Rearden MOVA LLC.  I will refer to them collectively as "plaintiff" or "Rearden."

The defendant in this case is Walt Disney Pictures, which I may also refer to as "defendant" or "Disney."  Walt Disney Pictures has stipulated and agreed that any acts or omissions of any employees of Disney Enterprises, Inc., Disney Studio Production Services Co., LLC f/k/a Walt Disney Pictures Production, LLC or Chip Pictures, Inc. relating to matters in issue in this case are equally attributable to Walt Disney Pictures for purposes of this case.

The plaintiff, Rearden, is suing the defendant, Disney, for copyright infringement.  As the plaintiff, Rearden bears the burden of proving its claim of copyright infringement by a preponderance of the evidence.

Rearden claims that it owns a copyright in the MOVA Contour software and that non-party Digital Domain 3.0, Inc. ("DD3") directly infringed Rearden's copyright by making unauthorized copies of the MOVA Contour software into the random access memory of computers that DD3 operated while working on the 2017 Disney live-action movie *Beauty and the Beast*.  Rearden claims that Disney is vicariously liable for DD3's alleged infringement.

In response, Disney claims that DD3 did not infringe any copyright owned by Rearden when DD3 copied the MOVA Contour software while working on the movie, and that Disney is not in any event vicariously liable for any infringement of the copyright in the MOVA Contour software by DD3.

43

**1.6 Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 1.9 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

**1.10 What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**1.11 Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**1.12 Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

**1.13 Ruling on Objections**

2

There are rules of evidence that control what can be received into evidence.  When a

3

lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that

4

it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the

5

question may be answered, or the exhibit received.  If I sustain the objection, the question cannot

6

be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question,

7

you must ignore the question and must not guess what the answer might have been.

8

Sometimes I may order that evidence be stricken from the record and that you disregard or

9

ignore that evidence.  That means when you are deciding the case, you must not consider the

10

stricken evidence for any purpose.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**1.14 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

50

**17.1 Preliminary Instruction—Copyright**

The plaintiff, Rearden, claims ownership of a copyright and seeks damages against the defendant, Disney, for vicarious copyright infringement.  Disney denies infringing any copyright owned by Rearden.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

COPYRIGHT INTERESTS

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works from the copyrighted work.  The transfer must be in writing and signed by the transferor.  The person to whom a right is transferred is called an assignee.

HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.   After determining that the material deposited constitutes

51

copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

### PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Rearden, contends that the defendant, Disney, is liable for the alleged vicarious infringement of the plaintiff's copyright.  Rearden has the burden of proving by a preponderance of the evidence that Rearden is the owner of the copyright in the MOVA Contour software and, if so, that Disney is vicariously liable for DD3's unauthorized copying of the MOVA Contour software while working on *Beauty and the Beast*.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that Rearden is the owner of the copyright in the MOVA Contour software, and that Disney is liable for vicarious infringement.

### LIABILITY FOR INFRINGEMENT

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.  The parties have stipulated, and you are instructed, that DD3 copied original expression from the MOVA Contour software by copying the MOVA Contour software into the random access memory of computers that DD3 operated while working on *Beauty and the Beast*.  The parties dispute whether Rearden owned the copyright in the MOVA Contour software at the time DD3 copied this code and thus, whether DD3 infringed copyright while working on *Beauty and the Beast*.

Copyright may also be infringed by vicariously infringing.

### VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and practical ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

United States District Court
Northern District of California

United States District Court
Northern District of California

**A.1 SHST Statement of Decision and Appeal**

You will hear about a prior lawsuit between Rearden and a company called Shezhenshi Haitiecheng Science and Technology Co. Ltd., which I will refer to as "SHST."  SHST was an affiliate of DD3.  On August 11, 2017, the trial court in the SHST lawsuit issued a decision finding that Rearden, and not DD3 or its affiliates, owned MO2 LLC and the MOVA assets.  The judge also ordered DD3 to return the MOVA assets to Rearden.  On July 31, 2020, the appellate court affirmed the trial court's decision.

The defendant in this case, Walt Disney Pictures, was not a party to the SHST case and is not legally bound by the final judgment in that case.  In determining whether Greg LaSalle owned MOVA Contour, whether he owned MO2, and whether he was authorized to transfer MOVA Contour to SHST, you are instructed to make your own determination based on the evidence presented in this trial.  You should consider this instruction and the documents and testimony of the witnesses presented at trial as evidence in making that determination.

1

**A.2 SHST Preliminary Injunction Order**

2          You will hear that on June 17, 2016 the judge in the lawsuit between SHST and Rearden

3  entered a preliminary injunction that ordered DD3 to stop using the MOVA Contour, and ordering

4  VGH to serve a copy of the injunction on all studios that DD3 was working with using MOVA

5  Contour.  The Court did not rule at that time on Rearden's claims that it owned MOVA Contour.

6          It has been decided earlier in this case that Walt Disney Pictures is not liable for any

7  infringement by DD3 that may have occurred after the preliminary injunction was issued on June

8  17, 2016.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**1.15 Conduct of the Jury**

2      I will now say a few words about your conduct as jurors.

3      First, keep an open mind throughout the trial, and do not decide what the verdict should be

4 until you and your fellow jurors have completed your deliberations at the end of the case.

5      Second, because you must decide this case based only on the evidence received in the case

6 and on my instructions as to the law that applies, you must not be exposed to any other

7 information about the case or to the issues it involves during the course of your jury duty.  Thus,

8 until the end of the case or unless I tell you otherwise:

9           Do not communicate with anyone in any way and do not let anyone else

10          communicate with you in any way about the merits of the case or anything to do

11          with it.  This includes discussing the case in person, in writing, by phone, tablet, or

12          computer, or any other electronic means, via email, text messaging, or any internet

13          chat room, blog, website or application, including but not limited to Facebook,

14          YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of

15          social media.  This applies to communicating with your fellow jurors until I give

16          you the case for deliberation, and it applies to communicating with everyone else

17          including your family members, your employer, the media or press, and the people

18          involved in the trial, although you may notify your family and your employer that

19          you have been seated as a juror in the case, and how long you expect the trial to

20          last.  But, if you are asked or approached in any way about your jury service or

21          anything about this case, you must respond that you have been ordered not to

22          discuss the matter and report the contact to the court.

23      Because you will receive all the evidence and legal instruction you properly may

24          consider to return a verdict: do not read, watch or listen to any news or media

25          accounts or commentary about the case or anything to do with it, although I have

26          no information that there will be news reports about this case; do not do any

27          research, such as consulting dictionaries, searching the Internet, or using other

28          reference materials; and do not make any investigation or in any other way try to

United States District Court
Northern District of California

learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**1.17 No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations
you will not have a transcript of the trial testimony.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.18 Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room. No one will read your notes.  When the trial is concluded, I will order that your notes be collected and destroyed.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

1

**1.19 Questions to Witnesses by Jurors During Trial**

2

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted

3

to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please

4

raise your hand and I will correct the situation.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**1.20 Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, which is called a sidebar, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

**1.21 Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.