# DIGITAL DOMAIN

## INDEPENDENT CONTRACTOR AGREEMENT – COMPANY

| | |
|---|---|
| Production***: | **TRON 2 TEST #5278** ("Production") |
| Client: | **WALT DISNEY CORPORATION** ("Client") |
| Producer: | **DIGITAL DOMAIN PRODUCTIONS, INC.** ("Producer")<br>300 Rose Avenue<br>Venice, California 90291 |
| Company: | **MOVA, LLC** ("Company")<br>355 Bryant Street, Suite 110<br>San Francisco, California 94107 |
| Telephone:<br>Facsimile: | 415.947.5557<br>415.947.5597 |
| E-mail: | robin.fontaine@mova.com |
| Federal I.D. #: | On file |
| Services/<br>Deliverables: | **Motion capture services and other services**, including, but not limited to, motion capture sessions, project planning and management, transport, set-up and testing, as described in more detail in Attachment "A" (collectively, the "Deliverables"). |
| Service Dates: | **Motion capture session on June 30, 2008**, as well as set-up dates on June 23-24, 2008, with all Deliverables due according to the schedule set forth in Attachment "A" (collectively, the "Service Dates"). |
| Compensation: | **An estimated total of $22,126, but not to exceed an aggregate amount of $25,000**, payable within thirty (30) days of Producer's receipt of the Services and/or Deliverables, a corresponding invoice from Company and appropriate tax documentation. |
| ***NOTE: | You are being engaged on a "BUY-OUT" basis, and there shall be no restrictions on region, type or length of usage. |

United States District Court
Northern District of California
**DEFENDANT'S EXHIBIT 1246**
Case No. 4:17-cv-04006-JST
Date Entered _____
By _____
Deputy Clerk

THIS INDEPENDENT CONTRACTOR AGREEMENT (this "Agreement") is dated as of June 23, 2008, between Mova, LLC ("Company"), having an address of 355 Bryant Street, Suite 110, San Francisco, California 94107, and Digital Domain Productions, Inc. ("DD"), having an address of 300 Rose Avenue, Venice, California 90291, regarding services to be provided by Company to DD.

1. Services/Deliverables. Company hereby agrees that it will provide the services and/or deliver the deliverables as follows: the services and deliverables as set forth on Attachment A attached hereto (the "Services/Deliverables"), on the terms and subject to the conditions set forth in this Agreement.

2. Fee. As compensation for the Services/Deliverables, DD will pay to Company the compensation as set forth herein (the "Compensation").

3. Confidential and Proprietary Information. All confidential and/or proprietary information including, without limitation, all information relating to the performance of the Services/production of the Deliverables, provided by DD shall remain the property of DD, and DD's disclosure of such confidential and/or proprietary information does not grant any express or implied right to Company under DD's patents, copyrights or trademarks. No confidential and/or proprietary information of DD or any of its clients shall be used by Company (or its employees, agents or other representatives), or disclosed or made available by Company (or its employees, agents or other representatives) to any person, except as required in the course of Company's service to DD. Upon DD's request, Company shall return to DD all such information in written or other physical form (and all copies thereof) under Company's control.

4. Publicity. Company may not issue any publicity relating to the Services/Deliverables or this Agreement without the prior written consent of DD.

5. Authorship and Release. Company hereby expressly agrees that all of the results and proceeds of the Services performed/Deliverables delivered by Company pursuant to the Agreement (the "Results and Proceeds") are results and proceeds specially ordered by DD, that each shall be considered a work-made-for-hire (as such term is defined under U.S. copyright law) for DD, and that DD shall be deemed to be the author and copyright owner of such Results and Proceeds, in perpetuity, throughout the universe. Furthermore, Company hereby acknowledges and agrees that, as the owner of the Results and Proceeds, DD shall have, in perpetuity, the right to use, not use, add to, subtract from, change, arrange, revise, copy, publish, broadcast and use the Results and Proceeds in any other manner, without restriction, conditions or limitations, and that no right of any kind is reserved by Company with respect to the Results and Proceeds.

