UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>        Defendants. | Case No. 17-cv-04006-JST<br><br>**ORDER RE: APPORTIONMENT OF PROFITS** |

        This order addresses the question presented at today's case management conference: how the Court will resolve the outstanding question of how to apportion Disney's profits from *Beauty and the Beast*, following a jury trial at which an advisory jury rendered a verdict on that question. Plaintiffs request an evidentiary hearing at which they would present certain evidence that was either excluded or not offered at the jury trial. Following that hearing, the parties would submit competing findings of fact and conclusions of law. Defendants request the Court dispense with further hearings and proceed immediately to the submission of proposed findings of fact and conclusions of law.

        The Court will adopt Defendants' suggestion. Although the Court may have the discretion to receive additional evidence that was not presented to the jury, it declines to exercise that discretion.[1] The Court has already seen and heard the evidence on this issue that the parties

---

[1] The parties both seem to accept the proposition that the Court can accept additional evidence at this stage of the proceedings, but the authorities they cite are not on point. In *United States v. Flores*, for example, the defendant waived a jury and the matter was tried to the Court. 901 F.3d 1150 (9th Cir. 2018). In *Hannibal Pictures, Inc. v. Sonja Prods., LLC*, the Court empaneled an advisory jury, but made its own ruling based only on the evidence received at the jury trial. No. 06-CV-1814-WDK (VBKX), 2009 WL 10673572, at *4 (C.D. Cal. Aug. 31, 2009), *aff'd*, 432 F. App'x 700 (9th Cir. 2011). Because the Court will not be receiving additional evidence, it does not address the question further. *But cf. Nat'l Org. For Women, Inc. v. Scheidler*, No. 86-C-7888,

offered during the jury trial.  The Court will not be persuaded by having to reread (or hear) evidence it has already excluded.  Nor does the Court wish to provide an opportunity for the parties to supplement the record with evidence they wish they had offered during the jury trial but did not.  Finally, adding an additional hearing to the jury trial that has already taken place would eliminate one of the primary benefits of an advisory jury—judicial economy.  *See Kane v. PaCap Aviation Fin., LLC*, No. CV 19-00574 JAO-RT, 2023 WL 5499994, at *3 (D. Haw. Aug. 25, 2023) ("Considerations of efficiency and judicial economy may influence whether to employ an advisory jury."); *Clawson v. Mountain Coal Co.*, No. 01-CV-02199-MSK-MEH, 2007 WL 201253, at *3 n.5 (D. Colo. Jan. 24, 2007), *aff'd sub nom. Dillon v. Mountain Coal Co.*, 569 F.3d 1215 (10th Cir. 2009) ("The Court finds that considering additional evidence the Defendants chose not to present to the jury would negate any benefits of having the jury render an advisory verdict on damages.  Rather than conduct a *de novo* determination of damages on an expanded record, the Court finds it more appropriate to assess the reasonableness of the jury's advisory award on the same record that the jury had, and thus declines to receive any additional evidence for the purpose of determining an appropriate backpay award.").

The parties' competing proposed findings of fact and conclusions of law are due February 29, 2024 and shall be nine pages or less in length.  Response briefs are due March 14, 2024 and shall be six pages or fewer in length.  No reply briefs shall be filed.

**IT IS SO ORDERED.**

Dated:  February 8, 2024



JON S. TIGAR
United States District Judge

---

1999 WL 571010, at *16 (N.D. Ill. July 28, 1999) (stating without citation to authority that the court heard "additional evidence, without any advisory jury," after the conclusion of a jury trial).