If, for any reason, the Results and Proceeds are determined not to be a work-made-for-hire, and DD not the sole owner thereof, Company hereby grants and assigns to DD all of its right, title and interest of every kind and nature (if any) in and to the Results and Proceeds. Furthermore, Company hereby waives, for itself and on behalf of its representatives, successors and assigns, any and all performance, music composition, publishing, mechanical, sync, and any and all other rights it might otherwise have that would entitle Company to any type of compensation for its services (e.g., royalties, residuals or any other amounts) beyond the Compensation provided for in this Agreement. Company hereby acknowledges that the waiver set forth above includes a waiver of the benefit of any law, doctrine or principle known as "Droit Morale" or "moral rights of authors" or any similar laws, doctrines or principles however denominated throughout the universe, and Company hereby acknowledges that the assignment included above includes an assignment of any so-called "rental rights" in the Results and Proceeds. Company further agrees to sign any other reasonable documentation DD may request for purposes of establishing the line of title to the Results and Proceeds, including without limitation, a certificate of authorship and/or an assignment form. DD's rights in and to the Results and Proceeds may be freely assigned and licensed and such assignments and/or licenses shall be binding upon Company and inure to the benefit of such assignees and/or licensees.

6. Independent Contractor Relationship. Company's relationship with DD is that of an independent contractor, and nothing in the Agreement is intended to, or should be construed to, create a partnership, agency, joint venture, or employment relationship between Company and DD.

7. Representations and Warranties. Company hereby represents and warrants that, except with respect to the materials supplied to Company by DD, if any: (i) Company has all rights necessary to perform the Services/deliver the Deliverables hereunder, (ii) neither the Services/Deliverables nor the Results and Proceeds will violate or infringe the copyright, rights of confidentiality or any other proprietary rights of any person or entity, (iii) the Results and Proceeds are not the subject of any litigation or claim that might give rise to litigation, (iv) Company is not under any obligation or disability, by law or otherwise, which would interfere with Company's full performance and compliance with all of the terms and conditions of the Agreement which require performance by Company, (v) it is a corporation validly formed in its jurisdiction of formation, (vi) it is authorized to do business in the State of

California, and (vii) it shall be responsible for paying all taxes arising from the payment of the Compensation, securing and maintaining all relevant insurance, and withholding and/or deducting from any compensation ultimately paid to its employees, any amounts required to be withheld and/or deducted under applicable laws, including, without limitation, those relating to tax withholding, social security, worker's compensation and unemployment insurance.

8. **Indemnification.** Company shall indemnify and hold harmless DD and its parent, subsidiaries, affiliates, successors, assigns and licensees, and each of its officers, directors, shareholders, employees, agents and other representatives, from and against any and all claims, liability, losses, damages, costs, expenses (including reasonable attorneys' fees), judgments and penalties arising out of, resulting from, based upon or incurred because of a breach by Company (or any of its employees, agents or other representatives) of any of the representations, warranties, covenants and agreements set forth in the Agreement. DD shall promptly notify Company in writing of any such foregoing claim, action or proceeding.

9. **Miscellaneous.** DD's rights hereunder may be freely assigned and licensed and such assignments and/or licenses shall be binding upon the parties and inure to the benefit of such assignees and/or licensees. The Agreement is not assignable by Company. The Agreement will be governed by the laws of the State of California, excluding its choice of law provisions. This Agreement shall constitute the full and binding agreement of the parties with respect to the subject matter hereof, and supersedes any prior or contemporaneous agreements or understandings with respect thereto.

Dated as of: June 23, 2008

MOVA, LLC

By: _____
Name: Stephen G. Perlman
Title: President & CEO

DIGITAL DOMAIN PRODUCTIONS, INC.

By: _____
Name: Terry Clotiaux
Title: EXEC. PROD

Business Affairs approval: _____

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                REARDEN_MOVA224454

## ATTACHMENT "A"

## SERVICES AND DELIVERABLES

**Services:**

- Project planning and management
- Transport of equipment
- Set-up and testing
- Calibration and capture

**Deliverables:**

| Deliverables | Due |
|---|---|
| Set-up and motion capture services, consisting of one full day of a motion capture session* for one actor, to capture facial and neck motion data from shots taken at such session (such data, the "Data" and each such shot, a "Shot"). | June 23-24, 2008 (set-up) June ~~27~~ 30, 2008 |

* To take place at a facility located within the Los Angeles studio zone.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                    REARDEN_MOVA224455